FILED

Dec 15   10 14 AM '03

U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAISY CHAVEZ, | : | CIVIL ACTION NO. 3:02CV-458 (MRK) |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| THE METROPOLITAN DISTRICT | : | |
| COMMISSION, | : | |
| Defendant | : | DECEMBER 12, 2003 |

### PLAINTIFF'S LOCAL RULE 56(A)2 STATEMENT

The Plaintiff, Daisy Chavez, respectfully submits the following memorandum pursuant to Local Rule 56(a)2 (formerly Rule 9(c)2) of the Connecticut District Court. This memorandum responds to the Local Rule 9(c)1 Statement submitted by the Defendant, Metropolitan District Commission ("MDC").

As to the paragraphs contained in the Defendant's Local Rule 9(c)1 Statement:

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. As to the specific subsections:

    a. Admitted.
    b. Admitted.
    c. Admitted.

      d. Admitted.

      e. Admitted.

      f. Admitted.

      g. Admitted.

      h. Admitted.

      i. Admitted.

      j. Denied that the Plaintiff's position was "adjusted." The Plaintiff was ordered to take this new position. The remaining statements are admitted. (Affidavit of Daisy Chavez, attached to Objection to Summary Judgment as Exhibit G, ¶ 16).

6. Admitted.

7. Admitted.

8. Admitted.

9. Denied. (Chavez, ¶ 3).

10. Denied. (Chavez, ¶ 3).

11. First sentence admitted. Second sentence denied. (Chavez, ¶ 3).

12. Admitted.

13. Denied. (Affidavit of Robert Zaik, attached to Defendant's Motion for Summary Judgment as Exhibit A, ¶ 5).

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted

22. Admitted.

23. Denied. (Chavez, ¶¶ 9-10).

24. Denied. (Chavez, ¶ 9).

25. Denied. (Chavez, ¶ 4).

26. Denied. (Affidavit of Anthony Milano, attached to Defendant's Motion for Summary Judgment as Exhibit B, ¶ 14).

27. Denied. (Milano, ¶ 14).

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted.

35. Admitted.

36. Admitted.

37. Admitted.

38. Admitted.

39. Admitted.

40. Admitted.

41. Admitted.

42. Admitted.

43. Admitted.

44. Denied. (Chavez, ¶ 14; Defendant's Exhibits D-1, D-2, and D-3).

45. Admitted.

46. Admitted.

47. Admitted.

48. Admitted.

49. Denied. (Chavez, ¶ 17).

50. Admitted.

51. Denied. (Chavez, ¶ 17).

52. Admitted.

53. Admitted.

54. Admitted.

55. Admitted.

56. Admitted..

57. Admitted.

58. Denied that Plaintiff does not have requisite degree. Admitted as to remaining statements. (Chavez, ¶ 3).

59. Admitted.

60. Admitted.

61. Admitted.

62. Admitted.

## DISPUTED ISSUES OF MATERIAL FACT

The following genuine issues of material fact remain to be tried:

1. The Plaintiff obtained a Bachelor of Science degree with a major in engineering. (Affidavit of Daisy Chavez, attached to Objection to Summary Judgment as Exhibit G, ¶ 3).

2. The reason why the Plaintiff was not given the position in Operations which had been promised to her by Anthony Milano was Milano's caving in to the gender and racial biases of the members of the Operations department. (Affidavit of Alfred J. Amaio, attached to Objection to Summary Judgment as Exhibit H, ¶¶ 5-9; Deposition of Anthony Milano, attached to Objection to Summary Judgment as Exhibit J, pp. 97-99).

3. There was no problem with the Plaintiff's performance of her duties in Customer Service, as alleged by Milano. (Chavez, ¶ 9).

4. The Plaintiff was lead to believe that her "special assignment" to the Engineering and Planning Department was only temporary. (Chavez, ¶ 10).

5. Milano's assertion that he wanted to help Plaintiff with her career goals by transferring her to the Engineering and Planning Department is a pretext to cover discrimination, because the Plaintiff had already worked in the Engineering and Planning Department for approximately seven (7) years. (Chavez, ¶ 4).

6. Mark Hanson, the white, non-Hispanic male who was given the job of Manager of Utility Services did not meet the minimum qualifications for that position, whereas the Plaintiff was denied that position though she was qualified for it. (Chavez, ¶ 14; see also Defendant's Exhibits D-1 and D-2).

7. The Plaintiff more than satisfied the minimum qualifications for the Manager of Treasury position, which was given to a less-qualified white, non-Hispanic applicant. The Plaintiff's educational background and years of experience at the MDC made her a better candidate for the position than the person who received it. (Chavez, ¶ 17).

8. The Plaintiff was directed into the Administrator of Special Services position, although she was not allowed to perform key duties and or oversee staff as would be part of that job description. Milano, Robert Moore, and Neil Geldof took these responsibilities away from the Plaintiff without following the Defendant's standard procedure for altering job responsibilities. (Chavez, ¶ 16).

RESPECTFULLY SUBMITTED,
PLAINTIFF, DAISY CHAVEZ

By: _____
~~Robert W. Heagney (ct 5658) and~~ SEB
Stuart E. Brown, Esq. (ct 24659)
Hassett & George, P.C.
555 Franklin Avenue
Hartford, Connecticut 06114
(860) 296-2111

## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed this 12TH day of December, 2003 to the following counsel of record:

Anthony J. Palermino, Esq.
Law Offices of Anthony J. Palermino
945 Wethersfield Avenue
Hartford, CT 06114

_____
Stuart E. Brown