

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAISY CHAVEZ<br>PLAINTIFF | CIVIL ACTION NO.: 3:02CV458(MRK) |
| vs | December 29, 2003 |
| METROPOLITAN DISTRICT COMMISSION<br>DEFENDANT | |

## DEFENDANT'S REPLY TO PLAINTIFF'S OBJECTION
## TO MOTION FOR SUMMARY JUDGMENT

The Plaintiff, Daisy Chavez, filed an objection to the Defendant's Motion for Summary Judgment. The Defendant, Metropolitan District Commission, would like to address several issues raised by the Plaintiff in her memorandum. The reply will address the following issues:

1. The Levy & Droney report;
2. Promotions sought by the Plaintiff;
3. Section 1983;
4. Statute of limitations; and
5. Punitive damages.

Each issue will be taken in turn.

## I. THE LEVY & DRONEY REPORT

The Plaintiff quotes at some length from the Levy & Droney report, and attached portions of the report as <u>Exhibit A.</u> The Plaintiff has asked the Court to consider the Plaintiff's claims in historical context as presented in the report. The

-2-

Plaintiff has alleged in her complaint very specific discriminatory actions taken by the MDC against her. Plaintiff alleges that she was discriminated against because of her race and sex, and her allegations must be viewed as a claim of disparate treatment. The Levy & Droney report does not address the specific allegations made by the Plaintiff. The report is simply an overall review of some of the employment practices at the MDC. In fact, the report concludes that there is no overt discrimination at the MDC. See page 11 of the Report, attached as Defendant's <u>Exhibit A.</u> The Plaintiff alleges overt discrimination, and is very specific in her allegations.

The Levy & Droney report does not address the Plaintiff's claims, and is not relevant to her case. Given this, the report is an improper exhibit and the MDC moves to strike this exhibit from the Plaintiff's objection.

## II. PROMOTIONS

The Plaintiff has raised several issues concerning some of the promotions which she did not receive. The different positions will be addressed below.

### A. ASSISTANT DIRECTOR OF OPERATIONS

The Plaintiff submits an affidavit from Alfred J. Amaio in support of her objection. A review of this affidavit reveals that Mr. Amaio makes only conclusory allegations. Mr. Amaio states his impression about a staff meeting which took place. However he was not present at this meeting, and has no first

-3-

hand knowledge concerning the meeting. In addition, he reports statements made by others, which is clearly hearsay, and not admissible. Amaio's affidavit is vague, contains information which is not admissible, and should not be considered by the Court. It is important to note that any claim by the Plaintiff concerning this position should be barred by the statute of limitations, and also is premature. As noted in the Defendant's original Motion, the Assistant Operations position did not exist, and was not filled at the time when Plaintiff filed her lawsuit.

### B. MANAGER OF UTILITY SERVICES

The Plaintiff has misstated the background of Mark Hanson in her memorandum and affidavit. It is true that Mr. Hanson holds a two year, associate degree. However, the position of Manager of Utility Services allows for the substitution of experience for the educational requirement. The job posting for the Manager of Utility Services position states:

Qualifications:

A bachelor's degree from a recognized college or university in civil engineering or construction management plus 6 years of progressively responsible utility services construction or related experience including at least 2 years in a supervisory capacity, or an equivalent combination and

-4-

qualifying experience substituting on a year for year basis. (Emphasis added)   <u>Defendant's Exhibit D-1</u>, original filing.

Mr. Hanson had 25 years of direct experience in this area, in addition to his educational background. The combination of his experience and education was the basis for his eligibility for this position.

The Plaintiff's argument is misleading at best, and should be rejected by the Court.

## C. MANAGER OF SPECIAL ENGINEERING PROJECTS

The Plaintiff argues that she was credited with her degree to qualify for the Manager of Utility Services position, and this was reversed for the Manager of Special Engineering Projects position. However, Plaintiff met the qualifications for the Manager of Utility Services based upon her experience. Her degree was not necessary for her to qualify. As a result, the MDC has been consistent in its refusal to acknowledge that the Plaintiff has an appropriate engineering degree.

Plaintiff has chosen to ignore that she does not have a professional engineering license. As a result, she simply does not qualify for this position. Plaintiff's argument concerning her degree is false, and also not relevant, given her failure to meet the license requirement.

-5-

### D. MANAGER OF TREASURY

The Plaintiff maintains that she has the necessary financial background to serve as Manager of Treasury. However, a review of the application materials clearly shows that she does not have the financial experience necessary for the highest ranking financial position in the MDC. In addition, the qualifications of Stephanie Russo, the selected candidate, are clearly superior to those of the Plaintiff.

### III. SECTION 1983

The Plaintiff cites the testimony of the current Chief Executive Stephen Rhoades, in support of her position concerning Section 1983 liability. However, the Plaintiff fails to point out that Mr. Rhoades was not employed by the MDC until January, 2003. At his deposition, Mr. Rhoades was asked by Plaintiff's counsel about his employment at the MDC.

> Q   Your position and title is?
>
> A   Chief executive officer.
>
> Q   When did you join the Metropolitan District?
>
> A   Mid January, 2003.   <u>See Exhibit B</u>, Rhoades deposition.

Mr. Rhoades was not employed at the time when the alleged discriminatory actions occurred. Given this, the deposition testimony of Mr. Rhoades is not

-6-

relevant, and should not be considered by the Court. The MDC moves to strike this exhibit from the Plaintiff's objection.

## IV. STATUTE OF LIMITATIONS

The Plaintiff is candid in acknowledging that the holding in <u>National RR Corp. v. Morgan,</u> 536 U.S. 101 (2002), creates difficulty for the Plaintiff's claims. In fact, the holding in <u>National RR Corp.</u> is controlling. The argument presented by the Plaintiff in her brief suggests that there was no discriminatory act which took place on September 23, 1998. The actual discrimination occurred later on March 13, 2001, when she was reassigned to the position of Special Services Administrator. The argument advanced by the Plaintiff in her memorandum acknowledges that there was no discrimination on September 23, 1998 and focuses on the March 13, 2001 date. Given this argument by the Plaintiff, the September 23, 1998 reassignment is not actionable.

However, the Plaintiff also makes the following statement in her affidavit:

Paragraph 11:

> I was humiliated and embarrassed by Milano's actions. I was given menial and demeaning tasks during this special assignment and there was never any clear indication of what my duties were supposed to be. I was no longer in a supervisory position. I was not provided with a proper work area, being placed at a table and chair out in the open. When Lebert Thomas, the Manager of Engineering Services, moved me into a vacant cubicle, Neil Geldof ordered me out of the cubicle two (2) hours later. Geldof offered no explanation for his actions and did not provide me an alternate cubicle or office.

-7-

Given these allegations, it is clear that the Plaintiff knew at the time of the reassignment that her employment status changed. Her allegations in her affidavit do not support the argument advanced in the memorandum. In other words, based upon the Plaintiff's own words, she knew at the time of the reassignment that it was discriminatory. It is important to note, that the Defendant does not agree with the statements made by the Plaintiff in her affidavit. However, the Plaintiff's own words clearly show that she had knowledge of the discriminatory act at the time of the reassignment in September, 1998. Given this, the statute of limitations has clearly run, and any claim based upon the reassignment is barred.

## V. PUNITIVE DAMAGES

The Plaintiff has not objected to the Defendant's Motion for Summary Judgment concerning the punitive damages issue. Given this, and the clear authority on this issue, Summary Judgment should enter on the Plaintiff's claim for punitive damages in favor of the Defendant.

## VI. CONCLUSION

Given the arguments outlined above, and the moving papers submitted previously, the Defendant moves for Summary Judgment on all counts of the

-8-

Plaintiff's complaint.

PLAINTIFF<br>
METROPOLITAN DISTRICT COMMISSION<br><br>

BY _____<br><br>

ANTHONY J. PALERMINO<br>
Their Attorney<br>
Law Offices of Anthony J. Palermino<br>
945 Wethersfield Avenue<br>
Hartford, Connecticut 06114<br>
(860) 296-0035<br>
ct05651

## CERTIFICATION

**I HEREBY CERTIFY** that a copy of the foregoing was mailed, postage prepaid, on the 29th day of December, 2003 to Attorney Robert W. Heagney, Hassett & George PC, PO Box 454, 928 Hopmeadow Street, Simsbury, CT 06070

_____
Anthony J. Palermino

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAISY CHAVEZ<br>PLAINTIFF | CIVIL ACTION NO.: 3:02CV458(MRK) |
| vs | December 29, 2003 |
| METROPOLITAN DISTRICT COMMISSION<br>DEFENDANT | |

### DEFENDANT'S REPLY TO PLAINTIFF'S OBJECTION TO SUMMARY JUDGMENT

The Defendant, Metropolitan District Commission, submits the attached reply to the Plaintiff's Objection to Motion for Summary Judgment.

PLAINTIFF
METROPOLITAN DISTRICT COMMISSION

BY _____
ANTHONY J. PALERMINO
Their Attorney
Law Offices of Anthony J. Palermino
945 Wethersfield Avenue
Hartford, Connecticut 06114
(860) 296-0035
ct05651

-2-

## **CERTIFICATION**

**I HEREBY CERTIFY** that a copy of the foregoing was mailed, postage prepaid, on the 29th day of December, 2003 to Attorney Robert W. Heagney, Hassett & George PC, PO Box 454, 928 Hopmeadow Street, Simsbury, CT 06070

Anthony J. Palermino