**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DAISY CHAVEZ, | : | DOCKET NO. 3:02CV458 (MRK) |
|    Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| THE METROPOLITAN DISTRICT | : | |
| COMMISSION, | : | |
|    Defendant | : | SEPTEMBER 22, 2004 |

**DEFENDANT'S MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO CONSOLIDATE**

Pursuant to Federal Rule Civ. Proc. 46(a) the Defendant, The Metropolitan District Commission ("MDC") hereby moves to consolidate for trial <u>Chavez v. The Metropolitan District Commission</u>, 3:02 CV 458 (MRK) ("Chavez 1") and <u>Chavez v. The Metropolitan District Commission</u> 3:03 CV 01112 (WWE) ("Chavez 2") on the basis that the actions involve common factual and legal issues and consolidation will eliminate unnecessary repetition and costs.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On or about March 2002, the Plaintiff, Daisy Chavez ("Plaintiff Chavez") commenced Chavez 1 alleging the Defendant MDC discriminated against in violation of 42 U.S.C. § 1983, 42 U.S.C. § 1981, 42 U.S.C. § 2000(e) and subsequently amended her complaint on September 2, 2003. <u>See</u> Amended Complaint attached hereto as Exhibit 1 ("Chavez 1 Amended Complaint").

On or about June 9, 2003 the Plaintiff Daisy Chavez ("Plaintiff Chavez") filed a second action against MDC also alleging violations of the Defendant's Affirmative Action Plan as well as violations of 42 U.S.C. § 1983, 42 U.S.C. § 1981, and 42 U.S.C. § 2000(e) by engaging in a pattern of discrimination against her based upon her gender, ethnicity, and national origin and has retaliated against her for allegedly raising prior complaints of negative treatment.  See Complaint attached hereto as Exhibit 2 ("Chavez 2 Complaint').

The allegations contained in both complaints are virtually identical.  Specifically, paragraphs 9-17, 19, 20, 21, 22, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38 of the Chavez 2 Complaint are identical to paragraphs 9-17, 21, 28, 31, 32, 41, 42, 43, 33, 34, 35, 36, 37, 38, 29, 40, and 41 of the Chavez 1 Amended Complaint.  In fact, the only real substantive difference between the two complaints is that the Chavez 2 Complaint alleges two subsequent and additional acts of alleged discrimination by the Defendant MDC i.e., a failure to promote the Plaintiff Chavez to the Manager of Environment, Health & Safety position and the failure to promote the Plaintiff Chavez to the Assistant Manager of Operations position.  See Counts Four and Five, Chavez 2 Complaint attached hereto as Exhibit 2.

## II. LEGAL ARGUMENT

Federal Rule Civ. Proc. 46(a) provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint…trial of any or all the matters in issue in the

2

>action; it may order all the actions consolidated; and it may make such orders concerning proceeding therein as may tend to avoid unnecessary costs or delay.

The Second Circuit recognizes that the "rule should be prudently employed as a valuable and important took of judicial administration invoked to 'expedite trial and eliminate unnecessary repetition and confusion'….consolidation should be considered when 'savings of expense and gains of efficiency can be accomplished without sacrifice of justice.'" <u>Devlin v. Transportation Communications International Union et al</u>, 175 F. 3d 121, 130 (2d Cir. 1999) (citations omitted.)  However, "a district court has broad discretion in determining whether consolidation is appropriate." <u>Malcolm v. National Gypsum Co.</u>, 995 F. 2d 346, 350 (2d Cir. 1993).

The several factors courts generally consider in weighing a motion to consolidate include: "whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." <u>Id</u>.

In the instant case, the complaints in Chavez 1 and Chavez 2 involve common legal issues and virtually identical facts. Discovery has been closed on Chavez 2 and it must be

trial ready by November 15, 2004, just one week after testimony is scheduled to be commenced in Chavez 1.  Thus, it is inconceivable that the Plaintiff Chavez will be prejudiced by consolidation, particularly since consolidation will ensure an expedited trial on Chavez 2.

Further, since the complaints in Chavez 1 and Chavez 2 are virtually identical and both allege employment discrimination based upon the Plaintiff's sex and national origin, the majority of the testimony and witnesses will be common to both lawsuits and separate trials would be a redundant exercise.  In addition, to the extent that many of the witnesses no longer work for the Defendant, it would be an undue burden on those witnesses to testify in two separate trials.

Lastly, the only real substantive difference between the allegations of Chavez 1 and Chavez 2 is that Chavez 2 concerns two additional two positions which Chavez contends she applied for but did not receive. To this extent, a single trial which would include any additional evidence relating to these two positions, would be far less expensive and time consuming and involve far fewer judicial resources than two separate trials. Two separate trials would require selecting two separate juries to hear virtually identical testimony with the exception of any testimony relating to the additional positions at issue in Chavez 2.

In short, consolidation will expedite trial, eliminate unnecessary repetition and confusion, would be far less expensive and time consuming than two separate trials involving identical parties, identical issues, and virtually identical facts.

### III.  CONCLUSION

For all the above referenced reasons, the Defendant MDC respectfully requests that Chavez 1 and Chavez 2 be consolidated for trial.

                                      THE DEFENDANT,
                                      THE METROPOLITAN
                                      DISTRICT COMMISSION

                                      BY_____
                                      Holly Quackenbush Darin(ct10183)
                                      Ryan & Ryan, LLC
                                      900 Chapel Street
                                      Suite 621
                                      New Haven, CT  06510
                                      Its Attorneys

## **CERTIFICATION**

       The undersigned hereby certified that the foregoing was mailed, first class, postage prepaid, this 22nd day of September 2004 to all counsel and pro se parties of record as listed below:

Robert W. Heagney
Stuart E. Brown
Hassett & George, P.C.
555 Franklin Avenue
Hartford, CT  06114

                                                                               _____
                                                                               Holly Quackenbush Darin