UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAISY CHAVEZ, | : | DOCKET NO. 3:02CV458 (MRK) |
|     Plaintiff | : | |
| | : | |
|     v. | : | |
| | : | |
| THE METROPOLITAN DISTRICT | : | |
| COMMISSION, | : | |
|     Defendant | : | October 8, 2004 |

**JOINT TRIAL MEMORANDUM**

(1)    TRIAL COUNSEL:

**For Plaintiff**:
    Robert W. Heagney
    555 Franklin Avenue
    Hartford, CT 06114
    Phone: (860) 296-2111
    Fax: (860) 296-8494
    E-mail: rheagney@wellington-us.com

**For Defendant:**
    David A. Ryan, Jr.
    Ryan & Ryan, LLC
    900 Chapel Street, Suite 621
    New Haven, CT  06510
    Phone: (203) 752-9794
    Fax: (203) 785-1547
    E-mail: david.ryan@ryan-ryan.net

    Stuart E. Brown
    555 Franklin Avenue
    Hartford, CT 06114
    Phone: (860) 296-2111 ext. 140
    Fax: (860) 296-8494
    E-mail:  sbrown@hgesq.com

    Holly Quackenbush Darin
    Ryan & Ryan, LLC
    900 Chapel Street, Suite 621
    New Haven, CT  06510
    Phone:  (203) 752-9794
    Fax: (203) 785-1547
    E-mail: holly.darin@ryan-ryan.net

(2)    JURISDICTION:

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as the case involves questions of federal constitutional and statutory rights, and pursuant to 28 U.S.C. § 1343, as the case involves allegations of deprivations of federal civil rights.

(3)    JURY/NON-JURY:

This case is to be tried to a jury.

(4)     LENGTH OF TRIAL:

Counsel estimate that the presentation of evidence in this matter will require a total of five (5) days: Plaintiff's case requiring three (3) days of testimony and Defendant's case requiring two (2) days.

(5)     FURTHER PROCEEDINGS:

The Defendant intends to object to certain of exhibits of the Plaintiff and will file written objections as to those exhibits. In addition, the Defendant intends to file motions in limine precluding: (1) the Levy & Droney report; (2) the Defendant's Affirmative Action Policy and any evidence of violations thereof; and (3) evidence relating to the Plaintiff's diverticulitis.

(6)     NATURE OF CASE:

**Plaintiff's Statement:**
    The Plaintiff, Daisy Chavez, has brought the present action in four counts. Counts One through Three set forth causes of action for violations of 42 U.S.C. § 1983, 42 U.S.C. § 1981 and 42 U.S.C. § 2000(e), et seq., respectively. Each of the three counts seek damages for adverse and discriminatory actions taken against the Plaintiff due to the Plaintiff's gender, ethnicity and national origin.
    All three counts seek compensatory damages in the amount of $2,000,000 and equitable relief (such as back pay, lost benefits, lost seniority, etc.) appropriate to remedy the secondary consequences of the adverse employment actions taken by the Defendant. The Plaintiff also seeks reimbursement of attorneys' fees incurred in the present action.

**Defendant's Statement:**

    The Defendant, The Metropolitan District Commission ("MDC"), denies that it discriminated against the Plaintiff on the basis of her gender, national orgin (Cuban) and race (Hispanic/Latino). Furthermore, the Defendant denies that the plaintiff suffered any adverse job action, denies that the Plaintiff was qualified for the promotions she sought and submits that even if the Plaintiff is able to prove discrimination, denies that the Plaintiff suffered any damages.
    Furthermore, the MDC claims that some of the Plaintiff's allegations of discriminatory treatment are barred by the applicable statutes of limitations and/or the doctrine of qualified immunity applicable to discretionary and governmental functions of the MDC.

(7)     TRIAL BY MAGISTRATE JUDGE:

The parties have conferred and they do not desire to have the present case tried by a Magistrate Judge.

(8)    EVIDENCE:

    (a)    Witnesses:
**Witnesses For Plaintiff**:
- Daisy Chavez (Plaintiff)
    i. Anticipated testimony: Plaintiff will provide first-hand testimony as to the allegations set forth in her complaint; Plaintiff's employment at MDC and the events surrounding the allegations of the complaint
    ii. Duration of testimony: eight (8) hours
    iii. Chavez is likely to testify
- Lebert Thomas (address: 555 Main Street, Hartford, CT)
    i. Anticipated testimony: adverse and discriminatory treatment of Daisy Chavez upon being placed on temporary assignment to Engineering and Planning department
    ii. Duration of testimony: two (2) hours
    iii. Thomas is likely to testify
- Anthony V. Milano (5 Village Drive, Trumbull, CT)
    i. Anticipated testimony: offering and withdrawing offer to transfer Daisy Chavez to Operations department; interviews and selection process for Manager of Treasury position
    ii. Duration of testimony: two and a half (2.5) hours
    iii. Milano is likely to testify
- Alfred Amaio
    i. Anticipated testimony: witnessing incidents of adverse treatment and discrimination towards the Plaintiff
    ii. Duration of testimony: two and a half (2.5) hours
    iii. Amaio is likely to testify
- Richard Demirgan
    i. Anticipated testimony: witnessing incidents of adverse treatment and discrimination towards the Plaintiff
    ii. Duration of testimony: two and a half (2.5) hours
    iii. Demirgan is likely to testify
- Richard Newton (1 Elm Road, Cromwell, CT)
    i. Anticipated testimony: witnessing incidents of adverse treatment and discrimination towards the Plaintiff; interviews and selection process for Manager of Utility Services position
    ii. Duration of testimony: two and a half (2.5) hours
    iii. Newton is likely to testify
- Frank Dellaripa (address: 555 Main Street, Hartford, CT)

- 
    i. Anticipated testimony: interviews and selection process for Manager of Utility Services position
    ii. Duration of testimony: one (1) hour
    iii. Dellaripa is likely to testify
- Russell E. Mannila
    i. Anticipated testimony: identification and authentication of exhibits; procedures of MDC's Human Resources department; selection of candidates for Manager of Treasury position; selection of candidates for Manager of Utility Services position
    ii. Duration of testimony: one and a half (1.5) hours
    iii. Mannila is likely to testify
- Mark Hanson (address: 555 Main Street, Hartford, CT)
    i. Anticipated testimony: participation in selection process for Manager of Utility Services position; identification and authentication of exhibits
    ii. Duration of testimony: two (2) hours
    iii. Hanson is likely to testify
- Edward M. Skowronek (address: 555 Main Street, Hartford, CT)
    i. Anticipated testimony: identification and authentication of payroll records and testimony explaining same
    ii. Duration of testimony: two (2) hours
    iii. Skowronek is likely to testify
- Luis Alvarado (address: _____)
    i. Anticipated testimony: witnessing incidents of adverse treatment and discrimination towards the Plaintiff
    ii. Duration of testimony: one and a half (1.5) hours
    iii. Alvarado is to be called only if the need arises
- Salvatore Gozzo (address: 555 Main Street, Hartford, CT)
    i. Anticipated testimony: witnessing incidents of adverse treatment and discrimination towards the Plaintiff
    ii. Duration of testimony: two (2) hours
    iii. Gozzo is to be called only if the need arises
- Stephanie Russo
    i. Anticipated testimony: identification and authentication of exhibits
    ii. Duration of testimony: one half (0.5) hour
    iii. Russo to be called only if the need arises
- Robert Moore (address: 555 Main Street, Hartford, CT)
    i. Anticipated testimony: identification and authentication of exhibits; removal of cross-connection duties from Special Services Administrator position
    ii. Duration of testimony: one half (0.5) hour
    iii. Moore to be called only if the need arises
- Margeret Roughan (1690 San Silvestro Drive, Venice, FL)

- i.  Anticipated testimony: identification and authentication of exhibits
- ii. Duration of testimony:  one half (0.5) hour
- iii. Roughan to be called only if the need arises
- Patricia Speicher Werbner
    - i.  Anticipated testimony: identification and authentication of exhibits
    - ii. Duration of testimony:  one half (0.5) hour
    - iii. Werbner to be called only if the need arises
- George Sparks
    - i.  Anticipated testimony: identification and authentication of exhibits
    - ii. Duration of testimony:  one half (0.5) hour
    - iii. Sparks to be called only if the need arises

The Plaintiff reserves the right to call additional witnesses for rebuttal in response to evidence submitted by the Defendant not reasonably anticipated prior to the beginning of the trial.

**Witnesses For Defendant:**
- Daisy Chavez (Plaintiff

    - i.   Anticipated testimony:  Ms. Chavez is expected to be call to testify about her employment history at MDC as well as the allegations she has made in this complaint.
    - ii.  Duration of testimony:  eight (8) hours.
    - iii. Ms. Chavez is <u>likely to testify</u>

- Anthony Milano (5 Village Drive, Trumbull, CT)

    - i.   Anticipaged testimony:  Mr. Milano is expected to be called to testify about his duties while employed as Chief Executive Officer of the Defendant, his discussion with the Plaintiff regarding job potential job opportunities at MDC, the posting and successful candidate for the Manager of Treasury, the assignment of the Plaintiff to the Engineering and Planning Department in September, 1998, and discussions with various Commissioners regarding the job opportunities for the Plaintiff.
    - ii.  Duration of testimony: four (4) hours.
    - iii. Mr. Milano is <u>likely to testify</u>.

- Robert Moore(555 Main Street, Hartford, CT)
    - i.   Anticipated testimony: Mr. Moore is expected to be called to testify about his duties while Chief Administrative Officer of

       the Defendant, his knowledge of the organization structure of the Defendant, the status of posted and vacant managerial positions at MDC, the Manager of Special Engineering Projects position, the alleged promotion of Steven Paul to the Assistant to the Chief Administrative Officer, his discussion and attempts to find job opportunities for the Plaintiff, and the Plaintiff's current position with MDC.
      ii.   Duration of Testimony: four (4) hours.
      iii.   Mr. Moore is <u>likely to testify</u>.

- Frank Dellaripa(555 Main Street, Hartford, CT)
    - i.   Anticipated testimony: Mr. Dellaripa is expected to be called to testify about the Manager of Utility Services vacancy in April 2, 2001, the interview of candidates for the position and the qualifications of the Plaintiff for the Manager of Utility Services and the qualifications of the successful candidate Mark Hanson.
    - ii.   Duration of testimony: one and a half (1.5) hours.
    - iii.   Mr. Dellaripa is likely to testify.

- Robert J. Zaik(555 Main Street, Hartford, CT)
    - i.   Anticipated testimony: Mr. Zaik may be called to testify about the Plaintiff's employment history, educational background and personnel record.
    - ii.   Duration of testimony: One (1) hour.
    - iii.   Mr. Zaik will be called to testify if the need arises.

- Custodian of the Records – Charter Oak College
    - i.   Anticipated testimony: Authentication of exhibits, possible rebuttal.
    - ii.   Duration of testimony: Fifteen (15) minutes.
    - iii.   Will be called to testify only if the need arises.

- George Sparks(39 Laurel Lane, Marlborough, CT)
    - i.   Anticipated testimony: Mr. Sparks may be called to testify about the Assistant to the Director of Operations position, and MDC procedures relating to recruiting, hiring and interviewing for vacant positions.
    - ii.   Duration of testimony: Four (4) hours or less.
    - iii.   Mr. Spark will be called if the need arises.

- Eddie Perez
    i.   Anticipated testimony: Mr. Perez may be called to testify about discussions and contact he had with Daisy Chavez regarding an alleged promise of a promotion and any discussions he had with Anthony Milano regarding same.
    ii.  Duration of testimony: One (1) hour.
    iii. Mr. Perz will be called if the need arises.

- Albert Reichin
    i.   Anticipated testimony: Mr. Reichin may be called to testify about the responsibilities of the personnel pension insurance committee, his knowledge and contact with Daisy Chavez, discussions with Ms. Chavez over her employment at MDC and his inquiries with Anthony Milano on behalf of Daisy Chavez.
    ii.  Duration of testimony: One (1) hour.
    iii. Mr. Reichin will be called if the need arises.

- Marilyn Cohen (46 Stoneham Drive, West Hartford, CT)
    i.   Anticipated testimony: Ms. Cohen may be called to testify about her discussions she had with Daisy Chavez regarding her employment at MDC.
    ii.  Duration of testimomony: One (1) hour.
    iii. Ms. Cohen will be called if the need arises.

The Defendant reserves the right to call additional witnesses in response to evidence and/or testimony submitted by the Plaintiff not reasonably anticipated prior to the beginning of the trial.

    (b)   <u>Exhibits</u>:

**Plaintiff's Exhibits**:
1. Daisy Chavez performance evaluations 1986-1995, 1999-2001 from Daisy Chavez' MDC personnel file
2. Map:   Plan for Third Floor Panel Layout, Metropolitan District Headquarters Building, dated January 14, 2000

3. Metropolitan District Commission Affirmative Action Plan, dated April 1, 1996 – March 31, 1997

   The Defendant objects to the introduction of the Affirmative Action Plan and seeks to exclude it.  <u>See</u> Motion in Limine attached hereto.

4. Job description, Customer Services Administrator, Code: 12565
5. The Metropolitan District, Notice of Vacancy # 75-00, Manager of The Treasury
6. Job Description, Manager of the Treasury, Code: 12475
7. Application for Employment, The Metropolitan District Commission, application of Daisy Chavez for Manager of Treasury
8. Application for Employment, The Metropolitan District Commission, application and attachments of Stephanie Russo for Manager of Treasury
9. June 5, 2000 MDC Correspondence – Mannila to Chavez; subject: Manager of Treasury qualifications
10. June 2, 2000 Memo - Roughan to Milano; Subject: NOV# 75-00
11. The Metropolitan District, Supervisory Interview Report, N.O.V. # 75-00, for Stephanie Russo
12. June 21, 2000 MDC Correspondence – Mannila to Russo; subject: selection for Manager of Treasury
13. Mar. 9, 2001 MDC Correspondence – Moore to Chavez; subject: appointment as District Review Officer
14. Mar. 13, 2001 MDC Correspondence – Moore to Chavez; subject: assignment to Review Officer position under Dick Newton
15. June 22, 1990 Memo – McCarthy to Geldof; Subject: Special Services Workload Allocation
16. The Metropolitan District, Notice of Vacancy # 38-01, Manager of Utility Services
17. Job Description, Manager of Utility Services, Code: 24875
18. The Metropolitan District, Job Posting Application, Mark A. Hanson's Application and attachments for Manager of Utility Services
19. June 7, 2001 MDC Correspondence – Mannila to Chavez; subject: Chavez informed she is candidate for Manager of Utility Services
20. June 7, 2001 MDC Correspondence – Mannila to Hanson; subject: Hanson informed he is candidate for Manager of Utility Services
21. Supervisory Interview Report for interview of Daisy Chavez for Manager of Utility Services
22. Supervisory Interview Report for interview of Mark Hanson for Manager of Utility Services
23. "Levy & Droney Report" – Compliance Audit of Employment Practices of the Metropolitan District Commission Undertaken by Legal Counsel, dated March 15, 2002

> The Defendant objects to this Exhibit for the reasons set forth in the Motion in Limine attached hereto.
> 24. The Metropolitan District, Notice of Vacancy # 32-02, Manager of Operations
> 25. May 22, 2002 Memo – Werbner to Sparks; Subject: NOV# 32-02
> 26. June 5, 2002 Memo – Sparks to Werbner; Subject: Manager of Operations Position
> 27. The Metropolitan District, Notice of Vacancy # 60-02, Assistant Manager of Operations
> 28. Oct. 3, 2002 Memo – Mannila to Chavez; Subject: Manager of Operations and Assistant Manager of Operations
>
> The Defendant objects to Plaintiff's Exhibits 24-28 since the Manager of Operations and Assistant Manager of Operations positions are not part of the allegations contained in the Plaintiff's complaint and therefore such documents are not relevant to the issues before the Court. In fact, the Plaintiff has filed a second action which specifically addresses these positions and the Plaintiff's failure to be promoted to them and it would be prejudicial to the Defendant to be forced to litigate this claim twice, particularly when the instant complaint does not allege and/or address these positions and the Plaintiff's failure to receive them. Although the Defendant has moved to consolidate the two actions for trial, the Plaintiff has indicated that she objects to this consolidation and there has been no Court action taken on the Plaintiff's Motion to Consolidate.

**Defendant's Exhibits:**

501. Resume of Daisy Chavez

502. Letter dated June 23, 1989 from Charter Oak College

502. Letter dated October 12, 1999 from Charter Oak College

504. Job Posting for Manager of the Treasury on May 17, 2000

505. Application of Daisy Chaves for position of Manager of Treasury

506. Letter to Daisy Chavez dated June 5, 2000 informing her not qualified

     507. Application of Stephanie Russo for position of Manager of Treasury

     508. Job Specification for Manager of Special Engineering Projects

     509. Job Posting for Manager of Utility Services

     510. Application of Daisy Chavex for position of Manager of Utility Services

     511. Application of Mark Hanson for position of Manager of Utility Services

     512. Letter to Daisy Chavez dated June 29, 2001 informing her not selected

     513. 1997 Weekly Planner and Daisy Chavez's handwritten notes attached thereto

     514. 1998 Weekly Planner and Daisy Chavez's handwritten notes attached thereto

     515. 1999 Weekly Planner and Daisy Chavez's handwritten notes attached thereto

     516. 2000 Weekly Planner and Daisy Chavez's handwritten notes attached thereto.

     517. Metropolitan District Personnel Policy June 30, 1997

The Defendant reserves the right to submit additional exhibits in response to evidence and/or testimony submitted by the Plaintiff which was not reasonably anticipated prior to the beginning of the trial.

    (c)    <u>Deposition Testimony</u>:

(9)    <u>STIPULATIONS AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>:

1. The Plaintiff, Daisy Chavez, is a Hispanic female who is of Cuban national origin.
2. Chavez is employed by the Defendant, Metropolitan District Commission ("MDC").
3. Chavez has been employed by the MDC since 1976.
4. The MDC is a municipal corporation with an administrative office at 555 Main Street, Hartford, Connecticut.

5. Chavez filed a complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and the Equal Employment Opportunity Commission ("EEOC") on or about August 9, 2001.
6. Chavez has an Associate of Science degree from Hartford State Technical College, which degree was awarded in 1979.
7. Chavez received a Bachelor of Science degree from Charter Oak College in 1989.
8. Chavez received a Master of Public Administration degree from the University of Hartford in 1996.
9. From approximately August, 1989 through September, 1998, Chavez worked within the MDC's Finance Department with the job title and responsibilities of Customer Services Administrator.
10. Anthony V. Milano is the MDC's former Chief Executive Officer.
11. The position of Manager of Treasury at MDC was posted on May 17, 2000.
12. Chavez submitted an application for the position of Manager of Treasury.
13. Chavez was not one of the persons interviewed for the position of Manager of Treasury.
14. The position of Manager of Treasury was given to Stephanie Russo.
15. Stephanie Russo is a white, non-Hispanic female.
16. Robert E. Moore is the MDC's Chief Administrative Officer.
17. The position of Manager of Utility Services was posted on April 2, 2001.
18. Chavez submitted an application for the position of Manager of Utility Services.
19. Chavez was interviewed for but not selected to fill the position of Manager of Utility Services.
20. Mark Hanson was awarded the position of Manager of Utility Services.
21. Mark Hanson is a white, non-Hispanic male.

(a)  <u>Bench Trial</u>:

Case to proceed as a jury trial.

(b)  <u>Jury Trial</u>:

    (1)  <u>Proposed Voir Dire Questions</u>:

        See attached.

    (2)  <u>Proposed Jury Instructions</u>:

        See attached.

    (3)    <u>Proposed Verdict Form</u>:

        See attached.

    (4)    <u>Brief Description of Case and Parties</u>:

The present case involves a controversy between the Plaintiff, Daisy Chavez and the Defendant, the Metropolitan District Commission ("MDC"). Ms. Chavez is a Hispanic female of Cuban national origin who has been employed by MDC since 1976. Ms. Chavez contends in this case that she was discriminated against by the Defendant MDC on the basis of her gender, race and national origin by failing to promote her to positions for which she maintains she was qualified. The MDC denies the claims of Ms. Chavez.

(10)   ANTICIPATED EVIDENTIARY PROBLEMS:

See Defendant's Motions in Limine attached hereto.

| PLAINTIFF, DAISY CHAVEZ | DEFENDANT, THE METROPOLITAN DISTRICT COMMISSION |
|---|---|
| By: _____ | By: _____ |
| Robert W. Heagney (ct0858) | Holly Quackenbush Darin (ct 10183) |
| E-mail: rheagney@wellington-us.com | E-mail: holly.darin@ryan-ryan.net |
| Stuart E. Brown (ct24659) | David A. Ryan, Jr. (ct 05064) |
| E-mail: sbrown@hgesq.com | E-mail: david.ryan@ryan-ryan.net |
| Hassett & George, P.C. | Ryan & Ryan, LLC |
| 555 Franklin Avenue | 900 Chapel Street, Suite 621 |
| Hartford, Connecticut 06114 | New Haven, Connecticut 06510 |
| Phone: (860) 296-2111 | Phone: (203) 752-9794 |
| Fax: (860) 296-8494 | Fax: (203) 785-1547 |

\\Sbs2k\shared\Labor\Chavez, Daisy\Joint Trial Memorandum Daisy Chavez.doc