**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DAISY CHAVEZ, | : | DOCKET NO. 3:02CV458 (MRK) |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| THE METROPOLITAN DISTRICT | : | |
| COMMISSION, | : | |
| Defendant | : | OCTOBER 8, 2004 |

### DEFENDANT'S MEMORANDUM OF LAW
### IN SUPPORT OF ITS MOTION IN LIMINE
### TO PRECLUDE NON-EXPERT EVIDENCE OF A MEDICAL CONDITION

The Defendant, Metropolitan District Commission (hereafter the "Defendant MDC")

submits this memorandum of law in support of its Motion In Limine To Preclude Non-Expert

Evidence of aMedical Condition to preclude the plaintiff from introducing at trial evidence or

testimony offered or sought by the Plaintiff, Daisy Chavez (hereafter the "Plaintiff Chavez") of her

alleged medical condition, Diverticulitis and the cause thereof.

The Defendant MDC objects to the admission of such evidence at trial on the grounds that:

(1) the Plaintiff has not indicated an intention to support her allegation that her alleged condition,

Diverticulitis, was caused by the Defendant MDC with expert testimony or other expert evidence,

and (2) testimony or other evidence regarding the Plaintiff's specific medical condition and the

potential causes thereof is beyond the knowledge of the average layperson.

## I.    Background

The Plaintiff Chavez alleges that her employer, the Defendant MDC, discriminated against her on the basis of her race, sex and national origin in violation of  42 U.S.C. § 1983, 42 U.S.C. § 1981, and 42 U.S.C. § 2000(e).  The Defendant MDC denies these allegations.

In Paragraph 40 of the Plaintiff Chavez's Amended Complaint, she alleges that, "This whole matter[1] has gotten Plaintiff sick to the point of which she required surgery for Diverticulitis…"  <u>See</u> Amended Complaint, at ¶ 40. The Plaintiff Chavez has not thus far produced any documentary evidence to support her allegation that she suffers from Diverticulitis or that the condition could have been caused or was in fact caused by the Defendant MDC's actions.  The Plaintiff Chavez has not given any indication that she intends to call an expert witness at trial to testify with respect to her alleged medical condition, Diverticulitis.  The Defendant MDC moves to preclude any evidence pertaining to the Plaintiff Chavez's alleged medical condition, Diverticulitis on the basis that the issue of the specific medical condition and the potential causes of the condition are beyond the knowledge of a layperson.

## II.    Argument

The Plaintiff Chavez alleges that she suffers from Diverticulitis and further alleges that the medical condition resulted from the Defendant MDC's actions.  The Plaintiff Chavez has provided

---

[1] Presumably the "whole matter" the Plaintiff refers is the alleged discriminatory conduct by MDC referenced in the prior paragraphs of the Plaintiff's complaint.

no evidentiary basis for her claim.  Because the Plaintiff has not identified an expert witness to testify regarding her alleged medical condition and because knowledge of the existence or potential causes of the alleged medical condition is beyond the knowledge of a layperson, any evidence or testimony with respect to the Plaintiff Chavez's alleged medical condition of Diverticulitis should be precluded at trial.

The Federal Rules of Evidence provide,

> If the witness is not testifying as an expert the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701.  The plain language of Rule 701 precludes the Plaintiff Chavez or other layperson from testifying about causal factors associated with Diverticulitis.  Further, any testimony by the Plaintiff Chavez that she has been diagnosed with the medical condition is hearsay and inadmissible. On these bases alone, evidence pertaining to the Plaintiff Chavez's alleged Diverticulitis should be precluded.

In the context of proof of worker's compensation injuries, the Connecticut Supreme Court has held:  "Where, as here, it is difficult to ascertain whether or not the disease arose out of the employment, it is necessary to rely on expert medical opinion."  *Murchison v. Skinner Precision Industries, Inc.*, 162 Conn. 142, 152 (1972) quoting *Madore v. New Departure Mfg. Co.*, 104 Conn.

709, 714. The court in *Murchison* determined that the plaintiff's testimony before the worker's compensation commissioner with respect to her injury was not sufficient to sustain the plaintiff's burden of proof, absent direct medical testimony. *Murchison*, 162 Conn. 142, 152.

In other employment contexts, where a plaintiff seeks to prove that a particular medical condition has resulted from "distress", the courts have found testimony from lay witnesses to be insufficient. In *Ferris v. Pennsylvania Federation of Brotherhood of Maintenance of Way Employees*, 153 F. Supp. 2d 736 (E.D. Pa. 2001), the court considered a motion of limine seeking to preclude the plaintiff from testifying about his depression and anxiety disorder which he alleged were caused by the defendant. The court recognized: "It is well settled that when the complexities of the human body place questions as to the cause of pain or injury beyond the knowledge of the average layperson . . . the law requires that expert testimony be employed." *Ferris* 153 F. Supp. 2d at 746 quoting *Redland Soccer Club, Inc. v. Department of Army of the United States*, 55 F.3d 827 (3d Cir. 1995) quoting *Gradel v. Inouye*, 491 Pa. 534 (1980) (internal quotation omitted). See also, *Bushman v. Halm,* 798 F.2d 651, 659 (3d Cir. 1986) ("If the question of causal relation is so esoteric that lay minds cannot form any intelligent judgment about it without expert aid an opinion from an expert may be required."). Since the precise issue presented had not yet been addressed by the Third Circuit, the court in *Ferris* relied on a decision issued by the Court of Appeals for the District of Columbia which held,

> [W]hereas testimony from lay witnesses may be sufficient to establish that an individual is 'distressed' in some fashion, it may not be sufficient to establish that an individual suffers from a particular medical condition such as alcoholism or depression which only professional medical care providers may be qualified to diagnose.

*Ferris*, 153 F.Supp. 2d 736, 746 citing *Jefferson v. MilVets Sys. Tech., Inc.*, 335 U.S. App. D.C. 318 (D.C. Cir. 1999) (unpublished) (internal quotation omitted).  See also *Villalba v. Consolidated Freightways Corp. of Del.*, 2000 U.S. Dist. LEXIS 11773, 2000 WL 1154073 at *4-5 (N.D. Ill. Aug. 14, 2000).  The court in *Ferris* expressed its agreement with the D.C. Circuit and concluded that it would not permit the plaintiff to testify regarding any specific medical diagnosis of his mental ailments since those conditions "are complex injuries beyond the knowledge of the average layperson."  *Ferris*, 153 F.Supp. 2d 736, 746.

Diverticulitis, similarly, is a "complex injury beyond the knowledge of the average layperson.  The Plaintiff Chavez's own testimony or that of another layperson is not sufficient to establish the diagnosis, the symptoms, or the cause of her alleged Diverticulitis.

## III.    Conclusion

For the foregoing reasons, the Court should preclude the introduction of any evidence relating to the Plaintiff's alleged medical condition, Diverticulitis and the cause thereof. Therefore, the Defendant MDC respectfully submits that its Motion In Limine To Preclude Non-Expert Evidence of a Medical Condition should be granted.

THE DEFENDANT,
THE METROPOLITAN
DISTRICT COMMISSION


BY_____
    Holly Quackenbush Darin (ct10183)
    David A. Ryan, Jr. (ct. 05064)
    Ryan & Ryan, LLC
    900 Chapel Street
    Suite 621
    New Haven, CT  06510
    -Its Attorneys-


## **CERTIFICATION**

       The undersigned hereby certified that the foregoing was mailed, first class, postage prepaid, this 8th day of October 2004 to all counsel and pro se parties of record as listed below:

Robert W. Heagney
Stuart E. Brown
Hassett & George, P.C.
555 Franklin Avenue
Hartford, CT  06114


_____
Holly Quackenbush Darin