UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAISY CHAVEZ, | : | DOCKET NO. 3:03CV01112(MRK) |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| THE METROPOLITAN DISTRICT COMMISSION, | : : | |
|     Defendant | : | OCTOBER 22, 2004 |

**DEFENDANT'S REPLY TO
PLAINTIFF'S OBJECTION TO MOTION TO CONSOLIDATE**

On or about September 22, 2004, the Defendant The Metropolitan District Commission ("Defendant MDC") moved to consolidate for trial Chavez v. The Metropolitan District Commission, 3:02 CV 458 (MRK) ("Chavez 1") and Chavez v. The Metropolitan District Commission 3:03CV01112 (WWE) ("Chavez 2") on the basis that the actions involve common factual and legal issues and consolidation will eliminate unnecessary repetition and costs. Thereafter, on October 4, 2004, Judge Warren Egington recused himself from Chavez 2 and transferred all additional matters to the Honorable Mark Kravitz.

After the Motion to Consolidate was filed, the Defendant MDC filed a Partial Motion for Summary Judgment on October 1, 2004 in Chavez 2 which relied exclusively on the allegations contained in the complaint and contends that there is no private cause of action for violations of MDC's Affirmative Action Plan and punitive damages are not recoverable against a municipality.

On October 12, 2004, the Plaintiff Chavez filed the instant objection to the Motion to Consolidate. The basis for her objection to the Motion for Consolidate was consolidation would delay trial in Chavez 1 and that Chavez 2 is not ready for trial because there are outstanding issues in Chavez 2 which need to be addressed prior to the case being ready for trial.

However, the Plaintiff Chavez has set forth no supporting facts to show that these "issues" would result in a trial delay should the cases be consolidated and it is clear from the Plaintiff's

motion that the "issues" which need to be resolved prior to trial can be determined prior to trial and/or are self-made in order to prohibit consolidation.

First, the Plaintiff Chavez contends that Chavez 2 is not ready for trial and relies upon the fact that its trial readiness date occurs after the scheduled commencement of the jury trial in Chavez 1.  However, such an argument puts form over substance.  Chavez 2 is scheduled to be trial ready on November 15, 2004 a mere ten (10) days after jury selection in Chavez 1 and the Plaintiff Chavez has not shown that she will be prejudiced by trying the case ten (10) days sooner than scheduled.  Indeed, given that discovery in Chavez 2 was closed on August 13, 2004, it is inconceivable what, if any, further trial preparations the Plaintiff Chavez deems necessary to render the matter "trial ready".[1]

Second, to the extent that the Plaintiff Chavez argues that consolidation is inappropriate because there are outstanding motions in Chavez 2 which need to be addressed before the case can proceed any further, such argument should likewise not bar consolidation herein.

Although the Plaintiff Chavez contends that the Motion for Summary Judgment filed in Chavez 2 must be decided before the case can proceed to trial, she fails to show how consolidation will prevent this from occurring.  Indeed, given that the Motion for Summary Judgment involves solely legal issues based upon the complaint allegations, the Plaintiff Chavez has had sufficient notice of the Motion for Summary Judgment[2] and by the time of trial will have had sufficient time to respond thereto,[3] the Plaintiff Chavez cannot claim to be

---

[1] Although the parties Joint Trial Memorandum in Chavez 1 may need to be adjusted to include a few more witnesses or documents relating to the two (2) positions involved in Chavez 2, this does not render the case any more or less "trial ready".  In fact, the Plaintiff has already included documents related to Chavez 2 as proposed exhibits in Chavez 1. See Joint Pretrial Memorandum in Chavez 1, Plaintiff's Exhibits 24-28 and objections thereto.  Further, any work that must be done to include additional documents and witnesses is miniscule compared to the work, expense, and cost which would necessarily be involved in a separate trial!

[2] Fed. R. Civ. P. 56(c) provides that a motion for summary judgment shall be served at least ten (10) days before the time fixed for the "hearing".

[3] The docket report in Chavez 2 reflects that the Plaintiff Chavez must respond to the Motion for Summary Judgment by October 22, 2004.

prejudiced, nor is there any legal prohibition, if the Court should choose to consolidate the cases and hear and decide the Motion for Summary Judgment prior to and/or on the date of trial.  See  Hoopes v. Equifax, Inc., 611 F. 2d 134, 137 (6th Cir. 1979)(Oral motion for summary judgment was granted on the beginning day of trial following an earlier pretrial conference during which the trial court questioned plaintiff in detail and allowed plaintiff opportunity to show whether there were disputed questions of fact and the plaintiff did not show he was prejudiced in any way by the granting of summary judgment.); Davis, et al v. City of Charleston et al, 827 F. 2d 317, 320-321 (8th Cir. 1987)(Court's granting of Defendant's oral motion for summary judgment on date set for trial was not error.  The trial court was not under a particular deadline to rule upon motions for summary judgment and Rule 56(c) does not require that a party be given advance notice of a 'date certain' on which a motion for summary judgment is to be decided by the trial court.)

In addition, the Plaintiff Chavez contends that her Motion to Extend Scheduling Order in Chavez 2, which was filed the same day the Plaintiff Chavez filed the instant objection to the Motion to Consolidate, prevents consolidation. In the Motion to Extend Scheduling Order in Chavez 2, the Plaintiff Chavez requests thirty (30) days within which to file a motion to join two (2) individuals defendants, George Sparks and Robert Moore.  See Motion to Extend Scheduling Order attached hereto as Exhibit 1.

It is clear however, that the Motion to Extend the Scheduling Order is simply a clever attempt by the Plaintiff Chavez to prevent consolidation by attempting to create a "long procedural road"[4] in Chavez 2 as is evident by: (1)  the fact that the Plaintiff Chavez did not seek to add these parties to the Chavez 2 matter until after the Motion to Consolidate was

---

[4] The Plaintiff Chavez contends on page 2 of her Objection to Motion to Consolidate that Chavez 2 has a long procedural road ahead of it and implies therefore that it is not ready to be tried.  See Objection to Motion to Consolidate at p.2.

filed;[5] and, (2) the fact that she argues in her objection that if the Court grants the extension of time and the subsequent motion to add the two (2) individual party-defendants, there will be a divergence of issues and parties that would create more confusion than economy. See Plaintiff's Objection to Motion to Consolidate, p. 2. This argument by the Plaintiff Chavez is clearly an admission that, in the absence of the two (2) additional defendants she now seeks to add to Chavez 2, there exists a unity of issues and parties between the two (2) cases.

Given the delay in the Plaintiff's attempts to add additional parties through the filing of the Motion to Extend Scheduling Order, and the fact the Plaintiff Chavez has admitted that without the additional parties there exists a unity of issues and parties, it would be highly prejudicial to the Defendant MDC to permit such Motion to act as bar to consolidation when, for the reasons set forth in the Defendant MDC's Motion to Consolidate, it is clearly in the interest of judicial economy to consolidate the two (2) cases for trial.

Thus, for the reasons set forth herein in addition to those contained in the Defendant MDC's Motion to Consolidate dated September 22, 2004, the Defendant MDC respectfully requests that the Court grant its Motion to Consolidate and permit the two (2) cases to be consolidated for trial.

                THE DEFENDANT
                METROPOLITAN DISTRICT
                COMMISSION

        By:_____
            Holly Quackenbush Darin (ct10183)
            Ryan & Ryan, LLC
            900 Chapel Street, Suite 621
            New Haven, CT 06510
            (203) 752-9794
            Its Attorneys

---

[5] Likewise, as set forth in the Defendant MDC's objection to the Motion to Extend the Scheduling Order, the Plaintiff Chavez did not seek to add these parties until after the Motion for Summary Judgment was filed in Chavez 2. See Defendant MDC's Memorandum of Law in Opposition to Motion to Extend Scheduling Order attached hereto as Exhibit 2.

## **CERTIFICATION**

      This is to certify that a copy of the foregoing was mailed, postage prepaid this 22nd day of October 2004 to the following counsel of record:

Robert W. Heagney
Stuart E. Brown
Hassett & George
555 Franklin Avenue n
Hartford, CT  06114

Anthony J. Palermino
945 Wethersfield Ave
Hartford, CT  06114

                                          _____
                                          Holly Quackenbush Darin

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

DAISY CHAVEZ, DOCKET NO. 3:03 CV 1112 (WWE)
 Plaintiff

 v.

THE METROPOLITAN DISTRICT
COMMISSION,
 Defendant. October 12, 2004


**MOTION TO EXTEND SCHEDULING ORDER**

 The Plaintiff, Daisy Chavez, respectfully requests that the present scheduling order be

modified and extended to allow for the addition of two individuals, George Sparks and

Robert Moore, as party-defendants to the present action. The Plaintiff respectfully requests

an extension of thirty (30) days from the granting of this motion within which to file the

motion to join Sparks and Moore as party-defendants and to file an Amended Complaint to

be served upon these individuals in accordance with Federal Rules of Civil Procedure Rule 4.

In support of this motion, the Plaintiff asserts that the addition of these two

individuals is necessary for a complete resolution of the issues raised by the Plaintiff s

present case. The Plaintiff also asserts that she may have certain avenues of recovery denied

to her in the absence of individual persons who were personally involved in the wrongdoing

against her. Although the Defendant has requested that the present case be consolidated with

the Plaintiff s other case against it; docket no. 3 :02CV 458(MRK); the Plaintiff asserts that

judicial economy will be better served by allowing the case against these two individuals

Sparks and Moore, to be brought in conjunction with the present case, rather than as a third, separate Complaint. The Plaintiff's counsel contacted the Defendant's counsel to inquire as to their position on the present motion, and the Defendant intends to object to this requested extension.

 Wherefore, the Plaintiff respectfully requests an extension of thirty (30) days from the granting of this motion within which to file the motion to join Sparks and Moore as party defendants and to file an Amended Complaint.

               THE PLAINTIFF,
               DAISY CHAVEZ


      By: _____
        Robert W. Heagney (ct 5658) and
        Stuart E. Brown (ct 24659)
        Hassett & George, P.C.
        555 Franklin Avenue
        Hartford, CT 06114
        (860) 296-2111
        (860) 296-8494 (fax)

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent via first -class mail, postage prepaid, this 12<u>th</u> day of October, 2004, to the following counsel of record:

David A. Ryan
Holly Quackenbush Darin
Ryan & Ryan, LLC
900 Chapel Street, Suite 621
New Haven, CT 06510

_____
Stuart E. Brown

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DAISY CHAVEZ, | : | DOCKET NO. 3:03CV01112(MRK) |
|     Plaintiff | : | |
| | : | |
| vi. | : | |
| | : | |
| THE METROPOLITAN DISTRICT | : | |
| COMMISSION, | : | |
|     Defendant | : | OCTOBER 22, 2004 |

**DEFENDANT'S MEMORANDUM OF LAW**
**IN OPPOSITION TO**
**MOTION TO EXTEND SCHEDULING ORDER**

The Defendant, The Metropolitan District Commission ("Defendant MDC") respectfully objects to the Motion to Extend the Scheduling Order filed by the Plaintiff, Daisy Chavez ("Plaintiff Chavez") which seeks to extend the scheduling order for an additional thirty (30) days to permit the Plaintiff to amend her complaint to add two (2) new parties. The Defendant MDC objects to this request on the basis that the request, if granted, will result in undue prejudice to the Defendant MDC. Specifically, the extension request was not filed until after discovery was closed, and a summary judgment motion was filed by the Defendant MDC. In addition, it is clearly an attempt to delay this matter to prevent consolidation of this case with Chavez v. The Metropolitan District Commission, 3:02 CV 458 (MRK) scheduled for jury selection on November 4, 2004.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

This case was initially filed on June 24, 2003 and the pursuant to the Order on Pretrial Deadlines, Amended Pleadings were due by August 24, 2003.  In May, 2004 the undersigned appeared on behalf of the Defendant MDC and sought an extension of time to complete discovery until August 13, 2004 which was granted by the Court.

On September 23, 2004, the Defendant MDC filed a Motion to Consolidate this case with the similar case of <u>Chavez v. The Metropolitan District Commission</u>, 3:03 CV 458 (MRK).  Thereafter, on October 1, 2004, the Defendant MDC filed a Partial Motion for Summary Judgment which was based solely on legal arguments derived from allegations of the complaint.[6]  Specifically, the Partial Motion for Summary Judgment was addressed to Counts One through Three alleging causes of action based upon violations of the Defendant MDC's Affirmative Action Plan and argues that there is no private cause of action for violations of affirmative action plans.  In addition, the Partial Motion for Summary Judgment seeks to dismiss the prayer for relief seeking punitive damages on the basis that such damages are not recoverable against a municipality.[7]

On October 4, 2004, Judge Warren E. Egington recused himself and the case was reassigned to this Court for all further proceedings.

Thereafter, on October 15, 2004, after the Defendant MDC's filing of the Motion to Consolidate and the Motion for Summary Judgment, the Plaintiff Chavez filed the

---

[6] According to the Court's Docket Report the Plaintiff's response is due on October 22, 2004.

[7] In fact, the Defendant MDC's argument as to punitive damages was also part of the Defendant's Motion for Summary Judgment in <u>Chavez v. The Metropolitan District Commission</u>, 3:02 CV 458 (MRK) and the Court granted the Defendant MDC's summary judgment motion as to the punitive damages claim on June 1, 2004.

instant Motion to Extend Scheduling Order in which she seeks an extension of thirty (30) days from the granting of the motion to file a motion to join Sparks and Moore as party-defendants and to file an Amended Complaint to be served upon these individuals. See Motion to Extend Scheduling Order at p. 1.

II.     **LEGAL ARGUMENT**

The Plaintiff Chavez contends that the reason for the request to extend the scheduling order is to permit her additional time to amend her complaint to join two (2) individual defendants. However, the motion should not be granted because under established law any attempts to amend the complaint at this late stage are clearly disfavored and the joinder of Mr. Moore and Mr. Sparks is not necessary for a complete resolution of the issues and/or for the Plaintiff Chavez to achieve complete relief.

Although the Plaintiff Chavez has not yet filed an amended complaint, her Motion to Extend Scheduling Order clearly evinces an intent to do so. Federal Rule Civ. Proc. 15 provides in pertinent part that "a party may amend the party's pleading only by leave of court ….and leave shall be freely given when justice so requires." "The decision whether to grant or deny a motion to amend a pleading is within the sound discretion of the trial court." Foman v. Davis, 371 U.S. 178, 181, p. L. Ed. 2d 222, 83 S. Ct. 227 (1962). The Second Circuit has held that "considerations of undue delay, bad faith, and prejudice to the opposing party are touchstones of a district court's discretionary authority to deny leave to amend." Barrows v. Forrest Laboratories, 742 F. 2d 54, 58 (2d Cir. 1984) (footnote omitted). "One of the most important considerations in determining whether an amendment would be prejudicial is the decree to which it would delay the final disposition of the action." Krumme v. Westpoint Stevens, Inc., 143 F. 3d 71, 88 (2d Cir.

1998) (internal citation omitted). "When a motion to amend is made after discovery has been completed and a motion for summary judgment has been filed, leave to amend is particularly disfavored because of the resultant prejudice to the adverse party." Ansam Assocs. Inc. v. Cola Petroleum, Ltd, 760 F. 2d 442, 446 (2d Cir. 1985).

The instant case is scheduled to be trial ready by November 15, 2004 and a Motion for Summary Judgment was filed by the Defendant MDC on October 1, 2004. Thus, the filing of an amended complaint at this late stage is clearly prejudicial to the Defendant MDC since if permitted will result in a "long procedural road"[8] which will delay the final disposition of this case.

In addition, it is clear that in part, the reason for the Plaintiff Chavez's extension request is to permit her to recover punitive damages in the event she ultimately prevails. Thus, the motion filed after the Motion for Summary Judgment was filed by the Defendant MDC is clearly a belated response to the arguments set forth in the Motion for Summary Judgment that the law does not permit the Plaintiff Chavez to recover punitive damages against the Defendant MDC which is a municipal corporation.  However, to the extent that this information should have been known to the Plaintiff Chavez prior to the Defendant's filing of the Motion for Summary Judgment, she should not be permitted to amend her complaint at this late stage to circumvent the effect of an unfavorable outcome on summary judgment as to this issue.[9]

In addition, it is clear that the Plaintiff Chavez is seeking to delay final disposition of this case to avoid consolidation of this case with Chavez v. The Metropolitan District

---

[8] The Plaintiff Chavez in her opposition to the Motion to Consolidate contends that this case has a "long procedural road ahead of it."  See Objection to Motion to Consolidate attached hereto as Exhibit 1, at p. 2.
[9] As set forth previously, this Court on June 1, 2004 granted the Defendant MDC's Motion for Summary Judgment in Chavez v. The Metropolitan District Commission, 3:03 CV 458 (MRK) as to the Plaintiff's request for punitive damages.

Commission, 3:03 CV 458 (MRK). It is beyond coincidence that the Plaintiff Chavez filed this motion after the Defendant MDC filed a Motion to Consolidate. In the Plaintiff's Objection to the Motion to Consolidate, she claims that as a result of her filing the instant Motion to Extend Scheduling Order, that this case has a "long procedural road ahead of it" and that if the Court "grants the extension of time and the subsequent motion to add the two (2) individual party defendants there will be divergence of issues and parties between the two (2) cases that would create more confusion than economy." See Objection to Motion to Consolidate, p. 2 attached hereto as Exhibit 1.

Finally, the Plaintiff Chavez has not establish that joinder of Mr. Moore and Mr. Sparks is necessary. Federal Rule Civ. Proc. 19(a) provides that "[a] person….shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties…." The Plaintiff Chavez contends that these two (2) individuals must be joined for a complete resolution of the issues and because certain avenues of recovery will be denied her in the absence of these individuals who were personally involved in the actions. However, the Plaintiff Chavez drafted the complaint and filed it in June of 2003. Presumably, she was well aware at that time that these two (2) individuals were involved in the alleged wrongdoing and thus, if such individuals were truly necessary for a complete resolution of the issue, it is inconceivable why the Plaintiff Chavez did not seek to join them sooner. [10]

Further, to the extent the Plaintiff Chavez argues that joinder is necessary because certain avenues of recovery will be denied her in the absence of these individuals,

---

[10] In addition, Mr. Moore was deposed on April 10, 2003 and May 9, 2003 and Mr. Sparks was deposed on January 27, 2003. Again, presumably if these individuals were involved in the alleged wrongdoing and were "necessary" to the resolution of the issued in this case, she would have moved to join them sooner and not waited until the eve of trial to do so.

14

presumably she is referring to the fact that by virtue of the Defendant MDC's Motion for Summary Judgment she has realized that in their absence she will not be entitled to punitive damages.[11]  However, "joinder is not mandated under Rule 19(a)(1) where even though certain types of relief are unavailable due to a party's absence, other meaningful relief can be provided."  Wood & Locker v. Doran and Associates, et al, 708 F. Supp. 684, 690 (W.D. Pa 1989) citing 3A Moore's Federal Practice para. 19.07 [2.-0], pp. 97-98 (1987).  In this matter, in addition to seeking punitive damages, the Plaintiff Chavez also seeks compensatory and other monetary damages and thus, *assuming arguendo* that she ultimately prevails, "meaningful relief" in the form of such monetary damages can be achieved.

### III.    CONCLUSION

In conclusion, there is simply no basis to extend the scheduling order. The Plaintiff Chavez cannot show that joinder of Mr. Moore and Mr. Sparks is necessary and an attempt to amend her complaint at this late date after discovery has been completed and the Defendant MDC has filed a Motion for Summary Judgment is clearly prejudicial to the Defendant MDC who has filed a Motion to Consolidate this case with Chavez v. The Metropolitan District Commission, 3:03 CV 458 (MRK) to permit the cases to be heard together on November 4, 2004.

---

[11] The Defendant MDC assumes that the denial of avenues of recovery which she refers to in her Motion to Extend Scheduling Order are punitive damages.

                                  THE DEFENDANT
                                  METROPOLITAN DISTRICT
                                  COMMISSION

By:_____
     Holly Quackenbush Darin (ct10183)
     Ryan & Ryan, LLC
     900 Chapel Street, Suite 621
     New Haven, CT 06510
     (203) 752-9794
     Its Attorneys

## **CERTIFICATION**

      This is to certify that a copy of the foregoing was mailed, postage prepaid this 22nd day of October 2004 to the following counsel of record:

Robert W. Heagney
Stuart E. Brown
Hassett & George
555 Franklin Avenue
Hartford, CT  06114

Anthony J. Palermino
945 Wethersfield Ave
Hartford, CT  06114

                                                          _____
                                                          Holly Quackenbush Darin