UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAISY CHAVEZ, | : | DOCKET NO. 3:02CV458 (MRK) |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| THE METROPOLITAN DISTRICT COMMISSION, | : : | |
|     Defendant | : | October 26, 2004 |

**DEFENDANT MDC'S OBJECTION TO
PLAINTIFF'S JURY INSTRUCTIONS**

The Defendant, Metropolitan District Commission ("Defendant MDC") submits the following objections to the Plaintiff's Proposed Jury Instructions dated October 8, 2004.

**I.     Count I - Gender, ethnicity and national origin discrimination under Section 1983**

The Defendant MDC objects to the Plaintiff's proposed jury instructions for violation of Section 1983 since it is incorrect and misleading and seeks to over-simplify the standards for Section 1983 liability. Further, the sole authority for the instruction is Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) which although providing some limited authority for some of the instructions, certainly cannot be relied upon as authority for the Plaintiff Chavez's entire set of Section 1983 instructions.

First, the instruction sets forth the language of Section 1983 which premises liability upon deprivation of "rights, privileges, or immunities secured by the Constitution and laws… However, neither the Plaintiff's complaint or her proposed jury instructions identifies the constitutional provision or other law that the plaintiff seeks to enforce under Section 1983.  The Defendant MDC assumes that the Plaintiff Chavez is relying upon a violation of the Equal Protection clause, but her proposed jury instructions contained no reference to such clause.  On the other hand, the instructions of the Defendant MDC do refer to the Equal Protection Clause.

Second, the instructions are a mischaracterization and oversimplification of the elements of proof for a Section 1983 claim. The instructions imply that liability can be imposed upon proof of an adverse action against the plaintiff where the plaintiff's gender, ethnicity or national origin was a motivating factor in defendant's decision and the defendant was acting under color of state law. However, this is an incorrect statement of the law and the Defendant MDC's instructions provide more detailed guidance for the jury, including an instruction that proof of discriminatory intent or purpose is required. <u>Village of Arlington Heights v. Metropolitan Housing Development Corp</u>., 429 U.S. 252, 265, 97 S.Ct. 555, 50 L. Ed. 2d 450 (1977).

**II.     Count II - Ethnicity Discrimination under Section 1981**

The Defendant MDC objects to the Plaintiff Chavez's jury instructions as to Section 1981 on the basis that the Plaintiff Chavez has failed to provide any legal authority for the instructions and the plaintiff seeks to overly simplify the elements of a Section 1981 claim. By contrast, MDC's instructions are a correct statement of the law and provide more detailed guidance for the jury. Specifically, noticeably absent from the Plaintiff Chavez's instruction is language informing the jury that an employer may take an adverse action for any reason, good or bad, fair or unfair, provided that the action is not based upon an intent to discriminate based upon race or ethnicity.

Further, with respect to the first paragraph of the Plaintiff Chavez's Section 1981 instruction, the Defendant MDC objects to the last sentence which appears to be the Plaintiff Chavez's comments as to Section 1981 and those comments are a misstatement of the Plaintiff's burden of proof.

**III.    Count III - Gender, ethnicity and national origin discrimination under Title VII**

The Defendant MDC objects to the instruction under Title VII on the basis that it, too is devoid of any legal authority, and the Plaintiff again seeks to oversimplify the elements of a Title

2

VII claim. By contrast, the Defendant MDC's instruction is a correct statement of the law and provide more detailed guidance for the jury.

First, the Plaintiff Chavez's instructions do not contain any instructions as to her claim of a systematic pattern and practice of discrimination by the Defendant MDC.

Further, although the Plaintiff Chavez appears to be incorporating into her instructions the McDonnell Douglas burden-shifting framework, her attempt to do so is confusing and misleading. The Plaintiff's Chavez's statement in paragraph five that the "employer may not succeed by offering a legitimate and sufficient reason for its decision if that reason did not motivate it…." is misleading since the Plaintiff Chavez does not define what she means by a "legitimate reason" and implies that the Defendant MDC must provide a "sufficient" reason. However, as set forth in the Defendant MDC's instructions, the Defendant MDC can defend itself by providing a legitimate, nondiscriminatory reason or explanation for its action which can be <u>any</u> reason or explanation unrelated to the Plaintiff's gender and/or national origin.

Furthermore, the Plaintiff Chavez provides no instruction as to her burden to show the Defendant MDC's legitimate reason for its actions was a pretext for discrimination.

Finally, the Defendant MDC objects to the Plaintiff Chavez's instructions as to her hostile work environment claim since the instructions are confusing, misleading and over simplify the elements of a hostile work environment claim. Although the Plaintiff Chavez lists a variety of factors that the jury may consider, she fails to define those factors and/or to provide the jury with any guidance in viewing and considering such factors. By contrast, the Defendant MDC's proposed instructions provide more guidance for the jury and are a fairer statement of the applicable law.

**IV.     Damages**

The Defendant MDC objects to the Plaintiff Chavez's instructions as to damages on the basis that they contain incorrect statements of the law, are misleading, and lack any legal authority.

With respect to the first paragraph, the Plaintiff Chavez states that "damages include" instead of saying that "damages may include," leaving the jury with the impression that the jury must award each of the items listed in its calculation of damages.  By contrast, the Defendant MDC's instructions contain a correct statement of the law.

The Defendant MDC objects to the fourth paragraph to the extent it contends that the Plaintiff is "not required to prove with unrealistic precision the amount of lost earning…and that any ambiguities...should be resolved against the Defendant."  The Defendant also objects to the statement in paragraph five that "no evidence of monetary value…need be introduced…" Again, the Plaintiff Chavez sets forth no legal authority for these propositions and, in fact, they are incorrect statements of the law.  The Plaintiff is required to prove her damages with a reasonable degree of certainty and although she need not prove the amount of loss with mathematical precision, the jury may not award such damages based on speculation or guesswork.  Lost profits may only be recovered to the extent that the evidence affords a sufficient basis for estimating their amount with reasonable certainty.  See Sir Speedy, Inc. v. L & P Graphics, Inc., 957, F. 3d 1033, 1038 (2d Cir. 1992)(citations omitted); Raishevich v. Foster, 247 F. 3d 337, 343 (2d Cir. 2001)(citations omitted).

In addition, for these same reasons the Defendant MDC objects to the Plaintiff's statements in paragraphs five and six, that the "plaintiff is entitled to compensatory damages" and in paragraph seven relating to future damages that "the plaintiff is entitled" to the damages set forth therein.

4

The Defendant MDC also objects to paragraph seven to the extent that it argues that the Plaintiff is entitled to damages for loss of "future earning power", the Plaintiff Chavez provides no authority for this proposition and fails to define or provide any guidance to the jury as to what she means by "loss of future earning power."  Further, assuming arguendo that there is a right to compensation for lost "earning power" the Plaintiff Chavez fails to provide an instruction to the jury as to the elements she is required to prove to establish such a loss. William v. Pharmacia, Inc. 137 F. 3d 944, 952 (7th Cir. 1998)(To recover for lost earning capacity, a plaintiff must produce competent evidence suggesting that her injuries have narrowed the range of economic opportunities available to her. Plaintiff must also show that her injury has caused a diminution in her ability to earn a living.)

Finally, the Defendant MDC objects to the Plaintiff Chavez's instructions as to damages, because she fails to mention her obligation to mitigate damages.

         THE DEFENDANT
         METROPOLITAN DISTRICT
         COMMISSION


       By:_____
         Holly Quackenbush Darin (ct10183)
         Ryan & Ryan, LLC
         900 Chapel Street, Suite 621
         New Haven, CT 06510
         (203) 752-9794
         Its Attorneys

**CERTIFICATION**

      This is to certify that a copy of the foregoing was mailed, postage prepaid this 26th day of October 2004 to the following counsel of record:

Robert W. Heagney  
Stuart E. Brown  
Hassett & George  
555 Franklin Avenue  
Hartford, CT  06114

Anthony J. Palermino  
945 Wethersfield Ave  
Hartford, CT  06114

      _____  
      Holly Quackenbush Darin