UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAISY CHAVEZ, | : | CIVIL ACTION |
| | | 3:03 CV 01112 (WWE) |
| Plaintiff | : | |
| | : | |
| V. | : | |
| | : | |
| METROPOLITAN DISTRICT | : | |
| COMMISSION, | : | |
| Defendant | : | OCTOBER 1, 2004 |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiff Daisy Chavez ("Plaintiff Chavez"), is a Hispanic female and is employed by the Defendant, Metropolitan District Commission ("Defendant MDC") which is a municipal corporation with an administrative office at 555 Main Street, Hartford, Connecticut. See Complaint attached hereto as Exhibit 1 at ¶¶ 10-12.

The instant complaint dated June 9, 2003 was filed by the Plaintiff Chavez on or about June 24, 2003. See Complaint. In addition, to claims of discrimination and retaliation, the Plaintiff Chavez claims that the Defendant MDC violated its Affirmative Action Policy and seeks relief as a result thereof.

Specifically, Count One alleges *inter alia*:

> 22. Although Plaintiff followed postings and diligently looked for promotional opportunities, job posting for management positions were inconsistent. When MDC Management wants to award a position to an employee, they pick which jobs to post, and often place a favored candidate in the position as an Interim Manager to qualify the individual and/or to build their qualifications for the position. Other management positions are never posted, such as the position of Manager of Special Engineering Projects, where a white, non-Hispanic male received this job, which was recently awarded without the job being posted. When a

> management job is awarded without posting, qualified candidates like Plaintiff are denied the opportunity to compete for the position, and is another means to carry out a glass ceiling against minority promotion and violates the Affirmative Action legal obligations of the Defendant.

See Complaint, Count One, at ¶ 22.

Count Two incorporates the allegations of Count One and additionally alleges, *inter alia*:

> 24. A violation of the MDC's Affirmative Action mandates exist in that the Affirmative Action Plan has not been maintained or updated since 1996, and was rewritten in a manner which is inconsistent with Federal Affirmative Action Plan requirements set out in Executive Order 11246, as amended, despite the fact that the Defendant MDC is a Federal contractor and receives in excess of $50,000 in Federal funds annually.
>
> 28. …by so discriminating against Plaintiff, and given the pattern of Defendant's conduct as exhibited by its repeated treatment of Plaintiff, Defendants did not adhere to the Federal Affirmative Action requirements set forth as guidelines to govern its employment decisions and practices as a Federal contractor receiving in excess of $50,000 annually in Federal Grants.
>
> 29. As a result of Defendant's systematic conduct and actions, carried out under color of state law, Plaintiff has been deprived of and denied her rights, privileges, and immunities guaranteed by the laws of the United States, specifically Title 42, U.S.C. Section 1983, and by the Constitution of the United States, to wit; the failure to conduct its employment practices in a manner consistent with the Affirmative Action mandates of Federal and State law.
>
> 32. The MDC has a long-standing record of being under-represented with female and minority employees in upper management and has failed to resolve this under-representation despite this being a stated goal on the MDC Affirmative Action Plan. The actions of the MDC are a violation of the Affirmative Action obligations of the MDC as a municipal entity.

See Complaint, Count Two, at ¶¶ 24, 28-29, and 32.

Count Three incorporates paragraphs 1 through 28 of Count Two including the paragraphs listed above and additionally alleges *inter alia*:

> 42. The failure to...interview Plaintiff for the position is a clear violation of Affirmative Action Policy which mandates the {*sic*} qualified employees must be interviewed. The Affirmative Action Policy is no longer treated as if it were in effect.

See Complaint, Count Three at ¶ 42.

Finally, the Plaintiff's Prayer for Relief includes the following demands:

> 2. Punitive damages in the amount of $2,000,000 or as otherwise awarded;

> 9. An order by the Court that the Defendant, MDC, comply with all Affirmative Action mandates, including Executive Order 11246, as amended; and that no hiring, position or description changes, promotions, reorganizations or other changes to personnel or structure are made until the MDC is in complete compliance with Affirmative Action mandates.

See Complaint, Prayer for Relief, ¶ 2 and ¶ 9.

## II.   LEGAL ARGUMENT

### A.   STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) provides that the court shall grant a motion for summary judgment "if the pleadings, deposition, answers to interrogatories, and admissions on file, together with affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "The determination of what facts are material to a particular claim is made based upon the substantive law upon which that claim rests. . . . " (Citations omitted; internal

3

quotation marks omitted.) Grossman v. Computer Curriculum Corp., 131 F.Supp.2d 299, 304-05 (D.Conn. 2000).

The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish the right to judgment as a matter of law. Rodriguez v. City of New York, 72 F.3d 1051, 1060 (2d Cir. 1995). In determining whether a genuine issue of material fact exists, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. Brady v. Town of Colchester, 863 F.2d 205, 210 (2d Cir. 1988).

### B. MDC IS ENTITLED TO SUMMARY JUDGMENT AS TO COUNT ONE SINCE IT FAILS TO SET FORTH ANY FEDERAL LAW UPON WHICH IT IS BASED.

Count One appears to be a cause of action for violations of the Defendant MDC's Affirmative Action obligations. See Complaint, Count One, ¶ 22. However, Count One does not reference what those obligations are and, *assuming arguendo,* that the Defendant MDC has violated those obligations, she has failed to identify any federal law therein which entitles her to relief as a result of such violations.[1] Thus, the Defendant is entitled to judgment as a matter of law on Count One.

Assuming for the sake of argument, that the Affirmative Action "obligations" referred to in Count One are the obligations of MDC under Executive Order 11246, then Count One is barred since there is no private right of action for violations of Executive Order 11246 as set forth in detail herein.

---

[1] Since the Plaintiff Chavez has not alleged pendent jurisdiction, it is assumed that Count One is based upon federal law. However, no such federal law is identified.

4

### C. MDC'S AFFIRMATIVE ACTION PLAN DOES NOT GIVE RISE TO A PRIVATELY MAINTAINABLE CAUSE OF ACTION.

As set forth above, Count Two of the Plaintiff Chavez's complaint alleges that the Defendant MDC has violated the Affirmative Action mandates and guidelines set forth in Executive Order 11246 by discriminating against the Plaintiff Chavez. The Plaintiff Chavez further contends that this failure of MDC to conduct its employment practices in a manner consistent with Affirmative Action mandates of Executive Order 11246 gives rise to a claim under 42 U.S.C. § 1983[2] and the Constitution of the United States.[3] See Complaint, Count Two, ¶¶ 24, 28-29 and 32.

"42 U.S.C. 1983 is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred..." Baker v. McCollan, 443 U.S. 137, 144 n. 3, 61 L. Ed. 2d 433, 99 S. Ct. 2689 (1979). However, to the extent that her claim in Count Two clearly rests on alleged deprivation of rights arising from violations of MDC's Affirmative Action Plan, such claim is barred because such violations as a matter of law do not give rise to a private cause of action. A*ssuming arguendo* they do, the Plaintiff Chavez cannot enforce those rights because she has not properly exhausted the administrative remedies set forth in Executive Order 11246.

Executive Order 11246 prohibits government contractors and subcontractors from discriminating "against any employee or applicant for employment because of race, color, religion, sex, or national origin," and requires

---

[2] The Plaintiff Chavez fails to identify which mandates or guidelines set forth in Executive Order 11246 have been violated by the Defendant MDC.
[3] The Plaintiff Chavez does not identify the specific constitutional provision upon which she is relying in Count Two.

5

them to "take affirmative action to ensure that applicants are employed, and employees are treated during employment without regard to their race, color, religion, sex, or national origin." See Executive Order 11246, as Amended. The duty to enforce Executive Order 11246 is vested in the Secretary of Labor, who is authorized to "adopt such rules and regulation and issue such orders as [he deems] necessary and appropriate to achieve the purposes... of the Order." See Executive Order 11246, as Amended.

The Second Circuit in Weise v. Syracuse University, 522 F. 2d 397, 411, n. 23 (2d Cir. 1975) concluded that Executive Order 11246 does "not give rise to a privately maintainable cause of action; enforcement is provided for only by the Department of Labor." *See also* Racking v. University of Pennsylvania, 386 F. Supp. 992, 1007-1008 (E.D. Pa. 1974); Braden v. University of Pittsburgh, et al, 343 F. Supp. 836, 840 (W.D. Pa 1972) rev'd on other grounds, 477 F. 2d 1 (3d Cir. 1973)("A careful reading of Executive Order No. 11246...discloses no provisions which suggest or create any right in an individual or individuals to seek injunctive relief or to assert a claim for damages against an alleged non-complying contract. Rather the Order provides for the enforcement of its terms by the Office of Federal Contract Compliance of the U.S. Department of Labor."); Traylor v. Safeway Stores, Inc., 402 F. Supp. 871 (N.D. Cal. 1975); Hilow v. Rome City School District, 91-CV-567, 1994 U.S. Dist LEXIS 8953 *16 (N.D.N.Y. 1994); Pecorella v. Oak Orchard Community Health Center, Inc., 559 F. Supp. 147, 150 (W.D.N.Y. 1982); Morris v. Amalgamated Lithographers of America, 994 F. Supp. 161, 171-172 (1997); Smith et al v. The Board of Public

6

Utilities For the City of Kansas, 38 F.Supp. 2d 1272, 1286-1287 (D. Kan. 1999); Utley v. Varian Assoc. 811 F. 2d 1279 (9th Cir.) cert. denied 484 U.S. 824, 98 L. Ed. 2d 50, 108 S. Ct. 89 (1987); Cohen v. Illinois Institute of Technology, 524 F. 2d 818 (7th Cir. 1975), cert. denied, 425 U.S. 943, 48 L. Ed. 2d 187, 96 S. Ct. 1683 (1976); Wilson v. Amtrak National Railroad Corp., 824 F. Supp. 55 (D. Maryland 1992); Marrero v. Crowley American Transport, Inc., 206 F. Supp. 2d 279, 292 (D. Puerto Rico 2002).

Thus, to the extent the Plaintiff Chavez seeks relief on the basis of the Defendant's violation of its Affirmative Action Policy mandated by Executive Order No. 11246, such Policy does not give rise to a privately maintainable cause of action and the Defendant is entitled to judgment as a matter of law as to Count Two, and as to paragraph nine (9) of the Plaintiff Chavez's Prayer for Relief.

Likewise, the Plaintiff Chavez has no indirect cause of action for violations of Executive Order 11246's Affirmative Action Plan mandates and guidelines under 42 U.S.C. §1983 since, *inter alia,* she has failed to avail herself of the remedial devices available under the Executive Order.

The regulations adopted pursuant to Executive Order 11246 require that complaints be filed with the Office of Federal Contract Compliance Programs and require that complaints be filed no later than 180 days from the date of the alleged discrimination. 41 CFR 60-1.21 and 41 C.F.R. 60-1.22.

Further, Executive Order 11246, subpart C, sets forth an extensive administrative review scheme through the Secretary of Labor. The Secretary of Labor may investigate claims by employees of a government contractor alleging

discrimination contrary to the Order's provisions, he can hold administrative proceedings for compliance, enforcement or education purposes, and he can impose penalties against government contractors. See Executive Order 11246, Subpart C.

"Where Congress has intended to require administrative exhaustion prior to any judicial challenges...courts enforce that requirement... As to Executive Order 11246, Congress has clearly required exhaustion. Congress by granting the President authority to issue 'policies and directives' to carry out implementation of Executive Order 11246 by the agencies, did speak clearly in requiring exhaustion." Volvo GM Heavy Truck Corp. v. Department of Labor, 118 F. 3d. 205, 211 (4th Cir. 1997).

The Plaintiff Chavez has produced no evidence that she filed a complaint pursuant to Executive Order 11246 and its regulations within the 180 days required or that she exhausted the remedial process established therein. As such, her claims are barred and she cannot circumvent the extensive remedial scheme therein by asserting those claims in the guise of a 42 U.S.C. § 1983 claim.

D. **MDC IS LIKEWISE ENTITLED TO SUMMARY JUDGMENT AS TO THE THIRD COUNT BECAUSE IT TOO IS FOUNDED UPON A VIOLATION OF THE AFFIRMATIVE ACTION PLAN.**

Count Three appears to be a cause of action for discrimination in violation of MDC's Affirmative Action Policy.[4] Specifically, it alleges that the Defendant MDC's failure to interview the Plaintiff Chavez for the position of Manager of

---

[4] The Plaintiff Chavez does not specify any specific federal law and/or statute upon which the Third Count is based and/or which she would be entitled to relief. She merely makes conclusory allegations of discrimination and affirmative action violations by the Defendant MDC.

8

Environmental Health and Safety was discriminatory and was "a clear violation of Affirmative Action Policy which mandates that qualified employees must be interviewed." See Complaint, Count Three at ¶¶42-43. Additionally, she alleges that the "Affirmative Action Policy is no longer treated as if it were in effect." See Complaint, Count Three at 42.

### E.     THE PLAINTIFF IS NOT ENTITLED TO PUNITIVE DAMAGES.

In the instant case, the Plaintiff Chavez has made a claim for punitive damages. However, the Supreme Court has clearly held that punitive damages are not available against municipalities under § 1983. City of Newport v. Fact Concerts, Inc. 453 U.S. 247, 268, 69 L. Ed. 2d 616, 101 S. Ct. 2748 (1981); Looby v. City of Hartford, 152 F. Supp.2d 181 (D. Conn. 2001). In addition, 42 U.S.C. §1981a(b) provides that punitive damages are available in Title VII cases unless the defendant is "a government, government agency or political subdivision."

In the instant case, it is undisputed that the Defendant MDC is a municipal corporation thus, punitive damages are not available, and the Defendant MDC is entitled to summary judgment as to the Plaintiff Chavez's claim for punitive damages.

## III. <u>CONCLUSION</u>

For all the above referenced reasons, the Defendant MDC respectfully requests that the Court grant it summary judgment as to Counts One, Two and Three as well as paragraph 9 of the Prayer for Relief, on the basis that as a matter of law there is no private cause of action for violations of Affirmative Action Policy obligations under Executive Order 11246.

Additionally, the Defendant MDC respectfully requests that judgment enter in its favor as to the Plaintiff Chavez's request for punitive damages on the basis that punitive damages are not recoverable against a municipal corporation.

THE DEFENDANT,<br>
METROPOLITAN DISTRICT<br>
COMMISSION<br>
<br>
BY _____<br>
David A. Ryan, Jr.(ct05064)<br>
Holly Quackenbush Darin(ct10183)<br>
Ryan & Ryan, LLC<br>
900 Chapel Street, Suite 621<br>
New Haven, CT 06510<br>
(203) 752-9794<br>
-Its Attorneys-

## **CERTIFICATION**

The undersigned hereby certifies that the foregoing was mailed, first class, postage prepaid, this 1st day of October 2004 to all counsel and pro se parties of record as listed below:

Robert Heagney
Stuart Brown
Hassett & George, P.C.
555 Franklin Avenue
Hartford, CT 06114

_____
David A. Ryan, Jr.

11

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAISY CHAVEZ, | : | CIVIL ACTION |
| | | 3:03 CV 01112 (WWE) |
| Plaintiff | : | |
| | : | |
| V. | : | |
| | : | |
| METROPOLITAN DISTRICT | : | |
| COMMISSION, | : | |
| Defendant | : | OCTOBER 1, 2004 |

## **DEFENDANT'S LOCAL RULE 56(A)1 STATEMENT**

1. The Plaintiff Daisy Chavez ("Plaintiff Chavez"), is a Hispanic female and is employed by the Defendant, Metropolitan District Commission ("Defendant MDC"). See Complaint attached hereto as Exhibit 1 at ¶ 12.

2. The Defendant MDC is a municipal corporation with an administrative office at 555 Main Street, Hartford, Connecticut. See Complaint at ¶ 10 and ¶ 11.

3. The instant complaint dated June 9, 2003 was filed by the Plaintiff Chavez on or about June 24, 2003. See Complaint.

4. Count One alleges *inter alia*:

> 22. Although Plaintiff followed postings and diligently looked for promotional opportunities, job posting for management positions were inconsistent. When MDC Management wants to award a position to an employee, they pick which jobs to post, and often place a favored candidate in the position as an Interim Manager to qualify the individual and/or to build their qualifications for the position. Other management

> positions are never posted, such as the position of Manager of Special Engineering Projects, where a white, non-Hispanic male received this job, which was recently awarded without the job being posted. When a management job is awarded without posting, qualified candidates like Plaintiff are denied the opportunity to compete for the position, and is another means to carry out a glass ceiling against minority promotion and violates the Affirmative Action legal obligations of the Defendant.

See Complaint, Count One, at ¶ 22.

5. Count Two incorporates the allegations of Count One and additionally alleges, *inter alia*:

> 24. A violation of the MDC's Affirmative Action mandates exist in that the Affirmative Action Plan has not been maintained or updated since 1996, and was rewritten in a manner which is inconsistent with Federal Affirmative Action Plan requirements set out in Executive Order 11246, as amended, despite the fact that the Defendant MDC is a Federal contractor and receives in excess of $50,000 in Federal funds annually.
>
> 28. ...by so discriminating against Plaintiff, and given the pattern of Defendant's conduct as exhibited by its repeated treatment of Plaintiff, Defendants did not adhere to the Federal Affirmative Action requirements set forth as guidelines to govern its employment decisions and practices as a Federal contractor receiving in excess of $50,000 annually in Federal Grants.
>
> 29. As a result of Defendant's systematic conduct and actions, carried out under color of state law, Plaintiff has been deprived of and denied her rights, privileges, and immunities guaranteed by the laws of the Untied States, specifically Title 42, U.S.C. Section 1983, and by the Constitution of the United States, to wit; the failure to conduct its employment practices in a manner consistent with the Affirmative Action mandates of Federal and State law.
>
> 32. The MDC has a long-standing record of being under-represented with female and minority employees in upper management and has failed to resolve this under-representation despite this being a stated goal on the MDC

>Affirmative Action Plan. The actions of the MDC are a violation of the Affirmative Action obligations of the MDC as a municipal entity.

See Complaint, Count Two, at ¶¶ 24, 28-29, and 32.

6. Count Three incorporates paragraphs 1 through 28 of Count Two including the paragraphs listed above and additionally alleges *inter alia*:

>42. The failure to...interview Plaintiff for the position is a clear violation of Affirmative Action Policy which mandates the {*sic*} qualified employees must be interviewed. The Affirmative Action Policy is no longer treated as if it were in effect.

See Complaint, Count Three at ¶ 42.

7. Finally, the Plaintiff's Prayer for Relief includes the following demands:

>2. Punitive damages in the amount of $2,000,000 or as otherwise awarded;

>9. An order by the Court that the Defendant, MDC, comply with all Affirmative Action mandates, including Executive Order 11246, as amended; and that no hiring, position or description changes, promotions, reorganizations or other changes to personnel or structure are made until the MDC is in complete compliance with Affirmative Action mandates.

See Complaint, Prayer for Relief, at ¶ 2 and ¶ 9.

3

THE DEFENDANT
METROPOLITAN DISTRICT
COMMISSION


BY _____
David A. Ryan, Jr.(ct 05064)
Holly Quackenbush Darin(ct10183)
Ryan & Ryan, LLC
900 Chapel Street, Suite 621
New Haven, CT  06510
(203) 752-9794
-Its Attorneys-

## **CERTIFICATION**

The undersigned hereby certifies that the foregoing was mailed, first class, postage prepaid, this 1st day of October 2004 to all counsel and pro se parties of record as listed below:

Robert Heagney
Stuart Brown
Hassett & George, P.C.
555 Franklin Avenue
Hartford, CT 06114


_____
David A. Ryan, Jr.

4

5