UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAISY CHAVEZ, <br> Plaintiff | CIVIL ACTION <br> 3:03-CV-01112 (MRK) |
| v. | |
| METROPOLITAN DISTRICT COMMISSION, <br> Defendant | OCTOBER 28, 2004 |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANT'S PARTIAL MOTION FOR SUMMARY JUDGMENT

The Plaintiff, Daisy Chavez, submits the following memorandum in support of her objection to the Defendant's Partial Motion for Summary Judgment, dated October 1, 2004. Although described as a motion for summary judgment, the Defendant's motion and the accompanying Local Rule 56(a)1 Statement do not examine any testimony or evidence beyond the facts set forth in the Complaint. In fact, the Defendant's motion would have been more apply entitled a "motion to dismiss" pursuant to Rule 12(b)(6), unless the Defendant is truly asserting that there is no genuine issue to be tried as to the allegations contained in the portions of the Complaint listed in the Defendant's Local Rule 56(a)1 Statement. Nevertheless, the Plaintiff will respond to the Defendant's arguments as best she can.

**I.      COUNTERSTATEMENT OF FACTS**

The Plaintiff has brought this Complaint in seven counts. All seven counts involve allegations of discrimination and retaliation in employment. In Paragraph 1 of her Complaint, the Plaintiff identifies the federal laws which entitle her to relief: the First and Fourteenth

Amendments to the Constitution of the United States, and the Civil Rights Act of 1866 and 1877, 42 U.S.C. §§ 1981 and 1983, and 2000e, et seq. This Paragraph is part of Count One and incorporated to all of the counts that follow.

In the course of her Complaint, the Plaintiff describes a variety of actions by the Defendant that demonstrate a pattern of discriminatory and retaliatory conduct against women and minorities, in general, and herself, in particular. For example, Paragraph 22 describes the Defendant's inconsistent practices of "qualifying" an employee to fill an upcoming position by placing the chosen employee in an interim capacity or promoting a chosen employee without an open posting, giving other, more qualified employees the opportunity to compete for the position. Paragraph 22 notes that the Manager of Special Engineering Projects had been awarded to a white, non-Hispanic male without being posted. The Complaint asserts that these actions are "another means to carry out a glass ceiling against minority promotion and violates the Affirmative Action legal obligations of the Defendant."

Count Two incorporates all of Count One and goes on to note that the Defendant has ignored its Federal Affirmative Action Plan requirements for several years. (Count Two, ¶ 25). Paragraph 33 of Count Two describes how the Plaintiff was ordered into a vacant position, Administrator of Special Services, with the removal of significant supervisory and substantive responsibilities. Paragraph 27 asserts that "[t]he actions of the [Defendant] represent a pattern and practice of discrimination and retaliation against Plaintiff as a Hispanic female and is part of an overall pattern and practice of MDC Management to discriminate against minority employees

and to create a glass ceiling to prevent management level minority employees' advancement and to retaliate against the, by preventing them from achieving their full potential and career goals."

Count Three incorporates all of the allegations from Count Two, but it goes on to contain allegations regarding the position of Manager of Environment, Health & Safety. Count Three notes how the Defendant stated, first, that Plaintiff was not qualified, and then that Plaintiff was qualified but had not been chosen for an interview. (Count Three, ¶¶ 40-41). All of this happened despite the fact that the Defendant's own outdated Affirmative Action Policy dictated that the qualified applicants must be interviewed and the chosen candidate did not even meet the minimum qualifications for the position. (Count Three, ¶¶ 42-43). Count Three concludes that "[t]he Plaintiff was not selected by the MDC to the position of Manager of Environmental Health & Safety due to discrimination based upon her national origin, sex and in retaliation for prior protected activities." (Count Three, ¶ 43).

The remaining allegations of the Complaint are not discussed as they are not the subject of the Defendant's motion.

## II. STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) provides, in part, that a motion for summary judgment shall be granted when a review of the record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden falls on the moving party to establish that no relevant facts are in dispute. Heyman v. Commerce & Indus. Ins. Co., 524 F.2d 1317, 1320 (2d Cir. 1975). In determining whether a genuine has been raised, a court must resolve all ambiguities

and draw all reasonable inferences against the moving party. See United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 8 L. Ed. 2d 176 (1962) (per curiam); Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 445 (2d Cir. 1980).

### III. PLAINTIFF IS ENTITLED TO RECOVER UNDER COUNT ONE AS THIS COUNT DOES CITE FEDERAL LAW

In its memorandum of law in support of the motion for summary judgment, Defendant has claimed that Plaintiff cannot recover under Count One, because she has failed to set forth any federal law upon which the claims are based.[1] However, Plaintiff has stated facts that entitle her to relief and, furthermore, in the statement of jurisdiction, has clearly identified the statutes under which she is seeking relief. Accordingly, Defendant's motion for summary judgment on Counts One and Three should be denied.

Under Rule 8(a), a complaint must contain a statement of jurisdiction, a statement of grounds for relief, and a demand for relief. The statement of grounds for relief need only be "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8. Thus, the pleading requirements under Rule 8 are liberal. See Wynder v. McMahon, 360 F.3d 73, 77 (2d Cir. 2004); Phelps v. Kapnolas, 308 F.3d 180, 186 (2d Cir. 2002); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1057 (2d Cir. 1993). Under such liberal pleading standards, the "plaintiff must disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal

---

[1] Defendant's Motion for Summary Judgment seeks summary judgment on Counts One and Three because they do not cite a specific statute. However, in its Memorandum of Law, Defendant fails to address this argument in any way as it relates to Count Three. Furthermore, although Defendant states that Count Three does not cite any federal statutes, by incorporating Paragraphs 1 of Count One and 29 of Count Two, Count Three cites 42 U.S.C. §1983.

Hassett & George, P.C.   555 Franklin Avenue  Hartford, CT 06114
(860) 296-2111  Fax: (860) 296-8494  Juris No. 407894

basis for recovery." Kittay v. Kornstein, 230 F.3d 531, 541 (2d Cir. 2000). (Internal quotations and citations omitted). This standard does not require the plaintiff to cite the statute under which she seeks recovery. "[T]he failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters." Northrop v. Hoffman of Simsbury, Inc., 134 F.3d 41, 46 (2d Cir. 1997). (Internal quotations and citations omitted.)

Defendant's Motion for Summary Judgment as to Count One should be denied because Plaintiff has provided sufficient notice regarding her claim under this count. Specifically, in the very first paragraph of the Complaint, which is incorporated to each and every count, the Plaintiff states as follows:

> This is a civil action seeking redress against defendant, The Metropolitan District Commission who committed acts under color of state law, depriving plaintiff, Daisy Chavez, of her rights under the Constitution of the United States, particularly under the provisions of the First and Fourteenth Amendments, and under the laws of the United States, particularly under The Civil Rights Act of 1866 and 1877, 42 U.S.C. Sections 1981 and 1983, and 2000e, et seq.

(Complaint, ¶1). In Paragraphs 21 and 22 of Count One, Plaintiff has clearly identified two promotional opportunities that were denied to her based on her national origin, sex, or in retaliation for taking part in previous claims of discrimination.[2] These allegations are sufficient to give Defendant a "fair understanding" that Plaintiff is complaining about employment discrimination through a refusal to promote. Furthermore, although not required to cite a specific statute, Plaintiff has identified specific statutes in her statement of jurisdiction that allow

---

[2] To the extent that the Defendant's motion as to Count Three survives absent any argument on this point, Plaintiff also notes that Count Three states that she was denied a promotion to Manager of Environment, Health & Safety because of her national origin, sex, and in retaliation for taking part in previous claims.

Hassett & George, P.C.   555 Franklin Avenue Hartford, CT 06114
(860) 296-2111  Fax: (860) 296-8494  Juris No. 407894

relief for this type of conduct. Because Plaintiff has complied with Rule 8(a) and provided sufficient statements showing that she is entitled to relief, Defendant's Motion for Summary Judgment as to Counts One should be denied.

### IV. PLAINTIFF IS ENTITLED TO RELIEF UNDER COUNTS ONE, TWO, AND THREE BECAUSE THESE COUNTS ARE NOT PRIVATE ACTIONS TO ENFORCE DEFENDANT'S AFFIRMATIVE ACTION PLAN

In its Motion for Summary Judgment, Defendant construes Counts One, Two, and Three as alleging that Defendant violated it affirmative action plan and seeks summary judgment on these counts because there is no right of private action to enforce an affirmative action plan. However, Defendant has misconstrued the allegations in these counts. These three counts all state specific instances of discrimination and retaliation against Plaintiff in particular. Thus, they are claims for relief for certain conduct directed at Plaintiff rather than claims to enforce the affirmative action plan. Accordingly, Plaintiff has stated grounds on which relief can be granted and Defendant's Motion for Summary Judgment should be denied.

Defendant's Memorandum of Law states, "to the extent Plaintiff Chavez seeks relief on the basis of the Defendant's violation of its Affirmative Action Policy ... Defendant is entitled to judgment as a matter of law." Memorandum at 7. However, Plaintiff seeks relief for specific discrimination against her rather than violations of the Affirmative Action Policy, and, thus, Defendant is not entitled to summary judgment. The Defendant's failure to abide by its affirmative action obligations is simply a symptom of the overarching problem of discrimination by the Defendant against persons such as the Plaintiff. Defendant cites multiple cases for the

proposition that there is no private cause of action for enforcement of an affirmative action policy mandated by Executive Order 11246. However, the cases cited by Defendant separately analyze claims for enforcement of the affirmative action policy and claims for discrimination specifically against the plaintiff. In the cases cited by Defendant, the lack of a private action for enforcement of an affirmative action policy did not prohibit plaintiff from bringing other discrimination claims. For example, in Weise v. Syracuse Univ., the court noted in dicta that there is no private cause of action under Executive Order 11246, but allowed the plaintiff to proceed with her claims brought under 42 U.S.C. §1983. 522 F.2d 397 (2d Cir. 1975). In Racking v. Univ. of Penn., the court similarly noted that a private action was not available under Executive Order 11246. 386 F. Supp. 992, 1007-08 (E.D. Pa. 1974). However, this lack of private action did not prevent plaintiff from bringing separate employment discrimination claims under the 14th Amendment, 42 U.S.C. §1983, 42 U.S.C. §1981, and 42 U.S.C. 2000e et seq. *Id.* *See also* Braden v. Univ. of Pittsburgh, 343 F. Supp. 836 (W.D. Pa 1972) rev'd on other grounds, 477 F.2d 1 (3d Cir. 1973).

Defendant misconstrues Counts One, Two, and Three as seeking enforcement of Defendant's affirmative action policy. These counts merely mention the violation of the affirmative action policy as one piece of evidence of Defendant's wrongdoing in discriminating against Plaintiff. See, generally, Gonzales v. Police Department, City of San Jose, 901 F.2d 758, 760-61 (9th Cir. 1990) (failure to comply with affirmative action goals is evidence of discrimination). Rather than seek relief for generally violating the affirmative action policy, Count One seeks relief for Defendant's discrimination against Plaintiff in relation to promotional

opportunities to positions Manager of Utility Service and Manager of Special Engineering Projects. Complaint, Count One, ¶¶ 21-22. Count Two asserts, *inter alia*, that through a pattern of discrimination against minorities, Defendant created a hostile work environment. Complaint, Count Two, ¶ 38. Count Three seeks relief for Defendant's discrimination against Plaintiff concerning the position of Manager of Environment, Health & Safety. These three counts seek relief for violations of her rights under the First and Fourteenth Amendments via the remedies provided by 42 U.S.C. §§ 1981, 1983, 2000e et seq. (Counts One – Three, ¶1). Such statutes provide Plaintiff a remedy for the discrimination she has suffered from Defendant. Her causes of action under these statutes are not prohibited by the lack of private action under Executive Order 11246. Accordingly, Defendant's Motion for Summary Judgment should be denied.

## V.     PRAYER FOR RELIEF PARAGRAPH 9 – ORDER TO ENFORCE AFFIRMATIVE ACTION OBLIGATIONS

The Plaintiff's Complaint is based upon the systematic conduct of the Defendant in discriminating and retaliating against its employees. Although Executive Order 11246 itself may not give rise to a cause of action, the Plaintiff is entitled to appropriate equitable relief under 42 U.S.C. §§ 1981, 1983, and 2000e et seq. Under these statutes, the Plaintiff is entitled to equitable relief that will prevent future discrimination, and the Plaintiff's claims for relief has suggested one possible form of equitable relief involving Executive Order 11246. The Defendant's refusal to consider complying with its obligations under federal law in this regard is not sufficient reason for the Court to rule out the availability of equitable relief being fashioned in light of Executive Order 11246.

The Court must note that it is empowered by 42 U.S.C. §§ 1981, 1983 and 2000e to fashion such appropriate equitable relief even if the relief involves affirmative action.  See Scelsa v. City University of New York, 806 F. Supp. 1126, 1138 (S.D.N.Y. 1992) (equitable relief available under §§ 1981 and 1983).  Where a pattern of past discrimination appears, the Court may fashion such equitable relief as appropriate to guard against the practice's perpetuation or recurrence.  Gresham v. Chambers, 501 F.2d 687, 691 (2d cir. 1974).  Moreover, when faced with a finding of intentional discrimination, 42 U.S.C. § 2000e-5(g)(1) expressly authorizes a Court to "order such affirmative action as may be appropriate."  See also Alexander v. Gardner-Denver Co., 415 U.S. 36, 94 S.Ct. 1011, 39 L. Ed. 2d 147 (1974).

For these reasons, the Court should deny the Defendant's motion for summary judgment as it relates to Paragraph 9 of the Prayer for Relief.

## VII. CONCLUSION

The Defendant has failed to demonstrate a basis upon which summary judgment should enter for Counts One through Three and Prayer for Relief Paragraph 9. Wherefore, the motion for summary judgment should be denied.

>                THE PLAINTIFF,
>                DAISY CHAVEZ
>
>
>                By: _____
>                Robert W. Heagney (ct 5658) and
>                Stuart E. Brown (ct 24659)
>                Hassett & George, P.C.
>                555 Franklin Avenue
>                Hartford, CT 06114
>                (860) 296-2111

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent via first-class mail, postage prepaid, this 27th day of October, 2004, to the following counsel of record:

David A. Ryan
Holly Quackenbush Darin
Ryan & Ryan, LLC
900 Chapel Street, Suite 621
New Haven, CT 06510

Stuart E. Brown