**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DAISY CHAVEZ, | : | DOCKET NO. 3:02CV458 (MRK) |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| THE METROPOLITAN DISTRICT | : | |
| COMMISSION, | : | |
| Defendant | : | FEBRUARY 10, 2004 |

<u>**JOINT TRIAL MEMORANDUM**</u>

(1)     <u>TRIAL COUNSEL</u>:

**For Plaintiff**:

    Francis A. Miniter
    Miniter and Associates
    100 Wells Street, Suite 1D
    Hartford, CT  06103
    Phone: (860) 560-2590
    Fax:  (860) 560-3238
    E-mail: miniter @ attglobal.net

**For Defendant:**

    David A. Ryan, Jr.
    Ryan & Ryan, LLC
    900 Chapel Street, Suite 621
    New Haven, CT  06510
    Phone: (203) 752-9794
    Fax: (203) 785-1547
    E-mail: david.ryan@ryan-ryan.net

    Holly Quackenbush Darin
    Ryan & Ryan, LLC
    900 Chapel Street, Suite 621
    New Haven, CT  06510
    Phone:  (203) 752-9794
    Fax: (203) 785-1547
    E-mail: holly.darin@ryan-ryan.net

(2)     <u>JURISDICTION</u>:

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as the case involves questions of federal constitutional and statutory rights, and pursuant to 28 U.S.C. § 1343, as the case involves allegations of deprivations of federal civil rights.

(3)     <u>JURY/NON-JURY</u>:

This case is to be tried to a jury.

(4)     <u>LENGTH OF TRIAL</u>:

Counsel estimate that the presentation of evidence in this matter will require a total of five (5) days: Plaintiff's case requiring three (3) days of testimony and Defendant's case requiring two (2) days.

(5)     FURTHER PROCEEDINGS:

The Defendant intends to object to certain of exhibits of the Plaintiff and will file written objections as to those exhibits.  In addition, the Defendant intends to file motions in limine precluding: (1) the Levy & Droney report; and (2) evidence relating to the Plaintiff's diverticulitis, and (3) limiting testimony and evidence of alleged retaliatory conduct  to events subsequent to August 22, 2001.

(6)     NATURE OF CASE:

**Plaintiff's Statement:**

This case involves two complaints consolidated into one trial.

(A) The Plaintiff, Daisy Chavez, has brought the present action in four counts.  Counts One through Three set forth causes of action for violations of 42 U.S.C. § 1983, 42 U.S.C. § 1981 and 42 U.S.C. § 2000(e), et seq., respectively.  Each of the three counts seek damages for adverse and discriminatory actions taken against the Plaintiff due to the Plaintiff's gender, ethnicity and national origin.

All three counts seek compensatory damages in the amount of $2,000,000 and equitable relief (such as back pay, lost benefits, lost seniority, etc.) appropriate to remedy the secondary consequences of the adverse employment actions taken by the Defendant.  The Plaintiff also seeks reimbursement of attorneys' fees incurred in the present action.

(B)     The second complaint is brought in four counts.  Count One sets forth a claim for violation of 42 U.S. Code §1983, alleging discrimination based on gender, national origin (Cuban) and ancestry/ethnicity (being Latino).  Count Two sets forth a claim for violation of 42 U.S. Code §1981, alleging discrimination based on gender, national origin (Cuban) and ancestry/ethnicity (being Latino).  Count Three alleges a violation of 42 U.S. Code §§2000e et seq., again alleging discrimination based on gender, national origin (Cuban) and ancestry/ethnicity (being Latino).  Count Four also alleges a violation of 42 U.S. Code §§2000e et seq., but claiming retaliation.

All four counts seek compensatory damages, as well as economic losses (including lost wages, service upgrades, seniority and other employment benefits attaching to the positions she should have received), attorneys fees and other equitable and appropriate relief.

**Defendant's Statement:**

The Defendant, The Metropolitan District Commission ("MDC"), denies that it discriminated against the Plaintiff on the basis of her gender, national orgin (Cuban) and race (Hispanic/Latino) as alleged by the Plaintiff.  Furthermore, the Defendant denies that the plaintiff suffered any adverse job action, denies that the Plaintiff was qualified for the promotions she

sought and submits that even if the Plaintiff is able to prove discrimination, denies that the Plaintiff suffered any damages.

Furthermore, the MDC claims that some of the Plaintiff's allegations of discriminatory treatment are barred by the applicable statutes of limitations and/or the doctrine of qualified immunity applicable to discretionary and governmental functions of the MDC.

(7)     TRIAL BY MAGISTRATE JUDGE:

The parties have conferred and they do not desire to have the present case tried by a Magistrate Judge.

(8)     EVIDENCE:

(a)     Witnesses:

**Witnesses For Plaintiff**:

- Daisy Chavez (Plaintiff)
    i.   Anticipated testimony:  Plaintiff will provide first-hand testimony as to the allegations set forth in her complaint; Plaintiff's employment at MDC and the events surrounding the allegations of the complaint
    ii.  Duration of testimony: eight (8) hours
    iii. Chavez is likely to testify
- Lebert Thomas (address: 555 Main Street, Hartford, CT)
    i.   Anticipated testimony:  adverse and discriminatory treatment of Daisy Chavez upon being placed on temporary assignment to Engineering and Planning department
    ii.  Duration of testimony: two (2) hours
    iii. Thomas is likely to testify
- Anthony V. Milano (5 Village Drive, Trumbull, CT)
    i.   Anticipated testimony: offering and withdrawing offer to transfer Daisy Chavez to Operations department; interviews and selection process for Manager of Treasury position
    ii.  Duration of testimony:  two and a half (2.5) hours
    iii. Milano is likely to testify
- Alfred Amaio
    i.   Anticipated testimony: witnessing incidents of adverse treatment and discrimination towards the Plaintiff
    ii.  Duration of testimony:  two and a half (2.5) hours
    iii. Amaio is likely to testify
- Richard Demirgan
    i.   Anticipated testimony:  witnessing incidents of adverse treatment and discrimination towards the Plaintiff
    ii.  Duration of testimony:  two and a half (2.5) hours

      iii.  Demirgan is <u>likely to testify</u>
- Richard Newton (1 Elm Road, Cromwell, CT)
    - i. Anticipated testimony: witnessing incidents of adverse treatment and discrimination towards the Plaintiff; interviews and selection process for Manager of Utility Services position
    - ii. Duration of testimony:  two and a half (2.5) hours
    - iii. Newton is <u>likely to testify</u>
- Frank Dellaripa (address: 555 Main Street, Hartford, CT)
    - i. Anticipated testimony: interviews and selection process for Manager of Utility Services position
    - ii. Duration of testimony:  one (1) hour
    - iii. Dellaripa is <u>likely to testify</u>
- Russell E. Mannila
    - i. Anticipated testimony: identification and authentication of exhibits; procedures of MDC's Human Resources department; selection of candidates for Manager of Treasury position; selection of candidates for Manager of Utility Services position
    - ii. Duration of testimony:  one and a half (1.5) hours
    - iii. Mannila is <u>likely to testify</u>
- Mark Hanson (address: 555 Main Street, Hartford, CT)
    - i. Anticipated testimony: participation in selection process for Manager of Utility Services position; identification and authentication of exhibits
    - ii. Duration of testimony:  two (2) hours
    - iii. Hanson is <u>likely to testify</u>
- Edward M. Skowronek (address: 555 Main Street, Hartford, CT)
    - i. Anticipated testimony: identification and authentication of payroll records and testimony explaining same
    - ii. Duration of testimony:  two (2) hours
    - iii. Skowronek is <u>likely to testify</u>
- Luis Alvarado (address: _____)
    - i. Anticipated testimony: witnessing incidents of adverse treatment and discrimination towards the Plaintiff
    - ii. Duration of testimony:  one and a half (1.5) hours
    - iii. Alvarado is to be called only if the need arises
- Salvatore Gozzo (address: 555 Main Street, Hartford, CT)
    - i. Anticipated testimony: witnessing incidents of adverse treatment and discrimination towards the Plaintiff
    - ii. Duration of testimony:  two (2) hours
    - iii. Gozzo is to be called only if the need arises
- Stephanie Russo
    - i. Anticipated testimony: identification and authentication of exhibits
    - ii. Duration of testimony:  one half (0.5) hour
    - iii. Russo to be called only if the need arises
- Robert Moore (address: 555 Main Street, Hartford, CT)

      i.  Anticipated testimony: identification and authentication of exhibits; removal of cross-connection duties from Special Services Administrator position
      ii.  Duration of testimony:  one half (0.5) hour
      iii.  Moore to be called only if the need arises

- Margeret Roughan (1690 San Silvestro Drive, Venice, FL)
      i.  Anticipated testimony: identification and authentication of exhibits
      ii.  Duration of testimony:  one half (0.5) hour
      iii.  Roughan to be called only if the need arises

- Patricia Speicher Werbner
      i.  Anticipated testimony: identification and authentication of exhibits
      ii.  Duration of testimony:  one half (0.5) hour
      iii.  Werbner to be called only if the need arises

- George Sparks
      i.  Anticipated testimony: identification and authentication of exhibits
      ii.  Duration of testimony:  one half (0.5) hour
      iii.  Sparks to be called only if the need arises

- Robert Zaik, Employee, Personnel Dept., MDC
      i .  Anticipated Testimony: Qualifications of job candidates, identification of exhibits
      ii.  Duration of Testimony: one (1.0) hour
      iii.  Zaik will be called only if the need arises

- Reverend ___ Ritter, Commissioner of the MDC
      i.  Anticipated Testimony: Long term pattern of racial and gender discrimination at the MDC

      ii.  Duration of Testimony: one-half (0.5) hours
      iii.  Rev. Ritter is <u>likely to testify</u>

**The Defendant reserves the right to object to the proposed testimony of the Reverend Ritter at the time of the final pretrial conference. Since the Reverend Ritter was just identified as a potential witness in this matter on Monday, February 7, 2005, the Defendant's counsel has not had a sufficient amount of time to confer with its client to determine whether or not there is a basis to object to the proposed testimony.**

- Al Gravely, Retired - former employee of MDC
    - i.  Anticipated Testimony: How MDC arranges not to promote a person in line for a job
    - ii. Duration of Testimony: 20 minutes
    - iii. Mr. Gravely is <u>likely to testify</u>

    **The Defendant reserves the right to object to the proposed testimony of the Al Gravely at the time of the final pretrial conference. Since Mr. Gravely was just identified as a potential witness in this matter on Monday, February 7, 2005, the Defendant's counsel has not had a sufficient amount of time to confer with its client to determine whether or not there is a basis to object to the proposed testimony. Mr. Gravely is a black former employee of MDC who retired from employment in March 1998, long before the time that the Plaintiff alleges she was denied promotions and several months before she was transferred out of the Customer Service Department.**

- Joseph LaRosa, Former MDC Employee
    - i . Anticipated Testimony: Observed acts of discrimination, heard anti-Hispanic remarks from Commissioner(s) and others
    - ii. Duration of Testimony: one-half (0.5) hours
    - iii. Mr. LaRosa is <u>likely to testify</u>

    **The Defendant reserves the right to object to the proposed testimony of the Mr. LaRosa at the time of the final pretrial conference. Since Mr. LaRosa was just identified as a potential witness in this matter on Monday, February 57, 2005, the Defendant's counsel has not had a sufficient amount of time to confer with its client to determine whether or not there is a basis to object to the proposed testimony. Mr. LaRosa resigned from employment on January 2, 1998 long before the events alleged in the Plaintiff's complaint.**

- Anthony Gonzalez, Employee of MDC
    - i.  Anticipated Testimony: Witnessed illegal use of firearms by person later promoted in place of Plaintiff
    - ii. Duration of Testimony: one-half (0.5) hours
    - iii. Mr. Gonzalez is <u>likely to testify</u>

- Ethel Wright, Employee of MDC
    i .     Anticipated Testimony:  How MDC arranges not to promote a person in line for a job
    ii.     Duration of Testimony: 20 minutes
    iii.    Ms. Wright is <u>likely to testify</u>

**The Defendant respectfully reserves the right to object to the testimony of Ms. Wright at the time of the final pretrial conference. Since Ms. Wright was just identified as a potential witness in this matter on Monday, February 5, 2005, the Defendant's counsel has not, as of the date of the filing of this joint pretrial memorandum, had sufficient time to confer with the Defendant to determine whether or not there is any basis to object to the proposed testimony of Ms. Wright.**

- Bourke Spellacy, Esq.
    i.      Anticipated Testimony:  Implementation of Levy, Droney Report by MDC
    ii.     Duration of Testimony: 20 minutes
    iii.    Mr. Spellacy will be called only if needed.

**The Defendant reserves the right to object to the proposed testimony of Bourke Spellacy at the time of the final pretrial conference. Since Attorney Spellacy was just identified as a potential witness in this matter on Monday, February 57, 2005, the Defendant's counsel has not had a sufficient amount of time to confer with its client to determine whether or not there is a basis to object to the proposed testimony. However, the Defendant anticipates that it will object to the proposed testimony of Bourke Spellacy on the basis that the Defendant is seeking to exclude the Levy and Droney Report and its contents as set forth in the attached Motion in Limine.  In addition, Attorney Spellacy's proposed testimony is and/or may be covered by the attorney-client privilege.**

The Plaintiff reserves the right to call additional witnesses for rebuttal in response to evidence submitted by the Defendant not reasonably anticipated prior to the beginning of the trial.

**Witnesses For Defendant:**
- Anthony Milano (5 Village Drive, Trumbull, CT)

  i. Anticipated testimony:  Mr. Milano is expected to be called to testify about his duties while employed as Chief Executive Officer of the Defendant, his discussion with the Plaintiff regarding job potential job opportunities at MDC, the posting and successful candidate for the Manager of Treasury, the assignment of the Plaintiff to the Engineering and Planning Department in September, 1998, and discussions with various Commissioners regarding the job opportunities for the Plaintiff.
  ii. Duration of testimony: Five (5) hours.
  iii. Mr. Milano is <u>likely to testify</u>.

- Robert Moore(555 Main Street, Hartford, CT)
  i. Anticipated testimony: Mr. Moore is expected to be called to testify about his duties while Chief Administrative Officer of the Defendant, his knowledge of the organizational structure of the Defendant, the reclassification of the Manager of Special Engineering Projects position, the alleged promotion of Steven Paul to the Assistant to the Chief Administrative Officer, his discussions with the Plaintiff regarding job opportunities, the Plaintiff's move to Administrator of Special Services and duties associated therewith,  the Plaintiff's current position with MDC, and the interview and selection of Sally Nyren to the position of Manager of Environmental Health and Safety Position.
  ii. Duration of Testimony:  four (4) hours.
  iii. Mr. Moore is <u>likely to testify</u>.

- Robert J. Zaik(555 Main Street, Hartford, CT)
  i. Anticipated testimony:  Mr. Zaik may be called to identify and authenticate exhibits relating to hiring of minorities at MDC and hiring and promotional policies at MDC, testimony about reconfiguration and changes to layout of MDC buildings and  the 3rd floor of building in which Chavez worked.

  ii. Duration of testimony:  One  (1) hour.
  iii. Mr. Zaik is likely to testify.

- Daisy Chavez (Plaintiff)

      i.  Anticipated testimony:    Identification and authentication of exhibits, the allegations set forth in her complaint, her educational background, Plaintiff's employment at MDC and the events surrounding the allegations of the complaint.

     ii.  Duration of testimony: four (4) hours

    iii.  Chavez may be called to testify only if the need arises.

- George Sparks(20 Shennecock Drive, Palm Coast, Florida 32137)
  - i. Anticipated testimony: Mr. Sparks may be called to testify about the selection of candidates for the Manager and Assistant Manager of Operations position.  In addition, he may be called to testify about issues relating to the Performance Appraisal of Daisy Chavez in August of 2002 and also to possibly testify about any discussions he had with Anthony Milano regarding positions within the operations department.
  - ii. Duration of testimony: Two (2) hours or less.
  - iii. Mr. Sparks will be called only if the need arises.

- Mark Hanson (address: 555 Main Street, Hartford, CT)
  - i. Anticipated testimony: identification and authentication of exhibits, his duties as Manager of Utility services
  - ii. Duration of testimony:  One half (1/2) hour
  - iii. Hanson will be called to testify only if the need arises.

- Stephanie Russo
  - i. Anticipated testimony: identification and authentication of exhibits, and her duties as Manager of the Treasury.
  - ii. Duration of testimony:  one half (0.5) hour
  - iii. Russo to be called only if the need arises.

- David Donovan (555 Main Street, Hartford, CT)
  - i. Anticipated testimony:  identification and authentication of exhibits, the selection process for the Assistant Manager of Operations position and his duties as Manager of Operations
  - ii. Duration of testimony: One (1) hour
  - iii. Mr. Donovan will be called to testify only if the need arises.

- Harvey Wall (555 Main Street, Hartford, CT)

        i.      Anticipated testimony:  identification and authentication of exhibits, his duties as Asst. Manager of Operations

        ii.     Duration of testimony: One half hour

        iii.    Mr. Wall will be called to testify only if the need arises.

- Frank Dellaripa(555 Main Street, Hartford, CT)
    - i.      Anticipated testimony: Mr. Dellaripa is expected to be called to testify about the Manager of Utility Services vacancy in April 2, 2001, the interview of candidates for the position and the qualifications of the Plaintiff for the Manager of Utility Services and the qualifications of the successful candidate Mark Hanson.  He also may be called to testify about his reclassification to Manager of Special Engineering Projects.
    - ii.     Duration of testimony: One (1) hour
    - iii.    Mr. Dellaripa will be called to testify only if the need arises.

- Sally Nyren (555 Main Street, Hartford, CT)
    - i.      Anticipated testimony:  Identification and authentication of exhibits, her duties as Manager of Environmental Health and Safety.
    - ii.     Duration of testimony:  One hour.
    - iii.    Ms. Nyren will be called to testify only if the need arises.

- Russell E. Mannila
    - i.      Anticipated testimony: procedures of MDC's Human Resources department in selection of candidates for Manager of Operations and Assistant Manager of Operations positions.
    - ii.     Duration of testimony:  one and a half (1.5) hours
    - iii.    Mannila will be called to testify only if the need arises.

- Ann Taft, Office of Academic Advisement and/or the Custodian of the Records for Charter Oak College, Suite 171 270 Farmington Ave, Farmington, CT  06032-1909
    - i.      Anticipated testimony:  Identification and authentication of exhibits and the Plaintiff's academic record at Charter Oak college, including the degree received.
    - ii.     Duration of testimony:  Fifteen (15) minutes.
    - iii.    Will be called to testify only if the need arises.

- Eddie Perez

    i.      Anticipated testimony: Mr. Perez may  be called to testify about discussions and contact he had with Daisy Chavez regarding promotions at MDC.
    ii.     Duration of testimony: One (1) hour.
    iii.    Mr. Perez will be called if the need arises.

- Albert Reichin
  - i.      Anticipated testimony: Mr. Reichin may be called to testify about his knowledge and contact with Daisy Chavez, discussions with Ms. Chavez over her employment at MDC and his inquiries with Anthony Milano on behalf of Daisy Chavez.
  - ii.     Duration of testimony: One (1) hour.
  - iii.    Mr. Reichin will be called if the need arises.

- Marilyn Cohen (46 Stoneham Drive, West Hartford, CT)
  - i.      Anticipated testimony: Ms. Cohen may be called to testify about her discussions she had with Daisy Chavez regarding her employment at MDC.
  - ii.     Duration of testimony: One (1) hour.
  - iii.    Ms. Cohen will be called if the need arises.

- Robert Kerkes, Former Employee of MDC
  - i.  Anticipated Testimony:  Mr. Kerkes may be called to testify about the selection of candidates for the position of Manager of Water Supply and his dealings with Daisy Chavez while she was in Customer Service
  - ii.  Duration of Testimony:  One half (1/2) hour
  - iii. Mr. Kerkes will be called to testify only if the need arises.

- Norman LeBlanc, Former Employee of MDC
  - i.  Anticipated Testimony:  Mr. LeBlanc may be called to testify about his dealings with Daisy Chavez while she was in Customer Service
  - ii. Duration of Testimony:  One half (1/2) hour

The Defendant reserves the right to call additional witnesses in response to evidence and/or testimony submitted by the Plaintiff not reasonably anticipated prior to the beginning of the trial.

(b)    Exhibits:

**Plaintiff's Exhibits**:

1. Daisy Chavez performance evaluations 1986-1995, 1999-2001 from Daisy Chavez' MDC personnel file
2. Map:    Plan for Third Floor Panel Layout, Metropolitan District Headquarters Building, dated January 14, 2000

3. Metropolitan District Commission Affirmative Action Plan, dated April 1, 1996 – March 31, 1997

   **The Defendant may object to the introduction of the Affirmative Action Plan to the extent it is uncertain whether a redacted or unredacted version of the Affirmative Action Plan will be produced as the trial exhibit.**

4. Job description, Customer Services Administrator, Code: 12565
5. The Metropolitan District, Notice of Vacancy # 75-00, Manager of The Treasury
6. Job Description, Manager of the Treasury, Code: 12475
7. Application for Employment, The Metropolitan District Commission, application of Daisy Chavez for Manager of Treasury
8. Application for Employment, The Metropolitan District Commission, application and attachments of Stephanie Russo for Manager of Treasury
9. June 5, 2000 MDC Correspondence – Mannila to Chavez; subject: Manager of Treasury qualifications
10. June 2, 2000 Memo -  Roughan to Milano; Subject: NOV# 75-00
11. The Metropolitan District, Supervisory Interview Report, N.O.V. # 75-00, for Stephanie Russo
12. June 21, 2000 MDC Correspondence – Mannila to Russo; subject: selection for Manager of Treasury
13. Mar. 9, 2001 MDC Correspondence – Moore to Chavez; subject: appointment as District Review Officer
14. Mar. 13, 2001 MDC Correspondence – Moore to Chavez; subject: assignment to Review Officer position under Dick Newton
15. June 22, 1990 Memo – McCarthy to Geldof; Subject: Special Services Workload Allocation
16. The Metropolitan District, Notice of Vacancy # 38-01, Manager of Utility Services
17. Job Description, Manager of Utility Services, Code: 24875

18. The Metropolitan District, Job Posting Application, Mark A. Hanson's Application and attachments for Manager of Utility Services

19. June 7, 2001 MDC Correspondence – Mannila to Chavez; subject: Chavez informed she is candidate for Manager of Utility Services

20. June 7, 2001 MDC Correspondence – Mannila to Hanson; subject: Hanson informed he is candidate for Manager of Utility Services

21. Supervisory Interview Report for interview of Daisy Chavez for Manager of Utility Services

22. Supervisory Interview Report for interview of Mark Hanson for Manager of Utility Services

23. "Levy & Droney Report" – Compliance Audit of Employment Practices of the Metropolitan District Commission Undertaken by Legal Counsel, dated March 15, 2002

**The Defendant objects to this Exhibit for the reasons set forth in the Motion in Limine attached hereto.**

24. The Metropolitan District, Notice of Vacancy # 32-02, Manager of Operations

25. May 22, 2002 Memo – Werbner to Sparks; Subject: NOV# 32-02

26. June 5, 2002 Memo – Sparks to Werbner; Subject: Manager of Operations Position

27. The Metropolitan District, Notice of Vacancy # 60-02, Assistant Manager of Operations

28. Oct. 3, 2002 Memo – Mannila to Chavez; Subject: Manager of Operations and Assistant Manager of Operations

29. MDC Personnel File re Manager of Environment Health and Safety 2002, including, but not limited to:

a.      MDC Notice of Vacancy 59-02 Manager of Environment Health and Safety, June 17, 2002

b.      MDC Memo Werbner to Moore Sept. 9, 2002 re Recommendation Sally Nyren

c.      MDC Personnel Requisition Mgr of Environment Health and Safety NOV 57-02

d.      Job Description Mgr of Environment Health and Safety

e .      MDC Ltr McLaughlin to Chavez August 29, 2002 re declining Chavez for position

f .      Chavez Job Application June 17, 2002

**The Defendant objects to Exhibit #30 only to the extent that Plaintiff has identified it as the "Personnel File" regarding Manager of Environment**

**Health and Safety and appears to suggest that she intends to include more documents than those specified.**

30.    MDC Personnel File re Assistant Manager of Operations 2002, including, but not limited to:

    a.    MDC Memo Donovan to Mannila Sept 18, 2002, re selection of Harvey Wall

    b.    MDC Form Letters July 2, 2002, notice re job availability

    c.    Personnel Requistion Asst. Mgr of Operations NOV 61-02 June 14, 2002

    d.    Supervisory Interview Report re Chavez, September 12, 2002

    e.    Supervisory Interview Report re Wall, September 17, 2002

    f.    MDC Ltr Mannila to Chavez September 23, 2002 re selection of Wall

    g.    MDC Ltr Mannila to Chavez September 5, 2002, re interview

    h.    Job Application, Daisy Chavez - June 17, 2002

    i.    Numerical Scoring of Job - Chavez

    j.    Job Application, Harvey Wall, June 14, 2002

    k.    Numerical Scoring of Job - Wall

**The Defendant objects to Exhibit 30 for the same reason it objects to Exhibit 30.**

31.    MDC Ltr McLaughlin to Chavez September 19, 2002 re Selection Mgr EHS

32.    MDC Memo Sibley to Dept. Heads Dec. 12, 2001 re Supervisory Workshops

**The Defendant has not yet received a copy of the Plaintiff's actual exhibit and reserves the right to object to the exhibit upon receipt and review of same.**

33.    Agenda Personnel Pension and Insurance Committee Mtg May 20, 2002

34.    MDC Ltr Werbner to Nyren September 27, 2002 re Selection Mgr EHS

35.    MDC Ltr Mannila to Hanson July 9, 2001 re Selection Mgr of Utility Services

36.    MDC Ltr Mannila to Chavez September 23, 2002 re Selection Mgr of Operations

37.    MDC Memo Chavez to Moore September 9, 2002 re Qualifications for Mgr EHS

38.     MDC Memo Moore to Chavez September 19, 2002 re Qualifications for Mgr EHS

39.     MDC Ltr McLaughlin to Chavez September 19, 2002 re Interview Mgr EHS

40.     MDC Ltr McLaughlin to Chavez August 29, 2002 re Qualifications Mgr EHS

41.     MDC Ltr Szestakow to Chavez September 24, 1999 re Mgr of Water Safety re Charter Oak College Information

42.     Charter Oak College Ltr to HR MDC October 12, 1999 re Chavez qualifications

43.     Chavez Bachelor of Science Degree Charter Oak College

44.     Email Chavez to and from Roughan January 31, 2001 re Training

45.     MDC Memo Roughan to Chavez September 3, 1996 re Masters Degree Public Admin.

46.     Certificate California State Univ. Program in Water Treatment Operations April 2000

47.     Charter Oak Coll Ltr to HR MDC June 23, 1989 re Chavez status at college

48.     Memo Chavez to MDC Personnel submitting Cert of Completion Water Distribution Operations Course March 16, 1999

49.     Certificate Virginia Polytechnical College Completion AWAA Water Utility Management Institute March 24, 1995

50.     MDC Ltr Starzecki to Chavez October 18, 1994 re Upgrade of Position

51.     Chavez MDC Complaint re Discriminatory Practice October 15, 2002

52.     Ltr Chavez to Milano December 28, 2000 re Failure to Promote

53.     MDC Memo Poirier to Chavez August 8, 2001 re budgeting for positions

54.      MDC Ltr Flencke to Chavez March 23, 1998 re selection of Assistant to Director of Water Treatment and Supply

**The Defendant objects to Exhibit #54 to the extent that the position of Assistant to Director of Water Treatment and Supply is not covered by the allegations contained in either of the Plaintiff's complaints.**

55.    Notice of Vacancy and Job Description Assistant to Director of Water Treatment and Supply February 24, 1998

**See objection to Exhibit #54 above.**

56.    MDC Notice of Vacancy Manager of Water Supply July 12, 1999

57.    Chavez Performance Review July 31, 2002

58.    Ltr Chavez to Sparks August 13, 2002 re performance evaluation

59.    MDC Ltr Sparks to Chavez August 27, 2002 re performance evaluation

60.    MDC Announcement June 26, 2000 re Awarding of Positions to Russo and Poirier

61.    Applications for Federal Funds
    a.    December 2, 1998 for 1999 to 2001
    b .    November 6, 1995 for 1996
    c.    December 22, 1994 for 1995

**The Defendant has not yet received a copy of this proposed exhibit and reserves the right to object to Exhibit #61 upon receipt and review of the actual documents from the Plaintiff.**

62 .    MDC Ltr Mannila to Chavez June 5, 2000 re selection Manager of Treasury

63.    MDC Job Application Chavez May 23, 2000 Manager of Treasury

64.    MDC Job Application Chavez July 16, 1999 Manager of Water Supply

**Defendant's Exhibits:**

501. Resume of Daisy Chavez

502. Letter dated June 23, 1989 from Charter Oak College

502. Letter dated October 12, 1999 from Charter Oak College

504. Job Posting for Manager of the Treasury on May 17, 2000

505. Application of Daisy Chaves for position of Manager of Treasury

506. Letter to Daisy Chavez dated June 5, 2000 informing her not qualified

507. Application of Stephanie Russo for position of Manager of Treasury

508. Job Specification for Manager of Special Engineering Projects

509. Job Posting for Manager of Utility Services

510. Application of Daisy Chavex for position of Manager of Utility Services

511. Application of Mark Hanson for position of Manager of Utility Services

512. Letter to Daisy Chavez dated June 29, 2001 informing her not selected

513.  1997 Weekly Planner and Daisy Chavez's handwritten notes attached thereto

514.  1998 Weekly Planner and Daisy Chavez's handwritten notes attached thereto

515.  1999 Weekly Planner and Daisy Chavez's handwritten notes attached thereto

516.  2000 Weekly Planner and Daisy Chavez's handwritten notes attached thereto.

 517.   Metropolitan District Personnel Policy June 30, 1997

518.     E-mails dated February 20 and February 21, 2001 between Chavez and
Moore relating to Manager of Utility Services position

519.  Letter dated March 9, 2001 appointing Chavez as District Review Officer

520.   Letter dated March 13, 2001 from Moore to Chavez re: rumors and assignment
to Review Officer with Title Of Special Services Administrator

521.  Resume of Frank Dellaripa

522.  Notice of Vacancy #32-02 Manager of Operations dated April 26, 2002

523.  Application of Daisy Chavez  dated May 2, 2002 for Manager of Operations

524.  Application of David Donovan for position of Manager of Operations

525.   May 22, 2002 Memo to George Sparks from Patricia Werbner, Director of Human Resources re: NOV #32-02

526.  Supervisory Interview Report of David Donovan for position of Manager of Operations

527.  Supervisory Interview Report of Daisy Chavez for position of Manager of Operations

528.   Letter dated June 7, 2002 to Daisy Chavez informing her that David Donovan was selected to fill Manager of Operations position.

529.  Notice of Vacancy #60-02 for Assistant Manager of Operations dated June 17, 2002

530.  Application of Daisy Chavez dated June 17, 2002 for position of Asst. Manager of Operations

531.  Application of Harvey Wall dated June 14, 2002 for Asst. Manager of Operations

532.  Memo dated September 5, 2002 re:  Nov. 60-02 Assistant Manager of Operations

533.  Letter dated September 5, 2002 to Daisy Chavez re: interview for position of Assistant Manager of Operations.

534.  Letter dated September 5, 2002 to Harvey Wall re: interview for position of Assistant Manager of Operations.

535.   Supervisory Interview Report for Harvey Wall dated September 17, 2002.

536.   Supervisory Interview Report for Daisy Chavez dated September 12, 2002.

537.  Memo from David Donovan to Russ Mannila dated September 18, 2002 re: Assistant Manager of Operations Selection

538.  Letter dated September 23, 2002 to Daisy Chavez information her that Harvey Wall had been selected for Assistant Manager of Operations position

539.  September 25, 2002 memo from Daisy Chavez requesting breakdown of points for Manager and Assistant Manager of Operations positions

540.  Memo dated October 3, 2002 to Daisy Chavez re: points on N.O.B. #32-02 and 60-02

541.  Notice of Vacancy 59-02 - Manager of Environment, Health and Safety dated June 17, 2002

542.  Application of Daisy Chavez for position of Manager of Environment, Health and Safety with resume attached.

543.  Application of Sally Nyren for position of Manager of Environment, Health and Safety.

544.  Memo to Moore dated September 9, 2002 re: NOV #59-02 Manager of Environment Health and Safety

545   Summary of Recruitment Activity (NEW HIRES) from 1988 to 2005.

546.  E-mail from Daisy Chavez to Eddie Perez dated December 14, 2002.

547.  Letter dated December 28, 2000 from Chavez to Milano.

548.  Application of Daisy Chavez for Manager of Water Supply

549.  Application of Leland Sanders dated July 16, 1999 for Manager of Water Supply

550.  Letter dated May 8, 2000 to Leland Sanders informing him he had been selected for position of Manager of Water Supply

551.  Application of Daisy Chavez for Assistant to Director of Water Treatment & Supply dated March 3, 1998

552.  Application of James Randazzo dated March 2, 1998 for Assistant to the Director Of Water Treatment & Supply

553.  Letter dated July 17, 1998 to James Randazzo informing him that he had been selected to fill the position of Assistant to the Director of Water Treatment & Supply

> **Although the Defendant maintains that the Director of Water Treatment & Supply is not a position covered by the allegations contained in either of the Plaintiff's complaints, the Defendant has listed Exhibits 551 through 553 in the event that the Court overrules its objection to the Plaintiff's proposed exhibits relating to the Assistant to the Director of Water Treatment  & Supply positions.**

554.  Daisy Chavez records from Charter Oak.

The Defendant reserves the right to submit additional exhibits in response to evidence and/or testimony submitted by the Plaintiff which was not reasonably anticipated prior to the beginning of the trial.

(c)    Deposition Testimony:

Only if a deposed witness is dead, out of state or otherwise unavailable at law to testify at trial.

The Defendant may potentially object to the use of deposition testimony to the extent it is not clear whose deposition the Plaintiff may intend to use.

(9)    STIPULATIONS AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW:

1.  The Plaintiff, Daisy Chavez, is a Hispanic female who is of Cuban national origin.
2.  Chavez is employed by the Defendant, Metropolitan District Commission ("MDC").
3.  Chavez has been employed by the MDC since 1976.
4.  The MDC is a municipal corporation with an administrative office at 555 Main Street, Hartford, Connecticut.

5.  Chavez filed a complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and the Equal Employment Opportunity Commission ("EEOC") on or about August 9, 2001.

6.  Chavez has an Associate of Science degree from Hartford State Technical College, which degree was awarded in 1979.

7.  Chavez received a Bachelor of Science degree from Charter Oak College in 1989.

8.  Chavez received a Master of Public Administration degree from the University of Hartford in 1996.

9.  From approximately August, 1989 through September, 1998, Chavez worked within the MDC's Finance Department with the job title and responsibilities of Customer Services Administrator.

10. Anthony V. Milano is MDC's former Chief Executive Officer.

11. The position of Manager of Treasury at MDC was posted on May 17, 2000.

12. Chavez submitted an application for the position of Manager of Treasury.

13. Chavez was not one of the persons interviewed for the position of Manager of Treasury.

14. The position of Manager of Treasury was given to Stephanie Russo.

15. Stephanie Russo is a white, non-Hispanic female.

16. Robert E. Moore is the MDC's Chief Administrative Officer.

17. The position of Manager of Utility Services was posted on April 2, 2001.

18. Chavez submitted an application for the position of Manager of Utility Services.

19. Chavez was interviewed for but not selected to fill the position of Manager of Utility Services.

20. Mark Hanson was awarded the position of Manager of Utility Services.

21. Mark Hanson is a white, non-Hispanic male.

22. The position of Assistant Manager of Operations was posted on June 17, 2002.

23. Chavez submitted an application for the position of Assistant Manager of Operations.

24. Chavez was interviewed for but not selected for the Assistant Manager of Operations position.

25. The position of Assistant Manager of Operations was given to Harvey Wall.

26. Harvey Wall is a white non-hispanic male.

27. The position of Manager Environmental Health and Safety was posted on June 17, 2002.

28. Chavez submitted an application for the position of Manager Environmental Health and Safety.

29. Chavez was not interviewed for the position of Manager Environmental Health and Safety.

30. The position of Manager Environmental Health and Safety was given to Sally Nyren.

31.   Sally Nyren is a white non-hispanic female.

(a)    Bench Trial:

Case to proceed as a jury trial.

(b)    Jury Trial:

(1)    Proposed Voir Dire Questions:

See attached.

(2)    Proposed Jury Instructions:

See attached.

(3)    Proposed Verdict Form:

See attached.

(4)    Brief Description of Case and Parties:

The present case involves a controversy between the Plaintiff, Daisy Chavez and the Defendant, the Metropolitan District Commission ("MDC").  Ms. Chavez is a Hispanic female of Cuban national origin who has been employed by MDC since 1976.  Ms. Chavez contends in this case that she was discriminated against by the Defendant MDC on the basis of her gender, race and national origin by failing to promote her to positions for which she maintains she was qualified. The MDC denies the claims of Ms. Chavez.

(10)     <u>ANTICIPATED EVIDENTIARY PROBLEMS</u>:

        <u>See</u> Defendant's Motions in Limine attached hereto.


PLAINTIFF, DAISY CHAVEZ

DEFENDANT, THE METROPOLITAN
DISTRICT COMMISSION


By: _____
Francis A. Miniter
<u>miniter@attglobal.net</u>
100 Wells Street, Suite 1D
Hartford, CT  06103
Phone: (860) 560-2590
Fax:  (860) 560-3238

By: _____
Holly Quackenbush Darin (ct 10183)
<u>holly.darin@ryan-ryan.net</u>
David A. Ryan, Jr. (ct 05064)
 <u>david.ryan@ryan-ryan.net</u>
Ryan & Ryan, LLC
900 Chapel Street, Suite 621
New Haven, Connecticut 06510
Phone: (203) 752-9794
Fax: (203) 785-1547