**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DAISY CHAVEZ, | : | CIVIL ACTION |
| | | 3:02CV458 (MRK) |
| Plaintiff | : | |
| | : | |
| V. | : | |
| | : | |
| METROPOLITAN DISTRICT | : | |
| COMMISSION, | : | |
| Defendant | : | FEBRUARY 10, 2005 |

### DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Rule 51 of the Federal Rules of Civil Procedure and the Court's Standing Order

Regarding Trial Memoranda in Civil Cases, the Defendant, The Metropolitan District Commission,

requests that the Court instruct the jury on the law as set forth in the following requests.


THE DEFENDANT,
METROPOLITAN DISTRICT
COMMISSION


BY _____
David A. Ryan (ct05064)
Holly Quackenbush Darin (ct10183)
Ryan & Ryan, LLC
900 Chapel Street
Suite 621
New Haven, CT  06510
Its Attorneys

**TABLE OF CONTENTS**

INSTRUCTION NO. 1:          SECTION 1983 STATUTE AND ITS FUNCTION…………5

INSTRUCTION NO. 2:          SECTION 1983 ELEMENTS OF A CLAIM…………………6

INSTRUCTION NO. 3:          BURDEN OF PROOF ON SECTION 1983 CLAIM………...7

INSTRUCTION NO. 4:          SECTION 1983 STATE OF MIND…………………………..8

INSTRUCTION NO. 5:          SECTION 1983 INTENT……………………………………..9

INSTRUCTION NO. 6:          SECTION 1983 ACTION UNDER COLOR
                            OF STATE LAW……………………………………………10

INSTRUCTION NO. 7:          SECTION 1983 OFFICIAL ACTING UNDER
                            STATE LAW……………………………………………...11

INSTRUCTION NO. 8:          SECTION 1983 DEPRIVATION OF RIGHT………………12

INSTRUCTION NO. 9:          CLAIM OF DISCRIMINATION UNDER
                            EQUAL PROTECTION CLAUSE OF FOUTEENTH
                            AMENDMENT………………………………………..13-14

INSTRUCTION NO. 10:         SECTION 1983 PROXIMATE CAUSE……………………15

INSTRUCTION NO. 11:         SECTION 1983 MUNICIPAL CORPORATIONS……...16-17

INSTRUCTION NO. 12:         SECTION 1983 PRACTICE AND CUSTOM………………18

INSTRUCTION NO. 13:         SECTION 1981 STATUTE…………………………………19

INSTRUCTION NO. 14:         SECTION 1981 – ELEMENTS OF A CLAIM……………...20

INSTRUCTION NO. 15:         DEFINING RACIAL DISCRIMINATION…………………21

INSTRUCTION NO. 16:         MOTIVATING FACTOR…………………………………...22

INSTRUCTION NO. 17:         SECTION 1981 – FAILURE TO PROMOTE………………23

INSTRUCTION NO. 18:         SECTION 1981-INTENT……………………………………24

2

INSTRUCTION NO. 19:     TITLE VII STATUTE…………………………………………25

INSTRUCTION NO. 20:     PATTERN OR PRACTICE CLAIM
                        UNDER TITLE VII…………………………………………26

INSTRUCTION NO. 21:     PLAINTIFF'S BURDEN OF PROOF – DISPARATE
                        TREATMENT UNDER TITLE VII…………………………27

INSTRUCTION NO. 22:     DIRECT EVIDENCE OF DISPARATE
                        TREATMENT……………………………………………...28

INSTRUCTION NO. 23:     DEFENSES AGAINST DIRECT EVIDENCE
                        OF DISCRIMINATION……………………………………29

INSTRUCTION NO. 24:     INDIRECT EVIDENCE OF DISPARATE
                        TREATMENT……………………………………………30

INSTRUCTION NO. 25:     DEFENSES TO INDIRECT EVIDENCE OF
                        DISCRIMINATION………………………………………31

INSTRUCTION NO. 26:     PRETEXT……………………………………………...32-33

INSTRUCTION NO. 27:     TITLE VII HOSTILE WORK ENVIRONMENT…………..34

INSTRUCTION NO. 28:     HOSTILE WORK ENVIRONMENT – PERVASIVE
                        AND SEVERE CONDUCT…………………………...…35-36

INSTRUCTION NO. 29:     HOSTILE WORK ENVIRONMENT – OBJECTIVE
                        AND SUBJECTIVE STANDARD…………………………37

INSTRUCTION NO. 30:     DAMAGES……………………………………………........38

INSTRUCTION NO. 31:     CAUTIONARY INSTRUCTION CONCERNING
                        COUNSEL'S REQUEST FOR DAMAGES………………...39

INSTRUCTION NO. 32:     NOMINAL DAMAGES……………………………………40

INSTRUCTION NO. 33:     DAMAGES – MITIGATION OF DAMAGES………….41-42

INSTRUCTION NO. 34:     RULE AGAINST DOUBLE RECOVERY……………...43-44

INSTRUCTION NO. 35:     CAUTIONARY INSTRUCTION CONCERNING
                        COUNSEL'S REQUEST FOR DAMAGES………………...45

INSTRUCTION NO. 36:     NOMINAL DAMAGES……………………………………46

INSTRUCTION NO. 37:    DAMAGES – MITIGATION OF DAMAGES……………47

INSTRUCTION NO. 38:    RULE AGAINST DOUBLE RECOVERY………………..48

## INSTRUCTION NO. 1:     SECTION 1983 STATUTE AND ITS FUNCTION

Plaintiff asserts a claim under a federal civil rights law, 42 U.S.C. § 1983. The statute provides a remedy for individuals who have been deprived of their federal constitutional rights under color of state law. Section 1983 states in part that:

> Every person who, under color of [state law], subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and [federal] laws, shall be liable to the party injured [for damages].

Section 1983 creates a form of liability in favor of people who have been deprived of rights secured to them by the United States Constitution. It was passed by Congress to enforce the Fourteenth Amendment of the Constitution. The Fourteenth Amendment provides in relevant part that:

> No state shall . . . deprive any person of life, liberty, or property, without due process of law nor deny to any person within its jurisdiction the equal protection of the laws.

Section 1983 itself does not establish or create any federally protected right. Rather, it is the statute that allows the plaintiff in this case to enforce rights guaranteed to her by the federal Constitution.

**Authorities:**

42 U.S.C. § 1983

Sand, Siffert, Reiss & Batterman, Modern Federal Jury Instructions (Civil), Inst. 87-05 (2004).

Schwartz, Section 1983 Litigation, Jury Instructions, Volume 4, § 3.01.01.

## INSTRUCTION NO. 2     SECTION 1983 ELEMENTS OF CLAIM

To establish her claim under section 1983 the plaintiff must demonstrate, by a preponderance of the evidence, the following elements:

First, that the MDC intentionally discriminated against the plaintiff based upon her gender, national origin, or race by failing to promote her;

Second, that the conduct complained of was committed by an employee of the MDC acting under color of state law;

Third, that this conduct complained of actually deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Fourth, that the defendant's conduct was a proximate cause of the injuries and damages sustained by the plaintiff.

**Authorities:**

Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 265, 97 S.Ct. 555, 50 L. Ed. 2d 450 (1977)(Denial of equal protection claims brought under Section 1983 require proof of discriminatory intent or purpose.)

Parrott v. Taylor, 451 U.S. 527, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981).

Eagleston v. Guido, 41 F. 3d 865 (2nd Cir. 1994).

Schwartz, Section 1983 Litigation, Jury Instructions, Volume 4, § 3.01.01.

## INSTRUCTION 3:  BURDEN OF PROOF ON SECTION 1983 CLAIM

I shall instruct you shortly as to each of the elements of plaintiff's section 1983 claims. However, the plaintiff has the burden of proving each element of her § 1983 claim by a preponderance of the evidence. Preponderance of the evidence means that it is more likely than not that the fact occurred.

Thus, in order to prevail on her claim, the plaintiff must persuade you that it is more likely than not: first, that the conduct complained of was committed by a person acting under color of state law; second, that the conduct deprived the plaintiff of a rights, privileges or immunities secured by the Constitution; and third, that the defendant's conduct was the proximate cause of the injuries and damages sustained by the plaintiff.

If you find that any one of the elements of the plaintiff's section 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for the MDC.

I shall not examine each of these elements in greater detail.

**Authorities**:

Parrott v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L. Ed. 2d 420 (1981).

Eagleston v. Guido, 42 F. 3d 865 (2d. Cir. 1994).

Sand, Siffert, Reiss & Batterman, Modern Federal Jury Instructions (Civil), Inst. 87-68 (2004).

Schwartz, Section 1983 Litigation, Jury Instructions, Volume 4, § 3.03.01.

## INSTRUCTION NO. 4:        SECTION 1983 STATE OF MIND

I instruct you that, to establish a claim under section 1983, the plaintiff must prove that the MDC acted intentionally. If you find that the acts of the MDC were mere negligence and unintentional, then, even if you find that the plaintiff was injured as a result of those acts, you must return a verdict for the MDC.

**Authorities:**

Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 265, 97 S.Ct. 555, 50 L. Ed. 2d 450 (1977)(Denial of equal protection claims brought under Section 1983 require proof of discriminatory intent or purpose.).

Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986).

Davidson v. Cannon, 474 U.S. 344, 106 S. Ct. 668, 88 L. Ed. 2d 677 (1986).

Shaw by Strain v. Strackhouse, 920 F.2d 1135 (3rd Cir. 1991).

Harrell v. Cook, 169 F.3d 428 (7th Cir. 1999).

Sand, Siffert, Reiss, & Batterman, Modern Federal Jury Instructions (Civil), Instr. 87-75 (2004).

**INSTRUCTION NO. 5:        SECTION 1983 INTENT**

An act is intentional if it is done knowingly, that is if it is done voluntarily and deliberately and not because of a mistake, accident, negligence or other innocent reason. In determining whether the MDC acted with the requisite knowledge, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is not way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

**Authorities:**

Sand, Siffert, Reiss, & Batterman, Modern Federal Jury Instructions (Civil), Instr. 87-76 (2004).

**INSTRUCTION NO. 6:     SECTION 1983 ACTION UNDER COLOR OF STATE LAW**

The first element of the plaintiff's claim is that the MDC acted under color of state law. The phrase "under color of state law" is a shorthand reference to the words of section 1983, which includes within its scope action taken under color of any statute, ordinance, regulation, custom or usage, of any state. The term "state" encompasses any political subdivision of a state, such as a country or city agency.

Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state. Section 1983 forbids action taken under color of state law where the actor misuses power that he or she possesses by virtue of state law.

An actor may misuse power that he or she possesses by virtue of state law even if his or her acts violate state law; what is important is that the plaintiff must prove that the defendant was clothed with the authority of state law, and that the defendant's action was made possible by virtue of state law.

**Authorities:**

American Mfrs. Mut. Ins. Co. v. Sullivan, 256 U.S. 40, 119, S. Ct. 977, 143 L. Ed. 2d 130 (1999).

Martinez v. Colon, 54 F.3d 980 (1st Cir. 1995).

Neito v. Kapoor, 268 F.3d 1208 (10th Cir. 2001).

Sand, Siffert, Reiss, & Batterman, Modern Federal Jury Instructions (Civil), Instr. 87-69 (2004).

## <u>INSTRUCTION NO. 7       SECTION 1983 OFFICIAL ACTING UNDER STATE LAW</u>

The plaintiff claims that the MDC was acting under color of the law when the MDC allegedly deprived the plaintiff of her constitutional or statutory right to be free from discrimination on account of her sex and national origin.

In order for an act to be under color of state law, the plaintiff must prove that the act is of such nature and is committed under such circumstances that it would not have occurred except for the fact that the MDC was clothed with the authority of the state-that is to say, the MDC must have purported or pretended to be lawfully exercising his official power while in reality abusing it.

### <u>Authorities:</u>

<u>American Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 49-50, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999).

<u>Monell v. Dept. of Social Services</u>, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978).

<u>Paul v. Davis</u>, 424 U.S. 693, 96 S. Ct.1155, 47 L. Ed. 2d 405 (1976).

<u>Zambrana-Marrero v. Suarez Cruz</u>, 172 F.3d 122 (1st Cir. 1999); <u>Barreto-Rivera v. Medine-Vargas</u>, 168 F.3d 42 (1st cir. 1999).

<u>Bonenberger v. Plymouth Township</u>, 132 F.3d 20 (3rd Cir. 1997).

<u>Gibson v. City of Chicago</u>, 910 F.2d 1510 (7th Cir. 1990).

<u>Jones v. Gutschenritter</u>, 909 F.2d 1208 (8th Cir. 1990).

Sand, Siffert, Reiss, & Batterman, <u>Modern Federal Jury Instructions (Civil)</u>, Instr. 87-71 (2004).

## INSTRUCTION NO. 8:     SECTION 1983 DEPRIVATION OF RIGHT

The third element of plaintiff's claim requires that she prove that she was deprived of a federal right by the MDC. In order for the plaintiff to establish the second element, she must show each of these things by a preponderance of the evidence:  First, that the MDC committed the acts alleged by the plaintiff; Second, that those acts caused the plaintiff to suffer the loss of a federal right; and third, that, in performing the acts alleged, the MDC acted intentionally.

**Authorities:**

Conn. v. Gabbert, 526 U.S. 286, 119 S. Ct. 1292, 143 L. Ed. 2d 399 (1999);

Maine v. Thiboutot, 448 U.S. 1, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980).

Fournier v. Reardon, 160 F.3d 754 (1st Cir. 1998), *cert. denied*, 526 U.S. 1065 (1999).

Young v. Country of Fulton, 160 F.3d 899 (2d Cir. 1998);

Marshall v. Switzer, 10 F.3d 925 (2nd Cir. 1993).

Sand, Siffert, Reiss, & Batterman, Modern Federal Jury Instructions (Civil), Instr. 87-74 (2004).

**INSTRUCTION 9:   CLAIM OF DISCRIMINATION UNDER EQUAL PROTECTION
CLAUSE OF FOURTEENTH AMENDMENT**

The plaintiff's 1983 claim alleges that the defendant discriminated against her by failing to promote her to the positions of Manager of Utility Services, Manager of Treasury, and Manager of Special Engineering Projects, Assistant Manager of Operations, and Manager of Environmental Health and Safety because of her gender, national origin and race in violation of her rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.   The plaintiff therefore must prove by a preponderance of the evidence that in failing to promote her, the defendant intentionally discriminated against her on the basis of her national origin.

You must determine, from all of the evidence in the case, whether the plaintiff has proved that the defendant's conduct was motivated by a discriminatory intent. The defendant denies that it failed to promote the plaintiff because of her gender, national origin or race and that the plaintiff was not promoted because she was not qualified and/or was not the most qualified for the positions she sought.

The plaintiff responds that the defendant's purported reasons for its conduct are not the true reasons, are unworthy of belief, and that the true reasons were discriminatory.

In your attempt to resolve these two different accounts of the defendant's motivations, and to determine the real reason for the defendant's conduct, the question is not whether the defendant showed poor or erroneous judgment in deciding to not promote the plaintiff. You are not to judge the wisdom of the defendant's decision, because the issue is not whether the defendant's stated purpose was unwise or unreasonable. An employer is entitled to make an employment decision for a

13

good reason, for a bad reason, or for no reason at all, so long as the decision is not motivated by unlawful discrimination.

You are to decide whether the defendant intentionally discriminated against the plaintiff because of her gender, national origin, or race. You may consider the evidence of the circumstances surrounding plaintiff's employment, whether similarly-situated employees of different genders, national origins or race were treated differently, and all the other evidence in the case bearing on defendant's motive for its conduct toward the plaintiff.

You may also consider whether a defendant's reason is merely a cover-up for discrimination. However, even if you disbelieve the defendant's reason for taking any adverse action against the plaintiff, you must still find for the defendant unless you find by a preponderance of the evidence that the defendant intentionally discriminated against the plaintiff because of her sex, national origin, or race.

In sum, to establish her claim of sexual, national origin, or race discrimination against the defendant, the plaintiff must prove by a preponderance of the evidence that the conduct of the defendant complained of, was because of the plaintiff's gender, national origin, and/or race.

<u>Authorities</u>:

Schwartz, <u>Section 1983 Litigation, Jury Instructions</u>, Volume 4, § 5.01.03.

## INSTRUCTION NO. 10:    SECTION 1983 PROXIMATE CAUSE

The fourth element that the plaintiff must provide is that the conduct of the defendant was a proximate cause of her injuries. Under Section 1983 the defendant is responsible for the natural consequences of its actions.  An injury is proximately caused by the defendant's conduct whenever it appears from the evidence that (1) the conduct played a substantial role in bringing about the injury, and (2) the injury was either a direct result or a reasonably probable consequence of the defendant's conduct. Stated differently, the issue is whether a reasonable person would view the defendant's conduct as the cause of the plaintiff's injuries.

To recover damages for an injury, the plaintiff must show by a preponderance of the evidence that the conduct of the defendant would not have occurred without the conduct of the defendant.  If you find that the MDC has proved, by a preponderance of the evidence, that the plaintiff complains of an injury which would have occurred even in the absence of the MDC's conduct, you must find that the MDC did not proximately cause the plaintiff's alleged injury and you may not award plaintiff damages for that injury.

**Authorities:**

Gierlinger v. Gleason, 160 F. 3d 858 (2d Cir. 1998)

Sand, Siffert, Reiss, & Batterman, Modern Federal Jury Instructions (Civil), Instr. 87-79 (2004).

Schwartz, Section 1983 Litigation, Jury Instructions, Volume 4, § 3.01.1 and § 14.01.1.

## INSTRUCTION NO. 11:     SECTION 1983 MUNICIPAL CORPORATIONS

The fact that an employee of a municipal corporation deprived the plaintiff of a federal right is not alone a sufficient basis for holding the municipal corporation liable to the plaintiff. Before you can hold the municipal corporation liable, the plaintiff must establish by a preponderance of the evidence that the action of the employee which deprived her of her federal right was the result of an "official policy" of the municipality or a governmental custom, even though such a custom has not received formal approval through the body's official decision-making channels. Thus, before you can hold the municipal corporation liable, you must be convinced that the acts in question were officially sanctioned or ordered by the municipality.

There is no requirement, however, that the action was taken pursuant to a long-standing or regularly applied policy of the municipality. A government frequently chooses a course of action tailored to a particular situation. Even if you determine that the particular policy was established for a single occasion, you may still find that it represented an official policy of the municipality, provided that a deliberate choice to follow a course of action was made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.

So in this case, the MDC can be held liable only if you find that the deprivation of the plaintiff's constitutional rights was the direct result of an MDC ordinance, regulation, decision, policy, or custom. A governmental entity is responsible only when an injury is inflicted through the execution of its policy or custom, whether made by its lawmakers or by those who edicts or acts may fairly be said to represent official policy. It is not enough merely to show that an MDC employee caused the plaintiff's injury.

16

**Authorities:**

Pembaur v. City of Cincinnati, 475 U.S. 469, 106 S. Ct. 1292, 89 L. Ed 2d 452 (1986).

Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

Katz v. Morganthau, 892 F. 2d 20 (2nd Cir. 1989).

Sand, Siffert, Reiss, & Batterman, Modern Federal Jury Instructions (Civil), Instr. 87-81 (2004).

## INSTRUCTION NO. 12     SECTION 1983 PRACTICE AND CUSTOM

Whether an official practice or custom exists is a question of fact for you to determine. A practice or custom is persistent, widespread course of conduct by municipal officials that has become a traditional way of carrying out policy, and has acquired the force of law, even though the municipality has not formally adopted or announced the custom.

**Authorities:**

Adickes v. S.H. Kress Co., 398 U.S. 144, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970).

Vann v. City of New York, 72 F. 3d 1040 (2nd Cir. 1995); Powell v. Gardner, 891 F.2d 1039 (2nd Cir. 1989).

Sand, Siffert, Reiss, & Batterman, Modern Federal Jury Instructions (Civil), Instr. 87-83 (2004).

<u>**INSTRUCTION NO. 13:     SECTION 1981 STATUTE**</u>

The plaintiff also alleges that the defendant MDC violated Section 1981 of the Federal Civil Rights Act which is a federal civil rights law that prohibits racial discrimination in the making and enforcement contracts.  Section 1981 does not apply to discrimination based upon gender.

Section 1981 of the Federal Civil Rights Act provides:

(a)     State of equal rights

All persons within the jurisdiction of the United States shall have the same rights in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and the property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind and to no other.

(b)     Definition

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.


<u>**Authorities:**</u>

42 U.S.C. § 1981.

<u>Albert v. Carovano</u>, 851 F. 2d 561, 572 (2d Cir. 1988).

19

## <u>INSTRUCTION NO. 14     SECTION 1981 – ELEMENTS OF CLAIM</u>

In order for the plaintiff to establish her claim against the MDC under Section 1981, the plaintiff has the burden of proving by a preponderance of the evidence that the MDC had a discriminatory purpose or motive in failing to promote the plaintiff and that the MDC's actions were, more likely than not, motivated by the plaintiff's race. This burden can be met either by direct or indirect evidence of intentional discrimination.  Direct evidence would include statements showing a discriminatory motive for the MDC's treatment of the plaintiff.  Indirect or circumstantial evidence would include proof of a set of circumstances sufficient to create a reasonable inference that the plaintiff's race was a motivating factor in the defendant's treatment of the plaintiff.

In order to recover under section 1981, the plaintiff must prove each of the following elements by a preponderance of the evidence:

First, that the plaintiff must prove that the defendant failed to promote her; and

Second, that the plaintiff's race and/or national origin was a substantial or motivating factor that prompted the MDC's decisions; in other words, that the MDC had a discriminatory purpose of motive.

If either of the above elements has not been proved by the preponderance of the evidence, you must decide in favor of the defendant and you do not need to consider this claim any further.


<u>**Authorities:**</u>

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u> § 170.250 (5th ed. 2001)

American Bar Association, <u>Model Jury Instructions, Employment Litigation</u> § 1.03(1).

20

## <u>INSTRUCTION NO. 15: DEFINING RACIAL DISCRIMINATION</u>

Section 1981 is directed only at racial discrimination.  You must determine whether the discrimination, if any, involved in this case was racial discrimination.  It is not necessary, in order to determine that the discrimination was based on race, for you to find that the class being discriminated against constituted a discrete "race" as that term is commonly understood today.  If the plaintiff was subjected to intentional discrimination solely because of her ancestry or ethnic characteristics, then you should find that the alleged discrimination was based on race.  If, however, you believe that the alleged discrimination was not based on race alone, but rather on sex, religion or county of birth, then you must find for the defendant.

<u>Authorities</u>:

<u>Shaare Tefila Congregation v. Cobb</u>, 481 U.S. 615, 107 S.Ct. 2019, 93 L.Ed. 2d 697 (1987).

<u>Saint Frances College v. AlKhazraji</u>, 481 U.S. 604, 107 S.Ct. 2022, 96 L. Ed. 2d 582 (1987).

Sand, Siffert, Reiss, & Batterman, <u>Modern Federal Jury Instructions (Civil)</u>, Instr. 87-6 (2004).

## <u>INSTRUCTIONS NO. 16  MOTIVATING FACTOR</u>

The term "motivating factor" means that the evidence must show that, but for the plaintiff's national origin, or race, the plaintiff would not have been treated the way she was treated by the MDC. The term "motivating factor" does not mean that it was the MDC's only motivation for its decision not to promote the plaintiff, but it must have been a substantial factor that actually led the MDC to make its decision.

**<u>Authorities:</u>**

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u> § 170.20 (5th ed. 2001)

## <u>INSTRUCTION NO. 17:     SECTION 1981 – FAILURE TO PROMOTE</u>

You should be mindful that the law applicable to this case requires that an employer not discriminate against an employee applicant because of the employee's race. So far as you are concerned in this case, an employer may fail to promote an employee or applicant for any other reason, good, bad, fair or unfair and you must not second guess that decision or permit any sympathy for the plaintiff to lead you to substitute your own judgment for that of the MDC even though you personally may not favor the action taken and would have acted differently under the circumstances. Neither does the law require an employer to extend any special or favorable treatment to employees or applicants because of their race.

On the other hand, it is not necessary for the plaintiff to prove that the plaintiff's race as I have defined it for you was the sole or exclusive reason fro the MDC's decision. It is sufficient if the plaintiff proves that her race was a determinative consideration that made a difference in the MDC's decision.

If you find in the plaintiff's favor with respect to each of the facts that the plaintiff must prove, you must then decide whether the MDC has shown by a preponderance of the evidence that the plaintiff would not have been promoted for reasons apart from race.  If you so find, then your verdict should be for the MDC.

**<u>Authorities:</u>**

Eleventh Circuit Pattern Jury Instructions (Civil Cases), Federal Claims
Instruction No. 1.3.1 (2000).

**INSTRUCTION NO. 18:     SECTION 1981 – INTENT**

In order to establish the plaintiff's case, the plaintiff must prove by a preponderance of the evidence that the MDC was motivated by a discriminatory purpose. In other words, the plaintiff must provide that the MDC intentionally and purposefully discriminated against the plaintiff because of her race.

The plaintiff must prove that the MDC actually was motivated by a discriminatory purpose. It is not enough for the plaintiff to show that the MDC's conduct had a negative effect on members of the plaintiff's race.

**Authorities:**

General Bldg. Contractors Ass'n v. Pennsylvania, 458 U.S. 375, 391, 102 S.Ct. 3141, 3150, 73 L.Ed.2d 835 (1982).

Choudbury v. Polytechnic Institute of New York, 735 F. 2d 38 (2d Cic. 1984)

Sand, Siffert, Reiss, & Batterman, Modern Federal Jury Instructions (Civil), Instr. 87-11 (2004).

## <u>INSTRUCTION NO. 19:     TITLE VII STATUTE</u>

The plaintiff also alleges that Defendant  violated Title VII of the Civil Rights Act of 1974 which is a federal civil rights law that protects individuals against discrimination with respect to the "terms" and "conditions" of their employment.

Specifically, Title VII of the Civil Rights Act of 1964 provides that "[i]t shall not be an unlawful employment practice for an employer … to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's gender, race, and/or national origin."

**<u>Authorities:</u>**

42 U.S.C. § 2000e-2.

## INSTRUCTION NO. 20:    PATTERN OR PRACTICE CLAIM UNDER TITLE VII

In this case, the plaintiff has alleged that the defendant violated Title VII by engaged in a systematic pattern and practice of discrimination against her.  To prevail on this claim, the plaintiff must prove by a preponderance of the evidence that (1) a pattern or practice of disparate treatment against a protected group exists, and the pattern of practice of disparate treatment is the defendant's regular standard operating procedure; and (2) the disparate treatment was caused by purposeful or intentional discrimination.

A showing that the plaintiff, or any other person was victimized by disparate treatment by the employer, is not by itself sufficient to prevail on a claim of systematic disparate treatment.  Proof of isolated discriminatory acts is insufficient to establish systematic discrimination.

**Authorities:**

International Brotherhood of Teamsters v. United States, 431 U.S. 324, 336, 97 S.Ct. 1843, 52 L. Ed. 2d 396 (1977).

American Bar Association, Model Jury Instructions, Employment Litigation § 1.03(1)(a).

## INSTRUCTION NO. 21:     PLAINTIFF'S BURDEN OF PROOF- DISPARATE TREATMENT UNDER TITLE VII

To prevail on a claim of intentional discrimination under Title VII, the plaintiff must prove by a preponderance of the evidence that the defendant had a reason or motive to discriminate against her in the matter before this court.  The plaintiff must prove, either directly or indirectly, that there is evidence of intentional discrimination.  Direct evidence would include oral or written statements showing a discriminatory motivation for the defendant's treatment of the plaintiff.  Indirect or circumstantial evidence would include proof of a set of circumstances that would allow one to reasonably believe that her gender, race, and/or national origin was a motivating factor in the defendant's treatment of the plaintiff.

**Authorities:**

McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).

Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1084, 67 L. Ed. 2d 207 (1981).

American Bar Association, Model Jury Instructions, Employment Litigation § 1.02(1).

## INSTRUCTION NO. 22:  DIRECT EVIDENCE OF DISPARATE TREATMENT

I have instructed you that the plaintiff may prove intentional discrimination under Title VII through direct evidence. Direct evidence is evidence of remarks or actions that, if believed, directly prove that the plaintiff's gender and/or national origin was a factor in the defendant's decision not to promote the plaintiff.

Stray remarks in the workplace do not constitute direct evidence of discrimination.  This means that statements made by persons not involved in the decision not to promote the plaintiff or statements made by decision makers that are unrelated to the decision do not constitute direct evidence that the plaintiff's gender, race and/or national origin was a factor in the decision.

**Authorities**:

Price Waterhouse v. Hopkins, 490 U.S. 228, 109 S.Ct. 1775, 104 L. Ed. 2d 268 (1989).

American Bar Association, Model Jury Instructions, Employment Litigation § 1.02(2).

28

## <u>INSTRUCTION NO. 23:     DEFENSES AGAINST DIRECT EVIDENCE OF DISCRIMINATION</u>

Failing to promote an employee who is a member of a protected class (here, the plaintiff's gender and national origin) is not illegal if the reason for doing so is unrelated to the employee's membership in the protected class.  Therefore, the fact that the plaintiff is a member of a protected class is not, in and of itself, evidence of discrimination.

If you find that the plaintiff was not promoted because of factors other than her membership in a protected class, you must decide in favor of the defendant.  Only if you decide that the plaintiff's membership in a protected class was a factor that motivated or played a part in the defendant's decision not to promote the plaintiff, can you decide in favor of the plaintiff.

However, even if you decide that the plaintiff's gender and/or national origin has been shown to have been a factor in the defendant's action, if you also decide that the defendant demonstrated that it would have reached the same decision irrespective of the plaintiff's protected status, then you cannot award damages to the plaintiff.

<u>**Authorities**</u>:

American Bar Association, Model Jury Instructions, Employment Litigation § 1.02(2)(a).

<u>McDonnell Douglas Corp. v. Green,</u> 411 U.S. 792, 93 S.Ct. 1817, 36 L. Ed. 2d 668 (1973).

**INSTRUCTION NO. 24 - INDIRECT EVIDENCE OF DISPARATE TREATMENT**

The plaintiff may also prove intentional discrimination through use of indirect evidence. To establish discrimination by using indirect evidence, the plaintiff must prove what is called a prima face case of gender/ national origin discrimination.

To establish a prima facie case, the plaintiff must prove each of the following elements by a preponderance of the evidence.

(1)  that she was a member of a protected group;

(2) that she applied and was qualified for a job for which the employer was seeking applicants;

(3) that despite her qualifications she was rejected; and

(4) that after her rejection, the position remained open and the employer continued to seek applications from persons with the plaintiff's qualifications.

**Authorities**:

McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L. Ed. 2d 668 (1973).

American Bar Association, Model Jury Instructions, Employment Litigation § 1.02(3).

## INSTRUCTION NO. 25:  DEFENSES TO INDIRECT EVIDENCE OF DISCRIMINATION

You must consider any legitimate, nondiscriminatory reason or explanation stated by the defendant for its decision.  A legitimate nondiscriminatory reason is any reason or explanation unrelated to the plaintiff's gender and/or national origin.  In considering the legitimate nondiscriminatory reason stated by the defendant for its decision, you are not to second-guess that decision or to otherwise substitute your judgment for that of the defendant.

In this case, the ultimate burden of persuading the jury that the defendant intentionally discriminated against the plaintiff because of her gender and/or national origin remains at all times with the plaintiff.  The defendant is therefore not required to prove that its decision was actually motivated by the stated legitimate nondiscriminatory reason.

Authorities:

Griggs v. Duke Power Co., 401 U.S. 424 (1971).

McDonnell Douglas Corp. v. Green 411 U.S. 792, 93 S.Ct.1817, 36 L. Ed. 2d 668 (1973).

American Bar Association, Model Jury Instructions, Employment Litigation § 1.02(3)(b).

## <u>INSTRUCTION NO. 26:  PRETEXT</u>

If you find that the defendant has stated a valid reason, then you must decide in favor of the defendant unless the plaintiff proves by a preponderance of the evidence that the stated reason was not the true reason but is only a pretext or excuse for discriminating against the plaintiff because of her gender, race, and/or national origin.

In this case in which the plaintiff contends that she was denied various promotions for which she was qualified, the plaintiff cannot prove pretext by simply showing that she was better qualified than the individual who received the positions she sought.  Instead, the plaintiff must show that her credentials are so superior to those of the hired individuals that no reasonable employer could have selected those individuals over her.

The plaintiff can attempt to prove pretext directly by persuading you by a preponderance of the evidence that her membership in a protected class was more likely the reason for the defendant's decision than the reason stated by the defendant.

The plaintiff can also attempt to prove that the defendant's stated reason for its decision not to promote the plaintiff is a pretext by persuading you that it is just not believable.  However, it is not enough for the plaintiff simply to prove that the defendant's stated reason for its decision was not the true reason.  The reason for this is that the plaintiff always must prove by a preponderance of the evidence that she was not promoted because of her gender and/or national origin.  Therefore, even if you decide that the defendant did not truly rely on the stated reason for its decision not to promote the plaintiff, you cannot decide in favor of the plaintiff without further evidence that the defendant relied instead on the plaintiff's gender and/or national origin.

**<u>Authorities</u>:**

<u>McDonnell Douglas Corp. v. Green</u> 411 U.S. 792, 93 S.Ct.1817, 36 L. Ed. 2d 668 (1973).

<u>St. Mary's Honor Center v. Hicks</u>, 61 U.S.L.W. 4782, 113 S.Ct. 2742, 125 L. Ed. 2d 407 (1993).

<u>Byrnie v. Town of Cromwell, Board of Education</u>, 243 F. 3d 93, 20-21 (2d Cir. 2001)(To show pretext using comparative qualifications, the Plaintiff Chavez must show that her credentials are so superior to those of the hired individuals that no reasonable employer could have selected these individuals over her for the position.)

American Bar Association, <u>Model Jury Instructions, Employment Litigation</u> § 1.02(3)(a).

## <u>INSTRUCTION NO. 27    TITLE VII HOSTILE WORK ENVIRONMENT</u>

The plaintiff also claims that the defendant subjected her to a hostile work environment in violation in Title VII. I want to charge you separately with the additional legal requirements for the plaintiff's claim that the MDC created a hostile work environment on account of her sex, race and/or national origin.

In order to prove that her work environment was hostile, the plaintiff must prove by a preponderance of the evidence each of the following elements:  First, that she was subjected to harassment in the form of failure to be promoted; Second, that the MDC actually engaged in such conduct; Third, that the alleged harassment by the MDC was based upon the plaintiff's sex, race, and/or national origin.  Fourth, that the plaintiff's claimed conduct was so pervasive and sever as to affect detrimentally the terms and conditions of the plaintiff's employment at the MDC; and Fifth, that the MDC's actions would have detrimentally affected a reasonable person of the same sex, race and/or national origin in the plaintiff's position.

### <u>Authorities:</u>

42 U.S.C. § 2000e

<u>Meritor Sav. Bank, FSB v. Vinson</u>, 477 U.S. 57, 63-69 (1986).

<u>Cosgrove v. Sears, Roebuck & Co.</u>, 9 F.3d 1033, 1042 (2d Cir. 1993).

<u>Mattern v. Eastman Kodak Co.</u>, 104 F.3d 702 (5th Cir. 1997), *cert. denied*, 118 S. Ct. 336 (1997).

3 Hon. Edward J. Devitt, *et al*., <u>Federal Jury Practice And Instruction</u> § § 104.01, 104.09B (4th ed. 1987 & Supp. 1997).

## INSTRUCTION NO. 28:     HOSTILE WORK ENVIRONMENT – PERVASIVE AND SEVERE CONDUCT

If you determine that the plaintiff has proven that the conduct she alleges actually occurred, you cannot find for the plaintiff on her hostile environment claim unless you also determine that the plaintiff has proven that the MDC's conduct was so pervasive and sever as to affect detrimentally the terms and conditions of the plaintiff's employment **and** that is created an abusive environment. When you are considering this element of the plaintiff's hostile work environment claim, you should remember that not all workplace conduct that may be described as "harassment" violates Title VII. For harassment to be actionable, it must be sufficiently severe and persuasive to alter a condition of the victim's employment and it must create an abusive working environment.

The conduct must be extreme to amount to a change in the terms and conditions of employment. Isolated incidents are not enough to constitute harassment. Rather, in order to succeed on a claim, the plaintiff must prove that her workplace was permeated with discriminatory intimation, ridiculous and insults.

In order to determine whether the plaintiff has proven that there was an abusive working environment, you must consider all of the circumstances of the plaintiff's employment. Thus, you should consider the frequency of the alleged discriminatory conduct. As a general rule, incidents must be repeated and sufficiently continuous and concerted to be deemed "persuasive" within the meaning of section 1981. Isolated remarks or occasional episodes of harassment generally are not sufficient to establish a violation.

You should also consider whether the alleged discriminatory conduct was physically threatening or humiliating, or whether it was merely offensive.  Incidents that are

merely offensive or inappropriate if they are isolated and discrete, as opposed to being

pervasive and severe, are not enough to constitute a hostile work environment. The law does

not punish trivial behavior. As such, simple teasing, offhand comments and isolated incidents

(unless extremely serious) do not amount to discrimination. Only extreme conduct amounting

to a material change in the terms and conditions of employment is actionable.

This, if you determine that the MDC's conduct was merely offensive and was not

severe and pervasive, you must find for the MDC on plaintiff's Title VII hostile environment

claim.

**Authorities:**

Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 761, 118 S.Ct. 2257, 2268-69, 141 L.Ed.2d 633 (1998).

Faragher v. City of Boca Raton, 524 U.S. 775, 808, 118 S.Ct. 2275, 2293, 141 L.Ed.2d 662 (1998).

Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 118 S.Ct. 998 (1998).

Harris v. Forklift Systems, Inc., 510 U.S. 17, 21, (1993).

Meritor Sav. Bank, FSB v. Vinson, 447 U.S. 57, 64 (1986).

Quinn v. Green Tree Credit Corp., No. 97-9045, 1998 U.S. App. LEXIS 28108, *22 (2d Cir. Nov. 5, 1998).

Gallagher v. Delaney, 139 F.3d 338, 347 (2d Cir. 1998).

Tomka v. Seiler Corp., 66 F.3d 1295, 1306 n.5 (2d Cir. 1995).

Kotcher v. Rosa & Sullivan Appliance Center, Inc., 957 F.2d 59, 62 (2d Cir. 1992).

Carrero v. New York City Hous. Auth., 890 F.2d 569, 557-78 (2d Cir. 1989).

## <u>INSTRUCTION NO. 29:     HOSTILE WORK ENVIRONMENT –</u> <u>OBJECTIVE AND SUBJECTIVE STANDARD</u>

For the plaintiff to prevail on her hostile work environment claim, she must prove that the allegedly sexually and/or racially hostile environment was both **objectively <u>and</u> subjectively** offensive. In other words, the plaintiff must prove that she subjectively perceived the conduct to be hostile <u>**and**</u> that a reasonable person also would find that conduct to be hostile and abusive.

In determining whether a hostile work environment existed, you first must consider the evidence from the perspective of a reasonable person.  You must consider the total circumstances and determine whether the alleged harassing behavior could be objectively classified and determine whether the alleged harassing behavior could be objectively classified as the kind of behavior that would seriously affect the psychological well-being of a reasonable person.

If a reasonable person would view the MDC's behavior as hostile, you must then look at the evidence from the plaintiff's perspective. The plaintiff must subjectively perceive the environment to be hostile.

**<u>Authorities:</u>**

Faragher v. City of Boca Raton, 524 U.S. 775, 808, 118 S.Ct. 2275, 2293, 141 L.Ed.2d 662 (1998)

Harris v. Forklift Systems, Inc., 510 U.S. 17, 22, 114 S.Ct. 367, 371, 126 L.Ed.2d 295 (1993).

Tomka v. Seiler Corp., 66 F.3d 1295, 1305 (2nd Cir. 1995).

Mattern v. Eastman Kodak, 104 F.3d 702 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 336 (1997).

Brittell v. Dep't of Correction, 247 Conn. 148, 166-67, 717 A.2d 1254 (1998).

## INSTRUCTION NO. 30:     RETALIATION – OVERVIEW AND ELEMENTS

The plaintiff also alleges that the defendant retaliated against her on the basis of her national origin and sex by failing to promote her and  denying her training opportunities.   In order to prevail on a claim of retaliation, the plaintiff must prove all of the following: First, that the plaintiff engaged in a protected activity;   Second, that the MDC knew that the plaintiff had engaged in such protected conduct; Third, that the plaintiff was subjected to an tangible adverse employment action after the protected conduct took place; and  Fourth, that the MDC took an adverse employment action against the plaintiff because of the plaintiff's protected conduct.

**Authorities:**

42 U.S.C. § 2000(e)-3(a).

Fennell v. First Step Designs, Ltd., 83 F.3d 526, 536 (1st Cir. 1996)

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 171.25.

## INSTRUCTION NO. 31 - RETALIATION - PROTECTED ACTIVITY

With respect to the first prong, the term "protected activity" refers to action taken to protest or oppose statutorily prohibited discrimination.

**Authorities:**

Cruz v. Coach Stores, Inc., 202 F. 3d 560, 566 (2d Cir. 2000).

## <u>INSTRUCTION NO. 32:     RETALIATION – TANGIBLE ADVERSE EMPLOYMENT ACTION</u>

If you find that the plaintiff engaged in a protected activity, then you must next consider whether the plaintiff suffered a materially tangible adverse employment action. Not everything that makes an employment unhappy is actionable adverse employment action. A "tangible employment action" is a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits. Mere claims that a supervisor's actions frightened or intimidated an employee are not sufficient to meet this element of the plaintiff's claim of retaliation. As a general rule, an adverse employment action involves a material alteration in the terms and conditions of employment, such as a termination, a demotion, a refusal to promote, or the diminution of wages and job duties.

<u>Authorities:</u>

Burlington Industries, Inc. v. Ellerth 524 U.S. 742, 761, 118 S.Ct. 2257, 2268-69, 141 L.Ed2d 633 (1998)

Faragher v. City of Boca Raton, 524 U.S. 775, 808, 118 S. Ct. 2275, 2293, 141 L.Ed.2d 622 (1998)

Torres v. Pisano, 116 F.3d 625, 639-40 (2d Cir. 1997), *cert denied*, 118 S. Ct. 563 (1997).

Preda v. Nissho Iwai American Corp., 128 F.3d 789, 791 (2nd Cir. 1997).

Mattern v. Eastman Kodak, 104 F.3d 702 (5th Cir. 1997), *cert denied*, 118 S.Ct. 563 (1997).

Crady v. Liberty Nat'l Bank & Trust Co., 993 F.2d 132, 136 (7th Cir. 1993).

### INSTRUCTION NO. 33:     RETALIATION – CAUSAL CONNECTION

If you conclude the plaintiff engaged in a protected activity and that she experienced an adverse employment action, then you must next determine whether the plaintiff has proven by a preponderance of the evidence that the MDC caused her to experience the adverse employment action specifically because she protested, opposed, or complained of discriminatory conduct by MDC.  She must prove that her opposition to discriminatory conduct actually motivated the MDC to retaliate against her.

A casual connection may be established directly by evidence of a written or oral statement by the MDC that it took the adverse employment actions against the plaintiff specifically because she opposed and/or complained of discriminatory conduct by MDC. The plaintiff also may establish the necessary causal connection through proof of a retaliatory animus the MDC had against the plaintiff following her protected activities. Finally, the plaintiff can establish the required casual connection indirectly through evidence that adverse employment action followed shortly after the protected activity. In considering the plaintiff's retaliation claim, you must not consider any actions taken by the MDC against the plaintiff that relate to conduct occurring <u>before</u> the plaintiff engaged in the protected activity.

If you conclude that the plaintiff has failed to prove a causal connection between her testimony and the subsequent actions the MDC took toward her, then she has failed to establish her claim of retaliation and you must find for the MDC on the plaintiff's claims of retaliation.

**Authorities:**

Cosgrove v. Sears, Roebuck & Co., 9 F.3d 1033, 1039 (2d Cir. 1993).

Sumner v. United States Postal Serv., 899 F.2d 203, 208-09 (2d Cir. 1990).

DeCintio v. Westchester County Med. Center, 821 F.2d 111, 115 (2d Cir.), *cert. denied*, 484 U.S. 965 (1987)

Hill v.Pinkerton Sec. & Investigation Serv., 977 F. Supp. 148, 157 (D. Conn. 1997).

## <u>INSTRUCTION NO. 34:    DAMAGES</u>

If, and only if, you find that the plaintiff proved that the MDC violated section 1983, section 1981, or Title VII, then you must determine an amount of money that is fair compensation for the plaintiff's damages. I remind you that my charge to you regarding damages must not be taken as my indication that you should find for the plaintiff.

If however, you, do find in the plaintiff's favor, you may award compensatory damages for injuries that she has proven were actually caused by the MDC's wrongful conduct. You may compensate the plaintiff only for those injuries that are a direct result of defendants' wrongful conduct.  Plaintiff may not recover for any injury that existed prior to the incidents at issue, or for any injury from which she suffered that was not caused by the defendant's violation of 42 U.S.C. §1983 and §1981 or Title VII.

The damages you award must be fair compensation, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the defendant.

You should consider the following elements of damages, to the extend you find them proved by a preponderance of the evidence:

(a)  Net lost wages and benefits to the date of trial;

(b)  Emotional pain and anguish.

Finally in determining the amount of any damages that you may decide to award, you should be guided by dispassionate, common sense. You must use sound direction in fixing an award of damages, drawing reasonable interferences from the facts and evidence. You may not award damages based on sympathy, speculation, or guess work.

**<u>Authorities:</u>**

<u>Saulpaugh v. Monroe Community Hosp.</u>, 4 F.3d 134, 145 (2d Cir. 1993), *cert. denied,* 510 U.S. 1164 (1994)

3 Hon. Edward J. Devitt, *et al.*, <u>Federal Jury Practice and Instructions </u>§ 104 A.11 (4th ed. 1987 & Supp. 1997).

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instruction</u> § 170.60 (2001).

Sand, Siffert, Reiss, & Batterman, <u>Modern Federal Jury Instructions (Civil)</u>, Instr. 1.1.3 (2004).

Schwartz, <u>Section 1983 Litigation, Jury Instructions</u>, Volume 4, § 18.01.4.

## INSTRUCTION 35: CAUTIONARY INSTRUCTION CONCERNING COUNSEL'S REQUEST FOR DAMAGES

I instruct you that an attorney's statement to you of the amount of damages you should award the plaintiff is not binding upon you. It is not evidence; it is only a lawyer's statement.

It is the sole and exclusive function of the jury to determine the amount of money, if any, that will justly and fairly compensate the plaintiff for any injuries and damages she may have sustained. You are to make that determination solely on the basis of the evidence in this case, and on the law I will give you, and not on the basis of an attorney's statement, claim, or argument.

**Authorities:**

Schwartz, Section 1983 Litigation, Jury Instructions, Volume 4, § 18.01.3.

## INSTRUCTION NO. 36:     NOMINAL DAMAGES

If you find in favor of the plaintiff, but you find that her damages have no monetary value, then you must return a verdict for the plaintiff in the nominal amount of one dollar.

**Authorities:**

Hodge v. Seiler, 558 F.2d 284, 288 (5th Cir. 1997).

Bailey v. Runyon, 220 F.3d 879, 882 (8th Cir. 2000).

**<u>INSTRUCTION NO. 37:     DAMAGES – MITIGATION OF DAMAGES</u>**

Even if you find that the plaintiff was harmed, as alleged, by the conduct of the MDC, you must consider that the plaintiff was legally obligated to use reasonable care to minimize any resulting losses and damages. This requires good faith and reasonable conduct, and the requirement is met when the plaintiff does what a reasonably prudent person would be expected to do under the same circumstances.

The principle that a plaintiff injured by the wrongdoing of another must use reasonable care minimize her damages is of broad application.

I remind you again that my charge to you on the laws of damages must not be taken as my indication that you should decide for the plaintiff. It is for you to decide on the evidence as the rule of law that I have explained to you whether the plaintiff is entitled to recover anything from the defendants. If you decide that the plaintiff is not entitled to recover, your verdict will be for the defendant and you need go no further.

**<u>Authorities:</u>**

Sand, Siffert, Reiss, & Batterman, <u>Modern Federal Jury Instructions</u> (1995), Instr. 87-34

## INSTRUCTION 38: RULE AGAINST DOUBLE RECOVERY

You should not award damages more than once for the same injury. For example, if a plaintiff were to prevail on two claims and establish damages for the same injury under both claims, you could not award her damages on both of those claims. The plaintiff is entitled to be made whole, but is not entitled to recover more than she lost. Of course, if different injuries are attributed to the separate claims, then you may compensate her fully for all of her injuries.

**Authorities**:

Schwartz, Section 1983 Litigation, Jury Instructions, Volume 4, § 18.05.1.

## **CERTIFICATION**

The undersigned hereby certifies that the foregoing was mailed, first class, postage prepaid, this 10th day of February, 2005 to all counsel and pro se parties of record as listed below:

Francis A. Miniter
Miniter & Associates
100 Wells Street, Suite 1D
Hartford, Connecticut  06103

_____

Holly Quackenbush Darin