## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

---

```
                                          :
DAISY CHAVEZ                              :
                                          :       No. 3:02CV458(MRK)
VS.                                       :
                                          :
METROPOLITAN DISTRICT                     :
COMMISSION                                :
_____:
_____:
```

### PLAINTIFF'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS

### Proposed Instruction No. 1- Race and Sex Discrimination Claims Under Title VII Of The Civil Rights Act of 1964

The plaintiff has also brought her claim under Title VII of the Civil Rights Act. Title VII protect against discrimination with respect to the "terms" and "conditions" of employment. 42 U.S.C. § 2000e-2(a)(1). Under Title VII of the Civil Rights Act of 1964, "[i]t shall be an unlawful employment practice for an employer...

1.  to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual∗s race, color, or sex,...

2.  to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of

1

such individual∗s race, color, ..or sex" 42 U.S.C. § 2000e-2.

This federal law means that an employer cannot discriminate on the basis of race or sex against the plaintiff in her terms and conditions of employment, which includes any denial of promotion, disciplinary actions, and termination of employment.  An employer may not intentionally deny a promotion to the plaintiff because she is Hispanic and a female and promote a white or male job applicant without regard to qualifications, because of race and sex.


### **Authorities**

Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253-54 (1981).

St. Mary∗s Honor Center v. Hicks, 509 U.S. 502, 505-512 (1993).

Furnco Construction Corp v. Waters, 438 U.S. 567, 577 (1978).

Chambers v. TRM Copy Centers Corp., 43 F.3d 29, 37 (2d Cir. 1994).

De la Cruz v. New York City Human Resources Admin., 82 F.3d 16, 20 (2d Cir. 1996)(quoting
    Powell v. Syracuse University, 580 F.2d 1150, 1155 (2d Cir.) cert denied, 439 U.S. 984
    (1978)(alteration in original).

Owens v. New York City Housing Authority, 934 F.2d 405, 409 (2d Cir.), cert. denied, 502 U.S.
    964 (1991).

Gallo v. Prudential Residential Servs., Ltd. Partnership, 22 F.3d 1219, 1224 (2d Cir. 1994);

Ramseur v. Chase Manhattan Bank, 865 F.2d  460, 465 (2nd Cir. 1989)

**Proposed Instruction No. 2- Promotion Claim.**

Plaintiff claims that the Metropolitan District Commission violated the provisions of Title VII of the Civil Rights Act of 1964 by intentionally discriminating against plaintiff on the basis of her ethnicity (Hispanic), national origin (Cuba) and sex, namely, through denying Plaintiff promotions to positions for which she applied, in order to fill these positions with applicants who were white and/or male.

It is the plaintiff's burden to persuade you by a preponderance of the evidence that the promotion was denied because of ethnicity, national origin or sex. Cabrera v. Jakabovitz, 24 F.3d 372, 382 (2d Cir. 1994). At all times, the plaintiff bears the ultimate burden of proving that discrimination (here race or sex) was a determinative factor in the adverse employment decision. See generally St. Mary∗s Honor Ctr. v. Hicks, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). The dispositive fact that you must decide is whether Ms. Chavez has proven by a preponderance of the evidence that her race or sex was a determining factor in the MDC∗s decision not to promote her. She need not prove that her race or sex was the sole or exclusive reason for the MDC∗s decision not to promote her.

Plaintiff is not required to produce direct evidence of intentional discrimination.  Intent ordinarily may not be proven directly, because there is no way of fathoming or scrutinizing the operations of the human mind.  But you may infer a person∗s intent from surrounding circumstances.  You may consider any statement made or act done or omitted by a party whose intent is at issue, and all other facts and circumstances which indicate his state of mind.

Here, Plaintiff must establish by a preponderance of the evidence that she is a Hispanic female, that she applied for and was qualified for an available position, that she was rejected, and

that after she was rejected defendant either continued to seek applicants for the position, or, as is alleged here, filled the position with a white or male employee. Patterson v. Maclean Credit Union, 109 S.Ct. 2363(1989).

You are entitled to infer, but need not, that the plaintiff has met her ultimate burden of demonstrating intentional discrimination by a preponderance of the evidence if you find that plaintiff is a Hispanic female, that she applied for and was qualified for an available position, that she was rejected, and that after she was rejected defendant either continued to seek applicants for the position, or, as is alleged here, filled the position with a white or male employee and you disbelieve the MDC*s explanation for not having promoted her. Cabrera v. Jakabovitz, 24 F.3d 372, 382 (2d Cir.1994); Texas Dep*t of Community Affairs v. Burdine, 450 U.S. 248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

In other words, if you find that the employer*s explanation was a pretext, that is, a mere excuse, a ruse or cover-up for the real reasons for the denial of promotion the plaintiffs race or gender, then you are permitted, albeit not mandated, to return a verdict in the plaintiffs favor. *See* Hicks 509 U.S. at 511. A reason is pretextual within the meaning of this case, if race or sex, and not the given reason, was a motivating factor for the employment actions. Plaintiff need not, however, establish that race or sex was the sole motivating factor for the employment actions.

To meet the burden of persuasion under Title VII, the plaintiff does not have to prove that she was better qualified than any of the successful applicants for the vacant position. Patterson v. Maclean Credit Union, 109 S.Ct. 2363(1989).

In order to demonstrate that defendant*s claim to have promoted a better qualified applicant was pretextual, plaintiff is not required to show that she was in fact better qualified

than the person chosen for the position. Patterson v. Maclean Credit Union, 109 S.Ct. 2363(1989). There are certainly other ways in which plaintiff could seek to prove that defendant∗s reasons were pretextual. Thus, for example, plaintiff could seek to persuade you that defendant had not offered the true reason for its promotion decision by presenting evidence of respondent∗s past treatment of plaintiff, including the instances of the racial harassment which she alleges, defendant∗s alleged retaliatory actions, statements or other actions by the employer which reveal hostility towards Hispanic or female employees. You may consider evidence of the timing, ambiguous statements oral or written, behavior toward or comments directed at other employees in the protected group, and other bits and pieces from which an inference of discriminatory intent might be drawn. You may also consider evidence that similarly situated white or male employees received systematically better treatment. In other words the defendant did not afford the same treatment to similarly situated persons who were not members of the plaintiff's protected class. McDonnell Douglas Corp. v Green (1973) 411 US 792, 36 L Ed 2d 668, 93 S Ct 1817, Texas Dep∗t of Community Affairs v Burdine (1981) 450 US 248, 67 L Ed 2d 207, 101 S Ct 1089.

You may consider evidence that similarly situated employees or applicants, who are not members of a plaintiffs protected group, were treated more favorably under comparable circumstances, McDonald v Santa Fe Trail Transp. Co. (1976) 427 US 273, 49 L Ed 2d 493, 96 S Ct 2574. You may also consider evidence that the employer deviated from its established rules or procedures in dealing with the plaintiff, such as not hiring employees through the job posting process. Brown v A. J. Gerrard Mfg. Co. 643 F2d 273, (5th Cir.1981); Lindsey v Angelica Corp. 508 F Supp 363, (E.D.Mo.1981).

A discriminatory intent can be inferred from the mere fact of differences in treatment of Hispanics and whites or men and women in similar circumstances. It is for you to decide what facts have been established by the evidence.

If you find that the defendant intentionally discriminated against the plaintiff because of her race and sex, then you must find for the plaintiff and award her promotion to one of the positions with full seniority and full back pay.

### Authorities

<u>Furnco Construction Corp v. Waters</u>, 438 U.S. 567, 577 (1978).

<u>Texas Dep*t of Community Affairs v Burdine</u> 450 US 248, (1981).

**Proposed Instruction No. 3- Racially Hostile Work Environment and Harassment.**

In order to prevail on her hostile work environment racial harassment claim under the Title VII, Ms. Chavez has to show that (1) she belonged to the protected groups at issue; (2) she was subjected to unwelcome racial harassment; (3) the harassment was based upon her race; (4) the harassment affected the conditions of her employment; (5) the defendant acted with discriminatory purpose or intent.

The plaintiff must show that the harassment was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment. See <u>Harris v. Forklift Sys.</u>( 1993) 510 US 17, 126 L Ed2d 295, 114 S Ct 367, on remand, remanded (CA6) 14 F3d 601.; <u>Edwards v. Wallace Community College</u>, 49 F.3d 1517, 1521 (11th Cir.1995); Cross, 49 F.3d at 1507.

To determine if a hostile work environment exists, you must assess the working environment from the standpoint of 'a reasonable Hispanic person or woman.∗ Plaintiff's diminished performance resulting from the employer's discriminatory behavior, such as the creation or condonation of a racially hostile work environment, cannot be a legitimate reason for adverse treatment. <u>Broderick v Ruder</u> (1988, DC Dist Col) 685 F. Supp 1269.

Discriminatory behavior that is so pervasive and severe that it creates a hostile or abusive working environment violates Title VII. <u>Meritor Sav. Bank, FSB v Vinson</u> (1986) 477 US 57, 91 L Ed 2d 49, 106 S Ct 2399, 40 BNA FEP Cas 1822, 40 CCH EPD ¶36159, on remand, remanded (App DC) 255 US App DC 397, 801 F2d 1436.  Such conduct is unlawful when it is motivated by any of the bases of discrimination covered by Title VII.  Whether a working

environment is sufficiently hostile or abusive must be determined by both an objective standard, as viewed by a reasonable person, as well as a subjective standard, taking the victim*s perception into account. In determining whether harassment is serious enough to create a hostile work environment, the employer*s conduct, as a whole, is evaluated in the context of all the relevant circumstances. <u>Haehn v Hoisington</u> 702 F Supp 1526, (DC Kan. 1988).

These circumstances may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and, whether it unreasonably interferes with an employee*s work performance.    <u>Paape v Wall Data</u> 934 F Supp 969 (ND I11,1996).

**<u>Proposed Jury Instruction No. 4  - Retaliation Claims</u>**

Title VII prohibits discrimination against employees who oppose unlawful employment practices or participate in any charge or investigation under the Act. 42 U.S.C. § 2000e-3(a). An actual violation of Title VII by the employer is not a prerequisite for a retaliation claim; the employee need only have a sincere and reasonable belief that she is challenging conduct that violates Title VII. <u>Holland v. Jefferson Nat∗l Life Ins. Co.</u>, 883 F.2d 1307, 1314 (7th Cir.1989).

The plaintiff must prove by a preponderance of the evidence the following elements regarding her retaliation or reprisal for engaging in protected activities: 1) Plaintiff engaged in a protected activity; 2) Plaintiff's activity was known to Defendant; 3) Defendant took adverse action against plaintiff; 4) a causal connection exists between plaintiff's engaging in the protected activity and the adverse action. <u>Wrenn</u> <u>v. Gould</u>, 808 F.2d 493, 500-501 (6th Cir. 1987).

Where an employee∗s diminished work performance is caused by the employer∗s discrimination or retaliatory action, the employer cannot in turn rely on it as a non-discriminatory reason for adverse action. <u>Ardrey v. United Parcel Services</u>, 615 F. Supp. 1250, 1298 (W.D. N.C. 1985), <u>affirmed on other grounds</u>, 798 F.2d 679, (4th Cir. 1986), <u>cert. denied</u>, 107 S.Ct. 1575 (1987).

The attempt to build up documentation to justify an employer's decision after an employee has filed a complaint or protested against the employer is direct evidence of an impermissible retaliatory motive. <u>Moffett v. Gene B. Glick. Inc.</u>, 621 F. Supp. 244, 282 (D.C. Ind. 1985). An employer or supervisor may be held liable for discrimination or retaliation where

he acquiesces in or condones unlawful acts by his subordinates. <u>Howard v. National Cash Register Co.</u>, 388 F. Supp. 603 (S.D. Oh. 1975); <u>Bell v. St. Regis Paper Co.</u>, 425 F. Supp. 1126 (N.D. Oh. 1976); <u>Robsen v. Eva*s Super Market, Inc.</u>, 538 F.Supp. 857, 861-62 (N.D. Oh. 1982).

Plaintiff claims that she engaged in protected activities with respect to her own employment situation in that she engaged in such protected activities routinely on her own behalf at important stages with regard to her own circumstances and those of other employees. She claims that these activities were well-known to defendants* agents who took adverse action against her. It is up to you to determine whether a causal connection existed between plaintiff's engaging in such protected activities and the adverse decisions to refuse to promote her.

To establish a causal link, the plaintiff only has to establish "that the protected activity and the adverse action were not wholly unrelated." <u>Simmons v. Camden County Bd. of Educ.</u>, 757 F.2d 1187, 1189 (11th Cir.1985), quoted in <u>Holland</u>, 883 F.2d at 1315 n. 4.  Once again, suspicious timing does constitute circumstantial, or indirect, evidence to support a claim of discrimination.

It is not necessary for Ms. Chavez to prove that a retaliatory motive was the sole motivation of, or even a primary motivation for, the defendant*s decision to not to promote her or allow her to work in a position that would lead to promotion. The plaintiff need only prove that it played a part in the decision even though other factors may have motivated the defendant. Once Ms. Chavez shows that a retaliatory motive was a motivating factor in the defendant*s decision, it is the defendant*s burden to articulate a legitimate, nonretaliatory reason for its decision not to promote her and to sideline her career.  If the defendant does so, Ms. Chavez

must prove by a preponderance of the evidence that the proffered legitimate reason is in fact a pretext and that retaliation was a motivating factor in the defendant∗s decision. Ms.Chavez retains the ultimate burden of persuading you by a preponderance of the evidence that she was retaliated against as she claims. Ms. Chavez claims that the defendant∗s reasons for not promoting her and sidelining are not the true reasons why she received such treatment, that such reasons are unworthy of belief, and that the true reason was that she opposed an employment practice or practices she reasonably believed to have been sexually and racially discriminatory. When you consider Ms. Chavez∗s evidence that the reason advanced by the defendant is a pretext, keep in mind that the relevant question is whether or not the defendant∗s reason was the real reason for its actions   However, you may consider whether the defendant∗s reason is merely a cover-up for unlawful retaliation. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), Texas Dep∗t of Community Affairs v. Burdine, 450 U.S. 248 (1981).

      At all times, however, the plaintiff retains the ultimate burden to show that she has been the victim of intentional discrimination. See St. Mary∗s Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993) (quoting Burdinne, 450 U.S. at 253).

**<u>Proposed Jury Instruction No. 5   (Section 1981 Claim)</u>**

The laws under which the plaintiff is suing are called the Civil Rights Acts of 1865 which are found in Volume 42 of the United States Code, Sections 1981. The Civil Rights Act of 1865 provides that "all persons [regardless of race] shall have the same right in every State and Territory to make and enforce contracts.... and makes it unlawful for an employer to refuse to deny promotion to any individual or otherwise discriminate any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual∗s race.

This federal law means that an employer cannot discriminate on the basis of race against the plaintiff in her terms and conditions of employment, and her protest at what she perceived to be discriminatory denial of promotion, equal terms and conditions of employment and the supervisors∗ creating and condoning harassing and intimidating work environment for other employees.

It is unlawful for an employer to intentionally refuse to hire, or intentionally retaliate against any person, or otherwise discriminate against any person with respect to compensation, tenure, conditions or privileges of employment because of such person∗s race. The plaintiff in this case claims that the defendants intentionally discriminated against her based upon her race and retaliated against her on the basis of her participation in protected activities. The defendants deny this charge. It is your responsibility to decide whether the plaintiff has proven her claim against the defendants by a preponderance of the evidence.

Section 1981 requires that the plaintiff prove that the defendants intentionally discriminated and retaliated against her. However, plaintiff is not required to produce direct

evidence of intentional discrimination. Intentional discrimination may be inferred from other facts. You may therefore consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of his acts knowingly done or knowingly omitted. A discriminatory intent can be inferred from the mere fact of differences in treatment of Hispanics and whites in similar circumstances.  It is for you to decide what facts have been established by the evidence.

Thus if you find that the Hispanic female plaintiff was not promoted by the defendants under circumstances in which a white, male employee was, you may draw an inference of race discrimination.

**<u>Proposed Jury Instruction No. 6: Section 1983 Claim</u>**

Section 1983 of Title 42 of the United States Code provides:

Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To establish a claim under Section 1983, the plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that one or more of the defendants* acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff I shall now examine each of the three elements in greater detail. 42 U.S.C. §1983.

"Acting under color of law" means "under pretense of law" and simply means that the acts complained of would not have occurred but for the fact that the person committing them was an official purporting to exercise his or her official powers.

In this case, it is not disputed that the actions of one or more of the defendants were taken while acting in their official capacity, and you can, therefore, find that they were acting under color of law, within the meaning of the statute. <u>Monroe vs. Pape</u>**,** 365 U.S. 167 (1961).

The plaintiff must next prove that those acts caused her to suffer the loss of one or more

Federal rights. The plaintiff claims that she was caused to lose her equal protection rights as well as procedural and substantive due process rights which I will explain in more detail later on.

The Plaintiff's federal civil rights claim states that the Defendant violated her right to equal protection of the laws, under the Fourteenth Amendment to the United States Constitution. The Fourteenth Amendment provides, in relevant part, that "No State shall ...deny to any person within its jurisdiction the equal protection of the laws." This, the equal protection clause of the United States Constitution, is violated where government officials intentionally treat individuals differently from other persons similarly situated. <u>Yale Auto Parts. Inc. vs. Johnson</u>, 758 F. 2d 54, 61 (2d Cir. 1985); <u>Powell vs. Power</u>, 436 FR. 2d 84, 88 (2d Cir. 1970).

The Plaintiff can prove this claim if she established that she, compared with others similarly situated, was selectively treated, that such selective treatment was based upon malicious or bad faith intent to injure her, and that such treatment had no legitimate relationship to a rational state interest. <u>LeClair vs. Saunders</u>, 627 F.2d 606, 609-610 (2d Cir. 1980); <u>City of Cleburne, Texas vs. Cleburne Living Center</u>, 473 U.S. 432, 439-40 (1985).

The third element which the plaintiff must prove with respect to both her due process and equal protection claims, is that one or more of the defendants∗ acts were a proximate cause of the injuries she sustained. Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by one plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of any defendants∗ act or omission. If an injury was a direct result or a reasonably probable consequence of a defendants∗ act or omission, it was proximately caused by such act or

omission. In other words, producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order for the plaintiff to prevail on her civil rights deprivation claim, she need not prove that the defendants intended to deprive her of her Constitutional rights. It is also not necessary to prove an intent, motive or purpose to discriminate. It is sufficient to establish that the deprivation of Constitutional rights or privileges was the natural consequences of the actions of defendants acting under color of law, irrespective of whether such consequence was intended. Gomez vs. Toledo, 446 U.S. 635, 100 S. Ct. 1920, 64 L.Ed.2d 572 (1980); Urv vs. Santee, 303 F.Supp. 119 (N.D. I11.1969); Richardson vs. Indianapolis, 658 F.2d 494 (7th Cir. 1981).

If you determine that the Defendant is liable to the Plaintiff for the wrongs alleged in this action, based upon any of the claims raised, you should then consider damages. The object of an award of damages is to place the injured party, as near as may be possible, in the situation he would have occupied, if the wrong had not been committed. Within the guidelines of these instructions, the amount to be awarded rests largely in your good discretion. Albemarle Paper Company vs. Moody, 422 U.S. 405 (1975).

The federal civil rights act under which the plaintiff brings this suit was enacted by Congress to enforce the Fourteenth Amendment to the United States Constitution. The Fourteenth Amendment to the Constitution provides that:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

You are instructed as a matter of law that under the Constitution of the United States,

every citizen has the right to his liberty, that is, the right not to be denied or barred from public employment under circumstances that put his or her reputation, honor or integrity at stake without due process of law.

You are further instructed that the federal civil rights statute under which the plaintiff sues provided that a person may seek relief in this court by way of damages against any person or persons who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

**Proposed Jury Instruction No.7 -DAMAGES INSTRUCTIONS**

If you find the defendant is liable to the plaintiff under any or all of the foregoing theories, then you must also determine an amount that is fair compensation for all of the injuries, if any, that she suffered because of the discrimination. The purpose of damages is to make the plaintiff whole—that is, to compensate the plaintiff for the damage that the plaintiff has suffered. Under Title VII and Sections 1981 and 1983 damages include (1) lost salary and benefits and (2) compensatory damages for intangible losses. Intangible losses may include, but are not limited to, emotional pain, suffering, inconvenience, mental anguish, humiliation, shame, loss of self-esteem, fear, embarrassment, depression, and injury to reputation or professional standing which plaintiff has suffered or may suffer in future.

You may award damages only for injuries that the Plaintiff proves were caused by the Defendant's allegedly discriminatory conduct. The damages that you award must be fair compensation for all of Ms. Chavez∗s damages, no more and no less. You should not award damages for speculative injuries, but only for those injuries which Daisy Chavez has actually suffered or is reasonably likely to suffer in the future.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence. You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

One element of the damages that you must consider is back-pay and benefits. That is, as part of a damage recovery, you must award Daisy Chavez an amount equal to the pay and benefits that she would have received from the Defendant had she been promoted, from the time

that she was not promoted until the date of trial.

Plaintiff is not required to prove with unrealistic precision the amount of lost earnings, if any, due to Chavez. Any ambiguities in determining what she would have earned should be resolved against the Defendant.

If Defendant is found liable, Ms. Chavez is entitled to compensatory damages that she has suffered as a direct result of Defendant's conduct. No evidence of the monetary value of intangible things, such as mental pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate Ms. Chavez for the damages she has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make should be fair in light of the evidence.

If you find that Ms. Chavez is entitled to compensatory damages for intangible losses, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the Plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

If you find that the Defendant is liable for the Plaintiff's injuries, you must award Plaintiff the compensatory damages that she has proven.

You may consider the following potential items of damage in reaching your determination:

1. Injury to reputation and standing in the community; and

2. Shame, humiliation, and mental suffering; and

3. Out-of-pocket loss, including lost income, medical expenses, and lost earning capacity

in the future.

If you consider the issue of future damages, the plaintiff is entitled to the reasonable value of any loss of future earning power necessarily caused by the discrimination and retaliation. In determining this amount, you may consider what the plaintiff's earning power was before the statement, what it would have been at the present time had the statement in question not taken place, and what it is now.

A damaged plaintiff should not be deprived of compensation merely because she cannot prove the exact dollar value of the damages suffered.

Damages for injury to reputation and standing in the community, as well as for shame, humiliation, and mental suffering, if any, are compensatory damages. The law fixed no precise standard for computing such damages, but leaves it to the jury*s sound discretion to fix the appropriate amount.

The measure of any future damage is the present loss in dollars which the plaintiff with reasonable certainty will sustain in the future, which is capable of measurement by the present value of money.

The plaintiff is entitled, should you find that the evidence warrants, to recover damages for any mental anguish, depression, humiliation, embarrassment or emotional distress or any other kind she has suffered as a direct result of defendant*s wrongful acts.

In determining the amount to be awarded in this regard, if you think it is justified, you may take into account, the plaintiffs past and present suffering and any future suffering she will experience as a direct result of defendant*s wrongful acts. You may take into account the plaintiff's emotional distress she was already suffering. You may take into account the duration

of time which plaintiff suffered emotional distress in calculating the amount of money damages. But you may only take these factors into consideration if the plaintiff has proved them by a preponderance of the evidence.

PLAINTIFF
DAISY CHAVEZ

By_____
____
Francis A. Miniter
Miniter and Associates
100 Wells Street, Suite 1D
Hartford, CT 06103
phone 860-560-2590
fax    860-560-3238
email: miniter@attglobal.net
Fed. ID No. CT09566

21