**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DAISY CHAVEZ,<br>Plaintiff<br><br>v.<br><br>THE METROPOLITAN DISTRICT COMMISSION,<br>Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | DOCKET NO. 3:02CV458 (MRK)<br><br><br><br><br><br><br>FEBRUARY 10, 2005 |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE LEVY & DRONEY REPORT**

The Defendant, Metropolitan District Commission ("MDC") hereby seeks to exclude from evidence a document entitled "Compliance Audit of Employment Practices of the Metropolitan District Commission Undertaken by Legal Counsel, dated March 15, 2002" (hereinafter "Levy & Droney Report") and to preclude any testimony relating to the contents thereof on the basis that (1) the Plaintiff has not listed any witness who can authenticate the report; (2) the report is irrelevant to the claims of the Plaintiff Chavez; (3) the report is based on and contains inadmissible hearsay; and (4) its probative value, if any, is outweighed by unfair prejudice.

## I. BACKGROUND

On or about November 1, 2001 MDC engaged the law firm of Levy & Droney, P.C. to conduct an independent investigation of MDC's compliance with its existing policy not to discriminate against any employee because of race, ancestry, color, creed, national origin, sex, age,

physical disability, union membership or activity. The audit also sought a determination as to whether MDC was in compliance with its nondiscrimination policy as it relates to wages, hour and condition or work. See Report at pp. 2-3.[1] The audit was initiated in response to employee complaints of racial discrimination and/or retaliation.

During the audit, Levy & Droney reviewed all MDC policies, procedures, and practices and conducted interviews of approximately 38 employees, as well as several Board members, and twice met with members of a special Blue Ribbon Commission created to oversee the audit. Report p. 11. At the conclusion of the audit, Levy & Droney issued a fifty (50) page written report of its findings and recommendations, entitled "Compliance Audit of Employment Practices of the Metropolitan District Commission Undertaken By Legal Counsel", dated March 15, 2004.

It is important to note that the Plaintiff's complaints in the instant action are not covered by the compliance audit.

## II. LEGAL ARGUMENT

### A. The Plaintiff Has Not Listed Any Witnesses To Authenticate The Report

The Levy & Droney Report was prepared by John Rose, Jr. Lisa Zaccardelli and John Droney from the law firm of Levy & Droney and is addressed to Marilyn Cohen, an MDC Commissioner. See Report p. 50. However, none of theses individuals have been identified as

[1] The Plaintiff has indicated its intent to introduce the Levy & Droney Report as an Exhibit and thus the Court will be provided with a copy of the report when the exhibits are filed. Therefore, given the extensive nature of the report, the Defendant has not attached it hereto but can submit it if the Court so requires.

witnesses and thus the Plaintiff will not be able to authenticate the Report and it should not be admitted.

**B. The Report Is Irrelevant**

Under Fed. R. Evid. 402, “Evidence which is not relevant is not admissible.” Relevant evidence “means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” Fed. R. Evid. 401.

The Levy & Droney report is irrelevant because it does not address the Plaintiff or her specific allegations in this matter. In both of the action which have been consolidated for trial, the Plaintiff alleges discrimination arising from the Defendant's failure to promote her to various positions and the Defendant's transfer of the Plaintiff from her former position in customer service to a temporary position in the Engineering and Planning Department. These issues are not addressed in the Levy & Droney Report. For this reason, the Report cannot “make the existence of any fact that is of consequence to the determination of the action more probable or less probable."

**D. The Report Is Clearly Hearsay**

Not only is the Levy & Droney Report irrelevant, but the Report and statements within it attributable to unnamed declarants are hearsay and therefore inadmissible. Fed. R. Evid. 801(c ), 802. Further, although hearsay evidence might be admissible if it falls with the narrow exceptions to

the hearsay rule provided in Red. Rule Evid. 803 or 804, the Report does not fall within one of the exceptions to hearsay.

**i. The Levy & Droney Report Is Not A Business Record**

The Levy & Droney Report was a special audit was ordered by MDC to respond to several employee complaints relating to the MDC's employment practice. There is no suggestion or evidence that the generation of such a report was the regular practice of the MDC. In Paddack v. Dave Christensen, Inc. 745 F. 2d 1254 (9th Circ. 1984) the Court excluded an compliance audit report done by the employer's outside accountants on the basis that it was hearsay and was not covered by the exceptions to the hearsay rule and stated:

> We also believe that the compliance audit reports cannot be viewed as the business records of Touche Ross. This was not a regularly conducted audit of the Employer, it was a special audit ordered in response to the Trustees' suspicion of irregularities. These reports, which are the direct product of the accountants, are not "business records" of the accounting firm within the meaning of Rule 803(6)…Such reports do not contain the same reliability that normally attends records kept in the course of a regularly conducted business activity.

Id. at 1258.

Here, like in Touche, the Levy & Droney Report was as a special report and does not contain the reliability that normally attends records kept in the course of regularly conducted business activity.

**ii. The Report Is Not An Admission Of A Party Opponent**

Rule 801 of the Federal Rules of Evidence provides an exception to the hearsay rule for admission by party opponents. This includes statements "by a person authorized to make a statement concerning the subject" and "statements by the party's agent…concerning a matter within the scope of the agency…."

To the extent that an exception to hearsay rule exists for admissions of a party opponent the Levy & Droney report does not fall within this exception. In the instant case, the report was drafted by Levy & Droney attorneys and in making the statements therein they were not speaking for the MDC but rather to the MDC and there is no evidence that the MDC considered them its authorized agents.

The Plaintiff has not listed any of the attorneys who drafted this document as witnesses nor has she listed any other witness who can establish that the Levy & Droney attorneys were authorized to speak as agents of the MDC.[2] Therefore, it is clear that any attempt to establish such relationship would be through hearsay evidence which is impermissible. See U.S. v. Jones, 766 F. 2d 412, 415 (9th Cir. 1985).

Further, to the extent it could be argued that the hiring of Levy & Droney was like hiring an expert, other Courts have held that experts are not agents for the purposes of Rule 801(d)(2)(D).

---

[2] The Plaintiff lists Bourke Spellacy as a witness but indicates that he is to testify about the report's implementation.

Kirk v. Raymark Industries, Inc. 61 F. 3d 147, 164-65 (3d Cir.) cert. denied, 516 U.S. 1145 (1995)(expert witness hired by opposing party is not an agent for allowing statements to be admitted as agents of a party opponent.)

*Assuming arguendo* that the Levy & Droney report can be construed as an admission, since most of the Report contains inadmissible hearsay, it should be excluded. As stated previously, the Levy & Droney report contains numerous statements from unknown declarants which are clearly hearsay. See Williams v. Pharmacia, Inc. 137 F. 3d 944, 950-51 (7th Cir. 1998) (statements by plaintiff's co-workers about their poor treatment by supervisors are hearsay given that they were not the employer's agents for making employment decisions); Evans v. Port Authority of New York, 192 F. Supp. 247, 262-65 (S.D.N.Y. 2002(employees' statements about employer in discrimination case were outside the scope of their employment and hence were inadmissible hearsay.)

The Levy & Droney Report indicates that approximately 38 unnamed employees were interviewed and that those employees who advised that their statements would be treated confidentially. See pages 6-7, p. 11 and Exhibit G to Report. Clearly, statements made by such individuals are classic hearsay which the Plaintiff seeks to take advantage of to bolster her unrelated discrimination claims.

Thus, the Levy & Droney report is clearly inadmissible on the basis that it is hearsay.

**E. Assuming Arguendo That The Report Is Otherwise Admissible, Its Probative Value Is Outweighed By Unfair Prejudice, And Juror Confusion.**

Rule 403 of the Federal Rules of Evidence provides:

> Although relevant, evidence may be excluded it is probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Even if the Court were to determine that the Levy & Droney Report was relevant to the plaintiffs claims and otherwise admissible, the Court should still rule that the Report is inadmissible after conducting the balancing test required by Rule 403. See Coleman v. Home Depot. Inc.. 306 F.3d 1333. 1335 (3d Cir. 2002) (ruling that even an EEOC letter of determination "which is presumptively probative when not challenged as untrustworthy under Rule 803(8)(C), can nonetheless be excluded due to the considerations identified in Rule 403."). "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time. or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Each of the factors listed in Rule 403 apply to the Report and the Rule 403 balancing test tips decidedly in favor of excluding the Report from evidence. The plaintiff seeks admission of the Report because it casts the MDC in a negative light. Although the Report mentions anonymous allegations of race discrimination and other employee complaints at the MDC, it provides no facts relating to such allegations. Reports that do not contain supporting facts have minimal probative value. See Coleman, 306 F. 3d at 1339 ("The EEOC report in this case does not contain any footnotes or references to exactly what evidence is being relied upon.").

In addition, the Report would admit evidence of other employees' unrelated employment histories at the MDC. The Report also contains as exhibits newspaper articles, lists of pending claims, and describes what are essentially opinions, rumors, and conjecture from current and former MDC employees. Given that the Report has such minimal probative value, particularly in light of the Court's previous rulings in this matter, the substantial unfair prejudice that would result from the Report renders it inadmissible.

The Report also will likely confuse the jury. Because the Levy & Droney Report addresses a wide range of employment practices, a wide range of MDC employees, including unionized workers whose employment is governed by several collective bargaining agreements, and purports to cover various MDC locations, the jury likely will be confused over what is at issue in the plaintiff's case.

See Svege v. Mercedez-Benz Credit Com., No. 3:01CVl771. (MRK), slip op. at 5 (D. Conn. Aug. 6, 2004) ("Balanced against the low probative value is the likelihood that the complaints will confuse the jury and invite them to speculate about the resolutions of those other actions and how those resolutions should affect their decision-making in this case."). The danger of confusion is compounded by the fact that the plaintiff did not identify any witnesses who would be able to explain the Levy & Droney Report.

Admission of the Levy & Droney Report also will cause undue delay and a waste of time. If the Report were admitted into evidence, the MDC would be force to respond to the entire Report to correct misstatements as well as to offer evidence of actions taken by MDC in response to the Report. As stated by the Coleman court:

> Had the EEOC report been admitted a great deal of time would have had to have been consumed to counter the report's conclusion about the fate of other employees, male and female. Because the EEOC Letter of Determination concluded that Home Deport had systematically discriminated against female and minority employees, in order to rebut these expansive allegations, Home Depot would have had to present evidence showing that it did not discriminate when it placed former employees in cashier positions or fired them This would certainly have involved a great deal of testimony - a trial within a trial in fact- about the employment histories of a large number of former employees.

Id. at 1346.

Similarly, in this case, introduction of the Levy & Drone Report would require " a trial within a trial". The MDC would need to establish its actions in response to the report, and would

have to rebut evidence of other employees' specific employment histories which histories are simply irrelevant. In sum, this Report would distract the jury from the issue before it, i.e. the Plaintiff's claims of gender, national origin, and race discrimination. In effect, the "jury would, in effect, be receiving an EEOC determination in the nature of an expert opinion on conclusions which this lay jury is as equipped to reach the evidence and its own experience and instructions... and will have the ability to draw its own conclusions from the evidence presented whether [the plaintiff] was or was not subjected to disparate treatment in her assignments and in her termination in this case." Coleman, 306 F. 3d at 1340-41.

Nor may the report be redacted to sufficiently minimize the risk of its prejudicial nature. As detailed above, the Report's conclusions and recommendations are founded upon, and interwoven with, the very type of inflammatory evidence Rule 403 seeks to protect against. Allowing the jury to consider only portions of a fifty page report detailing the MDC's compliance, or lack thereof, with its discrimination policies, would create unfair prejudice and unduly confuse the jury. See Coleman at 1339.

Finally, Rule 403 requires that the Court determine whether admission of the Levy & Droney Report would be cumulative of evidence already expected to be admitted in the trial. See Young v. James Management, Inc., 327 F.3d 616, 624 (7th Cir. 2003) (in ruling that EEOC determination letter is inadmissible, court noted that "plaintiffs have pointed to no evidentiary material available to the

EEOC that was not otherwise available to the jury during trial."). It is expected that the plaintiff would offer evidence of the specific MDC policies and procedures that are directly related to the plaintiffs claims. Accordingly, any additional or supplemental information about those policies and procedures contained in the Levy & Droney Report would be cumulative.

**VIII. Conclusion.**

For all of the foregoing reasons, the MDC requests that the Court rule that the Levy & Droney Report is inadmissible in evidence in this case.

THE DEFENDANT,
THE METROPOLITAN
DISTRICT COMMISSION

BY_____________________________

Holly Quackenbush Darin (ct10183)
David A. Ryan, Jr. (ct. 05064)
Ryan & Ryan, LLC
900 Chapel Street
Suite 621
New Haven, CT 06510
-Its Attorneys-

**CERTIFICATION**

The undersigned hereby certified that the foregoing was mailed, first class, postage prepaid, this 10th day of February 2005 to all counsel and pro se parties of record as listed below:

Francis A. Miniter
Miniter and Associates
100 Wells Street, Suite 1D
Hartford, CT 06103

____________________________
Holly Quackenbush Darin