UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAISY CHAVEZ, | : | DOCKET NO. 3:02CV458 (MRK) |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| THE METROPOLITAN DISTRICT | : | |
| COMMISSION, | : | |
|     Defendant | : | FEBRUARY 10, 2004 |

**DEFENDANT MDC'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION IN LIMINE
TO PRECLUDE AND/OR LIMIT EVIDENCE
OF ALLEGED RETALIATION**

The Defendant, Metropolitan District Commission (hereinafter the "Defendant MDC") moves to preclude evidence by the Plaintiff of any retaliatory conduct which occurred prior to August 9, 2001 and to limit evidence of any alleged retaliatory conduct by the Defendant to conduct and incidents occurring after August 9, 2001.

The Defendant MDC submits that by virtue of the Court's Memorandum of Decision dated June 1, 2004 granting the Defendant's Motion for Summary Judgment on the Plaintiff's retaliation claim in Chavez v. The Metropolitan District Commission, 3:03 CV 00458 (MRK) ("Chavez 1"), the Plaintiff is barred by res judicata and/or collateral estoppel from relying upon such evidence in Chavez v. The Metropolitan District Commission 3:03CV01112(MRK) ("Chavez 2").

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiff Chavez has filed two suits against MDC which have now been consolidated for trial. The allegations in Chavez 1 relate to incidents and conduct by the Defendant up to and including July 9, 2001 for which the Plaintiff filed a CHRO complaint on August 22, 2001 and later filed suit in federal court.

1

On or about October 1, 2003 the Defendant MDC moved for summary judgment on all four counts of the Plaintiff's complaint in Chavez 1. With respect to the Plaintiff's claim of retaliation under Title VII, the Defendant MDC argued that she offered no evidence that any adverse employment action she suffered was a result of any protected activity and submitted evidence to show that the Plaintiff had testified that she did not know the reasons why the Defendant retaliated against her.

The Court in granting the Defendant MDC's Motion for Summary Judgment as to the Plaintiff's Title VII retaliation claim stated:

> The Court has found no evidence whatsoever in Ms. Chavez's submissions of retaliation for engaging in protected activity. Indeed, in Ms. Chavez's deposition, which the Court has reviewed in connection with the pending motions, Ms. Chavez states she has no idea why Defendant allegedly retaliated against her. In short, there is not even a suggestion in the evidence of a causal connection between any protected activity and any adverse action….the Court..must conclude that Ms. Chavez has failed to establish a prima facie case of retaliation

Chavez v. Metro. Dist. Comm'n, 2004 U.S. Dist. LEXIS 11266 (June 1, 2004) at *10.

On or about October 22, 2002 the Plaintiff filed Chavez 2 with the CHRO which was subsequently file in federal court on or about June 24, 2003. The allegations contained in Counts One and Two allege retaliation and discrimination and rely upon virtually the same allegations as contained in Chavez 1 (i.e. conduct and incidents occurring prior to the filing of the first CHRO complaint on August 9, 2001). Counts Three through Seven also allege discrimination and retaliation and incorporate the allegations contained in Counts One and Two, but add additional allegations relating to subsequent retaliatory and discriminatory conduct beginning with the posting of the Manager of Environmental Health and Safety position in June, 2002.

The Defendant MDC respectfully submits that, to the extent that the allegations[1] in Chavez Two rely upon identical conduct that the Court in Chavez 1 ruled was insufficient to establish a prima facie case of retaliation, under the doctrine of res judicata, the Plaintiff should be precluded from using such conduct in support of a claim for retaliation in Chavez 2 and evidence should be to incidents and conduct occurring after August 9, 2001 (i.e. the date Chavez 1 was first filed in the CHRO).

## II.  LEGAL ARGUMENT

In the instant case, to the extent that the Plaintiff intends to use evidence of the conduct set forth in Counts One and Two (i.e. conduct and incidents occurring prior to August 9, 2001) in support of a claim for retaliation in Chavez 2, such evidence should be precluded on the basis of res judicata.

In Fink v. Golenbock, 238 Conn. 183, 191-193 (1996) the Court stated the following with respect to the doctrine of res judicata:

> The doctrine of res judicata, or claim preclusion, [provides that] a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action [between the same parties or those in privity with them] on the same claim. A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose….The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it…. we recognize that a decision whether to apply the doctrine of res judicata to claims that have not actually been litigated should be made based upon a consideration of the doctrine's underlying policies, namely, the interests of the defendant and of the courts in bringing litigation to a close; and the competing interest of the plaintiff in the vindication of a just claim. We have stated that res judicata should be applied as necessary to promote its underlying purposes. These purposes are generally identified as being (1) to promote judicial economy by minimizing repetitive litigation; (2)

---

[1] The allegations referred to are set forth in Counts One and Two and are thereafter incorporated into the subsequent Counts.

> to prevent inconsistent judgments, which undermine the integrity of the judicial system; and (3) to provide repose by preventing a person from being harassed by vexatious litigation. . . . The judicial [doctrine] of res judicata . . . [is] based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate. . . . Stability in judgments grants to parties and others the certainty in the management of their affairs which results when a controversy is finally laid to rest. . . We review the doctrine of res judicata to emphasize that its purposes must inform the decision to foreclose future litigation. The conservation of judicial resources is of paramount importance as our trial dockets are deluged with new cases daily.

Fink v. Golenbock, 238 Conn. 183, 191-193 (1996) (citations omitted.)

The Plaintiff Chavez has had an opportunity to litigate whether the allegations as alleged in Counts One and Two were legally sufficient to establish a prima facie case of retaliation. However, she testified in Chavez 1 that she had no idea why the Defendant allegedly retaliated against her and the Court found no evidence of retaliation for engaging in protected activities and no evidence of a causal connection between protected activity and any adverse action. Thus, in light of the Court's grant of summary judgment to the Defendant MDC, and the fact that a motion in limine is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions, see Bradley et al v. Pittsburgh Board of Education, et al., 913 F. 2d 1064, 1069 (3rd Cir. 1990), the Plaintiff should be precluded from relitigating whether the same facts in Chavez 2 are sufficient to establish a prima facie case of retaliation.

### III.   CONCLUSION

Based upon the above, the Defendant MDC moves to preclude the Plaintiff Chavez from presenting evidence and/or testimony on alleged incidents, events, or

4

conduct occurring prior to August 9, 2001 in support of her claims of retaliation and to limit any such evidence of alleged retaliation to incidents, events, and conducts occurring subsequent to August 9, 2001.

                  THE DEFENDANT
                  METROPOLITAN DISTRICT
                  COMMISSION

By:_____
    David A. Ryan, Jr. (ct 05064)
    Holly Quackenbush Darin (ct10183)
    Ryan & Ryan, LLC
    900 Chapel Street, Suite 621
    New Haven, CT 06510
    (203) 752-9794
    Its Attorneys

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid this 10th day of February, 2005 to the following counsel of record:

Francis A. Miniter
Miniter and Associates
100 Wells Street, Suite 1D
Hartford, CT 06103

                  _____
                  David A. Ryan, Jr.