**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DAISY CHAVEZ, | : | DOCKET NO. 3:02CV458 (MRK) |
| Plaintiff | : | |
| | | |
| v. | : | |
| | | |
| THE METROPOLITAN DISTRICT | : | |
| COMMISSION, | : | |
| Defendant | : | March 10, 2005 |

**DEFENDANT'S POST-HEARING BRIEF ON**
**ADMISSIBILITY OF THE LEVY & DRONEY REPORT**

The Defendant, Metropolitan District Commission (hereinafter the "Defendant" or "MDC")
seeks to exclude from evidence at trial a document entitled "Compliance Audit of Employment
Practices of the Metropolitan District Commission Undertaken by Legal Counsel, dated March 15,
2002" (hereinafter "Levy & Droney Report" or the "Report").   The Defendant also seeks to exclude
from evidence any witness testimony relating to the contents of the Report.

The Defendant specifically asserts that the Levy & Droney Report is inadmissible on the
following bases: (1) the Levy & Droney Report itself is inadmissible hearsay and it is replete with
inadmissible hearsay statements from unidentified declarants; (2) the Levy & Droney Report is not
self-authenticating, the Plaintiff has not listed any person as a witness at trial who can authenticate
the Report and, even if Attorney Rose who drafted the Report in large part was named as a witness,
the statements are his opinion which would be excluded under Federal Rule of Evidence 701; (3) the

1

Levy & Droney Report is irrelevant to the claims of the Plaintiff; and (4) even if the Report were rendered admissible, its probative value, if any, is substantially outweighed by the danger of unfair prejudice, misleading the jury and by considerations of undue delay and waste of the Court's time.

The Plaintiff Daisy Chavez (hereinafter the "Plaintiff") seeks to admit the Levy & Droney Report into evidence at trial.  The Plaintiff contends that the Report is admissible, although it is hearsay, because it falls under one (1) or more exceptions to the rule precluding hearsay.

I.    **INTRODUCTION**

On February 10, 2005, the Defendant filed a Motion in Limine to Exclude Levy & Droney Report, along with a Memorandum of Law in support of its Motion.  On March 7, 2005, a hearing was held before The Honorable Mark R. Kravitz regarding the admissibility of the Levy & Droney Report.  At the hearing, both parties were permitted an opportunity to present evidence and to examine and cross-examine witnesses.

In an effort to avoid needless repetition, the Defendant refers the Court to the factual background concerning the Levy & Droney Report, which it has previously set forth in its Memorandum of Law in Support of its Motion in Limine to Exclude Levy & Droney Report (hereinafter "Defendant's Memo of Law").  *See* Defendant's Memo of Law at pp. 1, 2.  However, the Defendant believes it is important to reiterate the fact, as previously stated in the Defendant's Memo of Law, that neither the compliance audit conducted by Levy & Droney nor the Levy &

2

Droney Report specifically addressed any complaints made by the Plaintiff in the instant action.

Further, the Plaintiff was never interviewed in connection with Levy & Droney's compliance audit.

The Plaintiff seeks to admit the Levy & Droney Report under the exceptions to the Hearsay

Rule set forth in Federal Rule of Evidence 801(d)(2).  This Rule provides exceptions to the rule

barring hearsay statements for certain statements that constitute an admission made by a party-

opponent.  The Plaintiff contends that the Levy & Droney Report may be admissible under any one

(1) or all of the five (5) subsections under Rule 801(d)(2).

The Defendant denies that the Report is admissible under Rule 801(d)(2) or any other

exception to the Hearsay Rule.  Further, the Report is inadmissible under Rule 402 since it is

irrelevant to the Plaintiff's claims.  Moreover, even if the Report were rendered admissible, it should

be excluded under Rule 403 since its probative value is substantially outweighed by the danger of

unfair prejudice, confusion of the issues, misleading the jury and by considerations of undue delay

and waste of the Court's time.  Admitting excerpts of the Report as opposed to the entire Report

would only further exacerbate these problems.

## II.    <u>LEGAL ARGUMENT</u>

The Levy & Droney Report is inadmissible under Federal Rule of Evidence 802.  Rule 802

bars a "statement other than one made by the declarant while testifying at trial or hearing, offered in

evidence to prove the truth of the matter asserted."   *See* Fed. R. Evid. 801(c), 802.  Limited

exceptions to the Rule barring hearsay statements are available under the Federal Rules of Evidence. It is undisputed that the entire Levy & Droney Report, as well as numerous statements in the body of the Report, constitute hearsay.  While the Plaintiff contends that the Report is admissible under the exception to the Hearsay Rule set forth in Rule 802(d)(2) because it constitutes an admission by MDC, the facts clearly establish that neither the requirements of Rule 802(d)(2) or any other exception to the Hearsay Rule are met with respect to the Report.  Moreover, the Report is irrelevant to the Plaintiff's claims.  In addition, admitting the Report will inevitably result in unfair prejudice to the Defendant, confusion of the issues, misleading the jury and a substantial waste of the Court's time.

      **A.**     <u>**The Levy & Droney Report is inadmissible under Federal Rule of Evidence 802 because the Report itself is hearsay, it is replete with inadmissible hearsay statements by unidentified declarants, and no exception to the hearsay rule applies either to the Report or to the statements contained therein.**</u>

The Report is not admissible under any subsection of Federal Rule of Evidence 801(d)(2) because it is hearsay and it does not constitute an admission by a party opponent.  Further, the Report contains over one-hundred (100) inadmissible hearsay statements made by unidentified employees of the Defendant.  *See* Plaintiff's Exhibit 1.  These statements do not satisfy the requirements of any exception to the Hearsay Rule.

        **i.**     **The Levy & Droney Report is inadmissible because it is hearsay and because it does not satisfy the requirements of the exception to the Hearsay Rule set forth in Federal Rule of Evidence 801(d)(2).**

The Levy & Droney Report does not satisfy the requirements to constitute an admission by a party opponent under any subsection of Federal Rule of Evidence 801(d)(2). The Report is neither:

> (A) the party's own statement, in either an individual or a representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, or (E) a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy.

*See* Fed. R. Evid. 801(d)(2).  The courts have recognized that they "should be reluctant to consider attorneys' statements as party admissions in the absence of a showing that the client gave the attorney express authority to make the statement." *See Bensen v. American Ultramar Limited*, 1996 U.S. Dist. LEXIS 10647 (S.D.N.Y., July 26, 1996) quoting in part *Headman v. Berman Leasing*, 352 F.Supp. 211, 213 (E.D. Pa. 1972)(internal quotation marks omitted).  No such express authority was granted by MDC to Levy & Droney.  As Attorney Spellacy testified, Levy & Droney was not given speaking authority for MDC.  *See* also J. Rose testimony, *Thomas* Hearing transcript at p. 50.  Because the Report is hearsay and because it does not constitute an admission by a party opponent under Rule 801(d)(2), the only basis on which the Plaintiff has asserted the Report is admissible,  it should be excluded from evidence at trial.  *See* Fed. R. Evid. 801(c), 802.

       a.    **The Report does not satisfy the requirements of Federal Rules of Evidence 801(d)(2)(A) since it is not MDC's own statement, in either an individual or representative capacity.**

It is indisputable that the Report does not satisfy the requirements of Rule 801(d)(2)(A) since it is not a statement of the Defendant MDC.  Rule 801(d)(2)(A) provides an exception to the Hearsay Rule for a statement that is: "offered against a party and is (A) the party's own statement, in either an individual or a representative capacity."

The Report does not fall within the scope of Rule 801(d)(2)(A) because it is not a statement of MDC but rather a statement of Levy & Droney, PC.  *See* Plaintiff's Exhibit 1 at pp. 1, 50.  As Attorney John Rose, Jr. testified during an evidentiary hearing on the admissibility of the Levy & Droney Report in the matter of *Lebert Thomas vs. Metropolitan District Commission*, civil docket number 3:02CV457(MRK) (hereinafter the "*Thomas* Hearing"), he is one (1) of the three (3) persons[1] then employed by Levy & Droney, PC who was involved in conducting the compliance audit and preparing the Report.  *See* J. Rose testimony, *Thomas* Hearing transcript at pp. 18, 21-24; *see* also Plaintiff's Exhibit 1 at pp. 2-3.  Moreover, counsel for the Defendant MDC, Attorney Bourke Spellacy, who retained Levy & Droney to conduct the compliance audit and prepare the Report, testified at the March 7, 2005 evidentiary hearing on the instant matter that the Report is not

---

[1] The other persons who were involved in the compliance audit and preparation of the Report were Lisa Zaccardelli, an attorney employed by Levy & Droney, PC and John Droney, a partner at Levy & Droney, PC.  *See* J. Rose testimony, *Thomas* hearing transcript at p. 23, 24; Plaintiff's Exhibit 1 at pp. 3.

a report of the MDC itself.  Because the Report was not drafted by, or purported to be a statement of the Defendant MDC, it is not admissible under Rule 801(d)(2)(A).  *See* Plaintiff's Exhibit 1.

> **b.     The Report does not satisfy the requirements of Fed. R. Evid. 801(d)(2)(B) since the Defendant MDC did not manifest an adoption or belief in its truth.**

The Report is not admissible under Rule 801(d)(2)(B) because the Defendant MDC did not, at any time or in any manner, manifest an adoption or belief in the truth of the Report.  Federal Rules of Evidence 801(d)(2)(B) provides an exception to the Hearsay Rule for a statement that is "offered against a party and is…a statement of which the party has manifested an adoption or belief *in its truth*." (emphasis added.)  At the March 7, 2005 hearing on the instant matter, counsel for the Defendant MDC, Attorney Bourke Spellacy testified that the MDC did not manifest an adoption or belief in the truth of the Report.

Attorney Spellacy testified that, although the Commission voted to waive the attorney-client privilege on April 1, 2002, the Commission did not take any other action on the Report on that date. He also testified that, although the Board heard a detailed report from management regarding the Report on July 8, 2002 and on November 6, 2002, no action related to the Report was taken by the Board on these dates.  Similarly, Attorney Rose testified at the *Thomas* Hearing, that he was not aware that MDC had adopted or ratified any statements in the Levy & Droney Report. *See Thomas* Hearing transcript at p. 36.   Further, there are no Commission meeting minutes or minutes of an

MDC subcommittee meeting which indicate that the Defendant MDC voted to adopt the Report as

its own based on the Defendant's belief in its truth.  As Attorney Spellacy testified, no action can be

taken by the Commission in executive session.  *See* Exhibits 3 and 4.  Thus, if in fact the Defendant

had adopted the Report as its own, it would be expressly stated in Commission or subcommittee

meeting minutes.  Since there are no meeting minutes which reflect such an action, there was no

such adoption of the truth of the Report by the Defendant.

The case of *Agricultural Insurance Co. v. Ace Hardware Corporatio*n, 214 F.Supp. 2d 413

(2d Cir.2002), provides an example where a party has manifested an adoption or belief in the truth of

a hearsay statement and by analogy demonstrates the absence of an adoption by the Defendant in the

instant matter.  In *Agricultural Insurance Company*, after an employee was injured on a construction

job, an accident investigation was conducted by the general contractor, who was later named as a

defendant in employee's the court action.  As part of that investigation, an individual employed by

the defendant as its safety superintendent interviewed eyewitnesses to the accident.  *Agricultural*

*Insurance Co.* at p. 416.  The safety superintendent then prepared a report and summarized his

findings.  *Id*.  The court, citing *Shering Corp. v. Pfizer, Inc.*, 189 F.3d 218, 239 (2d Cir. 1999), said

that "a party admission containing hearsay is admissible if it draws inferences from the underlying

hearsay and thus manifests an adoption or belief in its truth.  If the party admission, however, merely

repeats hearsay and thus fails to concede its underlying trustworthiness it is inadmissible."  *Id.*  The

court concluded that only the summary/conclusion portion of the defendant's accident report was admissible because in that portion of the report the drafter of the report, an employee of a defendant, drew inferences from the statements of the eyewitnesses as to what in fact had occurred and adopted his belief in the truth of those statements. *Id*.

When compared with the circumstances in *Agricultural Insurance*, it is clear that an adoption by the Defendant MDC for the purpose of Rule 801(d)(2)(B) could not and did not occur. Unlike the interviews of eyewitnesses to the accident in *Agricultural Insurance*, the interviews upon which the Levy & Droney Report is based were not conducted by the sole Defendant in this action. *See* Plaintiff's Exhibit 1. For that reason, the Defendant MDC was not at any time in a position to either adopt, or reject, the <u>truth</u> of the statements made by the interviewees, which are contained in the Report. Levy & Droney was engaged by the Defendant MDC to conduct an "independent investigation". *See* J. Rose testimony, *Thomas* Hearing transcript at p. 28. Only Attorney Rose and Attorney Zaccardelli, then employees of Levy & Droney, who conducted the interviews, were in a position to either adopt, or reject, the truth of the statements contained in the Report. *See* J. Rose testimony, *Thomas* Hearing transcript at pp. 23, 24. By drawing conclusions from the employee interviews, Levy & Droney may or may not have adopted a belief in the truth of some of those statements in preparing its Report. The Defendant MDC, however, did not and could not do so.

Just as the Defendant MDC did not directly manifest an adoption or belief in the truth of the Report, by Commission vote or otherwise, it did not indirectly manifest an adoption or belief in the truth of the Report for the purpose of Rule 801(d)(2)(B) by implementing some of the Report's recommendations or by "publishing" the Report on the Defendant's internal (intranet) website.   At the *Thomas* Hearing, Attorney Rose emphatically agreed with the Court's assessment that his role was merely to deliver Levy & Droney's findings to the MDC Board and "whether or not the board embraced them or disagreed with them or thought [he was] off [his] rocker or thought [he] was right on, that was something for the board at that point."   *See* J. Rose testimony, *Thomas* Hearing transcript at p. 50.   In fact, Attorney Rose testified that MDC never requested that Levy & Droney provide any recommendations as to changes it might make in its employment practices.   *See* J. Rose testimony, *Thomas* Hearing transcript at p. 31.   Rather, those were mere suggestions made by Levy & Droney that MDC was free to either accept or reject.   *Id*. Reverend Ritter acknowledged on cross-examination that the Commission did not accept everything in the Report but said that the Board did adopt <u>management's</u> recommendations.   Although Reverend Ritter said he assumed that management's recommendations were the same as Levy & Droney's recommendations; that is not the case.   *See* Plaintiff's Exhibit 1, pp. 42-50; Plaintiff's Exhibit 3, pp. 100-105; Plaintiff's Exhibit 4, pp. 169-176.   As Attorney Spellacy testified, some changes had already been made prior to the

Report having been issued,[2] some recommendations were implemented by management with some caveats,[3] and some of Levy & Droney's recommendations management disagreed with so no action was taken.[4]  Moreover, Attorney Spellacy testified that at no time did the Commission implement the Report; nor was there any affirmative resolution or vote on the Report.

Most pertinent to this issue, there was no evidence offered at the hearing on this matter to support the contention that a decision by MDC management to implement changes, which may have been based on recommendations contained in the Levy & Droney Report, constituted an adoption or belief in the truth of the Report.   As the Court suggested, even if a particular recommendation contained in the Report was implemented, that act in no way necessitates the admission of the entire fifty (50) page Report.  Instead, a far more practical approach would be to call a witness to testify concerning the decision to implement a recommendation.[5]  That witness could then be cross-examined to test his or her veracity, whereas the Report, if admitted into evidence, cannot.   Further, the majority of recommendations contained in the Report are entirely irrelevant to the Plaintiff's claims.[6]

---

[2] Attorney Spellacy testified that MDC management had undertaken a search for a new Human Resources Director prior to the Report's issuance.

[3] Attorney Spellacy testified that the recommendation to encourage women and minorities to serve as liaisons was implemented by MDC management with some caveats.

[4] Attorney Spellacy testified that MDC management did not agree with the recommendation to divide the Human Resources Department, so they did not act on that recommendation.

[5] The considerations of undue prejudice and waste of time set forth in Fed. R. Evid. 403 are more fully addressed in subparagraph "E" of this section.

[6] The irrelevance of the Report to the Plaintiff's claims is more fully addressed in subparagraph "D" of this section.

Like the contention that MDC's purported implementation of some of the Report's recommendations constitutes an adoption, the contention that MDC's "publication" of the Report constitutes an adoption for the purpose of Rule 801(d)(2)(B) is unpersuasive.  First, as Attorney Spellacy testified, the full Report was "published" only on MDC's <u>intranet</u> website.  An employee password is required to access the site and the general public is not permitted access to the information posted there.  Reverend Ritter testified that his daughter, an employee of MDC, showed him the Report on MDC's website.  Attorney Spellacy, who has been counsel for the Defendant MDC for more than twenty-five (25) years, testified that the Report would have been available for viewing at the public's request under the Freedom of Information Act so the fact that the Commission had waived the attorney-client privilege concerning the Report was not relevant.

The Plaintiff apparently contends also that the newspaper article regarding the Report, may constitute an adoption for the purpose of Rule 801(d)(2)(B).  *See* Plaintiff's Exhibit 5.  Again, however, the Plaintiff misses the point.  Even if the Defendant did "publish" the Report or prepare a press release related to the Report, those acts do not constitute an adoption or belief <u>in the truth</u> of the Report by MDC for the purpose of Rule 801(d)(2)(B).   Because it cannot be established that MDC in any way manifested an adoption or belief in the truth of the Levy & Droney Report, the Report is not admissible under Rule 801(d)(2)(B).

c.   **The Report does not satisfy the requirements of Fed. R. Evid. 801(d)(2)(C) since neither Levy & Droney, PC nor any person employed by Levy & Droney to conduct the compliance audit was authorized by MDC to make a statement concerning the subject.**

It is clear from testimony, both at the *Thomas* Hearing and at the evidentiary hearing held in the instant case, that Levy & Droney was hired by the Defendant MDC to conduct an "independent" investigation or audit, then to report its findings to MDC.  *See* J. Rose testimony, *Thomas* Hearing transcript at pp. 28-30; *see* also Plaintiff's Exhibit 1, Report Exhibits B and C.  It is equally clear, as Attorney Spellacy testified, that neither Levy & Droney, nor Attorney Rose, who prepared the Report in large part, had authority to speak for MDC.  *See Thomas* Hearing transcript at pp. 20.

In order to be admissible under Rule 801(d)(2)(C),  a hearsay statement must be "a statement by a person authorized by the party to make a statement concerning the subject."  That requirement is not satisfied here.  It was Attorney Spellacy who engaged Levy & Droney to conduct the compliance audit and it was his testimony that Levy & Droney was not given the authority to speak for MDC.  *See* Plaintiff's Exhibit 1, p. 2.  In addition, there is no reason to believe that the Commission as a whole, or any person authorized to act on its behalf, gave Levy & Droney authority to speak for MDC.  Further, Attorney Rose, who prepared the Report in large part, did not

13

understand his role to be a spokesperson for MDC.  *See Thomas* Hearing transcript at pp. 49-50.

Since MDC did not give Levy & Droney authority to speak on its behalf in preparing the Report, the

Report is not admissible under Rule 801(d)(2)(C).  *See Thomas v. Metropolitan District*

*Commission*, 2004 U.S. Dist. LEXIS 22628 at *4, 65 Fed. R. Evid. Serv. (Callaghan) 969 (D. Conn.

November 5, 2004).

> **d.    The Report does not satisfy the requirements of Fed. R. Evid. 801(d)(2)(D) since neither Levy & Droney, PC, nor any person employed by Levy & Droney to conduct the compliance audit or prepare the Report was an agent or servant of MDC.**

The Report is not admissible under Rule 801(d)(2)(D) since Levy & Droney was not, during

the course of its engagement by MDC, the agent or servant of MDC.  To fall within the exception to

the hearsay bar under Federal Rule of Evidence 801(d)(2)(D), the statement must be: "a statement by

the party's agent or servant concerning a matter within the scope of the agency or employment,

made during the existence of the relationship."  As discussed above, Levy & Droney was engaged by

MDC to conduct an <u>independent</u> audit or investigation.  *See* J. Rose testimony, *Thomas* Hearing

transcript at pp. 28-30; *see* also Plaintiff's Exhibit 1, Report Exhibits B and C.  Levy & Droney was

not acting as the representative or agent of MDC in conducting the compliance audit and reporting

its findings to MDC.

Attorney Rose testified at the *Thomas* Hearing that he never thought of himself as an agent of MDC in conducting the audit or investigation and preparing the Report. *See* J. Rose testimony, *Thomas* Hearing transcript at p. 52. Rather, Attorney Rose considered Levy & Droney's role as an entity unaffiliated with MDC which conducts an independent investigation and does not speak for MDC or its Board. *See* J. Rose testimony, *Thomas* Hearing transcript at p. 53. Attorney Spellacy confirmed during testimony at the hearing in this matter that neither Attorney Rose nor Levy & Droney was acting as an agent of MDC.

In addition, Attorney Rose testified that many of the statements contained in the Report concerning his findings were his opinion[7] about which reasonable people could certainly disagree rather than statements of fact. *See* J. Rose testimony, *Thomas* Hearing transcript at pp. 45-49. He also said that the Board never challenged his opinions as stated in the Report, nor was there any exchange back and forth with the Board regarding these opinions. *See* J. Rose testimony, *Thomas* Hearing transcript at pp. 45-47. Finally, Attorney Rose testified that there was never any pressure or oversight by MDC suggesting that Levy & Droney reach certain conclusions. *See* J. Rose testimony, *Thomas* Hearing transcript at pp. 3. These facts all lead to the inescapable conclusion that no agency or master/servant relationship existed between MDC and Levy & Droney. *See Thomas v. Metropolitan District Commission*, 2004 U.S. Dist. LEXIS 22628 at *4, *5 65 Fed. R. Evid. Serv.

---

[7] The fact that statements in the Report constitute Attorney Rose's opinion precludes his testimony related to those statements since Attorney Rose is not qualified as an expert in these matters. *See* Fed. R. Evid. 701.

(Callaghan) 969 (D. Conn. November 5, 2004).   Because Levy & Droney was not the agent or servant of MDC, the Report is not admissible under Rule 801(d)(2)(D).

> **e.     The Report does not satisfy the requirements of Fed. R. Evid. 801(d)(2)(E) since the Report is not a statement by a co-conspirator of MDC in the furtherance of a conspiracy.**

Although the Plaintiff has contended that the Report may be admissible under any one (1) or all of the subsections to Rule 802(d)(2), this subsection (E) is clearly inapplicable to the present circumstances.   There is no assertion by the Plaintiff that the Defendant MDC was involved in a conspiracy.   Because it is not claimed that Levy & Droney is a co-conspirator of MDC or that the Report was prepared in furtherance of a conspiracy, the Report is not admissible under Rule 801(d)(2)(E).

> **ii.     The statements by unidentified declarants contained in the Levy & Droney Report are inadmissible because they constitute hearsay and do not meet the requirements of any exception to the Hearsay Rule.**

Even if the Report itself was deemed admissible under an exception to the Hearsay Rule, much of the contents of the Report is inadmissible since it is replete with statements which constitute double hearsay to which no exception to the Hearsay Rule applies.   "Double hearsay is not admissible unless each level of hearsay is covered by an exception to the hearsay rule."   *See*

*Agricultural Insurance Company v. Ace Hardware Corporation*, 214 F.Supp.2d 413, 416 (S.D.N.Y. 2002) quoting *United States v. Bornovsky*, 879 F.2d 30, 34 (2d Cir. 1989).

There are well over one-hundred (100) hearsay statements attributable to unidentified declarants in the body of the Report. *See* Plaintiff's Exhibit 1. Each of the MDC employees who made statements to Levy & Droney in connection with the compliance audit were assured that their names would not be associated with any statement that they made to the interviewers. *See* J. Rose testimony, *Thomas* Hearing transcript at p. 34; Plaintiff's Exhibit 1, pp. 6-7, and Report Exhibit G. That assurance of confidentiality would be breached if the Report was now admitted into evidence at trial and the Defendant, in fairness, was given an opportunity to call MDC employees as witnesses to challenge the statements.

More importantly, no exception to the Hearsay Rule applies which would render these confidential statements by unnamed employees admissible. Therefore, each of the numerous hearsay statements contained in the body of the Report is inadmissible pursuant to Federal Rule of Evidence 802.

**B.**     **The Levy & Droney Report is inadmissible under Federal Rule of Evidence 901 because the Report is not self-authenticating and because the Plaintiff has not listed any person as a witness who can authenticate the Report.**

The Plaintiff has not identified as a witness at trial any person who can authenticate the Report. Federal Rule of Evidence 901 provides that authentication is "a condition precedent to

admissibility [and] is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."  Federal Rule of Evidence 902 provides an exception for "self-authenticating" documents.

The Levy & Droney Report was prepared by Attorneys John Rose, Jr., Lisa Zaccardelli and John Droney of the law firm Levy & Droney, PC.  *See* Plaintiff's Exhibit 1, p. 50.  Only these three (3) individuals can authenticate the Report.  Since none of these individuals have been identified by the Plaintiff as witnesses at trial, the Report cannot be authenticated and is inadmissible.  *See Thomas v. Metropolitan District Commission*, 2004 U.S. LEXIS 22628 at *3, 65 Fed. R. Evid. Serv. (Callaghan) 969 (D. Conn. November 5, 2004).

The Report must be authenticated because it is not "self authenticating" under Rule 902.  In the case of *Diaz v. Pima County*, 34 Fed. Appx. 309 (9th Cir. 2002) the court excluded a document which was not self-authenticating and which was not authenticated by either the document's author or a named addressee.  The court held that testimony from a witness who had received the document did not make her a "witness with knowledge" of its authenticity and, therefore, she was not in a position to authenticate the document.  As in *Diaz*, where there is no person identified as a witness who has knowledge concerning the authenticity of the document and it is not self-authenticating, it should be excluded.  Following this line of reasoning, the Report is inadmissible under Rule 901 since the "condition precedent" to admissibility is not satisfied.

**C.**     <u>The Levy & Droney Report is inadmissible under Federal Rule of Evidence 402 because it is irrelevant to the claims of the Plaintiff.</u>

The Report is entirely irrelevant to the claims of the Plaintiff and, therefore, is rendered inadmissible under Federal Rule of Evidence 402.  Rule 402 provides in pertinent part that: "Evidence which is not relevant is not admissible."  "Relevant Evidence" in turn is defined under Rule 401 as, "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

At the conclusion of the hearing in this matter, Plaintiff's counsel acknowledged that the Plaintiff was not interviewed by Levy & Droney in connection with the compliance audit, upon which the Report is based.  Further, the Report does not address any specific complaints made by the Plaintiff.

Stated simply, the Plaintiff's claims in the instant matter concern Defendant MDC's treatment of the Plaintiff.  The Report contains statements by unidentified MDC employees concerning their perceptions of the work atmosphere at MDC and/or their purported treatment by MDC management.  Whether or not these unidentified MDC employees felt they had been discriminated against by MDC or felt discrimination existed at MDC is irrelevant to the Plaintiff's claims since those statements do not make any fact or consequence related to the Plaintiff's

allegation that she was discriminated against any more or less probable.  Therefore, the Report as a whole is inadmissible under Rule 402.

At the hearing in this matter, Plaintiff's counsel represented that he may point out in his brief specific sections of the Report which he believes are relevant to the Plaintiff's claims.  Although the Defendant cannot anticipate which sections of the Report the Plaintiff may point to as relevant, it is the Defendant's position that: 1) there are no relevant portions of the Report to the Plaintiff's claims; 2) admitting only portions of the Report would be unduly prejudicial to the Defendant, will mislead the jury and will unnecessarily waste a substantial amount of the Court's time, as more fully discussed below in subparagraph "E" of this section; and 3) justice is better served by calling witnesses to testify as to pertinent parts of the Report, who can then be cross-examined rather than admitting either the full Report or excerpts from the Report.   These issues are addressed in the following subparagraph.

> **D.**     ***Assuming arguendo*, the Report was deemed admissible, it should be excluded under Federal Rule of Evidence 403 because its probative value is substantially outweighed by the danger of unfair prejudice, misleading the jury and considerations of undue delay and waste of time.**[8]

 Given the slight probative value of the Report, if any, to the Plaintiff's claims, it is easily outweighed by the danger of unfair prejudice to the Defendant, misleading the jury and

---

[8] This issue has also been addressed in detail in the Defendant's Memo of Law.

considerations of undue delay and waste of time should the Report be admitted into evidence at trial. Although, in general, the rules regarding relevancy are liberal, Federal Rule of Evidence 403 prohibits the admission of evidence if there is a danger of unfair prejudice to the Defendant. Admission of the Report into evidence at trial would clearly have an unfair prejudicial effect and, therefore,e even if it was deemed admissible, it should be excluded under Rule 403.

In the case of *Smith v. Airborne Freight Corporation*, 1996 U.S. App. LEXIS 23855 (9th Cir. May 15, 1996), the Ninth Circuit reviewed the lower court's decision to admit evidence, similar to the statements in the Report, which contained allegations by an employee other than the plaintiff of discrimination by the defendant.  At trial, defense counsel objected to the introduction of testimony by the employee concerning his belief that he had been discriminated against by the defendant during the hiring process.  *Smith* at *13.  Defense counsel objected to the testimony on the basis of Federal Rules of Evidence 401, 402 and 403 as irrelevant and highly prejudicial.  *Id*.  Although the district court overruled defense counsel's objection, the Ninth Circuit reversed, finding that the employee's "testimony related to his own personal experiences with discrimination did not have significant probative value."  *Smith* at *15.  The court further found that: "The danger of unfair prejudice from this testimony, on the other hand, was high because it fed into Plaintiff's indiscriminate effort to introduce evidence of several unrelated incidents of alleged discrimination." *Smith* at *15, *16.  The court concluded that the district court abused its discretion in admitting the

evidence since it should have been excluded under Rule 403.  Based on the "significant evidentiary errors," the Ninth Circuit reversed the jury's verdict and remanded the case to the district court for further proceedings.  *Smith* at *18.

As *Smith* points out, the danger of unfair prejudice in admitting evidence of alleged discrimination by the Defendant against other employees significantly outweighs the Report's slight, if not non-existent, probative value.  Moreover, admission of select excerpts of the Report would increase the prejudicial effect and the danger of misleading the jury since statements contained in the Report favoring the Defendant such as Levy & Droney's finding that there "appear[ed] to be no overt institutionalized discrimination," would likely be excluded.   In addition, principles of equity would require that the Defendant be afforded the opportunity to rebut each of the statements.  This would undoubtedly result in a significant waste of the Court's time on matters irrelevant to the Plaintiff's claims.  Weighing all of the considerations set forth in Rule 403 plainly favors exclusion of the Report, any excerpts of the Report and testimony related to the Report.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, the Defendant submits that the Levy & Droney Report is inadmissible and, further, even if it were deemed admissible, based upon other considerations such as its unfair prejudicial effect and waste of the Court's time, it should be excluded from evidence at trial.  Therefore, the Defendant respectfully requests that this Court grant its Motion in Limine to Preclude Levy & Droney Report or otherwise exclude the Report and any witness testimony related to the Report from evidence at trial.

The Defendant,
THE METROPOLITAN
DISTRICT COMMISSION


BY_____
David A. Ryan, Jr. (ct. 05064)
Holly Quackenbush Darin (ct.10183)
Ryan & Ryan, LLC
900 Chapel Street
Suite 621
New Haven, CT  06510
203-752-9794
-Its Attorneys-

## <u>CERTIFICATION</u>

The undersigned hereby certified that the foregoing was mailed, first class, postage prepaid, this 10th day of March 2005 to all counsel and pro se parties of record as listed below:

Francis A. Miniter
Miniter and Associates
100 Wells Street, Suite 1D
Hartford, CT  06103

_____
David A. Ryan, Jr.