**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

_____
                                                    :
DAISY CHAVEZ                                         :
                                                    :          No. 3:02CV458(MRK)
VS.                                                 :
                                                    :
METROPOLITAN DISTRICT                               :          March 19, 2005
COMMISSION                                           :
_____:

**PLAINTIFF'S MEMORANDUM OF LAW**
**RE STATUTE OF LIMITATIONS**

**I.     FACTS**

Defendant MDC posted the position of Assistant Director of Water Supply in May, 1998.

Plaintiff applied for the position and was declined, having been told that she was not qualified for

it.  Plaintiff maintains that she was qualified for it and was denied consideration in violation of her

rights under 42 U.S. Code §1981.  The Summons and Complaint,  Docket No. 2:02CV458, were

filed with the Clerk of the District Court on March14, 2002.  Jurisdiction was claimed, inter alia,

under 42 U.S. Code §1981 and Count Two claimed a violation of that provision.  In the statement

of the facts, events are related dating back to the spring of 1997.

II.    **ARGUMENT**

A.    **INTRODUCTORY**

The issue is whether, pursuant to 28 U.S. Code §1658(a), enacted on December 1, 1990, the

purpose of which was to create a four year statute of limitations for federal civil claims arising out

of statutes enacted after December 1, 1990, as that legislation has been interpreted in Jones et al v.

R. R. Donnelley & Sons Co., 541 U.S. _____ (May 3, 2004), a copy of which is attached, the statute

of limitations is extended in the present case back to March of 1998 to cover Plaintiff's §1981 claim

as to her application for promotion to the position of Assistant Director of Water Supply.  Relevant

to the consideration of this issue are the following: (1) the decision of the U.S. Supreme Court in

Patterson v. McLean Credit Union, 491 U.S. 164 (1989) which held, at 171, that:

> We hold further that racial harassment relating to the conditions of
> employment is not actionable under § 1981 because that provision does not
> apply to conduct which occurs after the formation of a contract and which
> does not interfere with the right to enforce established contract obligations[;]

 and (2) the legislation by Congress overturning the Patterson decision, Pub. L. 102-66, title I, Sec.

101, Nov. 21, 1991, 105 Stat. 1071, which added subsection (b) to 42 U.S. Code §1981.  Subsection

(b) reads:

> (b) `Make and enforce contracts' defined
>         "For purposes of this section, the term `make and enforce contracts'
> includes the making, performance, modification, and termination of
> contracts, and the enjoyment of all benefits, privileges, terms, and conditions
> of the contractual relationship.

B.     **THE EFFECT OF PATTERSON**

The Patterson case very much narrowed the scope of §1981. Not only did the Supreme Court

hold that harassment was not actionable under §1981, it went on to declare that all post-formation

matters were beyond the scope of the statute. At 176, the Court declared:

> The most obvious feature of the provision is the restriction of its scope to
> forbidding discrimination in the "mak[ing] and enforce[ment]" of contracts
> alone. Where an alleged act of discrimination does not involve the
> impairment of one of these specific rights, § 1981 provides no relief. Section
> 1981 cannot be construed as a general proscription of racial discrimination
> in all aspects of contract relations, for it expressly prohibits discrimination
> only in the making and enforcement of contracts.

At 185, the Supreme Court directly addressed the question of the actionability of promotions

under §1981. It said:

> 2d, at 1145. We think that somewhat overstates the case. Consistent with
> what we have said in Part III, *supra*, the question whether a promotion claim
> is actionable under § 1981 depends upon whether the nature of the change in
> position was such that it involved the opportunity to enter into a new contract
> with the employer. If so, then the employer's refusal to enter the new contract
> is actionable under § 1981. In making this determination, a lower court
> should give a fair and natural reading to the statutory phrase "the same right
> . . . to make . . . contracts," and should not strain in an undue manner the
> language of § 1981. Only where the promotion rises to the level of an
> opportunity for a new and distinct relation between the employee and the
> employer is such a claim actionable under § 1981.

So narrow is this reading of §1981 that it is doubtful that any promotion situation would

qualify, especially given the requirement of an entirely "new and distinct" contract. The whole

language of the decision weighs heavily against finding that a promotion, which is, of course, a post-

contract formation situation, would ever qualify for §1981 treatment. Certainly, there is nothing in

the instant case to suggest that promotions at the MDC involved termination of old contracts and the

formation of new contracts. That may happen in some corporations or institutions, but not here.

The promotion takes place within the framework of the existing contract.  Only a title and pay grade

change is involved.  So, the present case, so far as it deals with applications for promotions, would

not have been actionable after June 15, 1989, the date of the Patterson decision.

**C.      ENACTMENT OF 28 U.S. CODE §1658(a)**

On December 1, 1990, Congress enacted 28 U.S. Code §1658(a) which reads:

> Except as otherwise provided by law, a civil action arising under an Act of
> Congress enacted after the date of the enactment of this section may not be
> commenced later than 4 years after the cause of action accrues.

Enacted as Pub.L. 101-650, title III, Sec. 313(a), Dec. 1, 1990, 104 Stat.5114.

Therefore, if the claim of Plaintiff relative to promotion issues, which would not have been

actionable under Patterson, was made possible again after December 1, 1990, then the statute of

limitations would be four years.  A discussion of exactly how this statute is to be interpreted is found

in the Donnelley case discussed below.

**D.      42 U. S. CODE §1981(b) AND DONNELLEY**

As noted above, on November 21, 1991, after the effective date of 28 U.S. Code §1658(a),

Congress enacted 42 U.S. Code §1981(b), quoted above.  The Donnelley case leaves no doubt as

to the purpose of this legislation.

> We held in *Patterson* v. *McLean CreditUnion,* 491 U.S. 164 (1989), that the
> statutory right "to make and enforce contracts" did not protect against
> harassing conduct that occurred after the formation of the contract. Under
> that holding, it is clear that petitioners' hostile work environment, wrongful
> discharge, and refusal to transfer claims do not state violations of the original
> version of §1981. In 1991, however, Congress responded to *Patterson* by
> adding a new subsection to § 1981 that defines the term "make and enforce
> contracts" to include the "termination of contracts and the enjoyment of all
> benefits, privileges, terms, and conditions of the contractual relationship." 42
> U.S.C. § 1981(b).

The legislation overturned Patterson and made claims as to transfers and promotions actionable.  To ensure clarity of interpretation and to respond to the Appellee's claims in the case, the U. S. Supreme Court went on to discuss what was meant by "arising under" and provided a mechanism for interpreting the statute.  After rejecting interpretations suggested by Appellant and Appellee, the Court said:

> We conclude that a cause of action "aris[es] under an Act of Congress enacted" after December 1, 1990 — and therefore is governed by § 1658's 4-year statute of limitations — if the plaintiff's claim against the defendant was made possible by a post-1990 enactment. That construction best serves Congress' interest in alleviating the uncertainty inherent in the practice of borrowing state statutes of limitations while at the same time protecting settled interests. It spares federal judges and litigants the need to identify the appropriate state statute of limitations to apply to new claims but leaves in place the "borrowed" limitations periods for preexisting causes of action, with respect to which the difficult work already has been done.

Slip Opinion at pp. 12-13.

Applying this standard, the Court found that the employee's claim for hostile work environment, wrongful termination and failure-to-transfer arose under the 1991 act which overturned Patterson and made the claim possible.  So a four year statute of limitations applied.  Slip Opinion at 13-14.

Applying Donnelley to the instant case, the only conclusion is that a four year statute of limitations applies to the promotion claims.  Promotion claims are in the same class as transfer claims.  The language of Patterson so severely restricted promotion claims that only those involving the termination of one contract and the negotiation of an entirely new contract would qualify for consideration under §1981 as the Court then read the statute.  The 1991 legislation changed all that.  And as it was enacted after the effective date of 28 U.S. Code §1658 (a), a four year statute of

limitations applies to the Plaintiff's application for and denial of the position of Assistant Director of Water Supply in the late spring of 1998.

## IV.    CONCLUSION

For the reasons set forth herein, the statute of limitations applying to Plaintiff's 1981 claims in the case should be held to be four years.

PLAINTIFF
DAISY CHAVEZ

By_____
    Francis A. Miniter
    Miniter and Associates
    100 Wells Street, Suite 1D
    Hartford, CT 06103
    phone 860-560-2590
    fax    860-560-3238
    email: miniter@attglobal.net
    Fed. ID No. CT09566

## CERTIFICATION OF SERVICE

The undersigned does hereby certify that a true copy of the foregoing together with all attachments thereto was delivered to the following counsel of record by placing the same in the U.S. Postal Service, regular mail, postage prepaid, on March 21, 2005:

Holly Quackenbush Darin, Esq.
David Ryan, Esq.
Ryan & Ryan
900 Chapel Street, Suite 621
New Haven, CT  06510

_____
    Francis A. Miniter