UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAISY CHAVEZ, | : | DOCKET NO. 3:02CV458 (MRK) |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| THE METROPOLITAN DISTRICT | : | |
| COMMISSION, | : | |
|     Defendant | : | March 28, 2005 |

**DEFENDANT'S MEMORANDUM OF LAW**
**RE: STATUTE OF LIMITATIONS**

**I.  FACTUAL BACKGROUND**

In 1998, the Plaintiff, Daisy Chavez, worked as a Customer Services Administrator for the Defendant, the Metropolitan District Commission.  Her duties included scheduling, assigning, directing and evaluating employees in a small size clerical group in water and sewer billing; resolving customer inquiries and complaints; overseeing the preparation of reports, forms and compilation of information on completed work assignment and employee effort; provides technical assistance to the Manager of the Treasury; drafts the unit budgets; trains and counsels employees; and coordinates activities to assure personnel, materials and equipment necessary for projects and objectives.  See Plaintiff's Exhibit 4.  "A bachelor's degree . . . in public or business administration or a related field plus four years of progressively responsible administrative experience" was required for her position.  Id.  Her supervisor was the Manager of the Treasury.  Id.  The Plaintiff applied for a new position, Assistant to the Director of Water Treatment & Supply in May 1998.  See Plaintiff's Exhibit 55.  A Notice of Vacancy for the position was posted on February 24, 1998.  Id.  It was graded as EE-15.  Id.  The hired individual was to work under the direction of Director of Water Treatment & Supply, not the Manager of the Treasury.

<u>Id.</u>  The Plaintiff was informed that she did not meet the minimum requirements for the position of Assistant to the Director of Water Treatment & Supply.  <u>See</u> Plaintiff's Exhibit 54.  She is now seeking to include the Defendant's failure to promote her to the position of Assistant to the Director of Water Treatment & Supply in her claims in this matter.

## II.    PROCEDURAL BACKGROUND

The Plaintiff initiated this action on March 14, 2002 by filing a summons and complaint with the Clerk of the District Court.  In the operative Amended Complaint dated September 2, 2003, the Plaintiff alleges a series of events that she claims constitute acts of discrimination on the part of the Defendant.  Nowhere in her Amended Complaint does she discuss that the Defendant failed to hire her as Assistant to the Director of Water Treatment and Supply in May 1998.  She does not discuss this position in the Joint Trial Memorandum and only recently contended that the hiring for the position in May 1998 constituted discrimination in violation of Title 42 of the United States Code, Section 1981.[1]  She now attempts to introduce the Defendant's failure to hire her for the Assistant to the Director of Water Treatment & Supply as evidence of discrimination.  She asserts that she is able to include this event because a four-year statute of limitation applies to her claims under Section 1981.[2]

## III.    DISCUSSION

Title 42, United States Code, Section 1981 currently provides:

(a) Statement of equal rights
All rights within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the

---

[1] For this reason alone, the Court should not address the statute of limitations argument.  The Defendant was unaware that the Plaintiff sought to address the Assistant to the Director of Water Treatment and Supply position in her claims until certain documents were listed by the Plaintiff as exhibits in the February 2005 Joint Trial Memorandum.

[2] Prior to the enactment of Public Law 102-66, a three year statute of limitations applied to Section 1981 claims. <u>See</u>, <u>e.g.</u>, <u>Mian v. Donaldson, Lufkin & Jenrette Securities Corp.</u>, 7 F.3d 1085, 1087 (2d Cir. 1993).

>  security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and extractions of every kind, and to no other.
> (b) Make and enforce contracts defined
>  For purposes of this section, the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
> (c) Protection against impairment
>  The rights protected by this section are protected against impairment by nongovernmental discriminate and impairment under color of State law.

Prior to Public Law 102-66, the statute consisted of only subsection "a". The original statute was enacted as part of the Civil Rights Act of 1866.

In <u>Patterson v. McLean Credit Union</u>, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), the United States Supreme Court addressed the applicability of the original statute to a plaintiff's claims of racial harassment and discriminatory failure to promote. The Court ruled that the protections of the statute "extend only to the formation of a contract, but not to problems that may arise later from the conditions of continuing employment." <u>Id.</u> at 176-77. It ruled that the plaintiff's racial harassment claim was not actionable under Section 1981 and remanded the promotion claim under Section 1981 to evaluate the claim based upon its opinion.[3] <u>Id.</u> at 189. The <u>Patterson</u> Court discussed that whether a promotion is actionable under Section 1981 depends upon "whether the nature of the change in position was such that it involved the opportunity to enter into a new contract with the employer." <u>Id.</u> at 185. The Court did not

---

[3] The <u>Patterson</u> Court recognized that "[i]nterpreting Section 1981 to cover postformation conduct unrelated to an employee's right to enforce his or her contract . . . is not only inconsistent with the statute's limitation to the making and enforcement of contracts, but would also undermine the detailed and well-crafted procedures for conciliation and resolution of Title VII claims." <u>Id.</u> at 180. It continued: "In Title VII, Congress set up an elaborate administrative procedure, implemented through the EEOC, that is designed to assist in the investigation of claims of racial discrimination in the workplace and to work towards the resolution of these claims through conciliation rather than litigation." <u>Id.</u> at 180-81. Congress, however, disagreed and clarified its intent by enacting Public Law 102-66.

resolve whether the facts surrounding the failure to promote claim of the Patterson case stated a cause of action under Section 1981.

Subsequently, the federal courts applied the Patterson holding to rule that "only where the promotion rises to the level of an opportunity for a new and distinct relation between the employee and the employer is such a claim actionable under Section 1981." See, e.g., McKnight v. General Motors Corp., 908 F.2d 104, 118-19 (7th Cir. 1990) cert. denied, 499 U.S. 919, 113 L.Ed. 2d 241, 111 S. Ct. 1306 (1991). Despite the enactment of the amendment to Section 1981, decisions such as McKight, in which the court followed the analysis in Patterson, became relevant when Congress enacted a new federal "catch-all" statute of limitations in Title 28 U.S.C. Section 1658 on December 1, 1990.

In Jones v. R.R. Donnelley & Sons, Co.., 524 U.S. __ (May 3, 2004), the United States Supreme Court revisited Section 1981 in the context of a newly enacted statute of limitations. Congress enacted Title 28 U.S.C. Section 1658, effective December 1, 1990, which stated: "Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of enactment of this section may not be commenced later than four years after the cause of action accrues." The Supreme Court recognized that, in 1991, "Congress responded to [its decision in] Patterson by adding a new subsection to Section 1981 that defines the term 'make and enforce contracts' to include the 'termination of contracts and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.' 42 U.S.C. Section 1981(b)." Id. at 3 of slip opinion. In Donnelley, the Court addressed whether the petitioners'

4

causes of action "arose under" the 1991 Act or under Section 1981 as originally enacted.[4] The plaintiffs in Donnelley had set forth a hostile work environment, wrongful termination, and failure-to-transfer claims. Rather than applying the three-year statute of limitations applicable to Section 1981 claims, the Court concluded that the new statute of limitations applied to the petitioner's claims because the claims against the defendant were only made possible by a post-1990 enactment, Public Law 102-66. Yet, the Donnelley decision makes it clear that, based upon the facts and claims made in the case, it was undisputed that the plaintiffs had alleged violations of the amended statute. Accordingly, the Donnelley decision does not assist in resolving the statute of limitations issue in this matter because we are not addressing claims under the amended statute.

In order to resolve this issue, the Court must return to the Patterson decision. Since the Patterson decision, the Second Circuit addressed whether a failure to promote creates a "new and distinct" relation in Butts v. City of New York Department of Housing Preservation and Development, 990 F.2d 1397 (2d Cir. 1993). The Butts Court stated:

> Promotions understood by the parties to be given routinely upon satisfactory job performance do not give rise to a new employment contract. Similarly, moving an employee from one position to another as part of a reallocation of personnel resources, not involving a substantial increase in status or responsibility, is apt to be implicit in the original contract and thus would not give rise to Section 1981 liability under Patterson, even though the move might entail a salary increase or somewhat more responsibility. However, any promotion that creates a qualitatively different relation between the employer and employee, for example, a move from factory worker to foreman, foreman to foreman supervisor, or manager to officer, likely would create a new and distinct relation giving rise to a Section 1981 action under Patterson.

---

[4] The Supreme Court recognized that "Congress routinely creates new rights of action by amending existing statutes and '[a]ltering statutory definitions, or adding new definitions of terms previously undefined, is a common way of amending statutes.'" Id. at 11 (quoting Rivers v. Roadway Express, Inc., 511 U.S. 298, 308 (1994)). The Court ruled that "[a]n amendment to an existing statute is no less an 'Act of Congress' than a new, stand-alone statute." Id.

Id. at 1411-1412. The plaintiff in Butts alleged that she was denied three promotions. She was a computer System Manager and had applied for the position of a Deputy Commissioner of the Office Management and Administration. She had also sought a promotion on two separate occasions to Director of Systems Architecture. The Second Circuit recognized that the promotions could have entailed substantially different and greater supervisory and policy-making responsibilities, but remanded the case to the District Court to make the factual determination.

After the Donnelley decision, only a handful of decisions from the courts of the Second Circuit have addressed the applicable statute of limitations in 1981 claims, but the analysis is not relevant to the failure to promote claim in this matter. For example, in Thomas v. NYC Health and Hospitals Corp., 2004 U.S. Dist. Lexis 17694 (S.D.N.Y. 2004), the District Court of the Southern District of New York addressed claims that arose out of conduct occurring after formation of the employment relationship. The plaintiff in that matter complained of sexual harassment nearly seven years after he was hired and indisputably alleged a cause of action under the amended statute.

In this matter, the Plaintiff contends baldly that "[t]he whole language of the [Patterson] decision weighs heavily against finding that a promotion, which is, of course, a post-contract formation situation, would ever qualify for Section 1981 treatment." See Plaintiff's Memorandum of Law re: Statute of Limitations, p. 3. She states that the promotion at issue in this matter takes place within the framework of the existing contract and only a title and pay grade change is involved. Id. at 4.

The promotion at issue in the instant case to Assistant to the Director of Water Treatment and Supply was a new and distinct position. In 1998, the Plaintiff was working in the

Defendant's Customer Service Department in the Treasury Unit when she applied for the position in Water Treatment & Supply in the Engineering and Planning Unit. The Plaintiff had worked as an administrator and had progressed from a Grade 10 to a Grade 14; see Amended Complaint dated September 2, 2003, Paragraph 13; but this promotion was not a natural progression from the administrator position. Moreover, prior to the posting of the Assistant to the Director of Water Treatment and Supply, the Plaintiff had requested to be transferred and indicated that she did not want to move laterally to an administrator position in the Real Estate Department. See Amended Complaint, Paragraph 19. The Plaintiff did not meet the minimum requirements for the Assistant to the Director of Water Treatment & Supply. The new job required public works or utility engineering or maintenance experience. The Plaintiff's Customer Service Administrator position merely required administrative experience and some experience in a supervisory capacity. The Assistant to the Director position required planning and developing new programs to improve the efficiency of the entire department's operations and the ability to make "very difficult technical utility operations decisions." See Plaintiff's Exhibit 55. The position would have been a dramatic increase in responsibilities and technical requirements and must be considered a "new and distinct relation between the employee and the employer."

## IV.   CONCLUSION

The Plaintiff claims that the four year statute of limitations of Title 28 United States Code Section 1658(a) applies to her claims against the Defendant for failing to promote her to the Assistant to the Director of Water Treatment and Supply position in May 1998. This claim should not be considered by this Court because it was not included in the Amended Complaint or listed by the Plaintiff in the Joint Trial Memorandum. Moreover, this promotion would have

7

created a "new and distinct" relationship between her and the Defendant. Therefore, her claim would have existed as a cause of action under Section 1981 prior to the enactment of Public Law 102-66. Accordingly, the new federal statute of limitations is not applicable and the three-year statute of limitations governing the original Section 1981 claims applies to the Plaintiff's failing to promote claim. Wherefore, the Defendant respectfully submits that the Plaintiff's claim that she was discriminatorily denied the promotion to Assistant to the Director of Water Treatment and Supply is time barred.

                                                 The Defendant,
                                                 THE METROPOLITAN
                                                 DISTRICT COMMISSION

                                               BY_____
                                                 David A. Ryan, Jr. (ct. 05064)
                                                 Holly Quackenbush Darin (ct.10183)
                                                 Ryan & Ryan, LLC
                                                 900 Chapel Street, Suite 621
                                                 New Haven, CT  06510
                                                 203-752-9794
                                                 -Its Attorneys-

## **CERTIFICATION**

       The undersigned hereby certified that the foregoing was mailed, first class, postage prepaid, this 28th day of March 2005 to all counsel and pro se parties of record as listed below:

Francis A. Miniter
Miniter and Associates
100 Wells Street, Suite 1D
Hartford, CT  06103

                                               _____
                                               David A. Ryan, Jr.