UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAISY CHAVEZ | : | |
| | : | No. 3:02CV458(MRK) |
| VS. | : | |
| | : | |
| METROPOLITAN DISTRICT COMMISSION | : | March 19, 2005 |
| | : | |

**PLAINTIFF'S MEMORANDUM OF LAW
RE OBLIGATION OF MDC TO HAVE AFFIRMATIVE ACTION PLAN**

I.   **FACTS**

Defendant Metropolitan District Commission ("MDC") did not have an Affirmative Action Plan in place from 1997 to 2002. In Court Stipulation of Counsel. The MDC did, however, in that time, repeatedly apply for federal funds for various projects. Plaintiff's Exhibits 61a and 61b. Defendant received federal funds which were first paid by the U. S. Government to the State of Connecticut for distribution to the MDC. In Court Stipulation of Counsel. The MDC is a municipal corporation (though not one of the 169 municipalities) under its enabling legislation, Special Act No. 511 of the 1929 Special Acts of Connecticut.

**II.    ARGUMENT**

    **A.    INTRODUCTORY**

The issue is whether the fact that the MDC receives federal funds for its projects, albeit through the State of Connecticut as intermediary, sufficient to obligate it to maintain an Affirmative Action Plan.

    **B.    THE EFFECT OF FEDERAL FUNDING**

Title VII of the 1964 Civil Rights Act defines "person" to include "governments, governmental agencies, political subdivisions". 42 U. S . Code §2000e(a). "Employer is defined in 42 U. S . Code §2000e(b) as follows:

> (b) The term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person, but such term does not include (1) the United States, a corporation wholly owned by the Government of the United States, an Indian tribe, or any department or agency of the District of Columbia subject by statute to procedures of the competitive service (as defined in section 2102 of title 5), or (2) a bona fide private membership club (other than a labor organization) which is exempt from taxation under section 501(c) of title 26, except that during the first year after March 24, 1972, persons having fewer than twenty-five employees (and their agents) shall not be considered employers.

The specific exclusions of the United States Government implies, since "person" includes all levels of governments and their agencies and subdivisions, that "employer' includes state and municipal entities, their agencies and subdivisions. Therefore, the MDC is an "employer" within the meaning of this statute.

The intent to impose affirmative action plans on employers contracting with the U. S. Government is made clear in 2 U.S. Code §2000e-17, which reads, in full:

> 42 U.S.C. § 2000e-17. Procedure for Denial, withholding, Termination, or Suspension of Government Contract Subsequent to Acceptance by Government of Affirmative Action Plan of Employer; Time of Acceptance of Plan.
>
> No Government contract, or portion thereof, with any employer, shall be denied, withheld, terminated, or suspended, by any agency or officer of the United States under any equal employment opportunity law or order, where such employer has an affirmative action plan which has previously been accepted by the Government for the same facility within the past twelve months without first according such employer full hearing and adjudication under the provisions of section 554 of title 5, and the following pertinent sections: Provided, That if such employer has deviated substantially from such previously agreed to affirmative action plan, this section shall not apply: Provided further, That for the purposes of this section an affirmative action plan shall be deemed to have been accepted by the Government at the time the appropriate compliance agency has accepted such plan unless within forty-five days thereafter the Office of Federal Contract Compliance has disapproved such plan.

The federal funding sought and received by Defendant MDC certainly constitutes a "Government contract" under the statute. The MDC is thereby obligated to have in force an affirmative action plan accepted by the U.S. Government. In one of the only cases to address the issue, the absence of an Affirmative Action Plan has been interpreted to be a violation of 14th Amendment guarantees. See Williams v. Consol. City of Jacksonville, 381 F.3d 1298 @ 1299 (11th Cir. en banc 2004), where the full court sitting en banc ruled:

> First, I agree with Judge Tjoflat that Fire Chief Alfred's conduct in Williams violated the constitutional rights of the plaintiffs. While the opinion recognizes that the action taken in this case was significantly different from the type of discriminatory conduct our Circuit has previously found unlawful, the opinion states unequivocally that a decision not to create new jobs, based solely on the race and gender of the next eligible applicants, in the absence of an affirmative action plan, violates the Equal Protection Clause. See Williams v. Consol. City of Jacksonville, 341 F.3d at 1269.

The undersigned has been unable to find any cases in which the question has arisen where the federal funds which obligate the employer to maintain an affirmative action plan are distributed to the state and thence to the employer. We submit that this technicality is one of form and not of substance, however, for two reasons. First, allowing this exception would encourage avoidance of the affirmative action plan obligation by running federal funds through state coffers. Second, these funds are not general revenue sharing funds intended for the general fund of the State of Connecticut. They are project funds granted with respect to specific projects, projects described in Plaintiff's Exhibits 61a and 61b. It is not as though the State of Connecticut could divert the funds to some other use. In such a case, the State stands in the position of a trustee of the funds and not in the position of an outright owner.

**IV.    CONCLUSION**

For the reasons set forth herein, the jury ought to be informed that the MDC was obligated to have an Affirmative Action Plan, that it did not, and finally that such failure was a violation of the 14th Amendment protections afforded to the employees of the MDC.

                                        PLAINTIFF
                                        DAISY CHAVEZ

By_____
                                        Francis A. Miniter
                                        Miniter and Associates
                                        100 Wells Street, Suite 1D
                                        Hartford, CT 06103
                                        phone 860-560-2590
                                        fax      860-560-3238
                                        email: miniter@attglobal.net
                                        Fed. ID No. CT09566

CERTIFICATION OF SERVICE

  The undersigned does hereby certify that a true copy of the foregoing together with all attachments thereto was delivered to the following counsel of record by placing the same in the U.S. Postal Service, regular mail, postage prepaid, on March 28, 2005:

Holly Quackenbush Darin, Esq.
David Ryan, Esq.
Ryan & Ryan
900 Chapel Street, Suite 621
New Haven, CT  06510

                _____
                Francis A. Miniter