UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAISY CHAVEZ, | : | DOCKET NO. 3:02CV458 (MRK) |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| THE METROPOLITAN DISTRICT | : | |
| COMMISSION, | : | |
|     Defendant | : | APRIL 1, 2005 |

**DEFENDANT METROPOLITAN DISTRICT COMMISSIONS'
OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM
REGARDING ADMISSIBILITY OF LEVY & DRONEY REPORT**

The Defendant, Metropolitan District Commission ("MDC") hereby objects to the " Supplemental Memorandum of Law Regarding Admissibility of Levy & Droney Report Pursuant To Fed. R. Evid. §801(d)(2)(C)"[1] filed by the Plaintiff Daisy Chavez ("Plaintiff Chavez") on or about March 30, 2005 on the basis that it relies upon the deposition testimony of Marilyn Cohen who was not called as a witness at the evidentiary hearing held on March 7, 2005.

Specifically, at the Final Pretrial Conference held on February 24, 2005 the Court ordered that a hearing would be held on the admissibility of the Levy & Droney report on March 7, 2005 and it was the Defendant MDC's understanding that the Court specifically instructed the parties to <u>have all witnesses regarding the issue of admissibility of the report available to testify</u>. At that time, counsel for the Plaintiff Chavez indicated he would be calling the Reverend Ritter and Bourke Spellacy and, in fact, the only witnesses

---

[1] It must be noted that at the conclusion of the hearing on March 7, 2005, the Court ordered the parties to file <u>simultaneous</u> briefs on March 11, 2005. The Plaintiff Chavez did not ask for permission to file the supplemental memorandum and since it fails to cite any new and/or additional law it should therefore not be considered by the Court on this basis alone.

called by the Plaintiff Chavez at the hearing were the Reverend Ritter and Bourke Spellacy.

Despite the Court's specific instructions on February 24, 2005, the Plaintiff Chavez did not call Marilyn Cohen and at no time during that hearing did the Plaintiff Chavez's counsel introduce and/or even attempt to introduce the deposition transcript of Marilyn Cohen as an exhibit.  In order to have done so, he would have needed to show that she was dead, that she resided at a greater distance than 100 miles from the place of the hearing, that she was unable to attend due to age, illness, infirmity, or imprisonment, or that he was unable to procure her attendance by subpoena. See Fed. R. Civ. Proc. § 32.

Given that the parties were ordered by the Court to bring all witnesses to the hearing and the fact that Ms. Cohen was not called to testify at the hearing nor was her deposition transcript introduced and/or sought to be introduced as an exhibit by the Plaintiff Chavez, the Plaintiff Chavez should be barred from relying upon that transcript at this late stage.

Thus, the Defendant MDC respectfully requests that the Court disregard the supplemental memorandum of law filed by the Plaintiff Chavez in rendering its decision on the admissibility of the Levy & Droney report.

>                               The Defendant,
>                               THE METROPOLITAN
>                               DISTRICT COMMISSION
>
>
>                        BY_____
>                               Michael R. Brandt (ct. 18308)
>                               David A. Ryan, Jr. (ct. 05064)
>                               Ryan & Ryan, LLC
>                               900 Chapel Street, Suite 621
>                               New Haven, CT  06510
>                               203-752-9794
>                               -Its Attorneys-

## **CERTIFICATION**

The undersigned hereby certifies that the foregoing was mailed, first class, postage prepaid, this 1st day of April 2005 to all counsel and pro se parties of record as listed below:

Francis A. Miniter
Miniter and Associates
100 Wells Street, Suite 1D
Hartford, CT  06103

>                               _____
>                               Michael R. Brandt

3