UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAISY CHAVEZ, | : | CIVIL ACTION |
| | | 3:02CV458 (MRK) |
| Plaintiff | : | |
| | : | |
| V. | : | |
| | : | |
| METROPOLITAN DISTRICT | : | |
| COMMISSION, | : | |
| Defendant | : | APRIL 15, 2005 |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S
MOTION TO AMEND JOINT PRE-TRIAL MEMORANDUM
BY ADDITION OF DOCUMENTS AND/OR MOTION IN LIMINE
TO PRECLUDE AND/OR LIMIT THE USE OF SUCH DOCUMENTS**

**I.    INTRODUCTION**

On or about March 11, 2005 the Plaintiff, Daisy Chavez (hereinafter "Plaintiff Chavez") filed a request to amend the joint pre-trial memorandum by adding additional documents.  Specifically, the Plaintiff Chavez seeks to add the following additional documents: (1) Minutes of Personnel, Pension and Insurance Committee of the MDC, April 15, 2005, pages 99-105; (2) Minutes of Personnel, Pension an Insurance Committee of the MDC, June 17, 2005, pages 168-196; and (3) Minutes of the Metropolitan District Commission, July 8, 2002, pages 283-288.

However, the Plaintiff Chavez fails to establish what, if any, good cause exists for adding such documents other than to say that such documents were used at the hearing on March 7, 2005 on the admissibility of the Levy & Droney report and the Defendant MDC submits that no good cause exists for their late addition on the basis that the proposed exhibits:  (1) are irrelevant and do not make any fact any more or less probable than they

would be without the exhibits; See Fed. R. Evid. 401 and 402; (2) should be excluded under Fed. Rule Evid. 406 as evidence of subsequent remedial measures; (3) should be excluded under Fed. Rule Evid. 403 on the basis that their probative value is outweighed by the danger of unfair prejudice to the Defendant MDC; and (4) were never sought through discovery but were only obtained by virtue of the Plaintiff's subpoena of such documents for the March 7, 2005 hearing on the admissibility of the Levy & Droney report. In addition, the proposed exhibits rely upon recommendations contained in the Levy & Droney report and the Court has not yet ruled upon the admissibility of such report.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff Chavez has filed two suits[1] against the Defendant Metropolitan District Commission (hereinafter "Defendant MDC") which have now been consolidated for trial. Discovery in both matters has long since closed and the Plaintiff Chavez never sought the proposed exhibits during the course of discovery in either case.

Chavez 1 was originally scheduled for trial in November 2004 and although the Plaintiff's counsel identified the Levy & Droney report as a proposed exhibit in the Joint Trial Memorandum, the documents the Plaintiff Chavez now seeks to introduce as exhibits were not identified.

Likewise, the proposed exhibits were not part of the Plaintiff Chavez's proposed exhibits in the Joint Trial Memorandum filed by the parties on February 10, 2005.

---

[1] Chavez v. The Metropolitan District Commission, 3:03 CV 00458 (MRK) (hereinafter "Chavez 1") and Chavez v. The Metropolitan District Commission 3:03CV 01112 (WWE) ("Chavez 2").

2

However, the Court's Joint Trial Memorandum instructions made it clear that "Exhibits not listed [would] not be admitted at trial, except for good cause shown."

At the Court's final pretrial conference held on February 24, 2005, the Court scheduled a hearing to be held on the admissibility of the Levy & Droney report on March 7, 2005. As a result, the Plaintiff Chavez subpoenaed Bourke Spellacy and in that subpoena for the first time requested documents relating to the Levy & Droney report. Specifically, the subpoena sought:

> All documents and papers within your possession or control which relate to the Levy & Droney report on discrimination prepared for and delivered to the Metropolitan District Commission in the spring of 2002, including but not limited to (1) the report itself; (2) all agendas listing the item for action by the Commissioners of the Metropolitan District; (3) all minutes of meetings of the Commissioners of the Metropolitan District wherein such report was discussed; (4) all resolutions of the Commissioner of the Metropolitan District whereby they took any action of any kind with respect to the said report, including, but not limited to, acceptance of its findings, adoption of any or all of its recommendations or variants of any of them, or otherwise.

See Subpoena attached hereto as Exhibit A.

The exhibits Plaintiff now seeks to add as exhibits in the trial of this matter were part of the documents produced by the Defendant MDC at that time at the hearing held on March 7, 2005. However, at the time of the hearing, it was the Defendant MDC's understanding that, to the extent that Plaintiff's counsel was arguing that any recommendations contained in the Levy & Droney report were admissible, that he should identify the specific recommendation and how it was relevant to the claims raised by Daisy Chavez.

On or about March 11, 2005 the Plaintiff Chavez filed her brief on the admissibility of the Levy & Droney report. On page 3 of said brief she set forth those recommendations she deemed relevant, but did not show how such recommendations were relevant to the specific claims she raised in this consolidated lawsuit, other than to say that three of the positions at issue in this lawsuit were posted after the Defendant MDC's alleged implementation of those recommendations occurred.

III.   **LEGAL ARGUMENT**

    A.   **THE PROPOSED EXHIBITS ARE IRRELEVANT**

The Defendant MDC maintains that the proposed exhibits which are essentially proposals by MDC to implement various recommendations contained within the Levy & Droney report are irrelevant to the Plaintiff Chavez's claims herein. Under Fed. R. Evid. 402, "Evidence which is not relevant is not admissible." Relevant evidence "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

    Counsel for the Plaintiff contends that:

> The Recommendations most relevant to Plaintiff Daisy Chavez would include the following: No. 6, create an affirmative action plan; No. 7, adopt a non-retaliatory complaint mechanics; No. 8, empowerment of affirmative action office; No. 9, creation of an Affirmative Action Advisory Committee; No. 12, revise hiring and promotional practices.

See Plaintiff's Post Hearing Brief On Admissibility of Levy & Droney Report ("Plaintiff's Post Hearing Brief") at p. 3.

    Thereafter, he contends that:

4

> Also important in assessing the relevancy of the Report to the issues in the case is that {*sic*}fact that three of the positions about which Ms. Chavez makes complaint in this action were posted after the Management Implementation Plan was being crafted. They are Manager of Operations, May 2002; Assistant Manager of Operations, June 2002, and Manager of Environment, Health & Safety, June 2002.

<u>See</u> Plaintiff's Post Hearing Brief at p. 5.

However, it is unclear how the recommendations set forth above and identified by the Plaintiff Chavez as being relevant have any bearing on the Plaintiff Chavez's claims regarding these positions.[2] As her counsel amply points out, these positions were posted and in fact, Chavez applied for and was <u>interviewed</u> for these positions. Thus, the recommendations that MDC create an affirmative action plan,[3] adopt a non-retaliatory complaint mechanism, empower an affirmative action officer, create an Affirmative Action Advisory Committee, and revise its hiring and promotional practices have absolutely <u>no relevance</u> to her claims and thus MDC implementation and/or lack of implementation of those recommendations is likewise irrelevant. Quite simply, Plaintiff cannot demonstrate <u>how</u> the implementation and/or lack of implementation of these recommendations, makes any more or less probable her claim that her failure to receive these positions was because of her gender, national origin and/or race discrimination any more or less probable.

---

[2] The positions which the Plaintiff Chavez has advised the Court are at issue in this lawsuit are the positions of Asst. Manager of Water Treatment & Supply, Manager of the Treasury, Manager of Utility Services, Manager of Environmental Health & Safety, Assistant Manager of Operations and Manager of Operations. Only the latter three were posted after the Levy & Droney report was issued.

[3] The parties have already briefed the issues of the relevance of the Defendant MDC's lack of an affirmative action plan.

5

### B. DOCUMENTS SHOWING MDC'S EFFORTS TO IMPLEMENT THE RECOMMENDATIONS SET FORTH IN THE LEVY & DRONEY REPORT COULD BE CONSTRUED AS SUBSEQUENT REMEDIAL MEASURES AND AS SUCH SHOULD BE EXCLUDED BY VIRTUE OF FED. R. EVID. 407.

Under Rule 402 of the Federal Rules of Evidence:

> When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct…

Courts in other jurisdictions have concluded that Rule 407 applies to policy changes in civil rights cases. See Eagleston v. Guido et al, 41 F. 3d 865, 875 (2d Cir. 1994)[4] *relying on* Maddox v. City of Los Angeles, 792 F. 2d 1408, 1417 (9th Cir. 1986)(Internal Affairs investigation and measures, including a disciplinary proceeding, taken by the defendant City after an incident were properly excluded as subsequent remedial measures); Specht v. Jensen, 863 F. 2d 700, 701 (10th Cir. 1988); Luera v. Snyder, 599 F. Supp. 1459, 1463 (D. Colo. 1984)(Testimony of changes in police department's policies is inadmissible as evidence of a subsequent remedial measure.)

In the instant case, the Levy and Droney report was initiated in response to employee complaints of racial discrimination and/or retaliation and was sought to determine MDC's compliance with its nondiscrimination policies. The report ultimately found that no overt discrimination occurred, but did find a perception of discrimination existed at the MDC and as a result the authors issued various recommendations.

---

[4] Although the Court in Eagleston recognized that other courts have applied Rule 407 to policy changes in civil rights cases, it declined to determine the applicability of Rule 407 since the parties had not briefed the issue and the district court did not base its decision to exclude the documents at issue on Rule 407. Id. at 875.

However, the proposed exhibits which show attempts by management of the Defendant MDC to rectify this "perception" by implementing some of these recommendations, should be excluded as evidence of subsequent remedial measures under Fed. R. Evid. 407.

      **C.    THE PROBATIVE VALUE, IF ANY, OF THE PROPOSED EXHBITS IS CLEARLY OUTWEIGHED BY THEIR PREJUDICIAL VALUE**

Assuming that the exhibits are otherwise admissible, their probative value is clearly outweighed by their prejudicial value. The evidence of MDC's implementation and/or lack of implementation of the Levy & Droney report's specific recommendation has little, if any, probative value to the Plaintiff Chavez's claim that she was denied promotions due to her discrimination.

*Assuming arguendo* such evidence has some probative value, that value is clearly outweighed by its prejudicial value. At the present time, it is important to note that the Court has not yet ruled upon the admissibility of the Levy & Droney report. To the extent that the Court excludes the report, the proposed exhibits which clearly reference the recommendations as contained in the Levy & Droney report, could confuse and mislead the jury into speculating about the contents of that report and the reasons behind the recommendations and, in order to defend itself, the Defendant MDC would be forced to defend itself against not only the recommendations,[5] but its actions taken in response thereto. With respect to the latter, the jury could conclude that merely because the recommendations were made and followed that the Defendant MDC was guilty of discrimination and/or wrongdoing. However, this is precisely why Fed. R. Evid. 407,

---

[5] This, in and of itself would be an impossible task given that the recommendations are based upon information provide by unknown declarants.

7

excluding evidence of subsequent remedial measures exists, i.e. to display "the notion that because the world gets wise as it gets older, therefore it was foolish before." See Dusenbery v. United States, 534 U.S. 161, 172 (2002)(Improvements in new procedures does not necessarily demonstrate the infirmity of those that were replaced and government ought not be penalized and told to try harder simply because policies were upgraded.)

### D. THE EXHIBITS THE PLAINTIFF CHAVEZ IS SEEKING TO INTRODUCE WERE NEVER SOUGHT THROUGH DISCOVERY AND, IN FACT, SUCH DOCUMENTS WERE ONLY SOUGHT BY SUBPOENA IN ORDER TO PROVE THE ADMISSIBILITY OF THE LEVY & DRONEY REPORT

Finally, assuming that the exhibits are otherwise admissible, the Plaintiff Chavez has not demonstrated that she has good cause as to why she should be permitted at this late date to add these exhibits as trial exhibits. The fact that the Plaintiff Chavez may argue that she first obtained the documents on March 7, 2005 by virtue of her subpoena, does not mean that she has established good cause for her failure to obtain and identify such documents as potential trial exhibits sooner. As set forth above, the discovery deadlines for both matters has long since passed and the Plaintiff Chavez never sought these documents in discovery.[6] In fact, she only sought these documents at the eleventh hour in order to attempt to establish the admissibility of the Levy & Droney report itself.

Other courts have recognized that subpoenas should not be used as a means to reopen discovery after the cut-off date. See Buhrmaster v. Overnite Transportation Co, 61 F. 3d 461, 464 (6th Cir. 1995) *cert denied*. 516 U.S. 1078, 133 L. Ed. 736, 116 S. Ct.

---

[6] The undersigned counsel for MDC has gone through the files it obtained from former counsel and has been unable to find any discovery requests by the Plaintiff Chavez seeking the production of the exhibits she now seeks to add as trial exhibits.

8

785 (1996)(affirming district court's decision to quash subpoenas of material that could have been produced through normal discovery where plaintiff used subpoena to circumvent discovery deadline.); Ghandi v. Police Department of City of Detroit, 747 F. 2d 338, 354-55 (6th Cir. 1984)(affirming district court's decision to quash subpoena issued on the eve of trial seeking documents available during discovery.)  Although the Defendant MDC never moved to quash the subpoena herein based on the assumption that the documents requested were somehow going to be used to show the admissibility of the Levy & Droney report.  The Defendant MDC at that time had no way of knowing that the Plaintiff Chavez would in reality be using the subpoena to circumvent the discovery deadlines to obtain and use documents which should have been sought through discovery.

As set forth above, the proposed exhibits deal with the recommendations made in the Levy & Droney report and the implementation of those recommendations by MDC. However, presumably if the Plaintiff Daisy Chavez truly was relying upon the Defendant MDC's implementation and/or lack of implementation of these recommendations as a basis for any of her claims in this matter, she could have and would have sought the documents sooner.  She did not and the Defendant MDC was not aware of her intent to use such documents until after the Joint Pretrial Memorandum had been filed for a second time.  Thus, on this basis alone the documents should be excluded.

**IV.     CONCLUSION**

For all the foregoing reasons, the Defendant MDC objects to the Plaintiff Chavez's Motion to Amend the Joint Pre-trial Memorandum by adding the additional documents relating to the Defendant MDC's implementation and/or lack of implementation of the specific recommendations contained in the Levy & Droney report.

                                         THE DEFENDANT
                                         METROPOLITAN DISTRICT
                                         COMMISSION


                                  By:_____
                                         David A. Ryan, Jr. (ct.05064)
                                         Holly Quackenbush Darin (ct.10183)
                                         Ryan & Ryan, LLC
                                         900 Chapel Street, Suite 621
                                         New Haven, CT 06510
                                         (203) 752-9794
                                         david.ryan@ryan-ryan.net
                                         holly.darin@ryan-ryan.net
                                         Its Attorneys

## **CERTIFICATION**

      This is to certify that a copy of the foregoing was mailed, postage prepaid this 15th day of April 2005 to the following counsel of record:

Francis A. Miniter
Miniter & Associates
100 Wells Street, Suite 1D
Hartford, CT 06103

                                                                    _____
                                                                      David A. Ryan, Jr.