UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAISY CHAVEZ, | : | |
| | : | |
| Plaintiff, | : | |
| | : | No. 3:02CV458 (MRK) |
| v. | : | |
| | : | |
| METROPOLITAN DISTRICT COMMISSION, | : | |
| | : | |
| Defendant. | : | |

## RULING AND ORDER

In this lawsuit, Daisy Chavez sues her employer the Metropolitan District Commission ("MDC") for employment discrimination. The relevant facts and circumstances of this case are familiar to the parties, and therefore the Court will not repeat them here. Presently before the Court is MDC's Motion in Limine to Preclude Levy & Droney Report (the "Report") [**doc. #77**]. The Report contains the written conclusions of Levy & Droney, P.C., a law firm that was hired by MDC to conduct a compliance audit of MDC's employment practices in response to employee complaints of possible forms of race discrimination and/or retaliation. Ms. Chavez opposes this motion and seeks to offer the Report, in its entirety, as evidence at trial.

The Court has previously addressed the admissibility of the Levy & Droney Report in another case involving the MDC. *See Thomas v. Metro. Dist. Comm'n*, No. 3:02CV457(MRK), 2004 WL 2549728 (D. Conn. Nov. 5, 2004). The Court assumes familiarity with its prior opinion on this issue. Based on briefing by the parties[1] and the argument and testimony offered

---

[1] The Court considered the following submissions by the parties: Defendant's Post-Hearing Brief on Admissibility of the Levy & Droney Report [doc. #89] ("Def.'s Br."); Plaintiff's Post-Hearing Brief on Admissibility of Levy & Droney Report [doc. #91] ("Pl.'s Br."); Plaintiff's

at an evidentiary hearing held on March 7, 2005,[2] the Court finds that the Report is inadmissible and will be excluded for three reasons: (1) the Report is inadmissible hearsay; (2) the Report is irrelevant to Ms. Chavez's claims; and (3) the prejudice associated with admitting the Report far outweighs its probative value.

Ms. Chavez asserts that the Report should be considered an "[a]dmission by [a] party-opponent" under three separate subsections of Rule 801(d)(2) of the *Federal Rules of Evidence*. The Court disagrees and addresses each subsection in turn.

First, the Court concludes that the Report is not admissible as "a statement of which the party has manifested an adoption or belief in its truth" because Ms. Chavez has failed to offer *any* evidence suggesting that the Report is such an adoptive admission. *See* Fed. R. Evid. 801(d)(2)(B). While the Court does not take issue with Ms. Chavez's statement of the facts surrounding the Report, the Court is not persuaded that these facts advance Ms. Chavez's cause. *See* Pl.'s Br. at 8-9. There is no dispute that the MDC commissioned Levy & Droney to conduct an investigation and prepare the Report, that the MDC paid Levy & Droney for its services, that

---

Supplemental Memorandum of Law Regarding Admissibility of Levy & Droney Report Pursuant to Fed. R. Evid. 801(d)(2)(C) [doc. #105] ("Pl.'s Supp. Mem."); and Defendant's Opposition to Plaintiff's Supplemental Memorandum Regarding Admissibility of Levy & Droney Report [doc. #100] ("Def.'s Opp'n to Pl.'s Supp. Mem.").

[2] The following witnesses testified at the hearing: Bourke Spellacy, Counsel to the MDC and Reverend Paul M. Ritter, a former Commissioner of the MDC. The parties also stipulated to admission of the testimony of John Rose, Jr., an author of the Report, who testified at a similar evidentiary hearing in a prior employment discrimination lawsuit brought by another MDC employee entitled *Thomas v. Metropolitan District Commission*, 3:02CV457 (MRK). *See Thomas*, 2004 WL 2549728 at *1. With the parties' consent, the Court takes judicial notice of the transcript of the *Thomas* hearing, which took place on November 2, 2004 and is cited in this ruling as "Tr."

the MDC Commissioners voted to waive any attorney-client privilege otherwise applicable to the Report, and that the MDC made the Report available to MDC employees on the MDC's internal website.  *See* Pl.'s Br. at 9; Def.'s Br. at 8-9.  The Court also agrees that the testimony of Mr. Spellacy and Reverend Ritter established that the MDC decided to implement certain of the recommendations set forth in the Report and that MDC employees presented a plan for implementation of the recommendations to the full body of MDC Commissioners.  *See* Pl.'s Br. at 8-9; Def.'s Br. at 10-11.  Nevertheless, none of these facts demonstrate that the MDC manifested an adoption of the entire Report or a belief in the truth of what is stated in the entire Report.  "[T]he mere fact that the party has acted . . . in some way in reference to the statement . . . is not sufficient, standing alone, to justify a finding that there has been an adoption."  *See Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*  262 F. Supp. 2d 251, 262 (S.D.N.Y. 2003) (quotation marks and citations omitted).

To the contrary, both Mr. Spellacy and Mr. Rose repeatedly testified that to their knowledge, the MDC never "adopted" or "accepted" the statements set forth in the Report, which were the statements or conclusions of Levy & Droney (or the persons whom they interviewed) only.  Reverend Ritter testified that while the Commission adopted management's recommendations that were based on the Report, he did not know whether the Commission ever approved the recommendations contained in the Report or the Report itself.  When analyzed in the context of all relevant facts and circumstances, the Court finds that Ms. Chavez has failed to demonstrate that the MDC manifested an adoption of the Report or a belief in the truth of the information contained in it.  *See Penguin Books*, 262 F. Supp. 2d at 262 (citations omitted).  Accordingly, the Court rejects Ms. Chavez's argument that the Report is an adoptive admission

as defined by Rule 801(d)(2)(B).

The Court similarly concludes that the Report is not admissible under Rule 801(d)(2)(C) as "a statement by a person authorized by the party to make a statement concerning the subject" for the same reasons stated in its prior ruling in the *Thomas* case. *See* Fed. R. Evid. 801(d)(2)(C); *Thomas*, 2004 WL 2549728 at *2-*3. The Court will not repeat here what it said in its *Thomas* opinion. Suffice it to say that none of the additional testimony proffered by Ms. Chavez at the March 7, 2005 evidentiary hearing causes the Court to change its mind regarding the admissibility of the Report.

The Court notes, however, that in reaching its decision, the Court did not consider the testimony of MDC Commissioner Marylin F. Cohen. Ms. Chavez offered Ms. Cohen's deposition testimony for the first time in a supplemental memorandum filed nearly three weeks after the March 7 evidentiary hearing, and more than two weeks after the parties' briefing on the Report was due. *See* Pl.'s Supp. Mem. at 1-2; Sched. Order [doc. #84]. Ms. Chavez's supplemental submission is in direct contravention of the Court's clear instructions at the final pre-trial conference held on February 8, 2005, that the parties present at the March 7 evidentiary hearing *all* witnesses whose testimony they wished to offer regarding admissibility of the Report. Ms. Chavez made no mention of Ms. Cohen at any time prior to filing her supplemental memorandum, she did not call Ms. Cohen as a witness at the evidentiary hearing, and she has not provided any explanation for her failure to do so. Furthermore, the brief deposition excerpt that Ms. Chavez has submitted does not reveal whether counsel for the MDC had an opportunity to cross-examine Ms. Cohen at her deposition, and if they did, what Ms. Cohen's testimony on cross-examination was. For these reasons, the Court will not consider Ms. Cohen's testimony in

ruling on the admissibility of the Report.[3]

Ms. Chavez has equally failed to persuade the Court that the Report is admissible as a "statement of the party's agent . . . concerning a matter within the scope of agency the agency . . . made within the existence of the relationship," as required by Rule 801(d)(2)(D). *See* Fed. R. Evid. 801(d)(2)(D); Pl.'s Br. at 9. Both Mr. Rose, an attorney who was formerly of the Levy & Droney law firm and who authored the Report, and Mr. Spellacy, the MDC attorney who hired Mr. Rose to prepare the Report, both denied unequivocally that Levy & Droney acted as MDC's agent in preparing the Report. *See* Tr. at 52 (Mr. Rose testified "I never, while I was working, thought of myself as an agent of the MDC."). Having heard from both the purported agent and purported principal, the Court is satisfied that the Report is not admissible as a statement by an agent of MDC as provided for in Rule 801(d)(2)(D). *See* Restatement (Second) of Agency § 15 (1958) ("An agency relation exists only if there has been a manifestation by the principal to the agent that the agent may act on his account, and consent by the agent so to act.").

The Court's conclusion is bolstered by its finding that the majority of the Report is not relevant to Ms. Chavez's case because she was not interviewed for the Report, and Ms. Chavez can testify at trial to her own working experiences. Finally, even if the Report were otherwise admissible, the Court finds that under Rule 403 of the *Federal Rules of Evidence*, the prejudice associated with admitting the entire Report far outweighs its probative value as previously

---

[3] Even if the Court had considered Ms. Cohen's testimony, it would not alter the Court's view on the admissibility of the Report under Rule 801(d)(2)(C). While under some circumstances, Ms. Cohen's testimony itself may be admissible as a statement by a person authorized by MDC to speak concerning some relevant subject, Ms. Cohen's testimony does not establish whether the Report itself would also be admissible as an "authorized" statement. *See* Pl.'s Supp. Mem. at 1-2.

explained in the Court's opinion in the *Thomas* case.  See *Thomas*, 2004 WL 2549728 at *3.

Accordingly, the Court GRANTS the MDC's Motion in Limine to Preclude Levy & Droney Report [**doc. #77**].

IT IS SO ORDERED.

/s/      Mark R. Kravitz    
United States District Judge

**Dated at New Haven, Connecticut: April 21, 2005.**