# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

DAISY CHAVEZ,                        :
                                     :
            Plaintiff,               :
                                     :        No. 3:02CV458 (MRK)
v.                                   :
                                     :
METROPOLITAN DISTRICT                :
COMMISSION,                          :
                                     :
            Defendant.               :

## RULING AND ORDER

In this lawsuit, Daisy Chavez sues her employer the Metropolitan District Commission

("MDC") for employment discrimination.  Presently before the Court is MDC's Motion in Limine

to Preclude and/or Limit Evidence of Alleged Retaliation [**doc. #79**].  Having considered the

briefs submitted by the parties,[1] the Court GRANTS the MDC's motion in limine to the extent

that Ms. Chavez's retaliation claim is based on events that occurred before August 9, 2001,

because any such claim is barred by the Court's previous decision on MDC's motion for summary

judgment.

This action consists of two separate lawsuits that were consolidated for trial.  The Court

will refer to the first lawsuit, which was filed on March 13, 2002 and was captioned as *Chavez v.*

*Metropolitan District Commission*, 3:02CV458 (MRK), as "*Chavez I*," and the second lawsuit,

which was filed on June 9, 2003 and was captioned *Chavez v. Metropolitan District Commission*,

3:03CV1112 (MRK), as "*Chavez II*."  In *Chavez I*,  Ms. Chavez sued the MDC for, among other

---

[1] The following briefs were submitted by the parties: Plaintiff's Memorandum of Law Re: Collateral Estoppel and Retaliation Claim [doc. #93] ("Pl.'s Mem."); and Defendant's Memorandum of Law in Reply to Plaintiff's Memorandum of Law Re: Collateral Estoppel and Retaliation Claim [doc. #95] ("Def.'s Mem.").

things, retaliating against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§ 2000e-2000e-17 ("Title VII").  *Chavez I* involves allegations of discrimination by MDC for the

period through and including July 9, 2001, for which Ms. Chavez had filed complaint with the

Commission on Human Rights and Opportunities ("CHRO") on August 9, 2001.  *Chavez II*,

which also asserts violations of Title VII by the MDC, including retaliation, overlaps with

*Chavez I* in that *Chavez II* includes allegations regarding MDC's conduct both before and after

August 9, 2001, including conduct asserted in a second CHRO complaint that Ms. Chavez filed

against the MDC on October 22, 2002.

Following completion of discovery in *Chavez I*, the MDC filed a Motion for Summary

Judgment [doc. #22], arguing, among other things, that it was entitled to judgment on Ms.

Chavez's retaliation claim because she had failed to demonstrate that she engaged in any

protected activity prior to filing a CHRO complaint on August  9, 2001.  After extensive briefing,

the Court denied summary judgment to the MDC on certain of Ms. Chavez's claims, but the

Court granted summary judgment to the MDC on Ms. Chavez's retaliation claim.  In granting

summary judgment, the Court stated as follows:

> The Court has found no evidence whatsoever in Ms. Chavez's submissions of retaliation
> for engaging in protected activity. Indeed, in Ms. Chavez's deposition, which the Court
> has reviewed in connection with the pending motions, Ms. Chavez states that she has no
> idea why Defendant allegedly retaliated against her. Chavez Deposition, Def's Local Rule
> 9(c)2 Statement [*Chavez I* doc. #25], Ex. E, at 71-72. In short, there is not even a
> suggestion in the evidence of a causal connection between any protected activity and any
> adverse action. Cognizant as the Court is that Ms. Chavez's burden of showing a *prima
> facie* case is minimal, the Court nevertheless must conclude that Ms. Chavez has failed to
> establish a *prima facie* case of retaliation.

*See* Mem. of Decision [doc. #35] at 6.

At the Final Pretrial Conference in this matter, Ms. Chavez indicated that she intends at

trial to press claims against MDC for retaliatory conduct both before and after August 9, 2001.

The MDC does not (at this time) dispute Ms. Chavez's right to press her claim of post-August 9

retaliatory conduct. However, in its Motion in Limine, the MDC seeks to preclude Ms. Chavez

from offering any evidence (or asserting to the jury any claim) relating to alleged retaliation by

the MDC occurring prior to August 9, 2001, because that issue was already decided on the merits

in favor of MDC in the Court's summary judgment ruling in *Chavez I*. *See* Def.'s Mem. at 4.

The Court agrees with the MDC.

> Collateral estoppel, or issue preclusion, applies when:
>
> (1) the issues in both proceedings [are] identical, (2) the issue in the prior
> proceeding [were] actually litigated and actually decided, (3) there [was] a full and
> fair opportunity for litigation in the prior proceeding, and (4) the issue previously
> litigated [was] necessary to support a valid and final judgment on the merits.

*Faulkner v. Mindscape, Inc.*, No. 04-0263, ---F.3d ---, 2005 WL 503652, at *8 (2d Cir. Mar. 5,

2005). The Court finds that each of the four elements for issue preclusion are present in this

case.

First, there can be no serious dispute that the issues relevant to Ms. Chavez's pre-

August 9 retaliation claim presented by *Chavez II* are identical to the issues that were presented

in *Chavez I*. Indeed, it is the same claim made by the same plaintiff against the same defendant

based on the same conduct during the same time-frame. Ms. Chavez attempts to distinguish the

issues in *Chavez II* by pointing out that *Chavez II* was filed nearly 15 months after *Chavez I*. *See*

Pl.'s Mem. at 6. However, Ms. Chavez has failed to bring to the Court's attention any relevant

consequence of that delay. Ms. Chavez may have a new retaliation claim based on events that

occurred after August 9, 2001, but subsequent events do not have any bearing on the issue of

whether Ms. Chavez engaged in a protected activity before August 9. The Court also disagrees with Ms. Chavez that the Complaint in *Chavez II* sets forth any material factual allegations not present in the Complaint in *Chavez I*. Contrary to Ms. Chavez's assertion, paragraphs 33-36 of *Chavez II* are virtually identical to paragraphs 36-39 of *Chavez I*. *Compare* Compl. [doc. #1] in *Chavez I*, 3:02CV458 (MRK) with Compl. [doc. #1] in *Chavez II*, 3:03CV1112(MRK).[2]

Second, as Ms. Chavez apparently concedes, her claim of pre-August 9 retaliation was actually litigated and actually decided in *Chavez I*. There is no dispute that MDC briefed the retaliation claim in its summary judgment motion. *See* Def.'s Mem. in Supp. Summ. J. [doc. #23] at 27. Nor can there by any dispute that despite Ms. Chavez's failure to respond to the MDC's arguments, the Court conducted its own independent review of the record, and finding that the evidence presented by Ms. Chavez was insufficient to raise any issue of material fact, the Court granted summary judgment in favor of the MDC on merits of her retaliation claim. *See* Mem. of Decision [doc. #35] at 6 ("The Court has found no evidence whatsoever in Ms. Chavez's submissions of retaliation for engaging in a protected activity."). It is clear, therefore, that Ms. Chavez's pre-August 9 retaliation claim was actually litigated and actually decided against her, on the merits, in *Chavez I*. *See, e.g.*, *Amadsau v. Bronx Lebanon Hosp. Ctr.*, 2005 WL 121746, at *6 (S.D.N.Y. Jan. 21, 2005) (order granting summary judgment operated as a decision on the

---

[2] The Court notes that even if the wording of the Complaints in *Chavez I* and *II* were different, that would not necessarily prevent the application of issue preclusion principles. *See Gyadu v. Frankl*, 62 F. Supp. 2d 590, 592 (D. Conn. 1999) ("Many of the issues have been conclusively determined against the plaintiff in prior litigation; hence they are barred by the doctrine of collateral estoppel from being raised again simply by re-wording the allegations of the complaint.").

4

merits) (citing *Weston Funding Corp. v. Lafayette Towers, Inc.*, 550 F.2d 710, 714-15 (2d Cir. 1977)).

Third, Ms. Chavez received a full and fair opportunity to litigate her pre-August 9 retaliation claim in *Chavez I*. As noted above, the MDC clearly raised the issue in its summary judgment motion. At that time, Ms. Chavez chose not to respond to the MDC's arguments regarding her retaliation claim in her opposition brief. *See* Pl.'s Mem. in Opp'n to Summ. J. [doc. #30]. Ms. Chavez was represented by counsel at all times. If, after reading the Court's summary judgment ruling, Ms. Chavez felt that the Court misunderstood her statements or was not aware of certain additional relevant facts, she had an opportunity to provide any necessary clarification by filing a timely motion for reconsideration. However, Ms. Chavez did not do so. Ms. Chavez cannot not now rely on her own failures on the merits in *Chavez I* to avoid the consequences of issue preclusion and assert the identical claim in *Chavez II*. *See, e.g.*, *Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 646 (2d Cir. 1998) (party had full and fair opportunity to litigate issues that it failed to appeal where it appealed some aspects of the district's court's ruling but failed to appeal others).

Finally, the Court's conclusion that Ms. Chavez failed to demonstrate that she engaged in a protected activity prior to August 9, 2001 was necessary to the Court's judgment on the merits of her retaliation claim in *Chavez I*. While Ms. Chavez is correct that the Court's summary judgment ruling in *Chavez I* was not a final judgment for the purposes of appeal, the Second Circuit has reasoned that the standards of finality for purposes of appealability and for issue preclusion are not, and should not be, the same since each doctrine serves different purposes. *See MetroMedia Co. v. Fugazy*, 983 F.2d 350, 366 (2d Cir. 1992) ("Finality for collateral estoppel

5

purposes 'includes many dispositions which, though not final in [the 28 U.S.C. § 1291] sense,

have nevertheless been fully litigated.' "); *Media Group, Inc. v. Tuppatsch*, 298 F. Supp. 2d 235,

247 (D. Conn. 2003) (same).  *See also Zdanok v. Glidden Co.*, 327 F.2d 944, 955 (2d Cir. 1964)

("[C]ollateral estoppel does not require a judgment 'which ends the litigation . . . and leaves

nothing for the court to do but execute the judgment.' ") (citations omitted).  Thus, summary

judgment orders have routinely been held to constitute a final judgment for the purpose of

collateral estoppel.  *See Amadsau*, 2005 WL 121746, at *6 (collecting cases).  *See also*

Restatement (Second) of Judgments § 13 cmt. g (1982) (recognizing that in order to avoid

"needless duplication of effort and expense in the second action to decide the same issue, . . . the

wisest course is to regard the prior decision of the issue as final for the purpose of issue

preclusion without awaiting the end judgment").

    In any event, even if the Court were free to reconsider its earlier ruling, Ms. Chavez has

not presented any proper basis for doing so.  First, the only alleged "protected activity" that Ms.

Chavez has been able to come up with in the months since this Court's summary judgment ruling

is that she applied for a promotion.  Yet, Ms. Chavez was well aware of that fact before the Court

ruled and she has offered no excuse for failing to present that argument sooner.  *See Shrader v.

CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995) (reconsideration is not appropriate when "the

moving party seeks solely to relitigate an issue already decided.").

    Second, and more importantly, the Court seriously doubts that applying for a promotion,

without more, constitutes a protected activity for purposes of Title VII.  *See Mack v. Otis

Elevator Co.*, 326 F.3d 116, 129 (2d Cir. 2003).  Ms. Chavez has not alleged that there was

anything "in her [application for promotion] that could reasonably have led [the MDC] to

6

understand . . . the nature of her objections." *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 137 F.3d 276, 292 (2d Cir. 1998). *See also Miller v. Edward Jones & Co.*, 355 F. Supp. 2d 629, 642-43 (D. Conn. 2005) (protected complaints must contain "some indicia of a complaint made against an unlawful activity") (citations omitted). "[A] protected activity must involve some sort of complaint about a type of discrimination that Title VII forbids." *Brands-Kousaros v. Banco DiNapoli, S.p.A.*, No. 97 Civ. 1673, 1997 WL 790748, at *5 (S.D.N.Y. Dec. 23, 1997). Therefore, even if the Court were free to reconsider its earlier ruling, the Court would not do so.

For the aforementioned reasons, the Court GRANTS the MDC's Motion in Limine to Preclude and/or Limit Evidence of Alleged Retaliation [**doc. #79**]. Ms. Chavez will not be permitted to present to the jury any evidence or argument regarding alleged retaliation by the MDC occurring prior to August 9, 2001.

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut on: April 27, 2005.**