**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DAISY CHAVEZ, | : | |
| | : | |
| Plaintiff, | : | |
| | : | No. 3:02CV458 (MRK) |
| v. | : | |
| | : | |
| METROPOLITAN DISTRICT | : | |
| COMMISSION, | : | |
| | : | |
| Defendant. | : | |

**RULING AND ORDER**

In this lawsuit, Daisy Chavez sues her employer the Metropolitan District Commission

("MDC") for employment discrimination.  The relevant facts and circumstances of this case are

familiar to the parties, and therefore the Court declines to repeat them here.  Among other things,

Ms. Chavez claims that the MDC failed to promote her to at least five different positions for

discriminatory reasons.  Presently before the Court is the question of whether Ms. Chavez may

present to the jury argument or evidence regarding her claim that the MDC failed to promote her

to the position of Assistant to the Director of Water Treatment & Supply in May 1998.  The

Court concludes that she may not.

 At the Final Pretrial Conference on February 24, 2005, see Minute Entry [doc. #83], the

Court asked Ms. Chavez to identify the precise positions that form the basis of her failure to

promote claim.  For the first time, at that conference, Ms. Chavez indicated that she intended to

assert a claim against the MDC for failure to promote her to the position of Assistant to the

Director of Water Treatment & Supply pursuant to 42 U.S.C. § 1981.  The MDC pointed out that

Ms. Chavez applied for that position in May 1998 and Ms. Chavez's first lawsuit was filed on

March 14, 2002.  Therefore, any claim based on the failure to promote her to that position would

appear to lie beyond the reach of the three-year statute of limitations for § 1981 claims. However, Ms. Chavez argued that she could take advantage of the four-year statute of limitations created by 28 U.S.C. § 1658 that applies to civil actions "arising under" any "Act of Congress" enacted after 1990.  The Court reserved ruling on the issue at the Final Pretrial Conference, and gave the parties an opportunity to brief the statute of limitations issue.  Having considered the briefs submitted by the parties,[1] the Court concludes that Ms. Chavez may not properly include the Assistant to the Director of Water Treatment & Supply as part of her discriminatory failure to promote claim in this lawsuit.

In its brief on the statute of limitations issue, the MDC also objected to Ms. Chavez's untimely assertion of her claim regarding the MDC's alleged discriminatory failure to promote her to the position of Assistant to the Director of Water Treatment & Supply.  The MDC argued that on the basis of untimeliness alone, the Court need not even address Ms. Chavez's statute of limitations arguments.  *See* Defs.' Mem. at 2 n.1.  The Court agrees with the MDC and sustains its objection on that basis.

 Ms. Chavez's assertion of a claim for failure to promote her to the position of Assistant to the Director of Water Treatment & Supply position comes far too late in the day.  Unlike the other five positions that form the basis of Ms. Chavez's failure to promote claim, Ms. Chavez never made any mention of the Assistant to the Director of Water Treatment & Supply position in either of the complaints she filed and that have been consolidated for trial.[2]  Indeed, it appears

---

[1] The parties submitted the following briefs: Plaintiff's Memorandum of Law Re: Statute of Limitations [doc. #92] ("Pl.'s Mem."); and Defendant's Memorandum of Law Re: Statute of Limitations [doc. #94] ("Def.'s Mem.").

[2] Ms. Chavez filed two employment discrimination lawsuits against the MDC.  These lawsuits have been consolidated for trial.  The first lawsuit ("*Chavez I*") was filed on March 13,

that the first time that Ms. Chavez *ever* mentioned her claim of a failure to promote her to the

position of Assistant to the Director of Water Treatment & Supply position in this lawsuit was

when she listed documents relating to that position as exhibits in the Joint Trial Memorandum.

*See* Def.'s Mem. at 2 n.1.  Certainly, the first time the Court became aware of this claim was at

the Final Pretrial Conference.

It is well-established in the Second Circuit that Ms. Chavez may not assert a failure to

promote claim based on a position that was not specified in her complaint.  *See Kinsella v.*

*Rumsfeld*, 320 F.3d 309, 314 (2d Cir. 2003) ("[T]o establish a prima facie case of discriminatory

failure to promote, a plaintiff must allege that she or he applied for a specific position or

positions and was rejected therefrom, rather than merely asserting that on several occasions she

or he generally requested promotion."); *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 712 (2d Cir.

1998) (emphasizing the "*de minimis* pleading requirement [that the plaintiff] delineat[e] [the]

position or positions to which she applied and was rejected.").

As the Court noted above, the Assistant to the Director of Water Treatment & Supply

position is not mentioned in either of Ms. Chavez's complaints and Ms. Chavez has not made any

effort to amend either complaint to add the necessary allegations regarding this claim.  Even if

Ms. Chavez were to make such a motion at this late date, the Court would not be inclined to

grant it because Ms. Chavez has made no attempt to explain her undue delay in raising this claim

and allowing an amendment at this late stage, long after the close of discovery and on the eve of

trial, would undoubtedly prejudice the MDC.  *See, e.g.*, *Zahra v. Town of Southold*, 48 F.3d 674,

---

2002 and was captioned as *Chavez v. Metropolitan District Commission*, 3:02 CV 00458 (MRK)
and the second lawsuit ("*Chavez II*") was filed on June 9, 2003 and was captioned *Chavez v.*
*Metropolitan District Commission*, 3:03 CV 01112 (MRK).

685-686 (2d Cir. 1995) (affirming denial of leave to amend because undue delay existed where motion to amend was filed 2.5 years after case commenced and three months before trial). Indeed, the Court is at a loss to understand why a claim based on events that allegedly occurred in 1998 is being asserted for the first time in 2005 as part of a lawsuit that was filed in 2002.

Accordingly, the Court concludes that Ms. Chavez may not properly assert a claim against the MDC for an alleged discriminatory failure to promote her to the position of Assistant to the Director of Water Treatment & Supply as part of this action.  As result of this ruling, the Court need not address the statute of limitations issue.  The Court notes however, that even if it were to consider the parties' statute of limitations arguments, due to the untimeliness of Ms. Chavez's allegations regarding the Assistant to the Director of Water Treatment & Supply position, the Court would not be in a position to determine whether the four-year statute of limitations applies to her claim.[3]

In conclusion, the Court sustains the MDC's objection to Ms. Chavez's attempt at this stage to assert a claim for failure to promote her to the position of Assistant to the Director of Water Treatment & Supply.  Ms. Chavez will not be permitted to present to the jury any evidence or argument regarding this position.

---

[3] The parties agree that pursuant to the Supreme Court's decisions in *Jones v. R.R. Donnelly & Sons, Co.*, 124 S.Ct. 1836 (2004) and *Patterson v. McLean Credit Union*, 491 U.S. 164 (1989), a four-year statute of limitations applies to Ms. Chavez's failure to promote claim only if it "was made possible by" the 1991 amendment to § 1981.  *Jones*, 124 S.Ct. at 1845.  In order to answer that question, the Court must determine "whether the nature of the change in position" due to the promotion would have been "such that it involved the opportunity to enter into a new contract with the employer" in the sense "the promotion rises to the level of a *new and distinct relation* between the employee and the employer." *Patterson*, 491 U.S. at 165.  The Court is not in a position to make this fact-intensive determination because neither Ms. Chavez nor the MDC have provided the Court with the facts needed address this issue.

IT IS SO ORDERED.


/s/ _____Mark R. Kravitz_____
United States District Judge


**Dated at New Haven, Connecticut on <u>April 29, 2005</u>.**