**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DAISY CHAVEZ, | : | DOCKET NO. 3:02CV458 (MRK) |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| THE METROPOLITAN DISTRICT | : | |
| COMMISSION, | : | |
|     Defendant | : | May 3, 2005 |

**DEFENDANT MDC'S OBJECTION TO**
**PLAINTIFF'S JURY INSTRUCTIONS AND PROPOSED VERDICT FORM**

The Defendant, Metropolitan District Commission ("Defendant MDC") submits the following objections to the Plaintiff's Proposed Jury Instructions dated October 8, 2004 and Plaintiff Supplemental Jury Instructions filed on or about February 10, 2004.[1]

**I.  PROPOSED JURY INSTRUCTIONS DATED OCTOBER 8, 2004**

    **A. Count I - Gender, ethnicity and national origin discrimination under Section 1983**

The Defendant MDC objects to the Plaintiff's proposed jury instructions for violation of Section 1983 since it is incorrect and misleading and seeks to over-simplify the standards for Section 1983 liability. Further, the sole authority for the instruction is Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) which although providing some limited authority for some of the instructions, certainly cannot be relied upon as authority for the Plaintiff Chavez's entire set of Section 1983 instructions.

First, the instruction sets forth the language of Section 1983 which premises liability upon deprivation of "rights, privileges, or immunities secured by the Constitution and laws… However,

---

[1] The Defendant MDC addresses herein both sets of instructions filed by the Plaintiff Chavez since it is unclear whether the supplemental set filed on February 10, 2004 was intended to replace and/or supplement the prior set of instructions. However, the Defendant MDC addresses herein only the Proposed Verdict Form filed by the Plaintiff Chavez on February 10, 2004 because it does not specify that it is "supplemental" and thus the Defendant MDC assumes that the prior Proposed Verdict Form is no longer being relied upon by the Plaintiff Chavez.

1

neither the Plaintiff's complaint or her proposed jury instructions identifies the constitutional provision or other law that the plaintiff seeks to enforce under Section 1983.  The Defendant MDC assumes that the Plaintiff Chavez is relying upon a violation of the Equal Protection clause, but her proposed jury instructions contained no reference to such clause.  On the other hand, the instructions of the Defendant MDC do refer to the Equal Protection Clause.

Second, the instructions are a mischaracterization and oversimplification of the elements of proof for a Section 1983 claim.  The instructions imply that liability can be imposed upon proof of an adverse action against the plaintiff where the plaintiff's gender, ethnicity or national origin was a motivating factor in defendant's decision and the defendant was acting under color of state law.  However, this is an incorrect statement of the law and the Defendant MDC's instructions provide more detailed guidance for the jury, including an instruction that proof of discriminatory intent or purpose is required.  Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 265, 97 S.Ct. 555, 50 L. Ed. 2d 450 (1977).

### B. Count II - Ethnicity Discrimination under Section 1981

The Defendant MDC objects to the Plaintiff Chavez's jury instructions as to Section 1981 on the basis that the Plaintiff Chavez has failed to provide any legal authority for the instructions and the plaintiff seeks to overly simplify the elements of a Section 1981 claim. By contrast, MDC's instructions are a correct statement of the law and provide more detailed guidance for the jury. Specifically, noticeably absent from the Plaintiff Chavez's instruction is language informing the jury that an employer may take an adverse action for any reason, good or bad, fair or unfair, provided that the action is not based upon an intent to discriminate based upon race or ethnicity.

Further, with respect to the first paragraph of the Plaintiff Chavez's Section 1981 instruction, the Defendant MDC objects to the last sentence which appears to be the Plaintiff Chavez's comments as to Section 1981 and those comments are a misstatement of the Plaintiff's burden of proof.

### C.    Count III - Gender, ethnicity and national origin discrimination under Title VII

The Defendant MDC objects to the instruction under Title VII on the basis that it, too is devoid of any legal authority, and the Plaintiff again seeks to oversimplify the elements of a Title VII claim. By contrast, the Defendant MDC's instruction is a correct statement of the law and provide more detailed guidance for the jury.

First, the Plaintiff Chavez's instructions do not contain any instructions as to her claim of a systematic pattern and practice of discrimination by the Defendant MDC.

Further, although the Plaintiff Chavez appears to be incorporating into her instructions the McDonnell Douglas burden-shifting framework, her attempt to do so is confusing and misleading. The Plaintiff's Chavez's statement in paragraph five (5) that the "employer may not succeed by offering a legitimate and sufficient reason for its decision if that reason did not motivate it…." is misleading since the Plaintiff Chavez does not define what she means by a "legitimate reason" and implies that the Defendant MDC must provide a "sufficient" reason. However, as set forth in the Defendant MDC's instructions, the Defendant MDC can defend itself by providing a legitimate, nondiscriminatory reason or explanation for its action which can be any reason or explanation unrelated to the Plaintiff's gender and/or national origin.

Furthermore, the Plaintiff Chavez provides no instruction as to her burden to show the Defendant MDC's legitimate reason for its actions was a pretext for discrimination.

Finally, the Defendant MDC objects to the Plaintiff Chavez's instructions as to her hostile work environment claim since the instructions are confusing, misleading and over simplify the

3

elements of a hostile work environment claim. Although the Plaintiff Chavez lists a variety of factors that the jury may consider, she fails to define those factors and/or to provide the jury with any guidance in viewing and considering such factors. By contrast, the Defendant MDC's proposed instructions provide more guidance for the jury and are a fairer statement of the applicable law.

### D.    Damages

The Defendant MDC objects to the Plaintiff Chavez's instructions as to damages on the basis that they contain incorrect statements of the law, are misleading, and lack any legal authority.

With respect to the first paragraph, the Plaintiff Chavez states that "damages include" instead of saying that "damages may include," leaving the jury with the impression that the jury must award each of the items listed in its calculation of damages. By contrast, the Defendant MDC's instructions contain a correct statement of the law.

The Defendant MDC objects to the fourth paragraph to the extent it contends that the Plaintiff is "not required to prove with unrealistic precision the amount of lost earning…and that any ambiguities...should be resolved against the Defendant." The Defendant also objects to the statement in paragraph five that "no evidence of monetary value…need be introduced…" Again, the Plaintiff Chavez sets forth no legal authority for these propositions and, in fact, they are incorrect statements of the law. The Plaintiff is required to prove her damages with a reasonable degree of certainty and although she need not prove the amount of loss with mathematical precision, the jury may not award such damages based on speculation or guesswork. Lost profits may only be recovered to the extent that the evidence affords a sufficient basis for estimating their amount with reasonable certainty. See Sir Speedy, Inc. v. L & P Graphics, Inc., 957, F. 3d 1033, 1038 (2d Cir. 1992)(citations omitted); Raishevich v. Foster, 247 F. 3d 337, 343 (2d Cir. 2001)(citations omitted).

4

In addition, for these same reasons the Defendant MDC objects to the Plaintiff's statements in paragraphs five (5) and six (6), that the "plaintiff is entitled to compensatory damages" and in paragraph seven relating to future damages that "the plaintiff is entitled" to the damages set forth therein.

The Defendant MDC also objects to paragraph seven (7) to the extent that it argues that the Plaintiff Chavez is entitled to damages for loss of "future earning power", the Plaintiff Chavez provides no authority for this proposition and fails to define or provide any guidance to the jury as to what she means by "loss of future earning power." Further, assuming arguendo that there is a right to compensation for lost "earning power" the Plaintiff Chavez fails to provide an instruction to the jury as to the elements she is required to prove to establish such a loss. <u>William v. Pharmacia, Inc</u>. 137 F. 3d 944, 952 (7th Cir. 1998)(To recover for lost earning capacity, a plaintiff must produce competent evidence suggesting that her injuries have narrowed the range of economic opportunities available to her. Plaintiff must also show that her injury has caused a diminution in her ability to earn a living.)

Finally, the Defendant MDC objects to the Plaintiff Chavez's instructions as to damages, because she fails to mention her obligation to mitigate damages.

**II.**     **SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS**

**A.**     **Proposed Jury Instruction No.1**

The Defendant MDC objects to paragraph one (1) on page two (2) since it is confusing and misleading. The first sentence states that the language of Title VII means that "an employer cannot discriminate on the basis of race or sex against the plaintiff in her terms and conditions of employment <u>which includes</u> any denial of promotion, disciplinary actions, and termination of employment." The sentence should end with a period after the word employment and a new

sentence should be added stating, "Such terms and conditions of employment <u>may</u> include a denial of promotion, disciplinary action and termination of employment."

The second sentence of paragraph two (2) is likewise confusing and the phrase "because of race and sex" should be deleted since this phrase is redundant.

### B.   Proposed Jury Instruction No. 2 – Promotion Claim

The Defendant MDC objects to the Plaintiff Chavez's Proposed Jury Instruction No. 2 to the extent that she fails to properly address the burden shifting framework established by <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973).  Specifically, once the Plaintiff Chavez has established the elements of her prima facie case, the jury is required to consider the Defendant MDC's legitimate, nondiscriminatory reasons for its actions.   Thereafter, it is incumbent upon the Plaintiff Chavez to show that the Defendant MDC's stated reason is a pretext.  <u>See</u> Defendant MDC's Proposed Jury Instructions Nos. 5 & 6.

Further, the Plaintiff Chavez's statements in paragraph three (3) and paragraph (4) on page four (4) are misleading.   To meet her burden of persuasion, once the Defendant MDC has provided evidence that it selected the most qualified candidate, although the Plaintiff Chavez is not required to show she is better qualified, if she does so argue in order to show pretext, the Plaintiff Chavez must show that her credentials are so superior to those of the hired individuals that no reasonable employer could have selected those individuals over her. See <u>Byrnie v. Town of Cromwell, Board of Education</u>, 243 F. 3d 93 (2d Cir. 2001).

The Defendant MDC objects to the last paragraph of Proposed Instruction No. 2 on the basis that it states that the jury must award the Plaintiff Chavez a promotion to one of the positions with full seniority and back pay.  However, the Plaintiff Chavez only entitled to be awarded to a

promotion, with full seniority and back pay to any position that the jury finds the defendant intentionally denied her on the basis of her sex, race, national origin, or ethnicity.

### C.     Proposed Instruction No. 3 – Racially Hostile Work Environment

The Defendant MDC objects to paragraph three (3) of Proposed Instruction No. 3 to the extent it provides an incorrect statement of the law as to the standard for determining whether a hostile work environment exists. The Defendant MDC's jury instructions provide a correct statement of the law which is that the existence of a hostile work environment is determined both objectively and subjectively.  In other words, the Plaintiff Chavez must prove not only that she subjectively perceived the conduct to be hostile, but also that a <u>reasonable</u> <u>person</u> would find such conduct to be hostile.

Likewise, it is unclear how the instruction relating to diminished performance as contained in paragraph three (3) has any relevance to the Plaintiff Chavez's claims in this lawsuit.

### D.     Proposed Jury Instruction No. 4 – Retaliation Claims

The Defendant MDC objects to paragraph three (3) of Proposed Instruction No. 4 because it is unclear how the instruction relating to diminished work performance has any relevance to the Plaintiff Chavez's claims.

Additionally, to the extent that paragraph one (1) on page ten (1) claims that the Plaintiff Chavez engaged in protected activities with respect to the circumstances of other employees, no such claim has been made by the Plaintiff Chavez.

The Defendant MDC objects to paragraphs two (2) and three (3) of page ten (10) because it improperly attempts to simplify the Plaintiff Chavez's proof of causal connection. By contrast, the Defendant MDC's instructions provided a fairer and more correct statement of the law.

The Defendant MDC objects to sentence one of the third paragraph contained on page ten (10) since it is confusing and nonsensical as written. In addition, the Defendant MDC objects to the Plaintiff Chavez's use of the phrase "sideline her career".

### E. Proposed Jury Instruction No. 5

The Defendant MDC objects to Proposed Jury Instruction No. 5 on the basis that the Plaintiff Chavez fails to provide any legal authority for the instructions and the Plaintiff Chavez seeks to overly simplify the elements of a Section 1981 claim. In addition, the instruction as provided is confusing and misleading. By contrast, MDC's instructions are a correct statement of the law and provide more detailed guidance for the jury.

First, paragraph two (2) of Proposed Jury Instruction No. 5 is confusing and is redundant since it is reiterates what is being said in paragraph one (1) and paragraph three (3). Further, to the extent that the paragraph refers to a protest by the Plaintiff Chavez against "supervisors' creating and condoning harassing and intimidating work environment for **other employees**, there is no allegation in either complaint that the Plaintiff Chavez protested treatment of other employees and the Defendant MDC is not aware of, nor does it expect there to be evidence at trial of any such protest by the Plaintiff Chavez.

Second, noticeably absent from the Plaintiff Chavez's instruction is language defining for the jury what is meant by "intentional discrimination" in the context of a 1981 claim. In addition, the Plaintiff Chavez's instruction as set forth on pages twelve (12) and continuing on page thirteen (13) regarding the inference of intentional discrimination is misleading and confusing and cites no law for the propositions set forth therein.

Finally, the last sentence of Proposed Instruction No. 5 states that "…if you find that the Hispanic female plaintiff was not promoted by the defendants under circumstances in which a white, male employee was, you may draw an inference of race discrimination." Not only does the Plaintiff Chavez again fail to provide any law for this proposition, but the Defendant MDC objects to the use of the words "female" and "male" since Section 1981 does not apply to discrimination based upon gender and the instruction, as framed, implies otherwise.

### F.      Proposed Jury Instruction No. 6:  Section 1983 Claim

The Defendant MDC objects to the Plaintiff Chavez's instruction on proximate cause as contained in paragraph three (3) on page fifteen (15) and continuing on to page sixteen (16) for two reasons.  The Plaintiff Chavez's last sentence is confusing.   Secondly, there is no instruction that in order to be awarded damages for her injury, the Plaintiff Chavez must show that her injury would not have occurred without the conduct of the Defendant.  See Defendant MDC's Proposed Instruction  No. 10.

Further, the Defendant MDC objects to paragraph one (1), sentence two (2) on page sixteen (16) of the Plaintiff's Supplemental Jury Instructions which states that "[i]t is also not necessary to prove an intent, motive or purpose to discriminate."  This is an incorrect statement of the law.  See Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 265 (1977)(Denial of equal protection claims brought under Section 1983 require proof of discriminatory intent or purpose.)

### G.      Proposed Jury Instruction No. 7 – Damages Instructions

The Defendant MDC objects to the Plaintiff Chavez's instructions as to damages on the basis that they contain incorrect statements of the law, are misleading, and lack any legal authority.

9

With respect to the first paragraph, the Plaintiff Chavez states that "damages include" instead of saying that "damages may include," leaving the jury with the impression that the jury must award each of the items listed in its calculation of damages.  By contrast, the Defendant MDC's instructions contain a correct statement of the law.

The second paragraph states that the jury should aware damages only for injuries which Daisy Chavez "has actually suffered" but should say "has proved she actually suffered" as a result of the Defendant's violations of Title VII, 42 U.S.C. § 1983 and 42 U.S.C. § 1981.  By contrast, the Defendant MDC's instructions provide a correct statement of the law.

The third paragraph states that the jury "must consider" instead of "may consider" leaving the jury the impressions that it must award each of the items listed.

The Defendant MDC objects to the first paragraph of page nineteen (19) which states that the Plaintiff is "not required to prove with unrealistic precision the amount of lost earning…and that any ambiguities...should be resolved against the Defendant."  The Defendant also objects to the statement in paragraph two (2) on page nineteen (19) that "no evidence of monetary value…need be introduced…" Again, the Plaintiff Chavez sets forth no legal authority for these propositions and, in fact, they are incorrect statements of the law.  The Plaintiff Chavez is required to prove her damages with a reasonable degree of certainty and although she need not prove the amount of loss with mathematical precision, the jury may not award such damages based on speculation or guesswork.  Lost profits may only be recovered to the extent that the evidence affords a sufficient basis for estimating their amount with reasonable certainty.  See Sir Speedy, Inc. v. L & P Graphics, Inc., 957, F. 3d 1033, 1038 (2d Cir. 1992)(citations omitted); Raishevich v. Foster, 247 F. 3d 337, 343 (2d Cir. 2001)(citations omitted).

The Defendant MDC objects to item number "3" of paragraph five (5) to the extent that it refers to the award of medical expenses. The Court granted the Defendant MDC's Motion in Limine precluding evidence of diverticulitis and the Plaintiff Chavez's counsel agreed not to present evidence on this subject except in a cursory way as background.

The Defendant MDC also objects to paragraph seven (7) to the extent that it argues that the Plaintiff Chavez is entitled to damages for loss of "future earning power". The Plaintiff Chavez provides no authority for this proposition and fails to define or provide any guidance to the jury as to what she means by "loss of future earning power." Further, assuming arguendo that there is a right to compensation for lost "earning power" the Plaintiff Chavez fails to provide an instruction to the jury as to the elements she is required to prove to establish such a loss. <u>William v. Pharmacia, Inc</u>. 137 F. 3d 944, 952 (7th Cir. 1998)(To recover for lost earning capacity, a plaintiff must produce competent evidence suggesting that her injuries have narrowed the range of economic opportunities available to her. Plaintiff must also show that her injury has caused a diminution in her ability to earn a living.)

In addition, to the extent paragraph one (1) references the Plaintiff's earning power before the "statement" vs. after the "statement" the instruction is confusing and unclear since there are no "statements" at issue in this case. Rather, the case concerns the Defendant MDC's alleged discriminatory conduct.

Finally, the Defendant MDC objects to the Plaintiff Chavez's instructions as to damages, because she fails to mention her obligation to mitigate damages.

**III.     DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED JRUY VERDICT FORM**

### A. <u>SECTION 1983 EQUAL PROTECTION</u>

The Defendant MDC objects to the Plaintiff Chavez' proposed verdict form dealing with Section 1983 Equal Protection on the basis that there is no interrogatory with respect to the issue of intent and to prevail upon a claim 1983 equal protection claim the Plaintiff Chavez is required to show discriminatory intent or purpose.

Secondly, the Plaintiff Chavez claims that she was denied a promotion to six different positions on the basis of her race, gender, ethnicity or national origin.  For purposes of damages and to determine the appropriateness of the jury's ultimate verdict, the jury verdict form needs to provide for specific interrogatories as to what, if any, adverse employment actions the jury finds the Defendant Chavez suffered (i.e. what positions was she improperly denied) and upon which basis the Defendant MDC cause such adverse employment action (i.e. did the Defendant MDC discriminate against her based upon race, gender, ethnicity or national origin?). For example, the evidence will show that a female was hired for the Manager of the Treasury and if the jury were to find that the Defendant MDC intentionally discriminated against the Plaintiff Chavez based upon her gender by failing to promote her to this position, this finding arguably would be inappropriate and perhaps a basis for appeal, but the only way the Defendant MDC would know of and could attack this finding by the jury would be if there is an express interrogatory to the jury asking the jury for a finding of the specific protected basis, if any, upon which it finds the Defendant MDC discriminated against the Plaintiff Chavez.

Third, paragraphs two (2) and three (3) ask whether the Plaintiff Chavez suffered an adverse employment action and whether the Defendant MDC caused this adverse employment action. However, absent from both paragraphs is the requirement that any adverse employment actions

suffered by the Plaintiff Chavez and caused by the Defendant MDC must occur <u>because of</u> her membership in a protected class. In addition, paragraph three (3) should state "intentionally caused" rather than "caused" since, as set forth above, an equal protection claim under Section 1983 requires proof of discriminatory intent.

Finally, with respect to paragraph five (5), since the verdict form does not provide for interrogatories requiring the jury to specify what, if any adverse employment actions it finds the Plaintiff Chavez suffered and/or the Defendant MDC caused, the jury could conceivably award damages back to the date the first promotion was denied the Plaintiff Chavez, even though conceivably it may not have found the denial to be an adverse employment action.

For the above reasons, the Defendant MDC 's verdict form is a fairer form for recording the jury's verdict.

### B. **SECTION 1981**

The Defendant MDC objects to the Plaintiff's Proposed Verdict Form under Section 1981 for the same reasons as set forth above under Section 1983 and believes that its verdict form is a fairer form for recording the jury's verdict.

### C. **42 U.S. CODE 20003 et seq. DISCRIMINATION IN EMPLOYMENT**

The Defendant MDC objects to the Plaintiff's Proposed Verdict Form under Title VII for the same reasons as set forth above and believes that its verdict form is a fairer form for recording the jury's verdict.

### D. **42 U.S. CODE 2003 et sq. – RETALIATION**

The Defendant objects to the Plaintiff Chavez proposed verdict form relating to Title VII retaliation on the basis that it does not provide for jury findings on some of the issues of fact that are necessary to a verdict on a retaliation claim. Specifically, the elements of a retaliation claim that the

Plaintiff Chavez must prove are that: (1) she engaged in a protected activity; (2) that the Defendant MDC knew that she engaged in such protected activity; (3) she was subjected to a tangible adverse employment action after the protected conduct took place; and (4) that the Defendant MDC took adverse action against the Plaintiff Chavez because of her protected conduct.

The jury verdict form provided by the Plaintiff Chavez provides for no specific jury finding on any of these specific elements.

Furthermore, as set forth above, to the extent that there are numerous actions which might be considered adverse employment actions, it is important both for damages and to determine the appropriateness of the jury's verdict, that the jury make specific findings as to what, if any, specific tangible adverse employment actions it finds were taken against the Plaintiff Chavez.[2]

                THE DEFENDANT
                METROPOLITAN DISTRICT
                COMMISSION


By:_____
    Holly Quackenbush Darin (ct10183)
    Ryan & Ryan, LLC
    900 Chapel Street, Suite 621
    New Haven, CT 06510
    (203) 752-9794
    Its Attorneys

---

[2] If the jury were to award damages for an adverse employment action, which occurred prior to, the Plaintiff's engaging in protected activity this would clearly be improper, but the only way the Defendant MDC would know this and be able to address this on appeal is if specific findings were made by the jury.

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid this 3rd day of May, 2005 to the following counsel of record:

Francis A. Miniter
Miniter and Associates
100 Wells Street, Suite 1D
Hartford, CT  06103

_____
Holly Quackenbush Darin