UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAISY CHAVEZ, | : | DOCKET NO. 3:02CV458 (MRK) |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| THE METROPOLITAN DISTRICT | : | |
| COMMISSION, | : | |
|     Defendant | : | May 27, 2005 |

**DEFENDANT'S MEMORANDUM IN RESPONSE TO
ORDER TO SHOW CAUSE**

**I.   INTRODUCTION**

The Defendant, Metropolitan District Commission (hereafter the "Defendant" or "MDC"), hereby responds to the Court's Order To Show Cause dated May 26, 2005. Specifically, the Defendant submits its response as to: (1) whether the Plaintiff's §1981 claims are barred by the holding of *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989) and (2) what effect, if any, there is on the Plaintiff's request for injunctive relief.

**II.   DISCUSSION**

    **A.   The Plaintiff's Section 1981 claims are barred by the holding in *Jett*.**

The Supreme Court held in *Jett v. Dallas Independent School District*, that "the express cause of action for damages created by Section 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in Section 1981." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. at

1

735. Subsequently, in 1991, Congress enacted the Civil Rights Act of 1991, which in part expanded the rights protected under Section 1981, adding provisions now codified as subsections (b) and (c) of Section 1981. Subsection (c) extended the statute's coverage to private actors. *Anderson v. Conboy*, 156 F.3d 167, 170 (2d Cir. 1998).

While there is a split among the Circuit Courts of Appeal as to whether *Jett* has been overruled by the enactment of Section 1981(c), the Second Circuit has held that the holding in *Jett* survives the enactment of Section 1981(c). *See Anderson v. Conboy*, 156 F.3d at 176 n.17, 178-79 n.19 (2d Cir. 1998); *Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004); *see also Myers v. Township of Trumbull*, 2004 U.S. Dist. LEXIS 7240 (April 25, 2004 at * 10 n.5)(*citing Anderson v. Conboy, supra*); *Roddini v. City Univ. of New York*, 2003 U.S.Dist. LEXIS 2549 (February 21, 2003 at *17)(agreeing with fellow Connecticut District Court Judges that the amendment to Section 1981 does not affect the Supreme Court's holding in *Jett*). Because the controlling authority in this jurisdiction has held that *Jett*'s ruling prevails after the enactment of Section 1981(c), Section 1983 provides the exclusive remedy for the Plaintiff's claims under Section 1981.

**B.  The Request for Injunctive Relief Does Not Affect the Section 1981 Claim**

A number of federal courts have addressed employment discrimination claims seeking damages and injunctive relief pursuant to Title VII (42 U.S.C. Sections 2000e et seq.), 42 U.S.C. Section 1981 and 42 U.S.C. Section 1983. *See, e.g., Lander v. Montgomery County Board of*

*Commissioners*, 60 Fed. Appx. 598 (6th Cir. 2003); *Lawrence v. Hawaii Air National Guard*, 2005 U.S.App. LEXIS 4576 (9th Cir. March 21, 2005); *Richardson v. Leeds Police Department*, 71 F.3d 801 (11th Cir. 1995); *Lewis v. State of Connecticut Department of Corrections¸* 355 F. Supp. 2d 607 (D.Conn. 2005).

As discussed above, the exclusive federal damages remedy for the violation of rights guaranteed by Section 1981 when the claim is pressed against a state actor is Section 1983. "To the extent that the plaintiff seeks injunctive relief under Section 1981, such relief would be duplicative of equitable relief available under section 1983." *Crenshaw v. City of Defuniak Springs*, 891 F. Supp. 1548, 1555 (N.D.Fla. 1995); *Richardson v. Leeds Police Department¸* supra, 71 F.3d 801.

Section 1983 provides the exclusive federal damages remedy for violations of rights under Section 1981 by state actors. Accordingly, the Plaintiff's request for injunctive relief pursuant to Section 1981 does not prevent her Section 1981 claims from being barred by the Supreme Court's holding in *Jett.*

### III.   CONCLUSION

Section 1983 is the exclusive federal damages remedy for a violation of rights guaranteed by Section 1981. Injunctive relief is available pursuant to the equitable relief that may be awarded under Section 1983. Accordingly, MDC respectfully submits that the Plaintiff's Section

1981 claims are barred by the Supreme Court's decision in *Jett v. Dallas Independent School District*, 491 U.S. 701 (1989).

        THE DEFENDANT,
        THE METROPOLITAN
        DISTRICT COMMISSION


BY_____
    David A. Ryan, Jr. (ct. 05064)
    Holly Quackenbush Darin (ct. 10183)
    Ryan & Ryan, LLC
    900 Chapel Street
    Suite 621
    New Haven, CT  06510
    -Its Attorneys-

## CERTIFICATION

The undersigned hereby certifies that the foregoing was sent by facsimile and regular mail, first class, postage prepaid, this 27th day of May 2005 to all counsel and pro se parties of record as listed below:

Francis A. Miniter
Miniter and Associates
100 Wells Street, Suite 1D
Hartford, CT  06103

_____
David A. Ryan, Jr.