UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| DAISY CHAVEZ | : | |
| | : | No. 3:02CV458(MRK) |
| VS. | : | |
| | : | |
| METROPOLITAN DISTRICT | : | MAY 30, 2005 |
| COMMISSION | : | |
| | : | |

**PLAINTIFF'S MEMORANDUM OF LAW
RE *JETT* AND §1981(c)**

**I.   INTRODUCTION**

Plaintiff Daisy Chavez does hereby respond to the court's Order to Show Cause dated May 26, 2005, and submits that the 1991 amendments to 42 U.S.C. § 1981, in particular the addition of subsection (c) thereto, effects a reversal not only of the 1989 Patterson case, but also the 1989 Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701 (1989), to the extent that such ruling held that § 1983 provided the exclusive federal damages remedy for violations of § 1981 rights by state actors.

**II.   DISCUSSION**

   **A.   1991 AMENDMENTS AND *JETT***

*Jett, supra*, was the second of two 1989 decisions that galvanized the U.S. Congress into action.  Jett held that claims of vicarious municipal liability under § 1981 had to be brought under the aegis of § 1983.

> The strong adverse reaction to the Sherman amendment,
> and continued references to its complete novelty in the law of
> the United States, make it difficult to entertain petitioner's
> contention that the 1866 Act had already created a form of
> vicarious liability against municipal governments.

1

*Jett* @ 727-8.

Congress acted swiftly. In 1991, Public Law 102-166 was passed. Section 3 of that Public Law states in relevant part:

> The Purposes of this Act are -
> . . .
> (4) to respond to recent decisions of the Supreme Court by expanding the scope of relevant civil rights statutes in order to provide adequate protection to victims of discrimination.

Note the plural reference in "decisions". It was not *Patterson* alone that irked Congress. And the addition of subsection (c) directly addresses *Jett*:

> (c)   Protection against impairment
> The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

The parallel construction ["against impairment by ... and impairment under ... ."] makes it clear that § 1981 is now intended to provide direct protection against racial discrimination by state actors. We submit, if that is not the plain meaning of the words, then the words have no meaning.

Despite the cases cited by the Defendant, the Second Circuit Court of Appeals has taken the position that the 1991 Amendments to § 1981 do overturn *Jett*. First, we will address the cases cited by Defendant.

*Anderson v. Conboy*, 156 F.3d 167 (2nd Cir. 1998) is a case dealing with private actors, not state actors, and it does not attempt to interpret the effect of the 1991 Amendments on Jett. At most, it makes the following musing in footnote 19.

> [fn19] Section 1981(c) may be ambiguous as to whether it creates an implied private right of action against state actors under Section 1981, statutorily overruling Jett v. Dallas Independent School District, 491 U.S. 701 (1989), which held that 42 U.S.C. " 1983 provides the exclusive federal

> remedy against municipalities for violation of the
> rights set forth in Section 1981(a). See Note 17, supra;
> compare Federation of African Am. Contractors v. City of
> Oakland, 96 F.3d 1204, 1205 (9th Cir. 1996) (Section 1981(c)
> overrules Jett), with Dennis v. County of Fairfax, 55 F.3d
> 151, 156 n. 1 (4th Cir. 1995) (Jett unaffected by Section
> 1981(c)). However, this ambiguity has no bearing on the issues
> before us.

Id. at 178.

So Defendant's reliance on this case is completely misplaced. The second case on which Defendant relies is *Patterson v. County of Oneida*, 375 F. 3d 206 (2nd Cir. 2004). But this case does not discuss the 1991 Amendments at all, not once. So its citation to *Jett* is inconclusive.

However, the Second Circuit has made its opinion known on the subject in explicit language and when they have done so, it is clear that in this Circuit, the new language provides rights under § 1981 against state actors.

The most recent word comes in *Dotson v. Griesa*, 398 F.3d 156 (2nd Cir. 2005), where the only reason that it denied the § 1981 claims of Plaintiff is that the Defendant was a federal actor and not a state actor:

> Title 42 United States Code " 1981(a) states: "All persons
> within the jurisdiction of the United States shall have the
> same right in every State and Territory to make and enforce
> contracts . . . as is enjoyed by white citizens." A 1991
> amendment to " 1981 clarifies that "[t]he rights protected by
> this section are protected against impairment by
> nongovernmental discrimination and impairment under color of
> *State law*" (emphasis added). 42 U.S.C. " 1981(c).
>
> This court has long construed the phrase "under color of
> state law" as used in related civil rights statutes, notably
> 42 U.S.C. " 1983, to apply only to state actors, not federal
> officials. *See Kingsley v. Bureau of Prisons,* 937 F.2d 26, 30
> n. 4 (2d Cir. 1991) (holding that "[a]n action brought
> pursuant to 42 U.S.C. " 1983 cannot lie against federal
> officers"); *Yalkut v. Gemignani,* 873 F.2d 31, 35 (2d Cir.
> 1989). Today, we hold that this construction also applies to
> the same language in " 1981. *See Lee v. Hughes,* 145 F.3d 1272,
> 1277 (11th Cir. 1998) (affirming dismissal of " 1981 claim by
> terminated U.S. probation officer: "Both circuit precedent and
> the text of " 1981 compel us to hold that a plaintiff cannot

3

> maintain a " 1981 claim against a federal defendant acting under color of federal law."); *see also Davis-Warren Auctioneers, J.V. v. Fed. Deposit Ins. Corp.,* 215 F.3d 1159, 1161 (10th Cir. 2000) (affirming dismissal of " 1981 claim against federal agency); *Davis v. United States Dep't of Justice,* 204 F.3d 723, 725 (7th Cir. 2000) (same).

Id. at p. 162.

Earlier *in Phillip v. University of Rochester*, 316 F.3d 291 (2nd Cir. 2003), the Second Circuit looked at the opposite question, does the amended statute reach private action as well as state action:

> In 1991, Congress enacted amendments to Section 1981. The next just quoted now is denominated as subsection (a). A new subsection (b) repudiates Patterson v. McLean Credit Union, 491 U.S. 164 (1989), in which the Supreme Court held that breaches of contract are outside the scope of the "make and enforce contracts" clause of Section 1981. And, pertinent to this appeal, a new subsection (c) provides: "The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law." 42 U.S.C. § 1981(c).
>
>   On the face of the amended statute, it would seem that the answer to the question this appeal presents is clear: No state action is required for a Section 1981 claim.

Id. at p. 294.

And again at p. 297:

> The court also held that a contrary interpretation would have "the absurd result of federalizing state tort law." Id. Finally, the court relied on the legislative history for subsection (c). This history states in its entirety:
>
>   This subsection is intended to codify Runyon v. McCrary. In Runyon, the Court held that Section 1981 prohibited intentional racial discrimination in private, as well as public, contracting. The Committee intends to prohibit racial discrimination in all contracts, both public and private.
>
>   H.Rep. No. 40, 102d Cong., 1st Sess., Pt. II at 37 (1991), reprinted in U.S. Code Cong. & Admin. News at 549, 731.

From these holdings, it should be sufficiently clear that the Second Circuit Court of Appeals regards § 1981 as applying now to state actors and private actors both. Plaintiff,

4

therefore, may pursue her claim in the alternative under § 1981 and § 1983.

    **B.    INJUNCTION REMEDY**

Given the argument above, in particular, given the comments of the Second Circuit in *Phillip* to the effect that the rights accorded claimants are not dependent on the nature of the actor violating the law, we submit that § 1981 permits Plaintiff to seek injunctive relief under § 1981 against the Defendant. The Second Circuit held:

```
The Chapman majority then decided that the rights protected
against private interference were those within the contract
clause while other rights-including those contained in the
equal benefit clause-were protected only against state
interference. If Congress had intended this result, it would
have used language specifying which rights were protected
against private interference, which against state
interference, and which against both. The current language of
subsection (c), however, can only be read to protect all of
subsection (a)'s rights against both governmental and private
interference.
```

Phillip at p. 297.

For this reason, Plaintiff should be allowed to proceed with her claim for injunctive relief.

                          DAISY CHAVEZ
                          PLAINTIFF

By_____
                          Francis A. Miniter
                          Miniter and Associates
                          100 Wells Street, Suite 1D
                          Hartford, CT 06103
                          phone 860-560-2590
                          fax    860-560-3238
                          email: miniter@attglobal.net
                          Fed. ID No. CT09566

CERTIFICATION OF SERVICE

  The undersigned does hereby certify that a true copy of the foregoing together with all attachments thereto was delivered to the following counsel of record by email delivery on May 30, 2005 and by hand delivery, on May 31, 2005:

Holly Quackenbush Darin, Esq.
David Ryan, Esq.
Ryan & Ryan
900 Chapel Street, Suite 621
New Haven, CT  06510

                   _____
                   Francis A. Miniter