# U.S. 9th Circuit Court of Appeals Reports

THOMAS v. CITY OF TACOMA, 03-35799 (9th Cir. 2005)

CORY L. THOMAS; ABDULLAH ALI; and MUHAMMAD ALEXANDER,

Plaintiffs-Appellants-Cross-Appellees, v. CITY OF TACOMA, a municipal

corporation; TACOMA POLICE DEPARTMENT; BRIAN EBERSOLE; JAMES O. HAIRSTON;

RAY CORPUZ; KRISTI BUCKLIN; NATHAN CLAMMER; TERRY KRAUSE; ROBERT LUKE;

DAVID PECK; STEVE O'KEEFE; ROBERT BAKER; JOE BUNDY; RONALD TENNYSON; TODD

TEHAR; SHEPPARD CLARKE; KEITH MILLER; GRANT; and ROWBOTTOM,

Defendants-Appellees-Cross-Appellants.

Nos. 03-35799, 03-35816.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted February 11, 2005 — Seattle, Washington.

Filed June 8, 2005.

Appeal from the United States District Court for the Western District of Washington, Ronald B. Leighton, District Judge, Presiding. D.C. No. CV-01-05138-RBL.

Lembhard G. Howell, Law Offices of Lembhard G. Howell, P.S., Seattle, Washington, for the plaintiffs-appellants-cross-appellees.

Jean P. Homan, Assistant City Attorney, Tacoma City Attorney's Office, Tacoma, Washington, for the defendants-appellees-cross-appellants.

Before: Monroe G. McKay,**[fn*]** Diarmuid F. O'Scannlain, and Carlos T. Bea, Circuit Judges.

Opinion by Judge McKay.

[fn*] The Honorable Monroe G. McKay, Senior United States Circuit Judge for the Tenth Circuit, sitting by designation.

**OPINION**

McKAY, Circuit Judge:

This is an appeal and cross-appeal from the district court's denial of the parties' respective motions for attorney's fees pursuant to **42 U.S.C. § 1988**(b).

BACKGROUND

Plaintiffs, residents of Tacoma, Washington, brought a civil rights lawsuit pursuant to, *inter alia,* **42 U.S.C. § 1983** alleging multiple causes of action against the Tacoma Police Department ("TPD"), the City of Tacoma, three City officials, and twenty-two individually named police officers. Based on several incidents in which Plaintiffs were allegedly abused and harassed by police officers from the TPD, Plaintiffs brought numerous causes of action which ranged from violation of federal civil rights statutes to abuse of process.

During the course of litigation, several dispositive motions were filed by Defendants, many of which were granted.**[fn1]** As a result, by the time of trial, three of the original four Plaintiffs maintained claims against the City and eight police officers stemming from ten incidents. The district court trifurcated the trial, grouping related causes of action into separate proceedings: (1) Plaintiffs' claims against the individual officers, (2) Plaintiffs' claims against the City for its hiring and

retention of Officer Baker, and (3) Defendants' counterclaim against
Plaintiffs for malicious prosecution.

The trial lasted five weeks and jury deliberations continued for three
days. The jury ultimately returned a verdict for Plaintiff Thomas on his
claim against Officer Tennyson for violation of his constitutional right
to be free from unlawful seizures. Defendants prevailed on all remaining
claims, including the counterclaim. In its award to Plaintiff Thomas, the
jury allocated $15,000 in compensatory damages and $20,000 in punitive
damages.**[fn2]** Plaintiff Thomas**[fn3]** and Defendants, in their respective
status as prevailing parties and pursuant to **42 U.S.C. § 1988**, agreed to
have the district court decide the issue of attorney's fees. After
submission of the briefs and oral argument, the district court denied
both parties' requests for fees.

                              DISCUSSION

   I. Legal Standard

We have jurisdiction over the district court's denial of attorney's
fees pursuant to **28 U.S.C. § 1291**. Awards of attorney's fees are
generally reviewed for an abuse of discretion. *Watson v. County of
Riverside,* **300 F.3d 1092**, 1095 (9th Cir. 2002). However, we only arrive
at discretionary review if we are satisfied that the correct legal
standard was applied and that none of the district court's findings of
fact were clearly erroneous. *Ferland v. Conrad Credit Corp.,* **244 F.3d 1145**,
1147-48 (9th Cir. 2001). If the parties contend the district court made a
legal error in determining the fee award, then *de novo* review is
required. *Hall v. Bolger,* **768 F.2d 1148**, 1150 (9th Cir. 1985) ("[A]ny
elements of legal analysis and statutory interpretation which figure in
the district court's decision are reviewable *de novo.*"). All factual
findings are reviewed for clear error. *Fischer v. SJB-P.D. Inc.,*
**214 F.3d 1115**, 1118 (9th Cir. 2000).

   II. Analysis

A prevailing party may be awarded reasonable fees in relation to the
prosecution of a federal civil rights claim.**[fn4]** "In any action or
proceeding to enforce a provision of section[ ] . . . 1983 . . . of this
title, . . . the court, in its discretion, may allow the prevailing
party, other than the United States, a reasonable attorney's fee. . . ."
**42 U.S.C. § 1988**(b) (2000). The statute does not differentiate between a
prevailing plaintiff and defendant, but case law has filled that gap. "[A]
prevailing plaintiff `should ordinarily recover an attorney's fee unless
special circumstances would render such an award unjust.'" *Hensley v.
Eckerhart,* **461 U.S. 424**, **429** (1983) (quoting S. Rep. No. 94-1011, p. 4
(1976)). Prevailing defendants, on the other hand, may only be awarded
attorney's fees pursuant to **42 U.S.C. § 1988**(b) when the plaintiff's
civil rights claim is "frivolous, unreasonable, or groundless, or that
the plaintiff continued to litigate after it clearly became so."
*Christiansburg Garment Co. v. EEOC,* **434 U.S. 412**, **422** (1978).

   A. Plaintiff's Request for Attorney's Fees

In denying Plaintiff's request for fees, the district court concluded
that granting an award of attorney's fees to Plaintiff would be unjust
because doing so would "result in a windfall." *Thomas v. City of Tacoma,*
No. 01-5138 RBL, at *6-7 (W.D. Wash. Sept. 11, 2003). In support of this
finding, the district court reasoned that "any outside observer would
easily conclude that [Plaintiff] did not obtain what [he] sought in this
case" as he only prevailed on one of his many claims. *Id.* at *6. As legal
support, the district court relied on *Farrar v. Hobby,* **506 U.S. 103**
(1992), which recognized that there are occasions when a prevailing
party's reasonable fee is no fee at all. *Farrar,* 506 U.S. at 115.

Plaintiff contends that reliance on *Farrar* was error. We agree. The
district court used *Farrar* as a vehicle to arrive at the ultimate denial
of Plaintiff's request for fees. After categorizing *Farrar* as a "primary
case" for analyzing a request for a prevailing plaintiff's attorney's
fees, the district court stated that *Farrar* "cautions that any fee award
must be evaluated by comparing the extent of the plaintiffs' success with
the amount of the award . . . [and] recognizes that even where a

plaintiff formally or technically prevails, sometimes the only reasonable fee is no fee at all." *Thomas,* No. 01-5138 RBL, at *6 (internal citation and internal quotation omitted). In so characterizing *Farrar,* the district court missed its central holding and improperly applied it to this case. The district court characterized *Farrar* as a case authorizing an award of no attorney's fees, notwithstanding the fact that plaintiff prevailed, because the plaintiff did not prevail enough. *Farrar*'s holding is much more limited. In *Farrar,* the United States Supreme Court decided the propriety of a fee award when the plaintiff was awarded only *nominal* damages. It held that, although a plaintiff is technically "prevailing" when awarded nominal damages, a formal or technical victory may, in some circumstances, only support an award of no fees. 506 U.S. at 115. By contrast to the plaintiff in *Farrar* who was awarded only nominal damages, Plaintiff here recovered a total of $35,000: $15,000 in compensatory damages and $20,000 in *punitive* damages. The jury's award of punitive damages alone is sufficient to take it out of the nominal category. Therefore, the district court's reliance on *Farrar* was improper.

The proper analysis requires that a prevailing plaintiff only be denied an award of attorney's fees when special circumstances exist sufficient to render an award unjust. *Hensley,* 461 U.S. at 429. In applying the "special circumstances" exception, we focus on two factors: "(1) whether allowing attorney fees would further the purposes of § 1988 and (2) whether the balance of the equities favors or disfavors the denial of fees." *Gilbrook v. City of Westminster,* **177 F.3d 839**, 878 (9th Cir. 1999).

The two justifications articulated by the district court for denying the request for fees were: (1) it would result in a windfall to Plaintiff, and (2) Plaintiff did not obtain the relief requested. Granting a windfall to plaintiffs was a concern echoed by Congress in enacting § 1988, but Congress balanced that concern against the need to attract competent counsel to prosecute civil rights cases. *City of Riverside v. Rivera,* **477 U.S. 561**, **579-80** (1986) (plurality opinion). Thus, § 1988 is a product of balancing those concerns by only permitting reasonable fees. *See* **42 U.S.C. § 1988**(b). To require Defendants to pay reasonable attorney's fees relevant to the prosecution of the successful claim does not create a windfall, but fulfills the Congressional purpose of § 1988(b).

The fact that Plaintiff failed to recover on *all* theories of liability is not a bar to recovery of attorney's fees. This concern was addressed by the Supreme Court in *Hensley.* In *Hensley,* the Supreme Court recognized that "the most critical factor [in determining the amount of attorney's fees to award] is the degree of success obtained." 461 U.S. at 436. The Supreme Court explained:

> Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount that is reasonable in relation to the results obtained.

*Id.* at 440. To deny an award of attorney's fees notwithstanding Plaintiff's clear victory on one of his claims for relief is an abuse of discretion; a reasonable fee in this case is *not* no fee at all.

On remand, the district court must determine the reasonable fee for Plaintiff in this case. Because Plaintiff "achieved only partial or limited success, the product of hours reasonably expended on the litigation *as a whole* times a reasonable hourly rate *may be* an excessive amount." *Id.* at 436 (emphasis added). Therefore, the district court's inquiry is more searching, though it "should not result in a second major litigation." *Id.* at 437. In such cases, we have employed a two-part test: (1) whether Plaintiff prevailed on unrelated claims ("[h]ours

expended on unrelated, unsuccessful claims should not be included in an award of fees"), and (2) whether "the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Webb v. Sloan,* **330 F.3d 1158**, 1168 (9th Cir. 2003) (internal quotation omitted).

To determine whether the claims are related, the district court should focus on whether the claims on which Plaintiff did not prevail "involve a common core of facts *or* are based on related legal theories." *Id.* (emphasis in original).**[fn5]** To the extent the claims are related, Plaintiff should recover reasonable fees for prosecuting those claims. However, a determination that certain claims are not related does not automatically bar an award of attorney's fees associated with those unrelated claims; work performed in pursuit of the unrelated claims may be inseparable from that performed in furtherance of the related or successful claims. We recognize the difficulty in parsing through Plaintiff's claims to determine relatedness and in no way imply which of the myriad claims brought by Plaintiff are related to his successful claim. That is for the district court to decide.

The bulk of discretion retained by the district court lies in the second, significance of relief, inquiry. *Id.* at 1169 ("If it is impossible to isolate the truly unrelated claims from those related claims, the district court should instead reflect that limited success in [the] second step.") (citation omitted). At the heart of this inquiry is whether Plaintiff's "accomplishments in this case justify the fee amount requested." *Thorne v. City of El Segundo,* **802 F.2d 1131**, 1142 (9th Cir. 1986) (citation omitted). "There is no precise rule or formula for making these determinations." *Id.* at 436. Plaintiff succeeded on only one of his many claims against Defendants, which was sufficient to persuade the jury to award punitive damages. It is now within the district court's discretion to determine whether that award supports Plaintiff's fee request.

B. Defendants' Request for Attorney's Fees

In denying Defendants' fee application, the district court stated:

> The Court is convinced that while some of the plaintiffs' claims were stronger than others, the claims do not rise to the "frivolous, unreasonable, or without foundation" level required to entitle the defendants to their fees. The defendants do not cite a truly analogous Civil Rights case in support of their motion, and the Court has not found one. The cases relied upon involve more egregiously meritless claims, and, more importantly, less compelling fundamental Civil Rights issues.

*Thomas,* No. 01-5138 RBL, at *5. Defendants contest this result on two fronts. First, Defendants claim that the district court erred by applying the wrong legal standard by premising its denial of Defendants' request on Plaintiffs' subjective good faith. Second, and in the apparent alternative, Defendants contend that the district court abused its discretion in denying the request because many of Plaintiffs' claims had no factual basis or were not legally cognizable.

In support of their first argument, Defendants cite to a case from the Second Circuit. In *Davidson v. Keenan,* the Second Circuit held that the district court erred in denying the defendants' motion for attorney's fees because it employed an improper legal standard. **740 F.2d 129**, 133 (2d Cir. 1984). The district court's sole basis for the denial of fees in *Davidson* was because plaintiffs relied in good faith on their counsel's advice in deciding to proceed with their suit. *Id.* Defendant's reliance on *Davidson* is misplaced. The district court did not base its denial of Defendants' fee application on Plaintiff's good faith. The district court's operative finding on this issue, as stated in open court, was that after sitting through "six weeks of trial, *[the court did not] believe that the claims that Plaintiff brought were frivolous.*" ER 377 (emphasis added). The district court reiterated this finding in its written order. *Thomas,* No. 01-5138 RBL, at *5. Therefore, the holding of *Davidson* is not applicable to this case.

   Defendants' second argument, that the district court abused its
discretion in not granting fees because many of Plaintiff's claims were
without merit, is not well taken. Defendants assert that dozens of the
claims asserted by Plaintiffs had no reasonable basis in fact or law.
Thus, Defendants argue that the claims were frivolous, entitling them to
an award of attorney's fees. Aple's Br. at 21 (citing *Tarkowski v. Lake
County,* **775 F.2d 173** (7th Cir. 1985)). This position misapprehends the
district court's findings and the current state of the law. The district
court made clear findings regarding the merits of Plaintiffs' claims,
stating that they were not "`frivolous, unreasonable, or without
foundation.'" *Thomas,* No. 01-5138 RBL, at *5. We cannot say that the
district court abused its discretion in finding the claims not to be
frivolous. However, assuming *arguendo* that the claims were frivolous, the
district court's ultimate decision to deny Defendants' fees was
nonetheless not an abuse of discretion.

   We are persuaded by the First Circuit's reasoning articulated in *Tang
v. Rhode Island, Dep't of Elderly Affairs,* **163 F.3d 7** (1st Cir. 1998), on
which the district court relied. In *Tang,* the court recognized that,
although a finding of frivolity was a prerequisite to an award of
attorney's fees, "[n]otwithstanding such a finding, the district court
still retains discretion to deny or reduce fee requests after considering
all the nuances of a particular case." *Tang,* 163 F.3d at 15.

   The district court exercised the continuing discretion articulated in
*Tang*:

   [T]he Court does not find in the exercise of its
   discretion that, even if some of their claims could
   be [characterized as frivolous, unreasonable, or
   without foundation], the plaintiffs should be forced
   to pay the defendants' attorneys's fees. The lofty
   goals of the Civil Rights Act and the fee shifting
   mechanism contained in it would be undermined, not
   advanced, by an award of fees against the plaintiffs
   in this case. *Thomas,* No. 01-5138 RBL, at *6. In so
   doing, the district court did not abuse its
   discretion.

                              CONCLUSION

   Based on the foregoing, we reverse in part and affirm in part the
district court's opinion. Specifically, we REVERSE the district court's
denial of attorney's fees to Plaintiff Thomas, AFFIRM the district
court's denial of attorney's fees to Defendants, and REMAND the case for
proceedings consistent with this opinion. The parties shall bear their own
costs on appeal.

[fn1] In ruling on these motions, the district court's job was
facilitated in part because Plaintiffs did not oppose some of the motions
and stipulated to the dismissal of actions against various officers.

[fn2] Although this is the verdict returned by the jury, the parties
subsequently reached a settlement in which the verdict for Plaintiffs was
vacated and Defendants' malicious prosecution claim was dismissed.

[fn3] Although Plaintiff's briefing often refers to the collective
"Plaintiffs" in arguing the district court's decision to deny fees was
wrong, it is clear that Plaintiff Thomas was the sole prevailing party
and therefore is the only Plaintiff appealing the district court's
decision.

[fn4] We note that this fee dispute is based solely on Plaintiff's § 1983
claims and is not related to Plaintiff's other claims or Defendants'
counterclaim.

[fn5] By way of comparison, unrelated claims are those that are "entirely
distinct and separate from the claims on which the plaintiff prevailed."
*Webb,* 330 F.3d at 1168 (internal quotation omitted).

Copyright © 2005 Loislaw.com, Inc. All Rights Reserved