UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAISY CHAVEZ, | : | CIVIL ACTION |
| | : | 3:02CV458 (MRK) |
| Plaintiff | : | |
| | : | |
| V. | : | |
| | : | |
| METROPOLITAN DISTRICT | : | |
| COMMISSION, | : | |
| | : | |
| Defendant | : | AUGUST 2, 2005 |

### DEFENDANT'S OBJECTION TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEYS' FEES

The Defendant, Metropolitan District Commission ("MDC" or "the Defendant") submits that the Plaintiff's Memorandum Of Law In Opposition To Defendant's Motion For Attorneys' Fees ("Plaintiff's Memo In Opposition") should be stricken because it is untimely.  Even if the Court chooses to consider the Plaintiff's Memo in Opposition, the Defendant submits that it is without merit and the Court should grant the Defendant's Application/Motion For Attorneys Fees ("Motion For Fees") for the reasons set forth in the Memorandum of Law accompanying the Motion For Fees.

On June 17, 2005, MDC filed with the Court the Motion For Fees and a Verified Bill of Costs.  Both the Motion For Fees and the Bill of Costs were served on the Plaintiff by mail on or about June 18, 2005.

The Plaintiff's response to the Motion For Fees was due July 8, 2005, as ordered by the Court on June 22, 2005.  *See* Exhibit 1, A.  The Plaintiff did not file a response to the Motion For Fees with the Court or serve a response on the Defendant by July 8, 2005 as ordered.  Further, the Plaintiff did not file a motion seeking an extension of time to file

a response to the Motion For Fees prior to July 8, 2005, nor did he seek the Defendant's consent to extend the time to file his response prior to that date.

On July 22, 2005, counsel for the Defendant received a Motion For Extension Of Time To File Objection To Motion For Attorneys' Fees ("Motion For Extension") signed by Plaintiff's counsel, Francis A. Miniter, and dated July 20, 2005. *See* Exhibit 2. The Certification Of Service on the Motion For Extension, also signed by Attorney Miniter, indicated that counsel for the Plaintiff mailed a copy of the Motion For Extension to counsel for the Defendant on July 29, 2005. *See* Exhibit 2 at page 2.

The Defendant, under the erroneous assumption that the Plaintiff had filed the Motion For Extension with the Court on or about July 20, 2005, the date on the Motion For Extension, prepared an objection. *See* Exhibit 1. On July 26, 2005, the Defendant attempted to file its Objection To Plaintiff's Motion For Extension of Time with the Court for the reasons set forth therein. *See* Exhibit 1. The Defendant did not learn that the Plaintiff never filed the Motion For Extension with the Court until approximately 12:45 p.m. on July 28, 2005 when the office of counsel for the Defendant received a telephone call from Court Clerk, Ken Ghilardi, informing counsel that the Plaintiff had not filed a motion for extension to respond to the Defendant's Motion For Fees with the Court. Because the Court had no motion for extension to attach to the Defendant's Objection, the Court returned the Defendant's Objection, un-filed. *See* Exhibit 1.

The Plaintiff's Memo In Opposition was filed with the Court more than twenty (20) days after the due date imposed by the Court. *See* Exhibit 1, A. Further, the Plaintiff never moved the Court for an order extending the time to file the response to the

Motion For Fees. Therefore, the Defendant respectfully submits that the Court should disregard the Plaintiff's Memo In Opposition.

If the Court finds it prudent to consider the Plaintiff's Memo In Opposition, despite its untimely filing, the Defendant submits that Memo In Opposition does not offer any persuasive reason for the Court to deny the Plaintiff's Motion For Fees. While the Plaintiff's Memo In Opposition is replete with factual inaccuracies and baseless accusations, the Defendant finds it unnecessary to utilize the Court's time to specifically address each of the Plaintiff's misstatements. Instead, the Defendant refers the Court to its Motion For Fees and accompanying Memorandum of Law, as well as the trial record. Based upon the evidence submitted at trial, as referenced in the Defendant's Motion For Fees, the Defendant respectfully submits that its Motion For Fees should be granted.

        THE DEFENDANT
        METROPOLITAN DISTRICT
        COMMISSION

By:_____
    Holly Quackenbush Darin (ct10183)
    Ryan & Ryan, LLC
    900 Chapel Street, Suite 621
    New Haven, CT 06510
    (203) 752-9794
    holly.darin@ryan-ryan.net
    - Its Attorneys -

## **CERTIFICATION**

      This is to certify that a copy of the foregoing was mailed, postage prepaid this 2nd day of August 2005 to the following counsel of record:

Francis A. Miniter
Miniter & Associates
100 Wells Street, Suite 1D
Hartford, CT  06103

_____
Holly Quackenbush Darin