UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAISY CHAVEZ, | : | CIVIL ACTION |
| | : | 3:02CV458 (MRK) |
| Plaintiff | : | |
| | : | |
| V. | : | |
| | : | |
| METROPOLITAN DISTRICT | : | |
| COMMISSION, | : | |
| Defendant | : | JULY 26, 2005 |

**OBJECTION TO PLAINTIFF'S**
**MOTION FOR EXTENSION OF TIME**

The Defendant, Metropolitan District Commission (MDC) hereby objects to the Plaintiff's Motion for Extension of Time to file an objection to the Defendant's Motion for Attorney Fees filed on June 17, 2005 based upon the following reasons:

1. On June 17, 2005 the Defendant MDC filed a Verified Bill of Costs along with a separate Application/Motion for Attorney Fees and accompanying Memorandum of Law. Pursuant to Local Rule 54, "[a]ny objections to the bill of costs shall be filed with the Clerk within ten (10) days of the filing of the bill of costs and shall specify each item to which there is an objection and the reasons for such objection…In the absence of a timely objection, the Clerk shall award costs in accordance with the provisions of this Local Rule."

2. On June 22, 2005 the Court issued the attached notice which reflected the filing of the motions and extended the time for filing responses until July 8, 2005. See Exhibit A attached hereto.

3. On June 30, 2005, the Plaintiff Chavez filed a Notice of Appeal, but she did not file an objection to either the Verified Bill of Costs or the Motion for Attorney Fees, nor did she ask for an extension of time to do so.

4. On July 5, 2005, the Defendant MDC filed an Amended Verified Bill of Cost which sought to reduce the total amount of costs sought. Both Footnote 1 in the original Verified Bill of Costs and the Amended Verified Bill of Costs mention the fact that on June 17, 2005 the Defendant had filed a Motion/Application For Attorneys Fees and supporting memorandum.

5. On July 7, 2005, the undersigned was contacted by the Court regarding a conference call on Monday, July 11, 2005 between all the parties regarding cost issues. At the time of this conference, Attorney Miniter had not filed any objection or response to either the Verified Bill of Costs or the Application for Attorney Fees, which responses were due by July 8, 2005. In addition, he did not indicate his intention to seek an extension of time to file such objections. Indeed, during the course of the conference call Attorney Miniter's cell phone apparently went "dead" and he was unable to be reached by any of the parties and he did not even bother to call back. However, at the suggestion of the Court, the undersigned's office spoke to Attorney Miniter on July 14, 2005 to discuss the Verified Bill of Costs and a possible stipulation regarding same and specifically advised Attorney Miniter that the Court had indicated that it would take up the attorney fees application separately. Attorney Miniter did not indicate

that he was unaware of and/or had not received the Application for Attorney Fees. However, he did indicate that he had sent the Verified Bill of Costs to his client for comment and expected to hear back from her the following day.[1]

6. On Wednesday, July 20, 2005, the undersigned office again contacted Attorney Miniter's office regarding the costs since it had not yet heard back from Attorney Miniter. At that time, Attorney Miniter discussed his client's comments/concerns regarding the Verified Bill of Costs although he made no mention of the Application for Attorney Fees.[2] When Attorney Ryan brought up the subject of attorney fees he suggested that perhaps a stipulation could be reached along with a stipulation on the Verified Bill of Costs. At that time, Attorney Miniter was made aware that he had not filed responses to either documents and was long past the time for doing so.

7. Later the same day, Attorney Miniter contacted the undersigned's office and claimed that he had not seen the Application for Attorneys fees since it was allegedly attached to the Verified Bill of Costs and asked for an extension to file a response. However, the Defendant MDC objects to this most recent extension request. First, the Court already provided the Plaintiff with additional time beyond the ten (10) days set forth in Local

---

[1] This admission by Attorney Miniter is astonishing given that one would assume that the Verified Bill of Costs would have been sent to his client long before the Court imposed deadline of July 8, 2005, rather than the week after any objections were to have been filed!!!

[2] Presumably, if the Application for Attorney Fees was attached to the Verified Bill of Costs as Attorney Miniter suggests in his request for an extension, then his client would have received it along with the Verified Bill of Costs and it is inconceivable that Ms. Chavez would have not protested to Attorney Miniter!!!

Rule 54 to respond to the Verified Bill of Costs and the Application for Attorney Fees. Second, given the fact that the Application for Attorney Fees is almost two inches thick, it is <u>beyond comprehension</u> that the Plaintiff's counsel is now arguing that he did not notice the Application for Attorneys Fees because it was somehow "attached" to the Verified Bill of Costs. Third, it is even more incomprehensible that Attorney Miniter would not have taken the time to read and/or review the Verified Bill of Costs and its attachments by the Court imposed deadline of July 8, 2005 much less prior to the Court's conference call on July 8, 2005 which was scheduled to discuss the Verified Bill of Costs!!! However, he clearly either did not do so and/or did so and was well aware that the Defendant had filed an Application for Attorney Fees.[3] Either way, the Plaintiff's counsel has not shown just cause as to why he should be permitted to file a response at this late stage particularly since this is the <u>second time</u> during this litigation in which the Plaintiff Chavez has sought an extension of a Court ordered deadline after being informed of the deadline by the Defendant MDC.[4]

WHEREFORE, since it is clear that the Plaintiff Chavez's counsel has not demonstrated good cause as to why the Plaintiff Chavez should be permitted to

---

[3] Even if he had not read the materials attached to the Verified Bill of Costs, the footnotes in both the Verified Bill of Costs and the Amended Verified Bill of Costs should have made him aware that an Application for Attorney Fees had been filed!!

[4] On March 23, 2005, the Plaintiff Chavez filed an extension of time to file a memorandum on the issue of whether the Defendant was required to maintain an affirmative action policy and the relevance of the issue. The brief was originally due on March 21, 2005 and was brought to the Plaintiff's counsel's attention by the Defendant MDC's counsel who had not received it and had called the Plaintiff's counsel on March 23, 2005 to inquire as to whether or not it had been sent!! Plaintiff's counsel argued in that motion for extension of time that the filing of the brief had slipped his mind.

file a late response to the Defendant's Application for Attorney Fees filed on June 17, 2005, the Defendant MDC respectfully requests that the extension of time to file a Memorandum of Law in Response to Defendant's Motion for Attorney Fees be denied.

<div style="margin-left: 40%;">
THE DEFENDANT
METROPOLITAN DISTRICT
COMMISSION

By: _____
Holly Quackenbush Darin (ct10183)
Ryan & Ryan, LLC
900 Chapel Street, Suite 621
New Haven, CT 06510
(203) 752-9794
holly.darin@ryan-ryan.net
- Its Attorneys -
</div>

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid this 26th day of July 2005 to the following counsel of record:

Francis A. Miniter
Miniter & Associates
100 Wells Street, Suite 1D
Hartford, Connecticut 06103

Holly Quackenbush Darin

Holly Quackenbush Darin
Ryan & Ryan-NH
900 Chapel St., Suite 621
New Haven, CT 06510