UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAISY CHAVEZ | : | |
| | : | |
| Plaintiff, | : | |
| | : | No. 3:02CV458 (MRK) |
| v. | : | |
| | : | |
| METROPOLITAN DISTRICT COMMISSION | : | |
| | : | |
| | : | |
| Defendant. | | |

**RULING AND ORDER**

Pending before the Court are the MDC's Motion/Application for Attorney Fees [**doc. #145**] and Amended Verified Bill of Costs [**doc. #149**]. Having considered the submissions of the parties,[1] the Court awards the MDC the costs it has requested and denies the MDC's request for attorney's fees.

In *Christianburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), the Supreme Court set forth the following standard for awarding attorney's fees. "[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christianburg*, 434 U.S. at 421. However, the Supreme Court also cautioned that "[i]n applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id*. at

---

[1] The Court notes that while the MDC correctly points out that Ms. Chavez's Memorandum of Law in Opposition to Defendant's Motion for Attorneys' Fees [doc. #150] was filed nearly twenty days without explanation, the Court excuses this delay in the interests of justice, and accordingly, did consider Ms. Chavez's submission in reaching its decision.

421-22, *cited in Trancredi v. Met. Life Ins. Co.*, 378 F.3d 220, 230 (2d Cir. 2004). This standard applies equally to claims brought pursuant to 42 U.S.C. § 1983. *See AFSCME v. County of Nassau*, 96 F.3d 644, 650 (2d Cir. 1996). By contrast, "[c]osts, unlike attorney's fees, are awarded to a prevailing party as a matter of course, unless the district court directs otherwise." *Cosgrove v. Sears & Roebuck, Co.*, 191 F.3d 98, 101-02 (2d Cir. 1999) (citing *Poe v. John Deere Co.*, 695 F.2d 1103, 1008 (8th Cir. 1982)). "The decision of whether to award costs [to a prevailing party] is committed to the sound discretion of the district court." *Cosgrove*, 191 F.3d at 102 (citation and quotation marks omitted).

As the prevailing party at trial, the MDC asks the Court to award the costs it incurred in defending this lawsuit. Finding that the costs claimed by the MDC in its Amended Verified Bill of Costs [doc. #149] are reasonable, and having received no objection from Ms. Chavez, the Court awards the MDC costs in the amount of $5,252.74.

The MDC also asks the Court to award it $279,167.50 in attorney's fees on the grounds that Plaintiff's claims were "frivolous, unreasonable, meritless, and/or without proper foundation." Def.'s Mem. in Supp. of Mot. for Attys' Fees [doc. #146] at 1. The Court disagrees. Ms. Chavez's hostile work environment and failure to promote claims, albeit weak, were not so lacking in merit as to justify an award of attorney's fees. *See generally Chavez v. Metro. Dist. Comm'n*, No. 3:02CV458(MRK), 2004 WL 1393616 (D. Conn. June 1, 2004) (summary judgment ruling finding that Ms. Chavez had established a prima facie case of employment discrimination under Title VII).

In fact, the MDC apparently recognized that Ms. Chavez could prove many elements of her claims and stipulated to those elements prior to trial. For example, the parties stipulated to

the fact that Ms. Chavez engaged in a protected activity as well as the fact that the MDC failed to promote Ms. Chavez to six positions to which she had applied. Another element of Ms. Chavez's claims that the MDC rightly does not challenge is that Ms. Chavez was subjected to a hostile work environment, for the jury clearly found that she was. *See* Verdict Form [doc. #138] at 2.

Instead, the MDC argues that Ms. Chavez did not submit sufficient evidence that the MDC's actions were motivated by her race, gender or national origin. *See* Def.'s Mem. in Supp. of Mot. for Attys' Fees [doc. #146] at 3. The Court agrees with the MDC that the evidence regarding discrimination on the basis of race and national origin was thin. However, Ms. Chavez did submit some evidence indicating that gender may have been a factor in the MDC's hiring decisions as well as evidence of comments by two MDC employees, Mr. Pierce and Mr. Hansen, that exhibited hostility towards women. *See* Pl.'s Mem. in Opp'n to Def.'s Mot. for Attys' Fees [doc. #150] at 5; Def.'s Mem. in Supp. of Mot. for Attys' Fees [doc. #146] at 4-5. Under these circumstances, the Court cannot find that Ms. Chavez's claims were so "frivolous, unreasonable, or without foundation" that the Court should award the MDC its attorney's fees.

In conclusion, the Court awards the MDC costs in the amount of **$5,252.74** as set forth in the MDC's Amended Verified Bill of Costs [**doc. #149**] and DENIES the MDC's Motion/Application for Attorney Fees [**doc. #145**].

                                      IT IS SO ORDERED.

                                  /s/      Mark R. Kravitz
                                          United States District Judge

**Dated at New Haven, Connecticut on August 9, 2005**