UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAISY CHAVEZ, | : | CIVIL ACTION |
| | | 3:02CV458 (MRK) |
| Plaintiff | : | |
| | : | |
| V. | : | |
| | : | |
| METROPOLITAN DISTRICT | : | |
| COMMISSION, | : | |
| Defendant | : | OCTOBER 11, 2005 |

## MOTION FOR CONTEMPT

The Defendant, The Metropolitan District Commission ("MDC"), after trying unsuccessfully to recover its costs, hereby moves for an order of contempt against the plaintiff, Daisy Chavez. In support of this Motion, the Defendant MDC attaches the Affidavit of Attorney Holly Quackenbush Darin and states:

1. On August 9, 2005 the Court awarded costs in the amount of $5,252.74 to the Defendant MDC. See Ruling and Order dated August 9, 2005 attached hereto as Exhibit A.

2. Since August 9, 2005 the Defendant MDC has sought unsuccessfully to recover the costs awarded by the Court. Specifically,

   a. On September 9, 2005, after a hearing on the Defendant MDC's Motion for Contempt in the Thomas v. MDC 3:02 CV 457 (MRK), the parties in the instant case met with the Court after the Defendant MDC alerted the Court to the fact that the Plaintiff Chavez had not yet paid the costs assessed by the Court on August 9, 2005. At that time, Attorney Miniter represented to the Court that he would check with his client to determine

whether she would be willing to provide postdated checks and get back to the Court with her response by the close of business on Monday, September 12, 2005.

    b.      The Defendant MDC did not hear back from Attorney Miniter, but on September 16, 2005 received a fax from him indicating:

> Attached is the first check. Should I mail it to you or to your client?
>
> Daisy is applying for a small loan. If it goes through, she will pay the remainder in full. If it does not, she will provide post-dated checks.

See Facsimile dated September 16, 2005 attached hereto as Exhibit B.

    c.      On September 17, 2005 the undersigned advised Attorney Miniter's office to forward the check to our office and a check for $500.00 was received in our office on September 21, 2005. See Letter dated September 20, 2005 attached hereto as Exhibit C.

    d.      The same day, Attorney Darin telephoned Attorney Miniter and advised him that if we did not hear from him by September 28, 2005 as to which option his client was going to pursue, then our office would be filing a Motion for Contempt. See Letter dated September 22, 2005 attached hereto as Exhibit D.

    e.      On September 27, 2005, the undersigned's office spoke to Attorney Miniter (with respect to an issue in his client's pending appeal) and prior to the conversation he indicated, "I know why you are calling and I will call you tomorrow."

  f. The undersigned did not hear back from Attorney Miniter on September 28, 2005.

  g. After not hearing back from Attorney Miniter by September 28, 2005, on September 29, 2005 Attorney Darin telephoned his office and left a message with his Secretary asking that he return the call and advise us how and when his client was going to pay the remaining costs. She also reiterated that we were attempting to avoid filing a Motion for Contempt. However, Attorney Miniter did not return the undersigned's telephone call.

  h. After once again not hearing back from Attorney Miniter, the undersigned was left with no choice but to begin drafting the instant Motion for Contempt. However, in a last ditch effort to avoid filing the instant Motion for Contempt, Jennifer Vincent a paralegal in the undersigned's office telephoned Attorney Miniter's office <u>three times</u> on October 4, 2005. The first time was at 10:21 A.M. and she was informed he was with a client and should be done in an hour or so. A message was left that we were calling on the Chavez matter. The second phone call occurred at 11:49 A.M. and Ms. Vincent left a detailed message with Attorney Miniter's Secretary stating that it was our understanding that by the previous Wednesday, Attorney Miniter was going to get back to us regarding his client's method of payment regarding payment of the costs and that since we were attempting to avoid filing of the Motion for Contempt we would like a call from him as soon as possible. Finally, at 3:37 P.M. the third call was placed and this time Ms. Vincent actually spoke to Attorney Miniter who advised her that his client would be

providing post dated checks to him by Friday (October 7, 2005). <u>See</u> Affidavit of Jennifer Vincent attached hereto as Exhibit E.

i. However, as of the filing of this Motion for Contempt, we have not heard from Attorney Miniter nor have we received his client's post dated checks.

WHEREFORE, the MDC respectfully requests that the Court enter a finding of contempt and award appropriate relief, including an award of reasonable attorney's fees for the costs of bringing this motion.

THE DEFENDANT,
METROPOLITAN DISTRICT
COMMISSION

*/s/ Holly Quackenbush Darin*
Holly Quackenbush Darin (ct10183)
Ryan & Ryan, LLC
900 Chapel Street, Suite 621
New Haven, CT 06510
(203) 752-9794
-Its Attorneys-

## CERTIFICATION

The undersigned hereby certifies that the foregoing was mailed, first class, postage prepaid, this //¹⁰ day of October, 2005 to all counsel and pro se parties of record as listed below:

Francis A. Miniter
Miniter & Associates
100 Wells Street, Suite 1D
Hartford, Connecticut 06103

*/s/ Holly Quackenbush Darin*
Holly Quackenbush Darin

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAISY CHAVEZ, | : | CIVIL ACTION |
| | | 3:02CV458 (MRK) |
| Plaintiff | : | |
| | : | |
| V. | : | |
| | : | |
| METROPOLITAN DISTRICT | : | |
| COMMISSION, | : | |
| Defendant | : | OCTOBER 11, 2005 |

## AFFIDAVIT OF HOLLY QUACKENBUSH DARIN

The undersigned being duly sworn hereby represents:

1. I am over the age of eighteen (18) and I believe in the obligations of an oath.

2. I am an Associate with the firm of Ryan & Ryan, LLC which firm represents the Defendant MDC in the above referenced matter.

3. On September 16, 2005 our office received a facsimile from Attorney Miniter who represents the Plaintiff Chavez indicating:

> Attached is the first check. Should I mail it to you or to your client?
>
> Daisy is applying for a small loan. If it goes through, she will pay the remainder in full. If it does not, she will provide post-dated checks.

See Facsimile dated September 16, 2005 attached to Motion for Contempt as Exhibit B.

4. On September 17, 2005, I telephoned Attorney Miniter's office advising him to forward the check to our office and a check in the amount of $500.00 was received

on September 21, 2005. <u>See</u> Letter dated September 20, 2005 (received on September 21, 2005) attached to Motion for Contempt as Exhibit C.

5. On the same day this check was received, I telephoned Attorney Miniter to ascertain how his client intended to pay the remaining costs. I was advised by Attorney Miniter that he would be speaking to his client that evening and that she was either going to cut a monthly check or would be obtaining a small loan. I advised Attorney Miniter that if we did not hear from him regarding which option his client intended to pursue by September 28, 2005 that we intended to file a Motion for Contempt.

6. On September 22, 2005, I sent Attorney Miniter a letter confirming my understanding of our telephone conversation the previous day and reiterating that if we did not hear from him on September 28, 2005 we intended to file a Motion for Contempt. <u>See</u> Letter dated September 22, 2005 attached to Motion to Contempt as Exhibit D.

7. Our office did not hear from Attorney Miniter on September 28, 2005 and on September 29, 2005 I called his office and left a message with his Secretary asking him to return my call. I further advised her that I was attempting to avoid filing a Motion for Contempt and needed to know how and when his client intended to pay the remaining costs. However, Attorney Miniter never returned my call.

8. On October 4, 2005 while preparing the instant Motion for Contempt, I asked Jennifer Vincent, a paralegal in our office, to attempt to contact Attorney Miniter one last time to determine his client's intentions. She called his office three times and finally spoke to him and was informed that his client would be providing post dated checks to him by Friday (October 7, 2005). <u>See</u> Affidavit of Jennifer Vincent attached to Motion for Contempt as Exhibit E.

9. As of the filing of this Motion for Contempt, we have not heard from Attorney Miniter nor have we received the post dated checks.

I have read the foregoing affidavit and it is true and accurate to the best of my knowledge and belief.

_____
Holly Quackenbush Darin

Subscribed and sworn to before me this
11th day of October, 2005.

_____
Notary Public
My Commission Expires:

**HEATHER L. BANNISTER**
*NOTARY PUBLIC*
MY COMMISSION EXPIRES DEC. 31, 2009