

FILED

2006 OCT 20 P 1:50 nhct

02-cv-458

Kravitz

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of September, two thousand six..

Present:   HON. ROGER J. MINER,
           HON. JOSEPH M. McLAUGHLIN,
           HON. ROBERT A. KATZMANN,
                                   *Circuit Judges*.



---

DAISY CHAVEZ,

                *Plaintiff-Appellant*,

                              No. 05-3513-cv

- v -

METROPOLITAN DISTRICT COMMISSION,

                *Defendant-Appellee*,

---

Appearing for Plaintiff-Appellant:        FRANCIS A. MINITER, Miniter & Associates, Hartford, CT

Appearing for Defendant-Appellee:       DAVID A. RYAN, JR., Ryan & Ryan, LLC, New Haven, CT

Appeal from the United States District Court for the District of Connecticut (Kravitz, *J.*).

A TRUE COPY
Roseann B. MacKechnie, CLERK

Issued as Mandate: 10/11/06

1

1    **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

2    **AND DECREED** that the judgment of the district court is **AFFIRMED.**

3    Plaintiff-appellant Daisy Chavez appeals from (i) the pre-trial ruling of the United States

4    District Court for the District of Connecticut (Kravitz, *J.*) granting a motion in limine brought by

5    defendant-appellee Metropolitan District Commission ("MDC") and (ii) the judgment of the

6    district court entered on June 7, 2005 following a jury verdict in the MDC's favor on her

7    employment discrimination claims. We assume the parties' familiarity with the facts and

8    procedural background of this action.

9    We review for abuse of discretion a district court's exclusion of evidence. *See, e.g.,*

10    *Provost v. City of Newburgh*, 262 F.3d 146, 163 (2d Cir. 2001). Here, the district court excluded

11    the document in question – a report prepared by the law firm of Levy & Droney, P.C., which the

12    MDC had hired to conduct a compliance audit of its employment practices – on grounds that the

13    report was inadmissible hearsay, was irrelevant, and that the prejudice associated with admitting

14    the report far outweighed its probative value. We agree with this determination, substantially for

15    the reasons stated by the district court in its written order.

16    We next turn to Chavez's challenge to the judgment in the MDC's favor. That challenge

17    rests on her contention that the jury verdict – which found that Chavez had been subjected to a

18    hostile work environment but that neither her race, gender, nor national origin was a substantial

19    or motivating factor in the MDC's conduct – was internally inconsistent. This argument fails for

20    two reasons.

21    First, Chavez did not raise this argument before the district court. She has therefore

2

waived it. *See, e.g., Lavoie v. Pacific Press & Shear Co.*, 975 F.2d 48, 55-56 (2d Cir. 1992).

Second, even if we were to reach this argument on the merits, it would fail. "When confronted with a potentially inconsistent jury verdict, the court must adopt a view of the case, if there is one, that resolves any seeming inconsistency . . . by exegesis if necessary." *Turley v. Police Dep't of the City of New York*, 167 F.3d 757, 760 (2d Cir. 1999) (internal quotation marks and citations omitted). In looking for consistency, "we bear in mind that the jury was entitled to believe some parts and disbelieve other parts of the testimony of any given witness." *Tolbert v. Queens College*, 242 F.3d 58, 74 (2d Cir. 2001).

Here, there was indeed an inconsistency in the jury verdict, insofar as the jury found on question one of the verdict form that Chavez had been subjected to a hostile work environment (which the district court had defined, at one point early in its charge, as an environment that "was permeated with *discriminatory harassment on the basis of race, gender, and/or national origin* that was sufficiently severe or persuasive to alter the conditions of [the] work environment") (emphasis added), but then found on question three that this hostility was not due to Chavez's race, gender, and/or national origin. This seeming inconsistency, however, can readily be resolved through an examination of the evidentiary record, the jury charge as a whole, and the verdict sheet, all of which suggest that the jury found that the MDC work environment was "hostile" (insofar as "hostile" means "harsh" or "abusive"), but that this hostility was not due to Chavez's race, gender, or national origin. This interpretation is particularly supported by the subsequent portion of the jury charge in which the judge specifically instructed that "a workplace environment that is equally harsh for all races, genders, and national origins does not constitute

3

1 an unlawful hostile environment under Title VII." Because we are able to resolve this
2 inconsistency, we reject Chavez's claim that a new trial on her hostile work environment claim is
3 warranted.
4 We have considered all of Chavez's remaining arguments and find them to be without
5 merit. The decision of the district court is therefore **AFFIRMED**.

FOR THE COURT:

ROSEANN B. MacKECHNIE, CLERK
By: *[signature]*
Oliva M. George, Deputy Clerk